UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| CITY OF SOUTH BEND, BY ITS CORPORATION COUNSEL ALADEAN M. DEROSE. | ) ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | 3:12 –CV- 475 |
| UNITED STATES OF AMERICA, ERIC H. HOLDER, JR., IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL OF THE UNITED STAES, SOUTH BEND COMMON COUNCIL, TIM CORBETT, DAVE WELLS, STEVE RICHMOND, BRIAN YOUNG, AND SANDY YOUNG, | ) ) ) ) ) ) ) ) | |
| Respondents. | ) | |

## **RESPONDENT SOUTH BEND COMMON COUNCIL'S MOTION TO DISMISS**

Comes now Respondent, South Bend Common Council, by counsel, pursuant to Fed. R. Civ. 12(b)(1) and moves the Court to dismiss this action for lack of subject matter jurisdiction. In support of this motion, Respondent states:

1. Petitioner filed its Complaint for Declaratory Judgment on August 30, 2012 requesting the Court to enter an order: 1) determining the rights and obligations of the City of South Bend with respect to certain tape recordings; 2) determining whether such recordings violated the Federal Wiretap Act, 18 U.S.C. § 2511; and 3) determining whether the recordings may be disclosed pursuant to a valid subpoena.

2. The City's complaint alleges that Respondent, the South Bend Common Council, issued a subpoena, pursuant to state law, requesting production of copies of any and all tapes

and/or additional recordings related to the Mayor's news release regarding demotion of former Police Chief Daryl Boykins, as well as the tapes and/or digital recordings cited by the Mayor in the termination of Communications Director Karen DePaepe.

3. The Complaint for Declaratory Judgment asserts the Federal Wiretap Act as a defense to compliance with the state law subpoena. In this regard, the complaint alleges:

> 18. Accordingly, the Council's use of its statutory authority to issue the subpoena under state law demanding the disclosure of the recordings places the City and Mayor Buttigieg in the untenable position of either withholding the recordings despite issuance of the subpoena or disclosing the recordings and risking potential civil and criminal liability for violating the Federal Wiretap Act and the privacy rights of the people whose conversations were recorded.

4. The City alleges that this Court has subject matter jurisdiction because this action "arises under the laws of the United States and requires the Court to determine the respective obligations and rights of the parties with respect to the recordings under the Federal Wiretap Act, 28 U.S.C. § 1331." (Complaint, para.7.)

5. It is well established under federal jurisdictional jurisprudence, that a declaratory judgment action which seeks a declaration that a federal statute constitutes a defense to a state court proceeding does not meet the federal question jurisdiction threshold of 28 U.S.C. § 1331.

6. Respondent is simultaneously filing a memorandum in support of this motion to dismiss.

WHEREFORE, Respondent, the South Bend Common Council, respectfully requests this Court to dismiss Petitioner's Complaint for Declaratory Judgment for lack of subject matter jurisdiction.

/s/Robert J. Palmer
E. Spencer Walton, Jr. (1000-71)
Robert J. Palmer (6316-71)
Attorneys for South Bend Common Council

**MAY • OBERFELL • LORBER**
4100 Edison Lakes Parkway, Suite 100
Mishawaka, IN  46545
Phone: (574) 243-4100
Fax: (574) 232-9789
rpalmer@maylorber.com

## CERTIFICATE OF SERVICE

I certify that a copy of the forgoing was served upon all attorneys of record via the Court's ECF system on October 15, 2012.

/s/Robert J. Palmer
Robert J. Palmer

F:\Clients\S1060\12001\Federal Court Pleadings\2012-10-10 Motion to Dismiss.docx10/15/2012