UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| CITY OF SOUTH BEND, BY ITS CORPORATION COUNSEL ALADEAN M. DEROSE | ) ) ) ) | |
| Petitioner, | ) ) | |
| vs. | ) ) | CASE NO. 3:12-CV-475-JVB-CAN |
| UNITED STATES OF AMERICA, ERIC H. HOLDER, JR., IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL OF THE UNITED STATES, SOUTH BEND COMMON COUNCIL, TIM CORBETT, DAVE WELLS, STEVE RICHMOND, BRIAN YOUNG, AND SANDY YOUNG. | ) ) ) ) ) ) ) ) ) | |
| Respondents. | ) | |

## SOUTH BEND POLICE OFFICERS' RESPONSE TO MOTION TO DISMISS

Come now Tim Corbett, Dave Wells, Steve Richmond, Brian Young, and his wife, Sandy Young ("South Bend Officers"), and submit their Response to Respondent South Bend Common Council's Motion to Dismiss filed pursuant to Fed. R. Civ. 12(b)(1). This Court should deny the Motion to Dismiss because the South Bend Officers, who are named parties in this declaratory action, threatened to file a lawsuit and indeed did file a lawsuit against the City of South Bend pleaded under the Omnibus Crime Control and Safe Streets Act of 1968 (the Federal Wiretap Act), 18 U.S.C. § 2510 *et seq.*, invoking Federal jurisdiction pursuant to 28 U.S.C. § 1331, and this Court therefore has jurisdiction to decide the question presented in this action.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On March 31, 2012, the City of South Bend announced that Chief of Police Daryl Boykins resigned and Director of Communications Karen DePaepe was fired for their involvement in the secret, illegal wiretapping of phone lines in the South Bend Police Department. (Officers' Amended Compl ¶¶ 41, 42.) The City took these actions because the United States Attorneys Office in South Bend advised Mayor Pete Buttigieg that the department was under Federal investigation, and Federal criminal charges could be avoided if the Boykins resigned as Police Chief. (*Id.* at 39.)

The South Bend Officers are individuals whose phone conversations were illegally recorded during the time when Boykins was acting Chief of Police and Karen DePaepe was acting Director of Communications. The Officers have legal recourse under the Federal Wiretap Act, 18 U.S.C. § 2510 *et seq.* ("Federal Wiretap Act"), which forbids the unauthorized disclosure or use of unlawfully intercepted communications.

The demotion of Boykins created conflict within the municipality, the City of South Bend. The Mayor's Office is the executive branch of the municipality. The Common Council is the legislative branch of the municipality. The Mayor's Office had custody of the recorded phone conversations. It was the Mayor's understanding, after consulting counsel, that distributing the recordings or listening to the recordings or revealing what was contained in the recordings was further violation of the Federal Wiretap Act. (Dec. Compl. at ¶ 11.)

Members of the Common Council clamored for the Mayor's Office to go against advice from counsel and release the recordings to be examined. The result was to deflect attention from the statements from the Mayor's Office that Boykins was the target of a federal investigation, and

instead turn public attention to the substance of the tape recordings, which substance Boykins claimed was racial in nature.

On June 11, 2012, South Bend Officers filed a Notice of Tort Claim pursuant to Indiana Code § 34-13-3-8 against the City of South Bend, putting the City on notice that they intended to file suit for violation of their rights under the Fourth Amendment of the United States Constitution and under the Federal Wiretap Act. Two months later, on August 14, 2012, the City Common Council subpoenaed the Mayor's Office seeking production of the recorded phone conversations. The Mayor's Office did not comply, because, the Office understood that to comply with this subpoena would be a violation of Federal law.

Because the Mayor's Office understood that complying with the subpoena issued by the City Common Council was a violation of Federal law, on August 30, 2012, it filed the Complaint for Declaratory Judgment in this Court. The named Respondents include not only the South Bend Common Council, but also the South Bend Officers: Tim Corbett, Dave Wells, Steve Richmond, Brian Young, and his wife, Sandy Young. On September 19, the South Bend Officers filed their complaint that they sent notice of on June 11.

On October 15, 2012, the South Bend Common Council submitted its Motion to Dismiss, arguing that this Court has no jurisdiction to answer the disputed federal question: Whether the City of South Bend in disseminating the illegally recorded audio tapes will violate the Federal Wiretap Act. The Motion to Dismiss nowhere mentions that the South Bend Officers are named Respondents in the declaratory action, nor does it recount the Officers' Notice of Tort Claim against the City, nor the Officers' lawsuit against the City, which alleges violations under the Federal Wiretap Act.

3

On October 25, 2012, the South Bend Officers filed an Amended Complaint against Defendants the City of South Bend, Darryl Boykins, Karen Depaepe, and Scott Duerring. The Amended Complaint states that the South Bend Officers bring their action pursuant to Federal statutes 42 U.S.C. § 1983 for violations of their Fourth Amendment rights and under the Federal Wiretap Act, giving the district court original subject matter jurisdiction under 28 U.S.C. §§ 1333 and 1343. Count II of the Amended Complaint requests that the district court deem the South Bend Common Council's subpoena void and of no effect pursuant to the Federal Wiretap Act. Count III requests the district court to permanently enjoin the City of South Bend from disclosing the Plaintiffs' recorded communications.

## II. STANDARD OF REVIEW

The South Bend Common Council filed its Motion to Dismiss pursuant to Fed. R. Civ. 12(b)(1), lack of subject matter jurisdiction. This Court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the Petitioner, the City of South Bend. *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999). The Court may look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether subject matter jurisdiction exists. *Id.* Under 28 U.S.C. § 1331, the Court shall have original jurisdiction of "all civil actions arising under the Constitution, laws, or treaties of the United States." Federal question jurisdiction arises when the complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. *Transit Exp., Inc. v. Ettinger,* 246 F.3d 1018, 1023 (7th Cir. 2001).

4

## III. ARGUMENT

The Common Council's Motion to Dismiss should be denied simply for this reason: The City of South Bend anticipated the South Bend Officers filing a lawsuit arising under federal law. This Court therefore has jurisdiction to hear the Complaint for Declaratory Judgment.

### A. The City of South Bend's Declaratory Complaint anticipates an action brought by the South Bend Officers under the Federal Wiretap Act.

Under *Skelly Oil Co. v. Phillips Petroleum Co.,* 339 U.S. 667, 671 (1950), the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, cannot serve as a basis for federal question jurisdiction. The Declaratory Judgment allows a party that expects to eventually be sued to determine its rights and liabilities without waiting for its adversary to bring suit, effectively reversing the positions of the parties. In other words, the declaratory-judgment plaintiff would have been the defendant in the anticipated lawsuit. *DeBartolo v. Healthsouth Corp.,* 569 F.3d 736, 741 (7th Cir. 2009). This rule means that for this Court to have jurisdiction, the allegations in the City of South Bend's complaint must demonstrate that the named Respondents could file a federal claim. *Id.*

Here, this Court has jurisdiction because the South Bend Officers not only threatened suit against the City of South Bend under federal laws, but also they actually did file suit. The Complaint for Declaratory Judgment acknowledges that Tim Corbett, Dave Wells, Steve Richmond, Brian Young, and Sandy Young all filed a tort claim notice with South Bend alleging injuries in violation of federal and state wiretapping acts. (Dec. Compl. ¶¶ 4, 5, 6.) The Complaint states that this Court

5

has subject matter jurisdiction because the action arises under the laws of the United States, namely, the Federal Wiretap Act. (Dec. Compl. ¶ 7.)

The Council attempts to analogize the instant case to a case from the district court case from Pennsylvania decided in 1979 whose procedural posture is plainly distinct. In *Crown Cork & Seal Co v. Pennsylvania Human Relations Comm'n,* 463 F.Supp. 120 (E.D. Pa. 1979), the Pennsylvania Human Relations Commission subpoenaed a private firm, Crown Cork & Seal, to produce copies of payroll records. The company then filed declaratory action in Federal court to seek a ruling that Federal statute I.R.C. § 6103 prohibited disclosure under the confidentiality provision of the Internal Revenue Code. The court held that it had no jurisdiction, because the only lawsuit that the Commission could file against the private firm was a sexual discrimination suit under state law. *Id.* at 124.

Here, unlike the private firm in *Crown Cork & Seal*, the City of South Bend has been sued under federal laws. The Common Council conducts its analysis ignoring both that the South Bend Officers are named Respondents in the Complaint for Declaratory Judgment, and that the Officers filed suit against the City of South Bend under the Federal Wiretap Act. The Common Council offers no explanation why the South Bend Officers' suit should be ignored, and why jurisdiction must be analyzed only under the Common Council's state-law subpoena power. For these reasons, the Common Council's Motion to Dismiss should be denied.

**B.     The Complaint for Declaratory Judgment involves a question of federal law.**

In addition to the rule discussed above, there is a "longstanding" variety of federal jurisdiction acknowledged in the United States Supreme Court case *Grable & Sons Metal Products,*

6

*Inc. v. Darue Eng'g & Mfg.,* 545 U.S. 308, 312 (2005). The Court states that federal jurisdiction will be recognized where state law claims implicate "significant federal issues." *Id.* In this context, the issue whether a Federal court may entertain jurisdiction over what superficially appears to be a state-law claim is determined by considering whether the claim necessarily raises a Federal issue that is disputed and substantial. *Id.* at 314.

In *Grable*, the Supreme Court held that a quiet title action, though brought under state law, presented removable federal question. In that case, the Internal Revenue Service seized Michigan real property belonging to Grable's company to satisfy a tax delinquency, and the IRS sold the property to Darue. Grable brought a quiet title action under state law, arguing that the record title was invalid because the IRS failed to notify Grable of the property's seizure under the exact manner required by statute. *Id.* at 314. Darue removed the case to federal court, though Grable sued Darue under state law. The Supreme Court acknowledged the longstanding variety of federal jurisdiction available in cases involving state law claims that raise significant federal issues: "The question is, does a state law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id.* at 314. Applying the test, the Court affirmed the Sixth Circuit's determination that it had jurisdiction because whether notice was proper was an essential element of Grable's claim, and it involved a dispute over the meaning of a federal statute. *Id.* at 309.

Here, similar to *Grable*, the Common Council's subpoena implicates a significant federal issue. That issue is whether compliance with subpoena is a violation of the Federal Wiretap Act. The Common Council and the Mayor's Office dispute whether compliance is a violation of the federal law. The determination that disseminating the recordings is not a violation of federal law is

7

an essential element of the Common Council's subpoena. If the Common Council disagrees that this is an essential element to the subpoena, then the Common Council would put itself in the difficult position of arguing that the Mayor's Office should comply with the subpoena regardless whether compliance was in violation of a federal statute. This stance would require the Common Council to voluntarily expose the municipality, of which the Council is a branch, to additional civil liability. Because a federal issue is implicated and disputed, this Court has jurisdiction over the Complaint for Declaratory Judgment.

## IV. CONCLUSION

For the foregoing reasons, the South Bend Officers, Tim Corbett, Dave Wells, Steve Richmond, Brian Young, and his wife, Sandy Young, respectfully request that this Court deny the Common Council's Motion to Dismiss.

Respectfully submitted,

/s/ Daniel H. Pfeifer
Daniel H. Pfeifer (5720-71)
Attorney for Respondents
PFEIFER, MORGAN & STESIAK
53600 North Ironwood Drive
South Bend, Indiana 46635
(574) 272-2870

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 1st day of November, 2012, a true and complete copy of the above and foregoing pleading or paper was made upon each party or attorney of record herein by using the Court's CM/ECF system.

/s/ Daniel H. Pfeifer
Daniel H. Pfeifer