UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CITY OF SOUTH BEND, BY ITS CORPORATION COUNSEL ALADEAN M. DEROSE )<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA, ERIC H. HOLDER, JR., IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL OF THE UNITED STATES, SOUTH BEND COMMON COUNCIL, TIM CORBETT, DAVE WELLS, STEVE RICHMOND, BRIAN YOUNG, AND SANDY YOUNG.<br><br>Respondents. | CASE NO. 3:12-CV-475-JVB-CAN |

### SOUTH BEND'S RESPONSE IN OPPOSITION TO SOUTH BEND COMMON COUNCIL'S MOTION TO DISMISS

The petitioner, the City of South Bend, by its Corporation Counsel Aladean DeRose (the "City"), submits its response in opposition to the Motion to Dismiss filed by Respondent South Bend Common Council (the "Council").

### INTRODUCTION

Simultaneously facing claims from five individuals for alleged violations of the Federal Wiretap Act and a subpoena from the Council which demands production of recordings that are the very subject of the individuals' claims, the City seeks a declaratory judgment on the central question of whether the recordings at issue violate the Federal Wiretap Act. The City's action presents a valid federal question for all parties because: (1) the right to relief of all parties necessarily depends on resolution of a substantial question of federal law; (2) the City has *not* sought to use the Federal Wiretap Act solely as a defense to a state law claim; and (3) the

1

character of the threatened action by the individual claimants is squarely within the original jurisdiction of this Court and, at a minimum, provides supplemental jurisdiction over the claims as they relate to the Council.  Accordingly, regardless of how the Council characterizes the City's declaratory judgment action, subject matter jurisdiction exists over the action and the Council's Motion should be denied.

## ALLEGATIONS AND BACKGROUND

On August 30, 2012, the City filed its Complaint for Declaratory Judgment (the "Complaint") in this action, seeking a declaration from the Court regarding the respective obligations and rights of the parties under the Federal Wiretap Act, 18 U.S.C. § 2511, with respect to the interception and recording of certain phone conversations that were made at the direction of former Chief of Police Darryl Boykins (the "Recordings").  *See* Compl., at ¶ 7.  The Complaint alleges that the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it arises under the Federal Wiretap Act.  *See* Compl., at ¶ 7.  Multiple defendants are named in the Complaint in addition to the South Bend Common Council (the "Council"), including current and former South Bend Police Department officers Tim Corbett, Dave Wells, Steve Richmond, and Brian Young, Mr. Young's wife Sandy Young (the "Tort Claimants"), and the United States of America.

The City seeks a declaratory judgment in part so it may determine "whether production of the Recordings by the City pursuant to a valid subpoena would violate the Federal Wiretap Act."  Compl., at ¶ 9.  Although the City does not wish to unnecessarily withhold the Recordings from the Council and wishes to comply with the subpoena, the Council's subpoena "place[d] the City and Mayor Buttigieg in the untenable position of either withholding the Recordings despite issuance of the Subpoena or disclosing the Recordings and risking potential

civil and criminal liability for violating the Federal Wiretap Act and the privacy rights of the people whose conversations were recorded." Compl., at ¶ 18.

The City did not commence its declaratory judgment action solely in response to the Council's subpoena. Rather, the City's broader purpose for filing the Complaint was to "determine its obligations with respect to the Recordings and seek a determination of whether the Recordings violated the Federal Wiretap Act, 18 U.S.C. § 2511 . . ." Compl., at ¶ 9. Such a determination is necessary not only because the City received a subpoena from the Council, but equally because the City anticipated civil litigation (which has been filed after the commencement of the case at bar) and anticipated additional requests for production of the Recordings from other parties. *See* Compl., at ¶ 9.

The City's Complaint explains that the City anticipated "receiving additional requests to produce the Recordings, as well as civil litigation involving claims alleging violation of individual privacy rights, leading to recurring controversies over the City's obligations with respect to the Recordings under the Federal Wiretap Act." Compl., at ¶19. The multiple Tort Claim Notices attached to the Complaint and dated June 11, 2012 from Mr. Corbett, Mr. Wells, Mr. Richmond, and Mr. and Mrs. Young (the "Tort Claimants") evidenced the potential (at the time of filing) for such claims to be brought against the City. *See* Compl., Ex. C. Each of the Tort Claim Notices alleged violations of federal statutes and privacy rights protected by the United States Constitution. *Id.*

Consistent with the Tort Claim Notices, on September 19, 2012, the Tort Claimants commenced an action against the City, among others, in the United States District Court for the Northern District of Indiana as Case No. 3:12-CV-532-JVB-CAN. The Amended Complaint in that action seeks "to redress Defendants' violations of [the plaintiffs'] rights under

3

the Fourth Amendment and 18 U.S.C. § 2510 *et seq.*" pursuant to 42 U.S.C. § 1983.  A true and accurate copy of the Amended Complaint (the "Tort Claimants' Complaint") is attached as Exhibit A.  More specifically, the Tort Claimant's allege that former Chief of Police Boykins and former communications director Karen DePaepe intercepted, recorded, and disclosed their private conversations in violation of the Fourth Amendment and the Federal Wiretap Act.  Ex. A, at ¶ 49.  The Tort Claimants' contend that the City is liable for their actions under the theory of respondeat superior.  Ex. A, at ¶ 55.  The Tort Claimants' further allege that Scott Duerruing, Ms. DePaepe's attorney, violated the Federal Wiretap Act by disclosing the contents of the Recordings.  Ex. A, at ¶ 50.  The complaint states that the court has subject matter jurisdiction over the federal questions presented in the action pursuant to 28 U.S.C. §§ 1331 and 1343.  Ex. A, at ¶ 2.  In addition to damages, the Tort Claimants' seek a declaration that the Recordings violate the Federal Wiretap Act and a permanent injunction enjoining all defendants, including the City, from disclosing the Recordings.  Ex. A, at ¶¶ 58, 61. [1]

       The potential for additional controversies involving the Recordings doesn't end with the Council's subpoena and the Tort Claimants' federal claims.  The City has received multiple requests from media organizations to disclose the Recordings under Indiana's Access to Public Records Act, Ind. Code §§ 5-14-3-1.  True and accurate copies of the requests are attached as Exhibit B.  Additionally, both Mr. Boykins and Ms. DePaepe, who are also defendants in the Tort Claimants' action, have filed complaints with the United States Equal Employment Opportunity Commission alleging discrimination in the termination of their employment with the City.

---

[1] As detailed in the Amended Parties' Report of Planning Meeting [Docket Entry No. 28], the City will move to consolidate these actions.

4

Despite the existence of multiple federal claims and controversies involving the City and the Recordings, on October 15, 2012, the Council filed its Motion to Dismiss [Doc. 26] and Memorandum in Support of its Motion to Dismiss [Doc. 27] (collectively, the "Motion"). With its Motion, the Council requests a complete dismissal of the City's Complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction. Specifically, the Council contends that the Court lacks subject matter jurisdiction over this action because the City's declaratory judgment action is "nothing more than an attempt to use the Federal Wiretap Act as a defense to the Common Council's state court action to compel production of the recordings . . ." Br., at 10.  Because this assertion is incorrect for the reasons set forth below, the Council's Motion should be denied.

## LEGAL STANDARD

With its Rule 12(b)(1) motion, the Council challenges the subject matter jurisdiction of the Court.  Federal courts have jurisdiction over "all civil actions arising under the Constitution, law, or treaties of the United States."  28 U.S.C. § 1331.  Whether federal question jurisdiction exists over a particular action is governed by the "well-pleaded complaint" doctrine. *See, e.g., Commercial Nat'l Bank of Chicago v. Demos*, 18 F.3d 485, 488 (7th Cir. 1994). "Under this doctrine, federal law must create the cause of action, or some substantial, disputed question of federal law must be an element of the plaintiff's claim."  *Id.*  "Where the complaint in an action for declaratory judgment seeks in essence to assert a defense to an impending or threatened state court action," the subject matter jurisdiction analysis is reversed.  *Wycoff Co.*, 344 U.S. at 248.  Thus, "it is the character of the threatened action, and not of the defense, which will determine whether there is federal-question jurisdiction in the District Court."  *Id.*

When considering a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, "a court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff." *Alicea-Hernandez v. Catholic Bishops of Chicago*, 320 F.3d 698, 701 (7th Cir. 2003).  The Court is permitted to look beyond the complaint's jurisdictional allegations and consider whatever evidence has been submitted on the issue to determine whether subject matter jurisdiction exists.  *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999).  Additionally, the Court may also take judicial notice of court pleadings and other filings when considering a Rule 12(b)(1) Motion to Dismiss.  *In re Salem*, 465 F.3d 767, 771 (7th Cir. 2006) (taking judicial notice of dockets and opinions in considering subject matter jurisdiction).

## ARGUMENT

This Court has subject matter jurisdiction over the claims in this suit for multiple reasons.  First, the City's Complaint presents a federal question that, even if it could serve as a defense to a state law claim, confers original subject matter jurisdiction on the Court.  Second, the City's Complaint anticipated federal claims against the City that have in fact been brought by the Tort Claimants'.  Thus, even under the principle relied upon by the Council, this Court has no basis to dismiss the entire action for lack of subject matter jurisdiction due to the mere existence of the Council's subpoena.  Indeed, the fact that the Court has jurisdiction over the action on the basis that it anticipated federal claims means, at a minimum, the Court also has supplemental jurisdiction over the City's claim as it relates to the Council.  Both the Council's subpoena and the Tort Claimants' suit arise from the same set of operative facts and turn on the central question of the rights and obligations of the parties under the Federal Wiretap Act.  For any and

all of these reasons, this action is properly before this Court and the Council's Motion should be denied.

> **I.      The City's Complaint presents a question of federal law which does not fall outside of the Court's original subject matter jurisdiction merely because the Federal Wiretap Act *could* be a defense to a state law claim.**

In attacking the subject matter jurisdiction of the City's Complaint, the Council ignores the jurisdictional basis for the City's claim, which arises under federal law notwithstanding that it could constitute a defense to the Council's subpoena.  Federal courts have jurisdiction over "all civil actions arising under the Constitution, law, or treaties of the United States."  28 U.S.C. § 1331.  "A case arises under federal law if a 'well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Trustee of Carpenters' Health and Welfare Trust Fund of St. Louis v. Darr,* 694 F.3d 803, 806 (7th Cir. 2012), citing *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 689–90 (2006).  Even a case alleging only state law claims arises under federal law when the well-pleaded complaint establishes "a right to relief under state law [that] requires resolution of a substantial question of federal law."  *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 164 (1997).

The City's Complaint seeks relief that necessarily depends on the resolution of a substantial question of federal law—namely, whether the intercepted conversations and the recording of those conversations violate the Federal Wiretap Act.  Although the Council isolates a single aspect of the City's quandary—the Council's subpoena—to attack subject matter jurisdiction, a myriad of competing claims depend upon the adjudication of the City's obligations with respect to the Recordings under the Federal Wiretap Act.[2]  Those claims include not only the Council's subpoena, which requests that the City disclose the Recordings, but also the Tort

---

[2] The Federal Wiretap Act provides for a federal cause of action pursuant to 18 U.S.C. §§ 2520-2522..

7

Claimants' federal action, which contends the Recordings are illegal and disclosing them would constitute a violation of the Federal Wiretap Act.[3]  Whether the Recordings violate the Federal Wiretap Act will determine whether the Recordings can be disclosed and whether the Tort Claimants' have any basis to proceed with their claims.  Because adjudication of these matters turns on the central, federal question of the rights and obligations of the parties under the Federal Wiretap Act, this Court has subject matter jurisdiction over the City's declaratory judgment action.

The proposition set forth in *Wycoff*, and relied upon by the Council, does nothing to change this straightforward conclusion.  *Wycoff* applies only "[w]here the complaint in an action for declaratory judgment *seeks in essence to assert a defense to an impending or threatened state court action*." *Wycoff Co.*, 344 U.S. at 248 (emphasis added).  Although the Council seeks to characterize the City's action as an attempt to illegitimately seek a federal forum for nothing more than a defense to a state court claim, the City's declaratory action is "in essence" *not* a defense at all. The Council has issued a subpoena to the City seeking the Recordings under Ind. Code § 36-4-6-21(b)(2).  The subpoena and the state court enforcement action filed by the Council after the initiation of this action make no substantive claim of liability against the City.  The City is not "defending" itself from any substantive claim.  Rather, the declaratory judgment action seeks clarification of the City's obligations as it stands between competing views regarding the legal status of the Recordings, the determination of which is a federal question with far-reaching consequences.  Furthermore, the City has made clear that it is not a defender of the tapes and does not seek to otherwise challenge the validity of the subpoena.  Indeed, the City specifically alleged in its Complaint that it does not want to unnecessarily

---

[3] Additionally, the City faces potential actions from former employees that have filed EEOC complaints related to the Recordings and received multiple requests for the Recordings pursuant to the Indiana Access to Public Records Act, Ind. Code § 5-14-3-1 *et seq.*

8

withhold the Recordings and would like to comply with any validly issued subpoena if it can do so without violating federal law related to the Recordings. Compl., at ¶ 20. Thus, the Council's use of *Wycoff* as the analytical framework for subject matter jurisdiction over this action is misguided.

But even if the City's action could be properly characterized as a potential defense to the subpoena, the Council misreads and improperly broadens *Wycoff*, which does not preclude subject matter jurisdiction over the City's properly framed federal action. The Seventh Circuit has explained that *Wycoff* sets forth "an innocuous if overbroad statement of the principle that you cannot get around the limitations on the removal jurisdiction of the federal courts by asserting your defenses in a federal declaratory judgment action." *Illinois v. Gen. Elec. Co.*, 683 F.2d 206, 211 (7th Cir. 1982). Thus, "if understood to require federal claimants always to litigate their claims as defenses in state court if they can, [*Wycoff*] must be wrong . . . If not wrong, such a reading would still be an inappropriate flight of fancy for an inferior federal court to take." *Id.* Accordingly, a "properly framed federal cause of action does not fall outside § 1331 simply because it could also arise as an affirmative federal defense in state court." *Kemp v. Chicago Housing Auth.*, 2010 WL 2927417, at *4 (N.D. Ill. July 21, 2010) (quoting *Aroostook Band of Micmacs v. Ryan*, 404 F.3d 48, 61 (1st Cir. 2005), overruled on other grounds by *Narragansett Indian Tribe v. Rhode Island*, 449 F.3d 16 (1st Cir. 2006)). Thus, the City's "declaratory judgment action is within the original jurisdiction of the federal courts [because] the action is based on federal law [and] does not merely anticipate a federal defense." *Thomas v. Shelton*, 740 F.2d 478, 485 (7th Cir. 1984).

For the reasons set forth above, the City's Complaint raises a federal question and constitutes a properly framed federal cause of action. Accordingly, the City's action gives rise to

federal jurisdiction regardless of whether it could be a defense to the Council's subpoena. *Cf. Samuel C. Johnson 1088 Trust v. Bayfield County, Wis.*, 520 F.3d 822 (7th Cir. 2008) (holding that the centrality of federal law in adjudicating declaratory judgment suit gave rise to federal jurisdiction); *Commercial Nat'l Bank of Chicago*, 18 F.3d at 488 (subject matter jurisdiction over a declaratory judgment action is proper when "the plaintiff's right to relief necessarily depends on resolution of a substantial federal question.").

>   II.   **Because the City's declaratory judgment action anticipates federal claims against the City, subject matter jurisdiction is proper under the very principle relied upon by the Council.**

In addition to independently raising federal question jurisdiction over the claims involving the Council, the City's declaratory judgment action confers subject matter jurisdiction on the Court because the City's Complaint explicitly identified federal claims against the City by the Tort Claimants. As noted, even where the declaratory judgment action could only be a defense to an impending or threatened state court action, "it is the character of the threatened action, and not of the defense, which will determine whether there is federal-question jurisdiction in the District Court." *Wycoff Co.*, 344 U.S. at 248 (emphasis added). Thus, the customary well-pled complaint analysis is reversed and "[j]urisdiction is determined by whether federal question jurisdiction would exist over the presumed suit by the declaratory judgment defendant." *Wisconsin v. Ho-Chunk Nation*, 512 F.3d 921, 935 (7th Cir. 2008) (citing *GNB Battery Technologies v. Gould, Inc.*, 65 F.3d 615, 619 (7th Cir. 1995). "Federal courts have regularly taken original jurisdiction over declaratory judgment suits in which, if the declaratory judgment defendant brought a coercive action to enforce its rights, that suit would necessarily present a federal question." *Franchise Tax Bd. v. Laborers Vacation Trust*, 463 U.S. 1, 19 (1983).

Here, at the time of filing the City's Complaint, the City anticipated federal claims against it based on the Recordings. Those potential claims are referenced in the City's Complaint and in the Tort Claim notices attached to the Complaint. *See* Compl., at ¶¶ 9, 19 and Ex. C. Indeed, after the City filed its complaint, the Tort Claimants commenced the anticipated actions in federal court, alleging federal claims against the City.[4] Those claims necessarily present a federal question as they proceed pursuant to 42 U.S.C. § 1983 and allege violations of the Tort Claimants' rights under the Fourth Amendment and the Federal Wiretap Act. Jurisdiction over those claims is inarguably proper in federal court pursuant to 28 U.S.C. §§ 1331 and 1343 because the claims raise a federal question and seek damages, declaratory judgment, and an injunction pursuant to 42 U.S.C. § 1983. Accordingly, under the very principle relied upon by the Council, subject matter jurisdiction exists over this case because it anticipated federal claims. *Cf. Franchise Tax Bd.*, 463 U.S. at 19 (jurisdiction proper if the declaratory judgment defendant's coercive action would necessarily present a federal question); *see also Ho-Chunk Nation*, 512 F.3d at 935 (subject matter jurisdiction present where the declaratory judgment defendant had the ability to bring suit against the plaintiff under federal statute); *Borgwarner Diversified Transmission Prods., Inc. v. United Automobile, Aerospace, and Agricultural Implement Workers of America, Local No. 287*, 2006 WL 1328723 (S.D. Ind. May 12, 2006) (Motion to dismiss for lack of subject matter jurisdiction denied where declaratory judgment defendants had threatened suit and retirees of defendant subsequently filed suit seeking to recover under ERISA); *Bowe Bell + Howell Co. v. IMMCO Employees Ass'n*, 2004 WL 1244143 (N.D. Ill. June 2, 2004) (denying motion to dismiss declaratory judgment action where, if defendants brought a coercive action, such action would be based on ERISA).

---

[4] As noted, the Tort Claimants' Complaint, commenced as Case No. 3:12-CV-532-JVB-CAN and attached as Exhibit A, alleges violations of the Federal Wiretap Act, 18 U.S.C. § 2510 *et seq.* and the Tort Claimants' Fourth Amendment rights and seeks damages under 42 U.S.C. § 1983.

Despite the existence of these claims, the Council seeks a dismissal of the City's *entire suit*, claiming that proper federal question jurisdiction is eviscerated by the mere possibility the City's action could be a defense to the subpoena. This contention entirely ignores the federal claims of the Tort Claimants, along with other claims and requests related to the Recordings, and would impermissibly let the tail wag the jurisdictional dog. Simply, the Council provides no support for the idea that a Complaint that raises federal question jurisdiction and anticipates federal claims could fail to confer subject matter jurisdiction on the Court merely because the action *could* also be a defense to a state law claim of a single defendant.

Indeed, the Council relies on cases in which no federal claims by the declaratory judgment defendants were even possible. *See DeBartolo v. HealthSouth Corporation*, 569 F.3d 736 (7th cir. 2009); *Crown Cork & Seal Co. v. Pennsylvania Human Relations Comm'n*, 463 F.Supp. 120 (E.D. Pa. 1979). In *DeBartolo*, the Seventh Circuit noted that the declaratory judgment plaintiff asserted that a term in a partnership agreement violated federal law but that "the lawsuit essentially is a state-law contract dispute between parties who are mostly citizens of Illinois." *DeBartolo*, 569 F.3d at 739. Similarly, in *Crown*, the declaratory judgment plaintiff, faced with an order and subpoena commanding it to produce documents in a discrimination proceeding against it, commenced a separate declaratory judgment action asserting *only* that the Internal Revenue Code shielded it from disclosing certain documents in the administrative proceeding. *Crown*, 463 F.Supp. at 125. In short, the federal statutes at issue in those cases were relevant *solely* as defenses to the anticipated or actual substantive state law claims against the declaratory plaintiff. And in both cases no possibility of a federal claim against the declaratory judgment plaintiff existed. *See DeBartolo,* 519 F.3d at 739 (acknowledging no private right of action under the statute at issue, Anti-Kickback Act, citing *West Allis Mem. Hosp. Inc. v. Bowen*,

12

852 F.2d 251, 225 (7th Cir. 1988)); *Crown*, 463 F.Supp. at 125 ("In this case, there is not even the possibility that the defendant, the Pennsylvania Human Relations Commission, could bring a federal action against the plaintiff.").  By contrast, in this action the Federal Wiretap Act is relevant as more than a mere defense to a state law claim and federal claims are actually pending against the City.  Because the City's action for declaratory judgment anticipated such claims, this Court has jurisdiction over the City's Complaint.

> **III. Supplemental jurisdiction confers subject matter jurisdiction over the City's claim with respect to the Council regardless of how the City's claim is characterized as it relates to the Council.**

In any event, even if *Wycoff* could be somehow selectively applied to the Council in a vacuum, the Court nonetheless has supplemental jurisdiction to entertain the City's claims against the Council.  At a minimum, the *Wycoff* principle establishes that this Court has original subject matter jurisdiction over the Tort Claimants based upon the federal question presented by those claims.  *See Franchise Tax Bd.*. 463 U.S. at 19 (jurisidiction proper when suit by declaratory judgment defendant would necessarily present a federal question); *see also* § II, *supra*.  Likewise, it also has supplemental jurisdiction over any claims involving the same common nucleus of operative facts.  *See* 28 U.S.C. § 1367(a); *Sanchez & Daniels v. Koresko*, 503 F.3d 610, 614 (7th Cir. 2007).  "A loose factual connection between the claims is generally sufficient."  *Id.*

Because the claim as applied to the Council shares the same nucleus of operative facts, the questions related to the parties' obligations under the Federal Wiretap Act with respect to both sets of claims are related and form part of the same case or controversy.[5]  All claims

---

[5]Accordingly, joinder under either Fed. R. Civ. P. 19 or 20 is proper in this case and creates pendent party jurisdiction pursuant to 28 U.S.C. § 1367.  *See Sanchez & Daniels v. Koresko*, 503 F.3d 610, 614 (7th Cir. 2007) (when a district court has original jurisdiction over an action, it has supplemental jurisdiction over all related claims even if they involve joinder).

asserted against the City—the Council's subpoena, the Tort Claimants' federal claims, the EEOC complaints, and the APRA requests—turn on a determination of whether the creation and/or distribution of the Recordings violates the Federal Wiretap Act. Therefore, considerations of comity, judicial economy, fairness, and the need for consistent outcomes on these related issues dictate that all of these related claims be adjudicated in a single, federal forum. *Cf. Munson v. Milwaukee Board of School Directors*, 969 F.2d 266, 268 (7th Cir. 1992) (district court exercised pendent jurisdiction over state law claims where they arose from same course of conduct); *see also Nicodemus v. Union Pacific Corp.*, 440 F.3d 1227, 1235 n.8 (10th Cir. 2006) ("If any one claim within Plaintiffs' Complaint supports federal question jurisdiction, a federal court may assert jurisdiction over all claims, including any alleged state-law claims, arising from same core of operative facts."). This conclusion is made all the more obvious by a reading of the Tort Claimants' Complaint, which seeks both a declaratory judgment and a permanent injunction related to disclosure of the Recordings, and the City's upcoming motion to consolidate. Thus, even accepting the Council's arguments regarding the application of *Wycoff*, the Court has supplemental jurisdiction over claims related to the Council regardless of whether the City's Complaint raises a specific federal claim as to the Council. On this ground alone, the Council's Motion should be denied.

## **CONCLUSION**

Even if the Federal Wiretap Act could constitute a defense to the Council's subpoena, this Court has subject matter jurisdiction over the City's Complaint for three reasons. First, the City's declaratory judgment action presents a federal question regardless of whether it constitutes a potential defense to the Council's subpoena. Second, the Complaint anticipated federal claims that have in fact been brought in this Court against the City. Finally, regardless of

how the City's claim is characterized as it relates to the Council, the Court can exercise supplemental jurisdiction over the claim because it has jurisdiction as to the Tort Claimants. Accordingly, subject matter jurisdiction exists over this entire action as to all defendants and the City's Motion should be denied.

                                                     Respectfully Submitted,

                                                     /s/ Edward A. Sullivan, III
                                                   Edward A. Sullivan, III (17577-71)
                                                   J.P. Hanlon (21230-71)
                                                   FAEGRE BAKER DANIELS LLP
                                                   202 S. Michigan St., Suite 1400
                                                   South Bend, Indiana 46601
                                                   Phone:  574.234.4149
                                                   Facsimile:  574.239.1900

                                                   Aladean DeRose (4495-71)
                                                   City Attorney
                                                   227 West Jefferson Blvd., Suite 1400
                                                   South Bend, Indiana 46601
                                                   Phone:  574.235.9241
                                                   Facsimile:  574.235.7670

                                                 *Counsel for the petitioner, City of South Bend*