UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| CITY OF SOUTH BEND, BY ITS | ) | |
| CORPORATION COUNSEL ALADEAN M. | ) | |
| DEROSE. | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 3:12-CV- 475 |
| | ) | |
| UNITED STATES OF AMERICA, ERIC H. | ) | |
| HOLDER, JR., IN HIS OFFICIAL CAPACITY AS | ) | |
| ATTORNEY GENERAL OF THE UNITED | ) | |
| STAES, SOUTH BEND COMMON COUNCIL, | ) | |
| TIM CORBETT, DAVE WELLS, STEVE | ) | |
| RICHMOND, BRIAN YOUNG, AND SANDY | ) | |
| YOUNG, | ) | |
| | ) | |
| Respondents. | ) | |

**SOUTH BEND COMMON COUNCIL'S REPLY TO SOUTH BEND POLICE
OFFICERS' RESPONSE TO THE COUNCIL'S MOTION TO DISMISS**

Comes now Respondent, the South Bend Common Council, by counsel, and files its

reply to the South Bend Police Officers' response to the Common Council's motion to dismiss.

For the reasons set forth herein, the motion to dismiss should be granted as to any claims against

the South Bend Common Council.

**PRELIMINARY MATTERS**

In order to avoid any confusion, the Common Council clarifies that its motion to dismiss

was filed on behalf of only the South Bend Common Council, not the United States of America,

Eric Holder, Jr. or any of the Police Officers. The motion to dismiss addresses only the claims

made against the Common Council and does not address any claims made against the other

parties because the City did not assert supplemental jurisdiction pursuant to 28 U.S.C. § 1367 in

its complaint, as required by F.R.C.P. 8(a)(1), as a basis for this Court's subject matter

jurisdiction. The City's claims against any other parties, therefore, are irrelevant to the Common

Council's motion. With this background, it should be clear that the Common Council was not

requesting dismissal of the entire complaint for declaratory judgment, but rather, dismissal of the

complaint for declaratory judgment as it pertains to claims made against the Common Council.

The Common Council does not presume to speak on behalf of the other parties with

respect to jurisdictional issues relating to the claims made against them. The Common Council

does not dispute that the Police Officers filed a separate cause of action raising federal claims

against the City of South Bend, Darryl Boykins, individually and in his official capacity as Chief

of Police, Karen DePaepe and Scott Duerring under Cause No. 3:12-CV-532. The Police

Officers in that case, like the City of South Bend in the present case, request a declaratory

judgment, along with damages. The Common Council, however, is not a party in that case.

**<u>The Police Officers' Claims Against the City Do Not Provide a Basis for Federal –
Question Subject Matter Jurisdiction.</u>**

The Police Officers' first response to the Common Council's motion to dismiss mirrors in

large part the arguments made by the City of South Bend, absent the City's argument regarding

supplemental jurisdiction. The Police Officers correctly note that in determining whether there is

federal question jurisdiction in a declaratory judgment action, the Court must look to the nature

of the claim that the declaratory-judgment defendant has against the declaratory-judgment

plaintiff. *Public Serv. Comm'n v. Wycoff Co.*, 344 U.S. 237 (1952).  The Police Officers then

inexplicably focus solely on the nature of their claims against the City instead of the nature of the

Common Council's motion to compel. However, the Common Council's motion to dismiss was

filed only on its own behalf, not on behalf of the Police Officers. The Court's inquiry, therefore,

2

with respect to the Common Council, should be limited to the nature of the Common Council's

motion to compel filed against the City, without reference to the Police Officers' claims against

the City.

As detailed previously in the Common Council's memorandum in support of its motion

to dismiss, the motion to compel, filed pursuant to state statute in state court, is not based on

federal law. It is based entirely on state law. Federal law becomes an issue with respect to the

motion to compel only because the City has raised the Federal Wiretap Act as a defense to the

motion to compel. Using a federal statute as a defense, however, is insufficient to support

federal-question jurisdiction. *DeBartolo v. HealthSouth Corp.*, 569 F.3d 736, 741 (7th Cir. 2009).

Because there is no federal-question jurisdiction with respect to the Common Council, the Court

should grant the Common Council's motion to dismiss.

### *Grable & Sons Metal Products, Inc*. Does Not Provide a Basis for Federal-Question Subject Matter Jurisdiction.

The second aspect of the Police Officers' response to the motion to dismiss is based on a

misunderstanding of *Grable & Sons Metal Products, Inc. v. Darue Engineering &*

*Manufacturing*, 545 U.S. 308 (2005). The Police Officers assert that federal jurisdiction is

recognized where state law claims implicate significant federal issues. (Police Officers' response

at p. 7.)

The Seventh Circuit Court of Appeals recently rejected a similar argument in *Chicago*

*Tribune Co. v. Board of Trustees of the University of Illinois*, 680 F.3d 1001 (7th Cir. 2012). This

case involved an attempt by the Chicago Tribune to obtain the identity of certain students'

parents under the Illinois Freedom of Information Act. The University of Illinois claimed that it

would be illegal to release the information under the Family Education Rights and Privacy Act of

1974 ("FERPA"). The Chicago Tribune filed a motion for declaratory judgment in federal court

asserting that the University misunderstood the ramifications of FERPA. Both the Chicago

Tribune and the University asserted that federal-question jurisdiction pursuant to 28 U.S.C.

§ 1331 was the basis for the federal court's subject matter jurisdiction.

Although the Court noted that the Tribune's attempt to obtain documents was based on

state law, and that the University may have a defense to the state law claim under federal law, the

Court recognized and applied the "blackletter law that a federal defense differs from a claim

arising under federal law." 680 F.3d at 1003. In ruling that a federal-based defense cannot give

rise to subject matter jurisdiction, the Court discussed *Grable & Sons* and noted it was not

applicable in a case in which a federal statute is raised as a defense to a state law claim.

Specifically, the Court stated:

> We asked the parties to file supplemental briefs addressing subject
> matter jurisdiction. Both sides contend that jurisdiction is proper
> under the approach of *Grable & Sons Metal Products, Inc. v.
> Darue Engineering & Manufacturing*, 545 U.S. 308, 125 S.Ct.
> 2363, 162 L.Ed.2d 257 (2005). Yet *Empire Healthchoice
> Assurance, Inc. v. McVeigh*, 547 U.S. 677, 126 S.Ct. 2121, 165
> L.Ed.2d 131 (2006), shows that *Grable* does not alter the rule that
> a potential federal defense is not enough to create federal
> jurisdiction under Section 1331. See also *Bennett v. Southwest
> Airlines Co.*, 484 F.3d 907, reh'g denied, 493 F.3d 762 (7th Cir.
> 2007). Some of the language in *Grable* could be read to say that all
> important federal issues should be resolved in a federal forum, but
> *Empire Healthchoice* concluded that *Grable* should not be so
> understood.
>
> Indeed, *Grable* has nothing to do with using federal defenses to
> remove litigation to federal court. In *Grable* the federal issue was
> part of the plaintiff's own claim. The Internal Revenue Service had
> seized real property to satisfy a tax lien and sold the property to
> Darue. Grable, the taxpayer, filed a quiet-title action in state court,
> asserting that Darue's title was invalid because the IRS had given
> notice of the seizure in the wrong way (by certified mail rather
> than a process server). The Supreme Court had to decide whether a
> claim 'arises under' federal law for the purpose of Section 1331
> when one element of a claim depends on state law and another on
> federal law. It concluded that the claim is federal when 'a state-law

claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities.' 545 U.S. at 314. This formulation can lead to problems in application, see *Samuel C. Johnson 1988 Trust v. Bayfield County*, 649 F.3d 799 (7th Cir. 2011), though often matters will be straightforward. In *Empire Healthchoice*, for example, the Court observed that *Grable* depended on the fact that the dispute 'centered on the action of a federal agency (IRS) and its compatibility with a federal statute, the question qualified as "substantial," and its resolution was both dispositive of the case and would be controlling in numerous other cases.' 547 U.S. at 700. Take away those ingredients – none was satisfied in *Empire Healthchoice* – and there is no federal jurisdiction.

Here, unlike *Grable*, the claim for the documents arises under state law, and *only* state law; the Tribune's request for the information does not depend on even a smidgeon of federal law. No federal agency's decision has been contested. The University has a potential defense under Section 7(1)(a), but even that may depend on state rather than federal law. (We expand on this observation below.) The Section 7(1)(a) exemption is not necessarily dispositive. Recall that the University's letter rejecting the Tribune's request mentioned Section 7(1)(b)(i), which entitles student records to protection. It is not clear to us that the 1974 Act and the implementing regulations forbid disclosure of any document that is outside the scope of Section 7(1)(b)(i) exemption. A state court therefore might rule in the University's favor wholly as a matter of state law – which suggests that the federal issue not only is not 'necessarily' presented, but may never be presented at all, rendering a federal court's decision nothing but an advisory opinion. The University has other potential state-law defenses as well.

680 F.3d at 1004.

Similarly, the Common Council's claim for the tapes arises under state law, and only state law. The Common Council's request for the tapes does not depend on "even a smidgeon of federal law." 680 F.3d at 1004. No federal agency's decision has been contested. The City has indicated that it may have other defenses to the application of the state statute. (South Bend City's response to Common Council's motion to compel, Exhibit A.) Consequently, the state

court might rule in the City's favor wholly as a matter of state law and the federal issue may not

"necessarily" be presented. Under the facts and circumstances of the present case, just as in

*Chicago Tribune Co.*, this Court lacks federal-question subject matter jurisdiction.

## CONCLUSION

The Common Council's motion to dismiss was filed only its own behalf, and not on

behalf of Police Officers. Consequently, the Court's inquiry must be focused on the nature of the

Common Council's motion to compel filed in state court pursuant to state statute to determine

whether federal question jurisdiction exists. Because the Common Council's subpoena and

motion to compel raise no federal issue, this Court lacks subject matter jurisdiction.

WHEREFORE, Respondent, South Bend Common Council, respectfully requests the

Court to dismiss the City's complaint for declaratory judgment with respect to the Common

Council and its subpoena and motion to compel which were validly issued and filed under state

law.

/s/Robert J. Palmer
E. Spencer Walton, Jr. (1000-71)
Robert J. Palmer (6316-71)
Attorneys for South Bend Common Council
**MAY • OBERFELL • LORBER**
4100 Edison Lakes Parkway, Suite 100
Mishawaka, IN  46545
Phone: (574) 243-4100
Fax: (574) 232-9789
rpalmer@maylorber.com

## CERTIFICATE OF SERVICE

I certify that a copy of the forgoing was served upon all attorneys of record via the
Court's ECF system on November 13, 2012.

/s/Robert J. Palmer
Robert J. Palmer

F:\Clients\S1060\12001\Federal Court Pleadings\2012-11-13 Reply to Police Officers' Response to Motion to Dismiss.doc11/13/2012