- FILED -

# ENTRY FORM
## ST. JOSEPH CIRCUIT COURT

OCT 1 2 2012

Clerk
St. Joseph Circuit Court

DATE: October 12, 2012

CASE NUMBER: 71C01-1209-MI-00159

PARTIES:   SOUTH BEND COMMON COUNCIL,
           Plaintiff

                       VS.

           SOUTH BEND CITY ADMINISTRATION,
           Defendant.

THE CHRONOLOGICAL CASE SUMMARY ENTRY UNDER THIS CASE NUMBER:

Defendant South Bend City Administration files Response to Plaintiff's Motion to Compel.

A FULL TEXT FOR THE RECORD OF JUDGMENTS AND ORDERS IS ATTACHED:

YES _____   NO _x_

SUBMITTED BY: _____
ALADEAN M. DEROSE, Interim City Attorney
ATTORNEY NUMBER: #4495-71
ATTORNEY FOR:  City of South Bend

_____
JUDGE, St. Joseph Circuit Court

RECEIVED OCT 1 5 2012

STATE OF INDIANA, COUNTY OF ST. JOSEPH
IN THE ST. JOSEPH CIRCUIT COURT

- FILED -

OCT 1 2 2012

Clerk
St. Joseph Circuit Court

| | | |
|---|---|---|
| SOUTH BEND COMMON COUNCIL | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 71C01-1209-MI-00159 |
| | ) | |
| SOUTH BEND CITY ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | |

SOUTH BEND CITY'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL

In response to Plaintiff's Motion to Compel filed September 14, 2012, the South Bend City Administration, by counsel, says the following:

1. The City Administration admits the facts set forth in the Common Council's Motion to Compel.

2. To promote and advance resolution of the ultimate controversy, the City admits the validity of the Common Council's subpoena solely for purposes of this discovery matter, and without prejudice to the City Administration's right to challenge in a future action, if necessary, the Common Council's constitutional ability to investigate City Administration personnel decisions, and, therefore, whether Ind. Code 36-4-6-21 is constitutional.

3. The City cannot produce the five cassette tapes which are the subject of the Common Council's subpoena without violating federal law, and exposing the person making such disclosure to civil or criminal sanctions as provided by 18 U.S.C. § 2511(1)(c), which statute prohibits the intentional disclosure of intercepted wire communications.

4. A court of law may even be at risk under 18 U.S.C. § 2511(1)(c) unless it has conducted a hearing to determine whether the tapes were obtained without violating federal wire

RECEIVED OCT 1 5 2012

tap law. See United States v. Dorfman, 690 F.2d 1230 (7th Cir. 1982).

5. Before the City can comply with the Common Council's subpoena, there must be a judicial finding, after hearing, that the tapes at issue were not obtained contrary to federal wiretap law.

6. The City seeks proper court of law assurance that it may release the tapes sought by the Common Council without risk of violating 18 U.S.C. § 2511 (1)(c), and upon such assurance, after hearing in which all interests are represented, the City intends to comply with the Council's request for tape release.

_____
Aladean M. DeRose, #4495-71
Interim City Attorney
227 W. Jefferson Blvd., Ste 1400
South Bend, IN 46601
574-235-9241

Attorney for the City of South Bend Administration

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing Response, was served upon Mr. E. Spencer Walton, Jr., attorney for the South Bend Common Council by placing same in the United States mail, postage prepaid to his office at 4100 Edison Lakes Parkway, Suite 100, Mishawaka, IN 46544, this 24 day of October, 2012.

_____
Aladean M. DeRose