UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| CITY OF SOUTH BEND, BY ITS CORPORATION COUNSEL ALADEAN M. DEROSE. | ) ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | 3:12-CV- 475 |
| UNITED STATES OF AMERICA, ERIC H. HOLDER, JR., IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL OF THE UNITED STAES, SOUTH BEND COMMON COUNCIL, TIM CORBETT, DAVE WELLS, STEVE RICHMOND, BRIAN YOUNG, AND SANDY YOUNG, | ) ) ) ) ) ) ) ) | |
| Respondents. | ) | |

**SOUTH BEND COMMON COUNCIL'S REPLY TO CITY OF SOUTH BEND'S RESPONSE TO THE COUNCIL'S MOTION TO DISMISS**

Comes now Respondent, the South Bend Common Council, by counsel, and files its reply to the City of South Bend's response to the Common Council's motion to dismiss. For the reasons set forth herein, the motion to dismiss should be granted as to any claims against the South Bend Common Council.

**PRELIMINARY MATTERS**

In order to avoid any confusion, the Common Council clarifies that its motion to dismiss was filed on behalf of only the South Bend Common Council, not the United States of America, Eric Holder, Jr. or any of the individual Respondents. The motion to dismiss addresses only the declaratory judgment action against the Common Council and does not address any claims made

against the other parties because the City did not assert supplemental jurisdiction pursuant to 28 U.S.C. § 1367 in its complaint as required by F.R.C.P. 8(a)(1) as a basis for this Court's subject matter jurisdiction. The City's claims against the other parties, therefore, are irrelevant to the Common Council's motion. With this background, it should be clear that the Common Council was not requesting dismissal of the entire complaint for declaratory judgment, but rather, dismissal of the complaint for declaratory judgment as it pertains to claims made against the Common Council.

The Common Council does not presume to speak on behalf of the other parties with respect to jurisdictional issues relating to the claims made against them. The Common Council does not dispute that the individual Respondents have filed a separate cause of action raising federal claims against the City of South Bend, Darryl Boykins, individually and in his official capacity as Chief of Police, Karen DePaepe and Scott Duerring under Cause No. 3:12-CV-532. The Police Officers, like the City of South Bend in the present case, requested a declaratory judgment. The Common Council, however, is not a party to that case.

### **The City's Potential Federal Law Defense To The State Law Motion To Compel Does Not Give Rise To Federal-Question Jurisdiction**

The City acknowledges that in declaratory judgment actions in which the declaratory judgment plaintiff seeks to raise a federal defense, it is the nature of the underlying or threatened action, not the declaratory judgment plaintiff's defense, which determines whether there is a federal-question jurisdiction. The City applies this principle in great detail with respect to the Police Officers' claims against the City in Section II of its response. The City, however, does not apply the same analysis in Section I wherein the City addresses the issues raised by the Common Council.

As noted in the Council's memorandum in support of its motion to dismiss, when a party files a declaratory judgment action based on federal-question jurisdiction in which it seeks to raise a defense to a pending or threatened state court action, it is the character of the underlying action which is dispositive of the jurisdictional issue. *Public Serv. Comm'n v. Wycoff Co.*, 344 U.S. 237 (1952). Consequently, it is the action of the Common Council in the Indiana state court which is dispositive of the federal-question jurisdiction issue. It is only the nature of that action, not any defense raised by the City, which is determinative.

As detailed in the Common Council's motion to dismiss and memorandum in support thereof, the underlying action pending in state court is a motion to compel which was filed pursuant to a state statute, Ind.Code § 36-4-6-21. Absent the state statute, the Common Council has no procedure available to seek production of the tapes. The Common Council could not, under any circumstances, seek production of the tapes in federal court based on federal-question jurisdiction. Therefore, this Court lacks federal-question jurisdiction with respect to the City's declaratory judgment action as to the Common Council.

The City asserts that it is not raising the Federal Wiretap Act as a defense. This assertion is belied by the response to the motion to compel filed in state court. (South Bend City's response to the Common Council's motion to compel, Exhibit A.)  That response states in relevant part:

> 3. The City cannot produce the five cassette tapes which are the subject of the Common Council's subpoena without violating federal law, and exposing the person making such disclosure to civil or criminal sanctions as provided by 18 U.S.C. § 2511(1)(c), which statute prohibits the intentional disclosure of intercepted wire communications.

3

The City is specifically relying on the Federal Wiretap Act to avoid court-ordered production of the tapes in response to a lawfully issued subpoena. This is nothing more than an attempt to use the statute as a defense.

The City attempts to distinguish this case on the grounds that it "is not 'defending' itself from any substantive claim." (City's response at p. 8.) The City, however, cites no authority for the proposition that the underlying state litigation must be seeking "substantive" relief. The City's position is refuted by *Crown Cork & Seal Co. v. Pennsylvania Human Relations Comm'n*, 463 F.Supp. 120 (E.D. Pa. 1979), discussed in detail on pages 8-9 of the Common Council's memorandum in support of the motion to dismiss.[1]

The City attempts to cast doubt on the applicability of *Wycoff* by a selective, partial quote of a sentence from *Illinois v. General Electric Co.*, 683 F.2d 206 (7th Cir. 1982). The full context of the City's partial quote is as follows:

> There is, it is true, a dictum in the *Wycoff, supra*, which if it is the law could put the plaintiffs in this case right out of court: 'Where the complaint in an action for declaratory judgment seeks in essence to assert a defense to an impending or threatened state court action, it is the character of the threatened action, and not of the defense, which will determine whether there is federal-question jurisdiction in the district court.' 344 U.S. at 248. The impending state court action here was based on alleged violation of state rather than federal law. Now at one level the dictum is an innocuous if perhaps overbroad statement of the principle that you cannot get around the limitations on the removal jurisdiction of the federal courts by asserting your defenses in a federal declaratory judgment action. But at another level, if understood to require federal claimants always to litigate their claims as defenses in state court if they can, it must be wrong, *and though lower federal*

---

[1] The City's only attempt to distinguish *Crown* is in relation to the claims made by the Police Officers and asserting that the Wiretap Act was not being raised "solely" as a defense to a state law proceedings. (City's response at p. 12.) As noted previously, however, the Common Council's motion to dismiss is based on the claim of federal-question jurisdiction as applied to the Common Council. The City's reliance on the Federal Wiretap Act is solely a defense as it applies to the underlying actions of the Common Council.

>*courts have followed it from time to time the Supreme Court has not.* (Emphasis added.)

683 F.2d at 211.

As noted in the Common Council's memorandum in support of its motion to dismiss, the dictum in *Wycoff* has been applied as law by every circuit in the country, including the Seventh Circuit in *DeBartolo v. HealthSouth Corp.*, 569 F.3d 736 (7th Cir. 2009). All but two of the cases cited by the Common Council postdate *Illinois v. General Electric Co.* More significantly, however, the dictum in *Wycoff* was adopted by the United States Supreme Court in *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 16, n. 14 (1983). *See also*, *Garanti Finansal Kiralama v. Aquamarine and Trading, Inc.*, 2012 U.S. App. LEXIS 20540 (October 2, 2012) at *19, n. 9 (2nd Cir. 2012). It therefore appears, contrary to *General Electric*, that the Supreme Court intended exactly what it stated in dictum in *Wycoff*.

Similarly, the other cases cited on page 9 of the City's memorandum are inapplicable. Specifically, *Kemp v. Chicago Housing Authority*, 2010 U.S. Dist. LEXIS 73895 (N.D. Ill. 2010) and *Aroostook Band of Micmacs v. Ryan*, 404 F.3d 48 (1st Cir. 2005), were both premised on the existence of a "properly framed federal cause of action." However, as noted previously, in cases in which a declaratory-judgment plaintiff is seeking a declaration that a federal statute constitutes a defense in a state law action, the proper inquiry is the nature of the underlying action. The Common Council's motion to compel does not, and could not, raise issues that would be sufficient to invoke federal jurisdiction. The Common Council's motion to compel does not properly frame a federal cause of action. Therefore, the quote from *Kemp* and *Aroostook Band of Micmacs* is unavailing.

The selective quote in the City's memorandum from *Thomas v. Shelton*, 740 F.2d 478, 485 (7th Cir. 1984) must be placed in context to properly understand the Court's ruling. (City's memorandum at p. 9.) Omitting legal citations, the paragraph from which the City quotes states:

> Thus, if the Sheltons had a state law claim against the federal government that the government could be expected to defend by invoking federal law, their suit for declaratory judgment would not be within the original jurisdiction of any federal district court because the rights they were asserting would not derive from federal law. But if all they were doing by bringing a declaratory judgment action was forcing the government to accelerate its federal-law suit against them – and that was all they were doing in the third-party complaint – then the action would be within that jurisdiction, as in cases where the declaratory-judgment plaintiff is an alleged patent infringer seeking a determination of a defendant's patent rights. Such a declaratory-judgment action is within the original jurisdiction of the federal courts because the action is based on federal law; it does not merely anticipate a federal defense. (Citations omitted.) Otherwise a potential defendant could impede a plaintiff's right to proceed in federal court simply by bringing a declaratory judgment against him in state court first.

740 F.2d at 485-486.

The City's declaratory judgment action falls within the scope of the first sentence of the above paragraph. The Common Council initiated litigation under a state statute in state court. Although It was expected that the City would, and it in fact did, defend against the motion to compel by invoking federal law, the motion to compel was based solely on state law. In the words of *Thomas*, "Their suit for declaratory judgment would not be within the original jurisdiction of any federal district court because the rights they were asserting would not derive from federal law." 740 F.2d at 485.[2]

---

[2] The inquiry in *Thomas* was based on whether the plaintiff's state court declaratory-judgment action stated a basis for federal-question jurisdiction because the issue was whether the state court declaratory judgment action could be removed to federal court. In the present case, however, the inquiry is whether the motion to compel stated a basis for federal-question jurisdiction. It does not.

The cases cited on page 7 of the City's response are inapplicable for the same reason. The Common Council's motion to compel is not based on federal law. It was filed in state court pursuant to state statute.

The City appears to make the argument that anytime a significant federal issue is involved, even as a defense, there is federal-question jurisdiction. The Seventh Circuit recently rejected a similar argument in *Chicago Tribune Co. v. Board of Trustees of the University of Illinois*, 680 F.3d 1001 (7th Cir. 2012). This case involved the attempts by the Chicago Tribune to obtain the identity of certain students' parents under the Illinois Freedom of Information Act. The University of Illinois claimed that it would be illegal to release the information under the Family Education Rights and Privacy Act of 1974 ("FERPA"). The Chicago Tribune filed a motion for declaratory judgment in federal court asserting that the University misunderstood the ramifications of FERPA. Both the Chicago Tribune and the University asserted that federal-question jurisdiction pursuant to 28 U.S.C. § 1331 provided subject matter jurisdiction. In ruling that the fact that the University may have a defense based on federal law to the request for production of documents under the state Freedom of Information Act cannot give rise to subject matter jurisdiction, the Court noted the "blackletter law that a federal defense differs from a claim arising under federal law." 680 F.3d at 1003. Specifically discussing *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308 (2005), the Court stated:

> We asked the parties to file supplemental briefs addressing subject matter jurisdiction. Both sides contend that jurisdiction is proper under the approach of *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 125 S.Ct. 2363, 162 L.Ed.2d 257 (2005). Yet *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 126 S.Ct. 2121, 165 L.Ed.2d 131 (2006), shows that *Grable* does not alter the rule that a potential federal defense is not enough to create federal jurisdiction under Section 1331. See also *Bennett v. Southwest Airlines Co.*, 484 F.3d 907, reh'g denied, 493 F.3d 762 (7th Cir.

2007). Some of the language in *Grable* could be read to say that all important federal issues should be resolved in a federal forum, but *Empire Healthchoice* concluded that *Grable* should not be so understood.

Indeed, *Grable* has nothing to do with using federal defenses to remove litigation to federal court. In *Grable* the federal issue was part of the plaintiff's own claim. The Internal Revenue Service had seized real property to satisfy a tax lien and sold the property to Darue. Grable, the taxpayer, filed a quiet-title action in state court, asserting that Darue's title was invalid because the IRS had given notice of the seizure in the wrong way (by certified mail rather than a process server). The Supreme Court had to decide whether a claim 'arises under' federal law for the purpose of Section 1331 when one element of a claim depends on state law and another on federal law. It concluded that the claim is federal when 'a state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities.' 545 U.S. at 314. This formulation can lead to problems in application, see *Samuel C. Johnson 1988 Trust v. Bayfield County*, 649 F.3d 799 (7th Cir. 2011), though often matters will be straightforward. In *Empire Healthchoice*, for example, the Court observed that *Grable* depended on the fact that the dispute 'centered on the action of a federal agency (IRS) and its compatibility with a federal statute, the question qualified as "substantial," and its resolution is both dispositive of the case and would be controlling in numerous other cases.' 547 U.S. at 700. Take away those ingredients – none was satisfied in *Empire Healthchoice* – and there is no federal jurisdiction.

Here, unlike *Grable*, the claim for the documents arises under state law, and *only* state law; the Tribune's request for the information does not depend on even a smidgeon of federal law. No federal agency's decision has been contested. The University has a potential defense under Section 7(1)(a), but even that may depend on state rather than federal law. (We expand on this observation below.) The Section 7(1)(a) exemption is not necessarily dispositive. Recall that the University's letter rejecting the Tribune's request mentioned Section 7(1)(b)(i), which entitles student records to protection. It is not clear to us that the 1974 Act and the implementing regulations forbid disclosure of any document that is outside the scope of Section 7(1)(b)(i) exemption. A state court therefore might rule in the University's favor wholly as a matter of state law – which suggests that the federal issue not only is not 'necessarily' presented, but may never be presented at

8

>all, rendering a federal court's decision nothing but an advisory opinion. The University has other potential state-law defenses as well.

680 F.3d at 1004.

Similarly, the Common Council's claim for the tapes arises under state law, and only state law. The Common Council's request for the tapes does not depend on "even a smidgeon of federal law." 680 F.3d at 1004. No federal agency's decision has been contested. The City has indicated that it may have other defenses to the application of the state statute. (Exhibit A.) Consequently, a state court therefore might rule in the City's favor wholly as a matter of state law and the federal issue may not "necessarily" be presented. Under the facts and circumstances of the present case, just as in *Chicago Tribune Co.*, this Court lacks federal-question subject matter jurisdiction.

In summary, the federal claims raised by the Police Officers are irrelevant to the determination of whether there is federal-question jurisdiction as to the City's declaratory judgment action against the Common Council. The relevant inquiry is whether the Common Council's state court litigation stated a basis for federal-question jurisdiction. The fact that the City has raised a federal statute as a defense to the Common Council's motion to compel does not create federal-question jurisdiction. The declaratory judgment should be dismissed as to the South Bend Common Council.

**The Nature Of The Police Officers' Claims Is Irrelevant To Subject Matter Jurisdiction Analysis As Applied To The South Bend Common Council.**

The second section of the City's response to the motion to dismiss relies on the nature of the Police Officers' claims against the City as a basis for federal-question jurisdiction regarding the separate and distinct claim of the South Bend Common Council. As noted previously, the Common Council's motion to dismiss did not address the claims made by the Police Officers

because those claims are irrelevant to the subject matter jurisdiction analysis with respect to the Common Council. The Common Council's motion to dismiss was filed on its own behalf, not on behalf of the Police Officers. The South Bend Common Council's motion to compel, filed in state court pursuant to state statutory law, is a separate and distinct matter from the claims made or threatened by Police Officers, or any other potential party. The South Bend Common Council is not a party to the action filed by the Police Officers against the City.

There may very well be federal-question jurisdiction with respect to the City's declaratory judgment action against the Police Officers. That, however, does not mean there is federal-question jurisdiction to support a declaratory judgment action against the Common Council. As noted previously, it is the nature of the underlying action which determines whether there is federal-question jurisdiction. The Common Council's attempt to obtain the tapes was made pursuant to state statute and filed in state court. There is no basis for a federal action to compel production of the tapes. The Common Council's only recourse is through state statute. Consequently, there is no federal-question jurisdiction with respect to the declaratory judgment action against the Common Council.

### The Court Should Decline To Exercise Supplemental Jurisdiction Because Of The Novel And Complex Issue Of State Law.

As an apparent afterthought, the City devotes just over one page to an argument that this Court should exercise supplemental jurisdiction over the City's declaratory judgment action against the Common Council pursuant to 28 U.S.C. § 1367(a). The City raises the argument despite failing to identify the statute as a basis for this Court's jurisdiction in its complaint for declaratory judgment as required by F.R.C.P. 8(a)(1).

The City's simple assertion that because there is a "loose factual connection" with respect to the separate and distinct claims against the City by the Common Council and the Police

Officers creates the necessary Article III case or controversy is only part of the analysis the Court must undertake to determine whether to exercise supplemental jurisdiction. 28 U.S.C. § 1367(c) must also be considered. That statute provides in relevant part:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if –
>
> (1)    The claim raises a novel or complex issue of state law,
>
> (2)    The claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> * * *
>
> (4)    In exceptional circumstances, there are other compelling reasons for declining jurisdiction.

Under this statute, a court may decline to exercise supplemental jurisdiction, even if the federal claims are not dismissed, if the state law claims raise novel or complex questions of state law or where they predominate over the federal claims. *Dargis v. Sheahan*, 526 F.3d 981, 991 (7th Cir. 2008).

The Common Council respectfully submits that even if the Court does determine it could exercise supplemental jurisdiction despite the separate and distinct legal actions involving different parties giving rise to the City's complaint for declaratory judgment, the Court should nevertheless decline to exercise jurisdiction because of the nature and predominance of the state law claims giving rise to the City's declaratory judgment action against the Common Council. The Common Council's motion to compel was filed in the St. Joseph Circuit Court pursuant to Ind.Code 36-4-6-21 which gives the legislative body of the City investigative powers, including access to all records pertaining to the investigation together with the production of evidence. The Common Council exercised its state statutory rights and subpoenaed the tapes at issue. The statute also gives the legislative body the statutory right to file a motion to compel in the circuit

court of the appropriate county if there is no compliance with the subpoena. The Common Council in the present case exercised that right. Consequently, the reason that the Common Council's action is pending in state court, is the fact that the statutory remedy is the only remedy available to the Common Council to obtain the tapes.

The statutory remedy is in and of itself extraordinary. The statute gives the Common Council the right to expeditiously seek testimony or evidence to conduct an investigation without requiring it to file a lawsuit. The Common Council may compel the attendance of witnesses and production of evidence by a subpoena. It was only when the subpoena was disregarded that the Common Council was forced to initiate court action in a motion to compel.

The Indiana statutory scheme was designed to allow a legislative body to expeditiously investigate the departments, officers and employees of the City or any charges against a department, officer or employee of the City. A major concern in any investigation is the length of time the investigation will take in light of the potential for continuing wrongdoing or the loss of evidence. The declaratory judgment action filed by the City against the Common Council is contrary to the goal of the Indiana statute. The complaint for declaratory judgment will undoubtedly result in protracted litigation and discovery, much of which is limited in relevance to the Police Officers, and which has no bearing to the Common Council. The filing of the declaratory judgment action has already resulted in a delay in the state court action inasmuch as the state court has stayed its resolution of the motion to compel until, at least, a status hearing scheduled for December 3, 2012. At that time, the circuit court indicated that it would:

> Depending on the status of the federal cause(s) of action and other procedural matters, this Court may vacate the stay and schedule an evidentiary hearing, may continue the stay in force and effect, or may grant other appropriate relief.

(October 2, 2012 order, attached as Exhibit B.) Unless this Court grants the motion to dismiss, this action will not be resolved by December 3, 2012 and the Common Council faces the prospect of still longer delays.

One of the primary reasons for exercising supplemental jurisdiction is judicial economy. *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 173 (1997). Judicial economy is not necessarily served by exercising supplemental jurisdiction. If the Court determines that the tapes can be produced under the Federal Wiretap Act, the City has indicated in its response to the motion to compel filed in St. Joseph Circuit Court that other defenses to the motion to compel will be raised. Specifically, the City's response states:

> 2. To promote an advance resolution of the ultimate controversy, the City admits the validity of the Common Council's subpoena solely for purposes of this discovery matter, and without prejudice to the City administration's right to challenge in a future action, if necessary, the Common Council's constitutional ability to investigate City administration personnel decisions, and, therefore, whether Indiana Code 36-4-6-21 is constitutional.

(South Bend City's response to the Common Council's motion to compel, Exhibit A.) Therefore, even if this Court exercised supplemental jurisdiction, its ruling on the complaint for declaratory judgment will not necessarily be dispositive with regard to the Common Council's motion to compel. Again, this will result in a continued undue delay contrary to the intention of the state legislature in enacting Ind.Code 36-4-6-21.

The fact that the City has expressed its intent to use the Federal Wiretap statute as a defense to the Common Council's motion to compel is an insufficient reason for this Court to exercise supplemental jurisdiction in light of the state's interest in insuring expedited rulings on the motion to compel. It is well established that state courts are perfectly competent to decide questions of federal law. *See Younger v. Harris*, 401 U.S. 37 (1971); *American Paper Institute,*

13

*Inc. v. United States Environmental Protection Agency*, 890 F.2d 869, 875 (7th Cir. 1989); *Illinois v. Kerr-McGee Chemical Corp.*, 677 F.2d 571, 578 (7th Cir. 1982). The City's federal statutory defense to a uniquely state court proceeding should be decided by the state court because the motion to compel raises a novel and complex question of state law and predominates over federal claims, especially in light of the City's assertion that it may raise other defenses to the motion to compel.

## CONCLUSION

The Common Council's motion to dismiss was filed only on its own behalf, and not on behalf of the Police Officers. Consequently, the Court's inquiry must be focused on the nature of the Common Council's motion to compel filed in state court pursuant to state statute to determine whether federal-question jurisdiction exists. Because the Common Council's subpoena and motion to compel raises no federal question, this Court lacks subject matter jurisdiction.

WHEREFORE, Respondent, South Bend Common Council, respectfully requests the Court to dismiss the City's complaint for declaratory judgment with respect to the Common Council and its subpoena and motion to compel which were validly issued and filed under state law.

/s/Robert J. Palmer
E. Spencer Walton, Jr. (1000-71)
Robert J. Palmer (6316-71)
Attorneys for South Bend Common Council
**MAY • OBERFELL • LORBER**
4100 Edison Lakes Parkway, Suite 100
Mishawaka, IN  46545
Phone: (574) 243-4100
Fax: (574) 232-9789
rpalmer@maylorber.com

## CERTIFICATE OF SERVICE

I certify that a copy of the forgoing was served upon all attorneys of record via the Court's ECF system on November 13, 2012.

/s/Robert J. Palmer
Robert J. Palmer

F:\Clients\S1060\12001\Federal Court Pleadings\2012-11-13 Reply to Responses to Motion to Dismiss.docx11/13/2012