UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| CITY OF SOUTH BEND, BY ITS CORPORATION COUNSEL ALADEAN M. DEROSE. | ) ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | 3:12-CV- 475 |
| UNITED STATES OF AMERICA, ERIC H. HOLDER, JR., IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL OF THE UNITED STAES, SOUTH BEND COMMON COUNCIL, TIM CORBETT, DAVE WELLS, STEVE RICHMOND, BRIAN YOUNG, AND SANDY YOUNG, | ) ) ) ) ) ) ) ) | |
| Respondents. | ) | |

**SOUTH BEND COMMON COUNCIL'S MEMORANDUM IN OPPOSITION
TO THE CITY OF SOUTH BEND'S MOTION TO CONSOLIDATE**

Comes now Respondent, the South Bend Common Council, by counsel, and files its memorandum in opposition to the City of South Bend's motion to consolidate. For the reasons set forth herein, the City's motion should be denied.

### PROCEDURAL BACKGROUND

The City seeks to consolidate two lawsuits neither of which have an identity of parties or request the same relief. In order to resolve the City's request, it is necessary to understand the procedural posture of each case.

**Case No. 3:12-CV-475 (Declaratory Judgment Action)**

The City, on August 30, 2012, filed a complaint for declaratory judgment. The named Respondents in the complaint for declaratory judgment included the United States of America, Eric H. Holder, Jr., in His Official Capacity as Attorney General of the United States, South Bend Common Council, Tim Corbett, Dave Wells, Steve Richmond, Brian Young, and Sandy Young. The complaint for declaratory judgment, in essence, requested a declaratory judgment with respect to whether recordings made by the South Bend Police Department were legally made pursuant to the Federal Wiretap Act, 18 U.S.C. § 2511. (Complaint at ¶ 9.) With respect to the South Bend Common Council, the complaint for declaratory judgment alleges that the Council exercised its statutory authority to issue a subpoena to the City to produce certain recordings made by the Police Department. With respect to the individual Respondents, the City alleges that the individual Respondents have notified the City of their intent to file a tort claim action against the City based pursuant to the Indiana Tort Claims Act for, among other things, a violation of the Federal Wiretap Act. Eric Holder is named as a Respondent as the Attorney General of the United States who is charged with enforcing the Federal Wiretap Act.

The South Bend Common Council filed a motion to dismiss the complaint for declaratory judgment for lack of subject matter jurisdiction. Specifically, the Council asserted that the City was raising the Federal Wiretap Act as a defense to the Council's motion to compel which was filed in state court and, as such, there was no federal question jurisdiction as alleged by the City. That motion remains pending. The United States has yet to file a responsive pleading, but has informed the Court that it intends to file a motion to dismiss for lack of subject matter jurisdiction. The individual Respondents have all filed answers. No party has filed a jury demand as of this time.

Contrary to Local Rule 42.2, the City filed its motion to consolidate in the second filed case, Case No. 3:12-CV-532. However, after the City was advised of its mistake, it correctly filed a motion to consolidate in Case No. 3:12-CV-475.

### Case No. 3:12-CV-532 (Tort Action)

On September 19, 2012, several individuals filed a complaint and jury demand. The Plaintiffs are Brian Young, Sandy Young, Timothy Corbett, David Wells and Steve Richmond. All of the Plaintiffs are Respondents in the City's declaratory judgment action. The only Defendant in the tort action who is also a party to the declaratory judgment action is the City of South Bend. Other Defendants, who are not parties in the declaratory judgment action, are Darryl Boykins, individually and in his official capacity as Chief of Police; Karen DePaepe and Scott Duerring. The South Bend Common Council is not a named party in the tort action.

Plaintiffs subsequently filed an amended complaint naming the same parties. The amended complaint alleges:

> This lawsuit seeks to redress the violations of Plaintiffs' rights under the Fourth Amendment and federal statutes against City officials who surreptitiously intercepted their telephone calls. Plaintiffs also seek declaratory and injunctive relief as well as redress under Indiana law.

The amended complaint alleges that the City, through the actions of Darryl Boykins and Karen DePaepe, illegally recorded telephone conversations on the lines of the South Bend Police Department and that Darryl Boykins used the recordings to determine whether his division chiefs were personally loyal to him and to punish anyone who might seek the job of Chief of Police. Plaintiffs allege that they have been damaged by the loss of their privacy and incurred damage to their professional reputation through false accusations of racism and professional disloyalty. Plaintiffs also allege that Defendants' actions constitute an illegal search in violation of the

Fourth Amendment and also violate the Federal Wiretap Act, 18 U.S.C. § 2510, *et seq*. The amended complaint further asserts that Scott Duerring, Karen DePaepe's attorney, violated the Federal Wiretap Act by disclosing the contents of the recorded conversations. Plaintiffs also allege that the actions of Boykins and DePaepe constitute violations of Ind.Code § 35-33.5-2 *et seq*. Specific theories of liability as alleged in the amended complaint against Boykins, DePaepe and Duerring include: negligence, defamation, invasion of privacy, and intentional infliction of emotional distress under Indiana law. Plaintiffs claim that the City of South Bend is liable under the principle of respondeat superior for the acts and omissions of Boykins and DePaepe. Plaintiffs seek compensatory and punitive damages, costs and attorney's fees. Plaintiffs also seek a declaratory judgment declaring that the recordings, and disclosure of the content thereof, violated the Federal Wiretap Act and Ind.Code § 35-33.5-2 *et seq*.

Karen DePaepe filed a counterclaim against the Plaintiffs. The counterclaim raises claims for defamation and intentional infliction of emotional distress.

Darryl Boykins also filed a counterclaim. Boykins' counterclaim alleges fraud, defamation, intentional interference with a business relationship/employment contract, and intentional infliction of emotional distress.

Jury demands have been filed in the tort action.

## ANALYSIS

Federal Rule of Civil Procedure 42(a) provides:

> If actions before the court involve a common question of law or fact, the court may:
>
> (1)   Join for hearing or trial any or all matters at issue in the actions;
>
> (2)   Consolidate the actions; or

>    (3)   Issue any other orders to avoid unnecessary cost or delay.

Rule 42(a) was recently addressed in *Adams v. Northern Indiana Public Service Co.*, 2012 U.S. Dist. LEXIS 86886 at *3-4 (N.D. Indiana 2012) as follows:

> The granting of consolidation is reviewed for an abuse of discretion. *Star Ins. Co. v. Risk Marketing Group, Inc.*, 561 F.3d 656, 660 (7th Cir. 2009); *King v. General Electric Co.*, 960 F.2d 617, 626 (7th Cir. 1992); *United States v. Knauer*, 149 F.2d 519, 520 (7th Cir. 1945). Consolidation is preferred if it will promote judicial economy and efficiency without prejudice to the parties. *See Devlin v. Transportation Communications International Union*, 175 F.3d 121, 130 (2nd Cir. 1999); *Lewis v. ACB Business Services, Inc.*, 135 F.3d 389, 412-13 (6th Cir. 1998); *Cantrell v. GAF Corporation*, 999 F.2d 1007, 1010-11 (6th Cir. 1993). The Court should consider 'whether the risks of prejudice and possible confusion were overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on the parties, witnesses and available judicial resources posed by multiple lawsuits, and the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned.' *Arnold v. Eastern Airlines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982); *Ikerd v. Lapworth*, 435 F.2d 197, 204 (7th Cir. 1970); *Van Patten v. Wright*, 2009 U.S. Dist. LEXIS 60763, 2009 WL 1886010, *2 (E.D. Wis. 2009); *Back v. Carter*, 933 F.Supp. 738, 748, (N.D. Ind. 1996). The burden is on the moving party to show that consolidation is appropriate in light of these concerns. *Internet Law Library, Inc. v. South-Ridge Capital Management, LLC*, 208 F.R.D. 59, 61 (S.D.N.Y. 2002).

The Bankruptcy Court for the Northern District of Indiana, applying these standards, recognized the problems with consolidation in cases that do not involve the same parties in *Kleven v. Frick*, 2006 Bankr. LEXIS 2748 (N.D. Ind. 2006). This case involved an attempt to consolidate three adversary proceedings in which the bankruptcy trustee sought to avoid fraudulent transfers. The bankruptcy court, citing *Rohm & Haas Co. v. Mobile Oil Corp.*, 525 F.Supp. 1298, 1309 (D. Del. 1991) and 9 *Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure* § 2383 (2d ed. 1995), noted that in exercising its discretion, the Court must necessarily balance the savings of time and effort gained through consolidation against the

5

inconvenience, delay or expense that might result from the simultaneous disposition of separate actions. The Court also noted that a court should not consolidate proceedings where the interests of any party would be prejudiced by the consolidation, citing *United States v. Knauer*, 149 F.2d 519 (7th Cir. 1995) and *Vallero v. Burlington N.R. Co.*, 749 F.Supp. 908, 913 (C.D. Ill. 1990). In explaining the rationale for denying the motion to consolidate, the Bankruptcy Court stated:

> In this instance, the parties to each of the suits are not identical. Although the plaintiff in each proceeding is the same, the defendants differ. This proceeding is brought against a number of people and/or entities, including those not named in either of the other two proceedings. Thus, consolidation may prejudice or inconvenience those defendants not made a party to the other two proceedings, and the Court sees no reason why, particularly this early in the litigation, Defendants which have not been made a party to the other two proceedings, should be forced to become involved in those disputes. Furthermore, these proceedings are in their earliest stage while issues are still being sorted out. After the parties complete discovery and have proceeded closer to trial, it may be more appropriate to consolidate the matters. At that time, Defendants are welcome to raise the issue again.

2006 Bankr. LEXIS 2748 at *4.

Similarly, in the present case, the South Bend Common Council is not named as a defendant or a third-party defendant in the tort action brought by the individual officers or any of the counterclaims filed by the Defendants in the tort action against the individual officers. Neither is the United States a party in the tort action. There is no reason, at this early stage of the litigation, that the South Bend Common Council should incur the time and expense of becoming a part of a consolidated lawsuit that includes numerous issues far beyond the issue raised by the City's complaint for declaratory judgment against the Common Council. There is also no reason that Scott Duerring, Darryl Boykins or Karen DePaepe, Defendants in the tort action, but not parties to the declaratory judgment action, should be part of a consolidated lawsuit involving the City's request for declaratory judgment.

In addition to the lack of identity of parties in the two lawsuits, the lawsuits are dissimilar in many other respects. From the Common Council's standpoint, the only issue in the declaratory judgment action is whether the recordings are excluded from the Federal Wiretap Act by the definition of "electronic, mechanical, or other device" contained in 18 U.S.C. § 2510(a)(5). *See*, *Amati v. City of Woodstock*, 176 F.3d 952 (7th Cir. 1999). The issue of whether the recordings fall within the exclusion of the Wiretap Act, however, is not dispositive in the tort action. Even if the recordings fall within the Wiretap Act, the issues in the tort action require a second level of analysis of whether any disclosures are an exception to the Wiretap Act under 18 U.S.C. §§ 2511 and 2517. Such a determination may include an analysis of the privacy interests of the individual officers. *See, e.g.*, *SEC v. Roger Rajaratnam*, 622 F.3d 159 (2nd Cir. 2010); *United States v. Dorfman*, 690 F.2d 1230 (7th Cir. 1982). 18 U.S.C. § 2517 is premised on the interception of wire, oral or electronic communications as authorized by the Wiretap Act. In short, 18 U.S.C. § 2517 deals with the limitations of the use and disclosure of wiretap evidence that is made legal through exceptions to the Wiretap Act which make otherwise unlawful wiretap evidence legal.

The issue with respect to the Common Council, however, does not involve an exception to the Wiretap Act. The present case, like *Amati, supra*, involves the definition of "wiretap information" under 18 U.S.C. § 2510. As the Seventh Circuit Court of Appeals made clear in *Amati*, § 2510 involves exclusions from the Act, not exceptions. Specifically, the Court stated:

> The taping was indeed a prima facie violation, see 18 U.S.C. § 2511(1), but the defendants argued, and the jury agreed, that it came within the statutory *exclusion* of eavesdropping 'by an investigative or law enforcement officer in the ordinary course of his duties.' 18 U.S.C. § 2510(5)(a)(ii). (See § 2510(4) for the connection between § 2511(1), the prima facie violation, and § 2510(5)(a)(ii), the *exclusion*. It is routine, standard, hence 'ordinary' for all calls to and from the police to be recorded. Such

7

> calls may constitute vital evidence or leads to evidence, and monitoring them is also necessary for evaluating the speed and adequacy of the response of the police to tips, complaints, and calls for emergency assistance.
>
> Title III also contains an *exclusion* for interceptions made in the 'ordinary course of business.' 18 U.S.C. § 2510(5)(a)(i). This is intended for situations in which a business or other entity, presumably one not involved in law enforcement (otherwise this exclusion would duplicate the one for eavesdropping in the ordinary course of law enforcement), records calls to or from its premises in order to monitor performance by its employees. See, e.g., *Sanders v. Robert Bosch Corp.*, 38 F.3d 736, 740-42 (4th Cir. 1994); *Deal v. Spears*, 980 F.2d 1153, 1158 (8th Cir. 1992). A possible interpretation of the two closely related 'ordinary course' *exclusions* is that they place beyond the reach of Title III cases in which the subscriber to a telephone line records on his line as opposed to intercepting calls on other people's lines. Indeed, the very term 'interception' could be thought misplaced when applied to a subscriber's recording calls on his own line. But this interpretation, implicitly rejected in *Sanders* and *Deal*, is not pressed by the defendants, so we lay it to one side. (Emphasis added.)

176 F.3d at 954.

In the simplest terms, the issue involving the Common Council is whether the recordings are excluded from the Wiretap Act by definition pursuant to 18 U.S.C. § 2510. If the recordings are not covered by the Act, there is no bar to disclosure and no need to analyze privacy interests. With respect to the Common Council, the case is not about whether the recordings were authorized by an exception to the Wiretap Act in which privacy issues may factor into the Court's analysis. There is no need for the Common Council to be involved in months and months of discovery relating to individual officers' rights of privacy, or the intentions of Darryl Boykins, Karen DePaepe, or Scott Duerring. There is no need for the Common Council to be involved in months and months of discovery with respect to the actual contents of the recordings and the individual officers' claimed damages. Forcing the Common Council into a consolidated case

with the individual officers' tort claims and Darryl Boykins' and Karen DePaep's counterclaims would prejudice the Common Council by involving it in the alleged acts or omissions of Darryl Boykins, Karen DePaepe and Scott Duerring which have absolutely no relevance to the declaratory judgment action against the Common Council. The consolidation would also be a waste of the Common Council's limited resources.

The City's sole focus on a common issue of law or fact misses the point. The different parties, claims, legal theories and requests for relief must also be considered. In light of these factors, the City has failed to sustain its burden to show that consolidation is appropriate. The motion to consolidate should be denied.

## **CONCLUSION**

The Common Council continues to assert that this Court lacks jurisdiction to decide the City's declaratory judgment action against the Common Council. However, if the Court determines it has jurisdiction, the issue with respect to the Common Council is straightforward and limited. The issue is whether the recordings are excluded by the definitions of the Federal Wiretap Act. That isolated issue should be decided as expeditiously as possible in order to resolve the Common Council's state action in which it filed a motion to compel production of the recordings filed pursuant to Ind.Code § 36-4-6-21. The Common Council will be prejudiced in its investigation under the statute if it is forced to be involved in a prolonged and protracted litigation involving the tort claims of the individual officers and the counterclaims of Defendants in the tort action who are not even parties in the declaratory judgment action. For these reasons, the Court should exercise its discretion to deny the City's motion to consolidate.

WHEREFORE, Respondent, the South Bend Common Council, respectfully requests the Court to deny the City of South Bend's motion to consolidate Case Nos. 3:12-CV-475 and 3:12-CV-532.

>/s/Robert J. Palmer
>E. Spencer Walton, Jr. (1000-71)
>Robert J. Palmer (6316-71)
>Attorneys for South Bend Common Council
>**MAY • OBERFELL • LORBER**
>4100 Edison Lakes Parkway, Suite 100
>Mishawaka, IN  46545
>Phone: (574) 243-4100
>Fax: (574) 232-9789
>rpalmer@maylorber.com

### CERTIFICATE OF SERVICE

I certify that a copy of the forgoing was served upon all attorneys of record via the Court's ECF system on December 10, 2012.

I further certify that a copy of the foregoing document was served by U.S. First Class Mail, postage prepaid, on the below-named attorneys of record in Case No. 3:12-CV-532:

| | |
|---|---|
| Jeffrey S. McQuary, Esq.<br>Brown Tompkins Lory<br>608 Market Street<br>Indianapolis, IN  46202 | Daniel H. Pfeifer, Esq.<br>Jeffrey J. Stesiak, Esq.<br>Pfeifer Morgan & Stesiak<br>53600 N. Ironwood Drive<br>South Bend, IN  46635 |
| Thomas M. Dixon, Esq.<br>Dixon Wright & Associates P.C.<br>55255 Birchwood Court<br>Osceola, IN  46561 | Marielena Duerring, Esq.<br>Duerring Law Offices<br>61191 U.S. 31 South<br>South Bend, IN  46614 |

>/s/Robert J. Palmer
>Robert J. Palmer

F:\Clients\S1060\12001\Federal Court Pleadings\2012-12-03 Memorandum in Opposition to Motion to Consolidate.docx12/7/2012