UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| CITY OF SOUTH BEND, BY ITS CORPORATION COUNSEL ALADEAN M. DEROSE | ) ) ) ) | |
| Petitioner, | ) ) | |
| vs. | ) ) ) | CASE NO. 3:12-CV-475-JVB-CAN |
| UNITED STATES OF AMERICA, ERIC H. HOLDER, JR., IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL OF THE UNITED STATES, SOUTH BEND COMMON COUNCIL, TIM CORBETT, DAVE WELLS, STEVE RICHMOND, BRIAN YOUNG, AND SANDY YOUNG. | ) ) ) ) ) ) ) ) | |
| Respondents. | ) | |

### CITY OF SOUTH BEND'S REPLY TO SOUTH BEND COMMON COUNCIL'S MEMORANDUM IN OPPOSITION TO THE CITY'S MOTION TO CONSOLIDATE

The petitioner, the City of South Bend, by its Corporation Counsel Aladean DeRose (the "City"), submits its reply to the South Bend Common Council's (the "Council") Memorandum in Opposition to the City's Motion to Consolidate.

### INTRODUCTION

The City is currently a party to two lawsuits which pend before this Court. Both arise from a common nucleus of operative facts, the alleged illegal recording of phone conversations, and both will depend upon the legal interpretation of the same federal law, the Wiretap Act, 18 USC §2510 et. seq. (the "Act"). The cases have multiple parties, six of which are named in both.

In the first case, the City filed a declaratory judgment action to determine whether certain recordings of telephone conversations (the "Recordings") were made in violation of the

Act.  In that action (referred to as the "475 Case") the City named the Council based upon a subpoena which demanded that the Recordings be turned over.  The City also named five individuals, based upon the Tort Claim Notice which those individuals served on the City on June 13, 2012 (the "Tort Claimants"), whose conversations had been recorded without their knowledge by former South Bend Chief of Police, Darryl Boykins.  In addition, the City also named the Department of Justice and the United States, through Attorney General, Eric Holder, in order to give the Department the opportunity to participate in any development of the law related to the Act.[1]

On September 19, 2012, the City was named as a defendant in a second lawsuit filed in this Court, this time initiated by the Tort Claimants.  That suit (referred to as the "532 Case") includes the following co-defendants: Darryl Boykins, Karen DePaepe and Scott Duerring.  The claims in that suit are based upon the Wiretap Act.

## ARGUMENT

The Common Council opposes the City's Motion to Consolidate but in doing so it identifies the most compelling reason in favor of consolidation, namely the core question of whether the recordings are "covered by the Act."  According to the Council, "[i]f the recordings are not covered by the Act, there is no bar to disclosure . . ."  *See South Bend Common Council's Memorandum in Opposition to the City of South Bend's Motion to Consolidate* ("Council's Opp.") at p. 8.  If indeed the Act presents "no bar to disclosure" of the Recordings or its contents, then the City can safely comply with the subpoena in question (which disposes of Case No. 475).  In the same vein, if there exists "no bar to disclosure," the City can successfully defend claims against it by the officers in case No. 532 because the actions of Chief Boykins would not amount

---

[1] The DOJ has indicated that they have no interest in participating and thus, they have been

to a violation of the privacy rights of the Tort Claimants. This is precisely the type of common question of law for which consolidation is appropriate. *See* F.R.C.P. 42(a).

The Council attempts to distinguish itself from the parties who are in case No. 532 by arguing that if there is no bar to disclosure, then there is "no need to analyze privacy interests . . . [and] . . . no need to be involved in months and months of discovery relating to individual officers' rights of privacy or the intentions of Darryl Boykins, Karen DePaepe, or Scott Duerring." (Council Opp. at p. 8.) This argument simply begs the question. Like the Council, the parties in both Case No. 532 and Case No. 475 depend upon the same preliminary determination regarding the Recordings because that determination is central to both cases. Once that determination is made, to the extent necessary, the parties can seek to sever the actions.

The Council argues that the "ordinary course" exclusion alone simply releases them from any further analysis under the Wiretap Act.[2] (Council Opp. at 8-9.) That argument is belied by the actual text of Act. Under 18 U.S.C. §2517(1), an investigative or law enforcement officer who "by any means authorized" obtains knowledge of the contents of a wire, oral or electronic communication " . . . may disclose such contents to another investigative or law enforcement officer to the extent that such disclosure is appropriate to the proper performance of the official duties of the officer making or receiving the disclosure." "[B]y permitting disclosure of lawfully obtained wiretap evidence only under the specific circumstances listed in 18 U.S.C. § 2517, [the Wiretap Act] implies that what is not permitted is forbidden . . . ." *U.S. v. Dorfman*,

---

dismissed pursuant to FRCP 41(a).
[2] Under §2510(5)(a)(ii) of the Act, the definition of an "intercepted" communication is qualified to exclude those conversations captured by a device "being used by a . . . law enforcement officer in the ordinary course of his duties.")

690 F.2d 1230, 1230 (7th Cir. 1982).  Thus, even if the Council prevails in its view of § 2510(5)(a)(ii), the disclosure they seek must still be analyzed under § 2717.

The Council asserts that the "ordinary course" exception applies to this case.  The Tort Claimants will, no doubt, disagree.  The determination of that issue turns on whether Chief Boykins recorded calls as part of a routine, non-investigative procedure, whether it was a tool of an investigation or whether it was done for some other purpose.  *See Amati v. City of Woodstock*, 176 F.3d 952, 955-56 ("The boundary is between routine noninvestigative uses of electronic eavesdropping and its use either as a tool of investigation (which requires a warrant) or as a device for intimidation, suppression of criticism, blackmail, embarrassment, or other improper purposes"); *Jandak v. Village of Brookfield,* 520 F.Supp. 815, 820-24 (N.D.Ill.1981) (the courts generally allow monitoring for a clearly legitimate purpose with notice but have found violations where the parties had no notice or it was done for illicit purposes).  Because that question is common and central to both cases, any balancing of the savings of time and effort achieved through consolidation of at least that question clearly outweighs whatever theoretical benefits derive from the simultaneous disposition of separate actions which risk inconvenience, delay and expense.  Thus, the determination of the "ordinary course" exception supports consolidation not separation of these cases.[3]

Additionally, the Council misplaces its concern regarding a forced participation in a case focused on the alleged acts, omissions or intentions of Darryl Boykins, Karen DePaepe and Scott Duerring.  By its own admission, "*the only issue*" relevant to the Council is the

---

[3] The Council's argument simply ignores the prejudicial effect in terms of time and cost for the Individual Claimants as well as the City of separate and simultaneous cases which cover identical questions of fact and law.

4

statutory exclusion contained in §2510(1)(a)(ii).[4]  (Council Opp. at 7, emphasis added.) Consolidation does not require participating in discovery that is unrelated to the Council's "*only issue.*" If discovery occurs that is related solely to the claims and counterclaims of the Individual Claimants vis-à-vis Darryl Boykins, Karen DePaepe and Scott Duerring, the Council need not participate.  Rather, the Council can merely focus its efforts and participation on the issues surrounding §2510(1)(a)(ii).

Finally, an early determination of the issues surrounding the application of the Act to the Recordings would likely result either in the City's compliance with the Council's subpoena, or an order from this Court that compliance with the subpoena would violate the Act. Either way, the Council's participation in any consolidated case would be over.  That result appears to be consistent with the Council's position of desiring a quick end to the litigation. Since the question of whether the Recordings fall within the Act is also a prerequisite for the Tort Claimants' claims (and the defenses to those claims), then all parties share the same interest in an early determination.  As a practical matter, any determination of the applicability of t

he Act to the Recordings will necessarily impact the parties in Case No. 532. There is simply no way for the Council to have its own separate determination of that issue without implicating the parties who are litigating that same question based on a common nucleus of operative facts in a separate lawsuit and vice-versa.

Under FRCP 42(a), the Court may join the parties for "any . . . matters at issue in the actions."  Thus, if the Court determines that full consolidation is not warranted, the City asserts that consolidation for the purpose of an early determination of the applicability of the "ordinary course" exception for both cases (and any other portions of the Act applicable to the

---

[4] But, under §2517, there would likely be additional analysis on whether the disclosure of the

Council's subpoena) will provide judicial economy and efficiency without prejudice to any party. The underlying facts upon which the Court would base its determination under §2510(1)(a)(ii) and §2517 are, without a doubt, common to both cases.

## CONCLUSION

The City seeks consolidation of Case No. 475 with Case No. 532. It has shown that both cases arise from the same nucleus of operative facts, both have a central and common question of law and both cases have multiple parties (most of which are named in both cases) whose claims and defenses are related to the determination of whether the Recordings at issue were made in violation of the Wiretap Act. Clearly, all the prerequisites exist to support consolidation under FRCP 42(a) and the Court should exercise its discretion in favor of consolidation in order to promote judicial efficiency and avoid the cost and potential delay of simultaneous and separate cases adjudicating common questions of law and fact.

Respectfully Submitted,

s/Aladean M. DeRose
Aladean DeRose (4495-71)
City Attorney
227 West Jefferson Blvd., Suite 1400
South Bend, Indiana 46601
Phone:  574.235.9241
Facsimile:  574.235.7670
*Counsel for the petitioner, City of South Bend*

Edward A. Sullivan, III (17577-71)
J.P. Hanlon (21230-71)
FAEGRE BAKER DANIELS LLP
202 S. Michigan St., Suite 1400
South Bend, Indiana 46601
Phone:  574.234.4149
Facsimile:  574.239.1900

---

contents of communications obtained through authorized means would be proper.

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document was served upon all attorneys of record via the Court's ECF system on December 14, 2012.

I further certify that a copy of the foregoing document was served by U.S. First Class Mail, postage prepaid, on the below-named attorneys of record in Case No. 3:12-CV-532:

| | |
|---|---|
| Thomas M. Dixon, Esq. | Marielena Duerring, Esq. |
| Dixon Wright & Associates P.C. | Duerring Law Offices |
| 55255 Birchwood Court | 61191 U.S.31 South |
| Osceola, IN 46561 | South Bend, IN 46614 |

s/Aladean M. DeRose
Aladean M. DeRose