**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| City of South Bend,<br><br>  Plaintiff,<br><br>  v.<br><br>South Bend Common Council, Tim Corbett, Dave Wells, Steve Richmond, Brian Young, and Sandy Young,<br><br>  Defendants. | Case No. 3:12-CV-475 JVB |

**OPINION AND ORDER**

In this lawsuit, Plaintiff, the City of South Bend, is seeking a declaratory judgment to determine the rights, requirements, and liabilities imposed by the Federal Wiretap Act. Specifically, Plaintiff is trying to determine if it will incur civil and criminal liabilities by releasing recordings illegally procured by a city employee. The South Bend Common Council, a named declaratory judgment Defendant, has requested the release of these recordings through a state court subpoena. The South Bend Common Council moved to dismiss the Complaint for Declaratory Relief under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction arguing that the City of South Bend has asserted a federal statute, the Federal Wiretap Act, as a defense to a state law proceeding, which does not satisfy the federal question jurisdiction requirements of 28 U.S.C. § 1331.

**A.     Background**

In January 2012, the United States Department of Justice informed the Mayor of South Bend it was investigating practices of the South Bend Police Department. (DE 1, Compl. ¶ 11.) The Department of Justice relayed that the South Bend Chief of Police and Communications Director were illegally recording the conversations of other South Bend police officers thus violating federal law. (*Id.*) Following this disclosure, the Chief of Police resigned and the mayor fired the Communications Director. (DE 1, Compl. ¶ 12.)

Following this chain of events, the South Bend Common Council served the Mayor with a subpoena pursuant to Indiana Code 36-4-6-21(b)(2), demanding the release of all recordings related to the disciplinary actions taken against the Chief of Police and the Communications Director. (DE 1, Compl. ¶ 13.) The Plaintiff does not contest the validity of the Common Council's subpoena powers or its statutory authority. (DE 1, Compl. ¶ 18.) Plaintiff is concerned with the legality and potential civil or criminal liability under the Federal Wiretap Act that accompanies its release of the recordings. (DE 1, Compl. ¶ 16.) The Plaintiff is currently facing several federal tort actions from members of the South Bend Police Department. The officers sued the City of South Bend in a separate action claiming that their phone conversations were illegally recorded. (DE 1, Compl. ¶ 19.) These claims are what led the Plaintiff to seek the declaratory judgment from this Court. (DE 1, Compl. ¶ 20.)

The South Bend Common Council moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1), maintaining that this Court lacks subject matter jurisdiction over this controversy. (DE 26, Mot. Dismiss ¶¶ 4–5.) The Common Council contends in its motion that the Plaintiff is attempting to use a federal statute as a defense to a state court

proceeding pursuant to Indiana law, which does not meet the federal question jurisdiction threshold of 28 U.S.C. § 1331. (*Id.*)

**B.     Legal Standards**

**(1)     *Standard for Evaluating a Motion to Dismiss Under Rule 12(b)(1)***

When evaluating a motion to dismiss on 12(b)(1) grounds, a court must determine if the motion is a facial attack that the allegations of jurisdiction in a complaint are insufficient to establish jurisdiction or a factual attack challenging the truth of the jurisdictional facts plaintiff alleges. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444 (7th Cir. 2009); *see also* 2A James Wm. Moore et al., *Moore's Federal Practice* ¶12.46–47 (2d ed., 1995).

A court will examine a 12(b)(1) motion differently depending on whether it is a factual or facial attack. If a defendant is challenging the factual sufficiency of the allegations regarding subject matter jurisdiction, no presumption of truthfulness applies to the plaintiff's factual allegations and the court is free to weigh the evidence and determine if the subject matter jurisdiction threshold has been met. *Freiburger v. Emery Air Charter*, 795 F. Supp. 253, 257 (N.D. Ill. 1992). However, if a defendant is making a facial attack to the existence of jurisdiction, as the South Bend Common Council is doing in this case, the court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff. *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003). This standard of review is similar to the standard for evaluating 12(b)(6) motions. *Apex Digital*, 572 F.3d at 444 (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)).

**(2)** *Standard for Evaluating a Complaint for Declaratory Judgment*

The Declaratory Judgment Act provides that "in a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration . . . [and] any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such." 28 U.S.C. § 2201(a) (2012). The Declaratory Judgment Act aids efficiency by allowing a party who expects to be sued to "determine his rights and liabilities without waiting for his adversary, the presumptive plaintiff, to bring suit." *Ceres Terminals, Inc. v. Indus. Comm'n of Ill.*, 53 F.3d 183, 185 (7th Cir. 1995).

A Declaratory Judgment plaintiff does not establish federal subject matter jurisdiction simply by invoking its desire to seek a declaratory judgment. *Samuel C. Johnson 1988 Trust v. Bayfield County*, 520 F.3d 822, 827–28 (7th Cir. 2008). To meet the subject matter jurisdiction requirement articulated in 28 U.S.C. § 1331, a declaratory judgment plaintiff must show that the anticipated suit, which has raised the need for a declaratory judgment, would satisfy federal jurisdictional standards. *DeBartolo v. HealthSouth Corp.*, 569 F.3d 736, 741 (7th Cir. Ill. 2009). Accordingly, the premise that a federal defense to a state law action does not establish federal-question jurisdiction remains true in a declaratory judgment context. *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986).

**C.** **Analysis**

In its motion to dismiss, the Common Council argues that this Court lacks subject matter jurisdiction over this controversy because Plaintiff is simply using a federal defense, in this instance the Federal Wiretap Act, to a state proceeding.

Plaintiff counters by arguing that this Court has subject matter jurisdiction for three reasons. First, Plaintiff maintains that their request for declaratory judgment presents a federal question that, even if used as a defense to a state law claim, provides subject matter jurisdiction. Next, Plaintiff argues that, even under the principles from *DeBartolo* that Defendant relies upon in its Motion to Dismiss, the federal claims subsequently brought by the South Bend police officers show that this Court has subject matter jurisdiction. Finally, Plaintiff argues that the South Bend police officers' Federal Wiretap Act tort claims provide this Court with supplemental jurisdiction.

The Court finds that *DeBartolo* is controlling. The Common Council's argument ignores the other named defendants and their federal claims against Plaintiff that grant this Court subject matter jurisdiction. It maintains that Plaintiff has sought to impermissibly use the Declaratory Judgment Act to forestall its state court issued subpoena. Yet it has failed to recognize that the South Bend police officers, who were allegedly subject to the unlawful recording practices that prompted the Justice Department investigation, have sued Plaintiff in a separate case for violating federal wiretapping laws. In *DeBartolo*, upon which the Common Council relies, the Court emphasized that a declaratory judgment plaintiff need only show that the defendants could file a federal claim to establish federal-question jurisdiction. These officers' federal tort lawsuits pursuant to the Federal Wiretap Act undoubtedly satisfy the requirement. Accordingly, this Court has subject matter jurisdiction over Plaintiff's declaratory judgment action.

**D.	Conclusion**

For these reasons, the Court denies Defendant's Motion for Dismissal (DE 26).


SO ORDERED on January 14, 2013.

 s/ Joseph S. Van Bokkelen  
JOSEPH S. VAN BOKKELEN  
UNITED STATES DISTRICT JUDGE