UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CITY OF SOUTH BEND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | CAUSE NO. 3:12-cv-475-JVB-CAN |
| SOUTH BEND COMMON COUNCIL, ) | |
| TIM CORBETT, DAVE WELLS, ) | |
| STEVE RICHMOND, BRIAN ) | |
| YOUNG, and SANDY YOUNG, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

On November 20, 2012, Plaintiff, City of South Bend ("the City"), filed a motion to consolidate this case into a related matter, Cause No. 3:12-cv-532-JVB-CAN, *Young, et al. v. City of South Bend, et al.* ("the 532 case").[1] [Doc. No. 37]. On November 27, 2012, Defendants, Dave Wells, Tim Corbett, Steve Richmond, Brian Young, and Sandy Young ("532 Plaintiffs"), filed a response concurring with the City's motion to consolidate. [Doc. No. 41]. On December 10, 2012, Defendant, South Bend Common Council ("the Council"), filed a response in opposition to the City's motion to consolidate. [Doc. No. 47]. On December 14, 2012, the City filed a reply to the Council's response. [Doc. No. 48]. On December 17, 2012, the 532 Plaintiffs also filed a reply to the Council's response. [Doc. No. 49]. For the following reasons, the Court **GRANTS** the City's motion to consolidate.

**I.    RELEVANT BACKGROUND**

On August 30, 2012, the City filed the complaint in this matter seeking a declaratory

---

[1] On November 7, 2012, the City filed its motion to consolidate in the 532 case. Because the first filing of the motion did not comply with N.D. Ind. L.R. 42-2(a)(1), the City filed its November 20th motion in the instant case ("the 475 case"). The Court therefore will rule on the 475 motion.

judgment to determine (1) the rights and obligations of the City as to certain recordings made by employees of the South Bend Police Department, (2) whether the recordings violated the Federal Wiretap Act, and (3) whether the City may disclose the recordings to comply with a subpoena issued by the Council. [Doc. No. 1].  On September 19, 2012, the 532 Plaintiffs filed their complaint in the 532 case seeking declaratory judgment as to the City's liability and an injunction preventing release of the Police Department recordings based on allegations that the recordings constituted an illegal search that violated their personal privacy pursuant to 42 U.S.C. § 1983 and tortious conduct under Indiana state law.

Both cases arise as a consequence of recordings made of South Bend police officer telephone conversations by the South Bend Chief of Police ("Boykins") and Communications Director ("DePaepe").  The Department of Justice investigated the Department's practice of recording phone conversations and informed the Mayor of South Bend that the recordings were made illegally in violation of federal law.  Boykins resigned and the Mayor fired DePaepe. Subsequently, the Council, the City's legislative body, served the Mayor with a subpoena pursuant to Indiana statute demanding release of the recordings at issue.  Concerned that release of the recordings could result in civil or criminal liability under the Federal Wiretap Act and anticipating the tort claims that have since been initiated by the 532 Plaintiffs, the City filed this declaratory action.

The City, with the agreement of the 532 Plaintiffs, now seeks to consolidate this case with the later-filed 532 case because the two cases share common issues of law and fact, namely whether the recordings violated the Federal Wiretap Act and state law and whether the City can lawfully release the recordings as demanded in the Council's subpoena.

2

**II.   ANALYSIS**

"If actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." Fed. R. Civ. P. 42(a)(2). The primary purpose of consolidation is to promote convenience and judicial economy.  *Miller v. Wolpoff & Abramson, LLP*, No. 1:06-cv-207-TS, 2007 WL 2473431, at *2 (N.D. Ind. Aug. 28, 2007). The decision to consolidate under Rule 42 is within the discretion of the trial court. *Id.*  In addition, the court may order a separate trial for separate issues or claims for convenience, to avoid prejudice, or to expedite and economize.  *See* Fed. R. Civ. P. 42(b).

The Council admits that both cases involve the legal issue as to whether the recordings are excluded from the Federal Wiretap Act by the definition of "electronic, mechanical, or other device" found in 18 U.S.C. § 2510(a)(5).  In addition, the Council recognizes that the City and the five 532 Plaintiffs are parties in both actions.  However, the Council argues that consolidation is not warranted in this case because it is not a party in the broader 532 case and would be prejudiced by forced involvement in litigating any of the 532 issues not related to the declaratory judgment sought in the 475 case to which it is a party.

The Court finds the Council's argument unpersuasive. The Court finds that judicial economy is best served when the cases with identical issues are consolidated. It is for this very reason that consolidation is available. Specifically, consolidation would allow the parties to litigate the applicability of the Federal Wiretap Act to the recordings once, instead of twice. Furthermore, if the cases were not consolidated, the parties may waste resources litigating the relationship between the recordings and the Federal Wiretap Act twice only to have one case collaterally estopped by the other. In addition, the Council's concerns about prejudice arising

3

from forced participation in discovery and litigation unrelated to the 475 case are misplaced. Because the Federal Wiretap Act issue in the 475 case is a prerequisite to any consideration of the 532 tort claims, staged litigation as allowed under Rule 42(b) is well-suited to the resolution of the issues presented in both cases. As a result the Court finds that the cases should be consolidated.

### III.  CONCLUSION

The 475 case and the 532 case share common issues of law or fact. The Council has failed to establish any prejudicial effect so as to suggest that consolidation is inappropriate. Therefore, the City's motion to consolidate is **GRANTED.** [Doc. No. 37]. It is **ORDERED** that 3:12-cv-532 is **CONSOLIDATED** into the older case 3:12-cv-475. The City's motion to consolidate filed in the 532 case is **DENIED AS MOOT**. [Doc. No. 29]. The parties are **ORDERED** to make all filings in 3:12-cv-475 only.

All deadlines from the 475 case are controlling. However, the Court vacated the scheduled Rule 16(b) conference leaving no case management deadlines. [Doc. No. 39]. Therefore, the vacated **Rule 16 Preliminary Pretrial Conference** before the undersigned is now **RESCHEDULED** for **February 12, 2013, at 10:00 a.m.** (E.S.T.) in Room 201, Robert A. Grant Courthouse, 204 S. Main Street, South Bend, Indiana. The parties are **ORDERED** to file a Proposed Discovery Plan under Rule 26(f) by **January 29, 2013**. The parties are **ORDERED** address staged discovery and litigation issues in the 26(f) Report and should be prepared to discuss those issues during the 16(b) conference.

The clerk is instructed to file this order in both cases and to consolidate the cases.

4

**SO ORDERED.**

Dated this 17th day of January, 2013.

S/Christopher A. Nuechterlein  
Christopher A. Nuechterlein  
United States Magistrate Judge