UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| CITY OF SOUTH BEND, BY ITS CORPORATION COUNSEL ALADEAN M. DEROSE. | ) ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | 3:12-CV- 475-JVB-CAN |
| UNITED STATES OF AMERICA, ERIC H. HOLDER, JR., IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL OF THE UNITED STAES, SOUTH BEND COMMON COUNCIL, TIM CORBETT, DAVE WELLS, STEVE RICHMOND, BRIAN YOUNG, AND SANDY YOUNG, | ) ) ) ) ) ) ) ) | |
| Respondents. | ) | |

**DEFENDANT, SOUTH BEND COMMON COUNCIL'S**
**ANSWER TO COMPLAINT FOR DECLARATORY JUDGMENT AND JURY DEMAND**

Respondent, South Bend Common Council, by counsel, files its Answer and Jury Demand to Petitioner's Complaint for Declaratory Judgment.

1. The City of South Bend ("South Bend" or the "City") is a second-class Indiana city. Ind. Code 36-4-1-1. Peter Buttigieg ("Mayor Buttigieg") is the duly-elected mayor of South Bend and its city executive and has authority to act for the South Bend City Administration. Ind. Code § 36-4-5-1 *et seq.* Aladean M. DeRose is South Bend's Corporation Counsel.

**ANSWER: South Bend Common Council admits the allegations contained in rhetorical paragraph 1 of Petitioner's Complaint.**

2. The United States of America and Eric H. Holder, Jr., in his official capacity as Attorney General of the United States, are charged with enforcing Federal Wiretap Act on behalf

of the Department of Justice (the "Department of Justice"), the federal government agency that is primarily responsible for federal criminal investigation and enforcement.

**ANSWER: South Bend Common Council admits the allegations contained in rhetorical paragraph 2 of Petitioner's Complaint.**

3. The South Bend Common Council (the "Council") is the legislative body of South Bend. Ind. Code § 36-4-6-1 *et seq.* The council consists of nine (9) duly-elected members representing six districts within South Bend. The Council has issued a subpoena to the South Bend City Administration (the "Subpoena"), requesting copies of recordings of certain phone conversations that were made by the South Bend Police Department (the "Police Department") and former Chief of Police Darryl Boykins (the "Recordings"). The Recordings were the subject of a Department of Justice investigation into whether certain recording practices of the Police Department violated federal law.

**ANSWER: South Bend Common Council lacks knowledge or information sufficient to form a belief as to whether any recordings were made by former Chief of Police Darryl Boykins or if the recordings requested in the Subpoena were the subject of a Department of Justice Investigation into whether certain recording practices of the police department violated federal law. South Bend Common Council admits the remaining allegations contained in rhetorical paragraph 3 of Petitioner's Complaint.**

4. Tim Corbett is the St. Joseph County Metro Homicide Unit Commander and has filed a tort claim notice with South Bend, alleging he sustained injuries when the Police Department recorded some of his phone conversations without his knowledge and in violation of federal and state wiretap statutes.

**ANSWER: South Bend Common Council admits the allegations contained in rhetorical paragraph 4 of Petitioner's Complaint.**

5. Dave Wells, Steve Richmond, and Brian Young are current or former officers of the Police Department who have filed tort claim notices with South Bend, alleging they sustained

injuries when the Police Department recorded some of their phone conversations without their knowledge and in violation of federal and state wiretapping acts.

**ANSWER: South Bend Common Council admits the allegations contained in rhetorical paragraph 5 of Petitioner's Complaint.**

6. Sandy Young is the wife of Brian Young and has also filed a tort claim notice with South Bend, alleging she sustained injuries when the Police Department recorded some of her phone conversations without her knowledge and in violation of federal and state wiretapping acts.

**ANSWER: South Bend Common Council admits the allegations contained in rhetorical paragraph 6 of Petitioner's Complaint.**

7. This Court has subject matter jurisdiction because this action arises under the laws of the United States and requires the Court to determine the respective obligations and rights of the parties with respect to the Recordings under the Federal Wiretap Act. 28 U.S.C. § 1331.

**ANSWER: South Bend Common Council denies this Court has subject matter jurisdiction as alleged in in rhetorical paragraph 7 of Petitioner's Complaint.**

8. Venue is proper in the Northern District of Indiana because a substantial part of the events giving rise to this claim occurred in this judicial district. 28 U.S.C. § 1391.

**ANSWER: South Bend Common Council denies the allegations contained in rhetorical paragraph 8 of Petitioner's Complaint due to the Court's lack of subject matter jurisdiction.**

9. Having received the Subpoena and anticipating additional requests for production of the Recordings-as well as civil litigation-the City brings this civil action for declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, and Federal Rule of Civil Procedure 57 to determine its obligations with respect to the Recordings and to seek a determination of whether the Recordings violated the Federal Wiretap Act, 18 U.S.C. § 2511,

and whether disclosure of the Recordings by the City pursuant to a valid subpoena would violate the Federal Wiretap Act.

**ANSWER: South Bend Common Council lacks knowledge or information sufficient to form a belief about the City's motivation in filing Petitioner's Complaint.**

10. On January 1, 2012, Mayor Buttigieg was sworn into office as mayor of South Bend. Among his duties as mayor, Mayor Buttigieg is charged with ensuring the efficient governance of the city and supervising South Bend's various departments and their officers.

**ANSWER: South Bend Common Council admits the allegations contained in rhetorical paragraph 10 of Petitioner's Complaint.**

11. Shortly after being sworn into office, Mayor Buttigieg became aware of a Department of Justice investigation into the practices of the Police Department and former Chief of Police Darryl Boykins relating to the recording of certain phone calls. The Department of Justice, through its United States Attorney, indicated in a meeting with City officials in March 2012 that certain recording practices did not comply with federal law and suggested corrective action.

**ANSWER: South Bend Common Council lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in rhetorical paragraph 11 of Petitioner's Complaint.**

12. After the Department of Justice's meeting with City officials, Mayor Buttigieg accepted the resignation of Chief of Police Darryl Boykins and relieved Karen DePaepe of her duties as Communications Director.

**ANSWER: South Bend Common Council admits the allegations contained in rhetorical paragraph 12 of Petitioner's Complaint.**

13. On August 14, 2012, the Council, by its special counsel E. Spencer Walton, issued the Subpoena, requesting production of "[c]opies of any and all tapes and/or digital recordings related to the Mayor's news release ... regarding demotion of former Police Chief Darryl Boykins; as well as the tapes and/or digital recordings cited by the Mayor in the termination of

Communications Director Karen DePaepe." A true and accurate copy of the Subpoena is attached as Exhibit A, and true and accurate copies of the news releases referred to in the Subpoena are attached as Exhibit B.

**ANSWER: South Bend Common Council admits the allegations contained in rhetorical paragraph 13 of Petitioner's Complaint.**

14. The tapes and digital recordings requested in the Subpoena are the Recordings of certain phone conversations that were made by the Police Department and former Chief of Police Darryl Boykins and that were the subject of the Department of Justice investigation into whether certain recording practices of the Police Department violated federal law.

**ANSWER: South Bend Common Council lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in rhetorical paragraph 14 of Petitioner's Complaint.**

15. The Federal Wiretap Act prohibits the intentional interception and use of wire, oral, or electronic communications. Interception or use of communications in violation of the Federal Wiretap Act is a civil and criminal offense, punishable by fines and imprisonment. 18 U.S.C. § 25 11 (a).

**ANSWER: South Bend Common Council admits the allegations contained in rhetorical paragraph 15 of Petitioner's Complaint.**

16. Disclosing communications obtained in violation of the Federal Wiretap Act may also constitute a civil or criminal offense punishable by fines and imprisonment. 18 U.S.C. § 2511(1)(c).

**ANSWER: South Bend Common Council admits the allegations contained in rhetorical paragraph 16 of Petitioner's Complaint.**

17. Certain exceptions to civil and criminal liability for the interception, use, and disclosure of wire, oral, or electronic communications exist under the Federal Wiretap Act. *See* 18 U.S.C. § 2511(2). Although the Council maintains certain exceptions might be applicable,

whether or not and the extent to which the exceptions may apply to the Recordings is unclear and depends on factual issues unique to the Recordings, some of which are presently unknown.

**ANSWER: South Bend Common Council admits that certain exceptions to civil and criminal liability for the interception, use, and disclosure wire, oral, or electronic communications exist under the Federal Wire Tap Act. South Bend Common Council denies the remaining allegations contained in rhetorical paragraph 17 of Petitioner's Complaint. South Bend Common Council maintains that the recordings fall within the statutory exclusions from the Federal Wire Tap Act under 18 U.S.C. § 2510(5).**

18. Accordingly, the Council's use of its statutory authority to issue the Subpoena under state law demanding the disclosure of the Recordings places the City and Mayor Buttigieg in the untenable position of either withholding the Recordings despite issuance of the Subpoena or disclosing the Recordings and risking potential civil and criminal liability for violating the Federal Wiretap Act and the privacy rights of the people whose conversations were recorded.

**ANSWER: South Bend Common Council lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in rhetorical paragraph 18 of Petitioner's Complaint.**

19. Furthermore, the City anticipates receiving additional requests to produce the Recordings, as well as civil litigation involving claims alleging violation of individual privacy rights, leading to recurring controversies over the City's obligations with respect to the Recordings under the Federal Wiretap Act. True and accurate copies of the tort claim notices filed against the City and evidencing the recurring controversy are attached as Exhibit C.

**ANSWER: South Bend Common Council admits that true and accurate copies of tort claim notices filed against the City are attached to Petitioner's Complaint as Exhibit C. South Bend Common Council lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in rhetorical paragraph 19 of Petitioner's Complaint.**

20. The City does not wish to unnecessarily withhold the Recordings from the Council and wishes to comply with any subpoena duly authorized under state or federal law. But the City also cannot violate federal law and subject itself or Mayor Buttigieg to potential civil and

criminal liability by disclosing the Recordings in violation of the Federal Wiretap Act. Accordingly, the City will not disclose the Recordings to the Council absent a declaration from this Court that disclosure of the Recordings would not violate the Federal Wiretap Act or any other applicable federal law.

**ANSWER: South Bend Common Council lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in rhetorical paragraph 20 of Petitioner's Complaint.**

21. As a result, a genuine and justiciable controversy exists as to the parties' rights and obligations with respect to the Recordings under the Federal Wiretap Act. The issuance of declaratory relief by this Court will terminate some or all of the existing controversy and aid in the resolution of recurring controversies regarding the Recordings.

**ANSWER: South Bend Common Council lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in rhetorical paragraph 21 of Petitioner's Complaint.**

WHEREFORE, South Bend Common Council respectfully requests the Court to enter an order determining that the recordings at issue may be disclosed pursuant to the valid subpoena issued by the South Bend Common Council. South Bend Common Council further requests all other just and proper relief.

/s/Robert J. Palmer
E. Spencer Walton, Jr. (1000-71)
Robert J. Palmer (6316-71)
Attorneys for South Bend Common Council
**MAY • OBERFELL • LORBER**
4100 Edison Lakes Parkway, Suite 100
Mishawaka, IN  46545
Phone: (574) 243-4100
Fax: (574) 232-9789
rpalmer@maylorber.com

## JURY DEMAND

South Bend Common Council, pursuant to Rule 38 of the Federal Rules of Civil Procedure, demands a jury trial.

    /s/Robert J. Palmer
E. Spencer Walton, Jr. (1000-71)
Robert J. Palmer (6316-71)
Attorneys for South Bend Common Council
**MAY • OBERFELL • LORBER**
4100 Edison Lakes Parkway, Suite 100
Mishawaka, IN  46545
Phone: (574) 243-4100
Fax: (574) 232-9789
rpalmer@maylorber.com

## CERTIFICATE OF SERVICE

I certify that a copy of the forgoing was served upon all attorneys of record via the Court's ECF system on January 28, 2013

    /s/Robert J. Palmer
Robert J. Palmer

F:\Clients\S1060\12001\Federal Court Pleadings\2013-1-25 Answer to Complaint.docx 1/28/13