UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| CITY OF SOUTH BEND, BY ITS CORPORATION COUNSEL ALADEAN M. DEROSE | ) ) ) ) | |
| Petitioner, | ) ) | |
| vs. | ) ) | CASE NO. 3:12-CV-475-JVB-CAN |
| UNITED STATES OF AMERICA, ERIC H. HOLDER, JR., IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL OF THE UNITED STATES, SOUTH BEND COMMON COUNCIL, TIM CORBETT, DAVE WELLS, STEVE RICHMOND, BRIAN YOUNG, AND SANDY YOUNG. | ) ) ) ) ) ) ) ) ) | |
| Respondents. | ) | |

## PROTECTIVE ORDER

This matter comes before the Court on the Agreed Motion for Entry of Protective Order filed by the parties. The Court, having reviewed the motion and being duly advised, now finds that for good cause shown the Protective Order (the "Order") shall be entered.

1. Certain materials obtained through discovery in this matter may disclose information related to or contained in recordings that may be prohibited from disclosure by the Federal Wiretap Act, 18 U.S.C. § 2511(a) (the "Confidential Information"). The Confidential Information is not available in the public domain, and use or disclosure of this information could cause irreparable harm to parties by potentially violating their privacy rights or subjecting them to civil or criminal liability.

EXHIBIT A

2. Pursuant to Fed. R. Civ. P. 26(c) and in compliance with *Citizens First National Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943 (7th Cir. 1999), good cause exists for a protective order that prohibits disclosure of the Confidential Information at least until such time as the Court has ruled on the lawfulness of the recordings. *See U.S. v. Dorfman*, 690 F.2d 1230, 1233 (7th Cir. 1982) ("[T]he strict prohibition in Title III against disclosure of unlawfully obtained wiretap evidence would be undermined by public disclosure of wiretap evidence . . . before the judge ruled on the lawfulness of the wiretaps.").

3. Scope. All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning Confidential Information. This Order is subject to the Local Rules of the United States District Court for the Northern District of Indiana and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

4. Designation. A party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the document and on all copies in a manner that will not interfere with the legibility of the document.

5. Depositions. All deposition testimony taken in this case, including exhibits and errata sheets, shall be treated as Confidential Information for ninety (90) days after the transcript is delivered to any party or the witness. Within this time period, a party may serve a Notice of Designation to all parties of record as to specific portions of the testimony that are designated Confidential Information, and thereafter only those portions identified in the Notice of Designation shall be protected under the terms of this Order.

6. <u>Protection of Confidential Material</u>.

(a) *General Protections.* Confidential Information shall not be used or disclosed by the parties, counsel for the parties, or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal thereof.

(b) *Limited Third-Party Disclosures.* The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (i)-(vii). Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

(i) Counsel of record for the parties and employees of counsel who have responsibility for the action but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

(ii) The Court and its personnel;

(iii) Court reporters and recorders engaged for depositions;

(iv) Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

    (v) During their depositions, witnesses in this action to whom disclosure is necessary but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.  Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts.  Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

    (vi) The author or recipient of a document marked Confidential (not including person who received the document in the course of litigation); and

    (vii) Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

  (c) *Control of Confidential Information*.  Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information.

 7. <u>Inadvertent Failure to Designate</u>.  An inadvertent failure to designate a document as Confidential Information does not, standing alone, waive the right to so designate the document.  If a party designates a document as Confidential Information after it was initially

-4-

produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order.  No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

       8.    <u>Filing of Confidential Information</u>.  Any Confidential Information filed with the Court shall be filed under seal and shall remain under seal until further order of the Court.  Where possible, only portions of the filing with the Court constituting Confidential Information shall be filed under seal.  The party filing any Confidential Information shall be responsible for informing the Clerk of the Court that the filing should be sealed and for clearly marking the material "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER."

       9.    This Order does not, by itself, authorize the filing of any document under seal.  Any party wishing to file a document designated as Confidential Information in connection with a motion, brief, or other submission to the Court must comply with the procedures set forth in the *Northern District of Indiana CM/ECF Civil and Criminal User Manual*.

       10.    <u>Challenges by a Party to Designation as Confidential Information</u>.  The designation of any material or document as Confidential Information is subject to challenge by any party.  The following procedure shall apply to any such challenge.

            (a)    *Meet and Confer*.  A party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party.  In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was

not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within ten (10) business days.

(b) *Judicial Intervention*. A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must contain a representation that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

11. <u>Use of Confidential Documents or Information at Trial</u>. Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential Information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

12. <u>Challenges by Members of the Public to Sealing Orders</u>. A party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

13. <u>Obligations on Conclusion of Litigation</u>.  Within sixty (60) days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information and documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" under this Order, including copies, shall be returned to the producing party or destroyed.  Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product so long as that work product does not duplicate verbatim substantial portions of Confidential Information, and one complete set of all documents filed with the Court including those filed under seal.

14. <u>Order Subject to Modification</u>.  This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter, including but not limited to after ruling on the lawfulness of the recordings under the Federal Wiretap Act.

15. <u>No Prior Judicial Determination</u>.  This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery.  Nothing herein shall be construed or presented as a judicial determination (a) regarding the lawfulness of the recordings under the Act or (b) that any document or material designated Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

16. <u>Persons Bound</u>.  This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

SO ORDERED.

Dated:  June __, 2013

                                                            _____
                                                            Christopher A. Nuechterlein
                                                            United States Magistrate Judge

## ATTACHMENT A

## ACKNOWLEDGMENT
## AND
## AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Agreed Protective Order dated June ____, 2013 in *City of South Bend v. South Bend Common Council*, Cause No. 3:12-cv-475, and *Young v. City of South Bend*, Cause No. 3:12-cv-532, and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Northern District of Indiana in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use materials designated as Confidential Information in accordance with the Order solely for the purposes of the lawsuit, and not to disclose any such Confidential Information to any other person, firm, or concern.

The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

Date: _____         _____
                                Signature

-9-