UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CITY OF SOUTH BEND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 3:12-cv-475 |
| ) | |
| SOUTH BEND COMMON COUNCIL, ) | |
| *ET AL.*, ) | |
| ) | |
| Defendants. ) | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| BRIAN YOUNG, SANDY YOUNG ) | |
| TIMOTHY CORBETT, DAVID WELLS, ) | |
| And STEVE RICHMOND ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Cause No. 3:12-cv-532 JVB-CAN |
| ) | |
| THE CITY OF SOUTH BEND, Acting ) | |
| Through its Police Department, DARRYL ) | |
| BOYKINS, Individually and in his Official ) | |
| Capacity as Chief of Police, KAREN ) | |
| DEPAEPE, and SCOTT DUERRING, ) | |
| ) | |
| Defendants. ) | |

## **THE CITY OF SOUTH BEND'S MOTION FOR PROTECTIVE ORDER**

The City of South Bend (the "City"), by counsel, respectfully moves the Court pursuant to Rule 26(c)(1) of the Federal Rules of Civil Procedure, and for good cause shown in compliance with *Citizens First National Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943 (7th Cir. 1999) to enter a protective order holding in abeyance a discovery request for the recordings at issue in this case served by Darryl Boykins ("Mr. Boykins") on the City until such time as the Court has determined the legal status of the recordings.

# INTRODUCTION

Mr. Boykins' discovery request seeking the recordings at issue in this case is premature given the scheduling order in this case and should be held in abeyance until a determination is made on the legal status of the recordings. The Court has bifurcated discovery in this matter, which has proceeded only on the legality of the recoded phone conversations at issue due to the variety of claims that all turn on the question of whether the Federal Wiretap Act applies.[1] Thus, until a ruling is made as to whether the Federal Wiretap Act applies to the recordings at issue, all other discovery in this matter is stayed. The legality of the recordings, and the applicability of the law enforcement exception, turn on the *circumstances* under which the recordings were obtained and used and not the actual recorded conversations themselves. Accordingly, production of the actual recordings and inquiry into the *content* of those recordings is prejudicial to the City's declaratory judgment claim and not necessary at this stage of the litigation. Even if the parties ultimately obtain access to the recordings for the purposes of litigating various issues in the different cases, production now, before their legal status is determined, cannot be justified. Deferring the request will preserve the privacy rights of the individuals who were recorded and prevent the City from having to disclose potentially illegal recordings while also adequately preserving the rights of all the parties to fully litigate all of the issues in this case at the appropriate time. Accordingly, good cause exists to enter a protective order holding any discovery requests for the recordings in abeyance.

---

[1] Among the cases that is consolidated and before this Court is the City's request for a declaratory judgment regarding the enforceability of a subpoena seeking production of the recordings to the Common Council of South Bend. If the City is forced to produce that actual recordings pursuant to a request for production at this stage, it would vitiate the City's declaratory judgment claim.

## BACKGROUND

On February 12, 2013, the Court entered a Scheduling Order and Memorandum of Status Conference setting forth a discovery plan for this matter. With its Scheduling Order, the Court bifurcated discovery as follows:

> Because all parties agree that staged discovery would be helpful and appropriate in this case, the Court now ORDERS that all discovery concerning the legality of the recorded phone conversations as that issue relates to the Federal Wire Tap Act, shall be completed by June 1, 2013. Thereafter, discovery as to all other issues is STAYED pending the Court's ruling on anticipated dispositive motions concerning the Federal Wire Tap Act.
>
> Doc. Entry No. 60 (Order, at 1).

On April 18, 2013, the Court entered a docket order continuing the "deadline for discovery concerning the legality of the recorded phone conversations as that issue related to the FWTA [to] 7/1/2013." Doc. Entry No. 62. As a result, discovery related to the legality of the recorded phone conversations continued through June of 2013.

By email dated June 7, 2013, counsel for the City emailed counsel of record for the parties in this case seeking consent to a Protective Order prohibiting dissemination of the content of the recordings to the extent the content was discussed in witness testimony as an incident to discovery concerning the legality of the recordings. Counsel for Mr. Boykins indicated in response that he would only consent to the Protective Order if the City agreed to produce the recordings. Specifically, Mr. Boykins' counsel stated, in relevant part, as follows:

> Here is my position. The plaintiffs and the City are seeking to go into the content of the tapes, but the defendant City does not want to release the tapes. The City is seeking an agreement on a protective order in order to go into the content of the tapes. You will have to do that by motion, rather than by consensus, as I will only agree to a protective order at this phase in the proceedings if the tapes are turned over by the City in discovery, in order to allow us all to prepare for your inquiry into the contents of the tapes.

On June 18, 2013, defendant Darryl Boykins served a Second Request to Produce Documents on the City of South Bend (the "Request"). The Request contains a single request seeking the recordings at issue in this case. Specifically, the Request reads as follows:

> The tapes/tape recordings at issue in this case, as referenced or delineated by the FBI evidence receipt previously produced and marked as a deposition exhibit in this litigation, and as referenced in the City's communications with the Department of Justice, which communications have also been previously produced in this litigation.

The City now seeks a protective order holding the Request in abeyance until the Court determines the legal status of the Recordings for the purposes of the Federal Wiretap Act (the "Act").

## ARGUMENT

Pursuant to Rule 26, "A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . ." Fed. R. Civ. P. 26(c)(1). "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . forbidding the disclosure or discovery; . . . specifying terms, including time and place, for the disclosure or discovery; . . . [and] forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters . . ." Fed. R. Civ. P. 26(c)(1). Here, good cause exists to hold Mr. Boykins' Request in abeyance until the legality of the recordings is determined and a protective order should be granted.

Discovery at this stage of the litigation is limited only to the "legality of the recorded phone conversations as that issue relates to the Federal Wire Tap Act," with all other discovery stayed pending briefing and a Court order regarding the legality of the recordings. Order, at 1.

4

Under the Act, the legality of the recordings turns on the manner and circumstances surrounding the interception, use, or disclosure of the communication.  *See* 18 U.S.C. § 2511(1).  Similarly, whether the law enforcement exception applies to the recordings is determined by whether "one of the parties to the communication has given prior consent to [the] interception."  18 U.S.C. § 2511(2)(b).  Thus, the *legality* of the recordings—the issue at this stage of the litigation and the current subject of discovery—turns on the manner in which the recordings were obtained and not the actual content of the recordings.  And because all other discovery is stayed at this juncture in the litigation, there is no basis to inquire into the actual content of the recordings.  *Cf. Finch v. City of Indianapolis*, 2011 WL 2516242, at *4-7 (S.D. Ind. June 23, 2011) (denying motion to compel production of documents containing sensitive information as premature given the stage of the litigation).

     Mr. Boykins bases his opposition to the Protective Order—and, ultimately, his Request for the recordings—on a fundamental misunderstanding of the City's motivation in seeking the Protective Order.  With the Joint Motion for Entry of Protective Order, the movants note that "[t]he parties have sought and will be seeking documents and other materials through discovery in this matter that may disclose information *related to or contained in* the recordings."  Doc. Entry No. 63 (Joint Mot., at ¶ 2).  The Protective Order is not sought to permit the City or the parties to freely "go into the content of the tapes" during this stage of discovery.  Rather, the Protective Order is sought to protect as confidential information related to the recordings, including any references to their content, that is disclosed as an *incident* to discovery related to the legality of the recordings.  A full inquiry into the contents of the recordings is unnecessary at this stage of the litigation.

For that reason, even if counsel for the parties may ultimately be permitted access to the recordings for the purposes of litigating other issues in the case related to the content of the recordings, production of the recordings at this stage of the litigation is not justified. Because the applicability of the Act does not depend on the content of the recordings, the parties to the case will not be prejudiced if the Request is held in abeyance. Indeed, it is logical to defer the Request until after a determination of the legality of the recordings has been made so the parties and the Court can properly tailor procedures for handling the recordings to the legal status of the recordings. This approach adequately preserves the privacy rights of the individuals who were recorded and prevents the City from having to disclose potentially illegal recordings while also adequately preserving the rights of all the parties to fully litigate all of the issues of this case at the appropriate time. Accordingly, good cause exists pursuant to Fed. R. Civ. P. 26(c) and in compliance with *Citizens First National Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943 (7th Cir. 1999) for a protective order holding the Requests in abeyance until a determination is made as to the legality of the recordings. *Cf. U.S. v. Dorfman*, 690 F.2d 1230, 1233 (7th Cir. 1982) ("[T]he strict prohibition in Title III against disclosure of unlawfully obtained wiretap evidence would be undermined by public disclosure of wiretap evidence . . . before the judge ruled on the lawfulness of the wiretaps.").[2]

## **CONCLUSION**

Inquiry into the content of the recordings is not necessary at this stage of the litigation where the Court has bifurcated discovery and the legality of the recordings can be determined without reference to the specific content of the recordings. Accordingly, Mr. Boykins discovery

---

[2] And in the interim, a protective order should be entered in this case pursuant to the Joint Motion for Entry of Protective Order to maintain the confidentiality of any references made to the content of the recordings incidental to the parties' discovery of issues surrounding the circumstances under which the recordings were obtained, as set forth more fully in the Joint Motion for Entry of Protective Order.

request for the recordings should be held in abeyance until a determination of their legality is made by this Court.

          Respectfully Submitted,

          /s/ Edward A. Sullivan, III
          Edward A. Sullivan, III (17577-71)
          J.P. Hanlon (21230-71)
          FAEGRE BAKER DANIELS LLP
          202 S. Michigan St., Suite 1400
          South Bend, Indiana 46601
          Phone:  574.234.4149
          Facsimile:  574.239.1900

          Aladean DeRose (4495-71)
          City Attorney
          227 West Jefferson Blvd., Suite 1400
          South Bend, Indiana 46601
          Phone:  574.235.9241
          Facsimile:  574.235.7670

          *Counsel for the petitioner, City of South Bend*

CERTIFICATE OF SERVICE

       I certify that on the 15th day of July, 2013, a copy of the foregoing was served upon the following parties and counsel of record through either the Court's electronic filing system or by U.S. Mail, postage prepaid:

Jeffrey S. McQuary
BROWN TOMPKINS LORY & MASTRIAN
608 East Market Street
Indianapolis, IN  46202
jmcquary@brown-tompkins-lory.com
*Counsel for Respondents Brian Young, Tim Corbett, Dave Wells, Sandy Young, Steve Richmond*

Daniel H. Pfeifer
Jeffrey J. Stesiak
PFEIFER MORGAN & STESIAK
53600 N. Ironwood Drive
South Bend, IN  46635
dpfeifer@pilawyers.com
jstesiak@pilawyers.com
*Attorney for Respondents*

Robert J. Palmer
E. Spencer Walton
Christopher M. Lerner
MAY · OBERFELL · LORBER
4100 Edison Lakes Parkway, Suite 100
Mishawaka, IN  46545
rpalmer@maylorber.com
ewalton@maylorber.com
Clerner@maylorber.com
*Counsel for South Bend Common Council*

Marielena Duerring
Duerring Law Offices
61191 US 31 South
South Bend, IN  46614
(574) 968-0250
attymduerring@aol.com
*Counsel for Karen DePaepe and Scott Duerring*

Thomas M. Dixon
Dixon, Wright & Associates, P.C.
55255 Birchwood Court
Osceola, IN  46561
574-315-6455
Fax:  574-675-7783
Email:  tdixon3902@comcast.net
*Counsel for Darryl Boykins*

                                                s/ Edward A. Sullivan, III