UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CITY OF SOUTH BEND, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CAUSE NO. 3:12-cv-475 JVB-CAN |
| ) | |
| SOUTH BEND COMMON COUNCIL, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' RESPONSE IN OPPOSITION TO JOINT MOTION FOR PROTECTIVE ORDER

Defendants Karen DePaepe and Scott Duerring, by counsel, make their response in opposition to the Joint Motion for Entry of Protective Order. The Joint Motion for Protective Order ("Joint Motion") fails to show good cause to seal the record in this case and is overly broad in the allowance of sweeping designation of "confidential information" and should be denied.

### I.   ARGUMENT

The "Joint Motion" fails to show good cause to seal the record in this case. Good cause must be established by submitting "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *State Farm Fire and Cas. Co. v. Nokes*, 263 F.R.D. 518 (N.D. Ind. 2009) (quoting *Felling v. Knight*, 211 F.R.D. 552, 554 (S.D.Ind. 2003) internal citations omitted). The burden of showing that good cause exists to grant a protective order is on the moving party. *Nokes*, 263 F.R.D. at 521. In *Nokes*, the protective order was denied because the plaintiff failed to allege any fact demonstrating that they would "incur annoyance, embarrassment, oppression, or undue burden . . . ." In the Joint Motion

no specific facts are given, only a vague conclusory statement that "disclosure . . . *could* cause irreparable harm to the parties by *potentially* violating their privacy rights . . . ." This statement is not a showing of good cause to grant a protective order.

The Joint motion is unnecessary and fails to show good cause in light of the parties stipulating to a bifurcated discovery schedule. In the Scheduling Order and Memorandum of Status Conference dated [Doc. No. 60] the Court ordered the first phase of discovery should be limited to the legality of the recorded phone conversations in relation to the Federal Wire Tap Act. The Federal Wire Tap Act has been held to be a "content neutral" statute. In determining content neutrality a statute is analyzed on whether the speech has been regulated because of the message it conveys. *See American Civil Liberties Union of Illinois v. Alvarez*, 679 F.3d 583 (7th Cir. 2012) (citing *Ward v. Rock Against Racism,* 491 U.S. 781, 109 S.Ct. 2746, 105 L.Ed. 2d 661 (1989)). As with the eavesdropping statute in *Alvarez* the Federal Wire Tap Act is content neutral because "it does not target any particular message, idea, or subject matter." *Alvarez,* 679 F.3d at 603.

Because this statute is content neutral, this case will hinge on whether the recordings in question fall within the law enforcement exception of the statute. The act provides an exclusion for eavesdropping "by an investigative or law enforcement officer in the ordinary course of his duties." 18 U.S.C. § 2510(5)(a)(ii). The "ordinary course" of law enforcement includes the recording of all calls to and from a police department. *Amati v. City of Woodstock,* 176 F.3d 952, 955 (7th Cir. 1999). If the purpose for recording the telephone lines is within the ordinary course of law enforcement, than it is irrelevant whether personal calls were made in addition to official calls on the recorded lines; the recordings still fall under the law enforcement exception to the act. *Id.* at 956. It is the purpose behind recording the phone lines, not the content of the

phone calls which is at issue. Therefore, during the first phase of discovery, where the legality of the recordings in relation to the act is to be determined, the content of the recordings is not at issue. Since the content of the recordings is not an issue in front of the Court there is no good cause to issue a protective order.

The Joint Motion is also far too broad. A protective order should not allow parties to "seal whatever they want." *Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.,* 178 F.3d 943, 945 (7th Cir. 1999). The Joint Motion claims to be in compliance with *Citizens* but fails to "demarcate a set of documents clearly entitled" to confidential status. *Citizens,* 178 F3d at 945. An order designed to limit documents "believed to contain" or "other confidential information" is much too broad and is invalid. The Joint Motion generically references "documents and *other materials* that *may disclose* information *related to* or contained in the recordings (the 'Confidential Information')." These intentionally vague and overly broad statements do not meet the *Citizens* determination for granting a protective order.

## II.     CONCLUSION

For all the foregoing reasons, Defendants Karen DePaepe and Scott Duerring respectfully request the Court deny the Joint Motion for Entry of Protective Order in its entirety.

Respectfully submitted,

DUERRING LAW OFFICES

_s/ Marielena Duerring_____
Marielena Duerring #19835-71
Attorney for Defendants,
Karen DePaepe and Scott Duerring
61191 US 31 South
South Bend, Indiana 46614
Telephone: (574) 968-0250
Facsimile: (574) 968-1256