# In The Matter Of:

*City of South Bend -v-*
*South Bend Common Council, et al*

*Darryl Boykins*
*April 15, 2013*

*Midwest Reporting, Inc.*
1448 Lincolnway East
South Bend, Indiana 46613
574-288-4242
*reporters@midwestreporting.net*

Original File Boykins Darryl.txt
Min-U-Script® with Word Index

**EXHIBIT 1**

1   enforcement purposes.
2   Q. But there's no written policy to that effect, correct?
3   A. No.
4           MR. PFEIFER: We've got ten minutes on the tape,
5       so let's take a break so she can switch the tapes.
6           MR. DIXON: Okay.
7           (Recess taken.)
8           (Exhibit 1 marked for identification.)
9           MR. SULLIVAN: Before the video gets started,
10      Angela, let's go back on the record. I just wanted
11      to clarify scope issues and the fact that there's
12      other claims and, of course, damage issues, etc.,
13      that are not going to be part of the scope of today's
14      deposition, but will be subject to further discovery.
15      And I wanted to make sure we were all on the same
16      page on that. I guess if we are, great. I just
17      thought we might put it on the record. I didn't
18      think that needed to be video'd.
19          MR. DIXON: Yeah, I mean, I think that's part of
20      my objecting to the -- to anything that was going to
21      the issue of the content of what's on the tapes is
22      that that's an issue that we're bifurcating discovery
23      to determine the legitimacy of the taping itself.
24          MR. SULLIVAN: Right.
25          MR. DIXON: And if that -- depending on the

```
 1          ruling of that, then we get into those other issues.
 2               MR. SULLIVAN:  I'd just be more comfortable if
 3          that was on the record.  So are we on the record?
 4               REPORTER:  Yes.
 5               MR. SULLIVAN:  Was that all on the record?
 6               REPORTER:  That was all on the record.
 7               MR. SULLIVAN:  Good.  Then I think we've done
 8          that.
 9               MR. PFEIFER:  I think we all need to acquiesce in
10          your statement.  And I do.
11               MR. WALTON:  I agree.
12               MS. DUERRING:  I agree.
13               VIDEOGRAPHER:  Please continue.
14   BY MR. PFEIFER:
15   Q.   Just so I'm clear, when Brian Young's phone line was being
16        recorded, he was not under any criminal investigation; is
17        that correct?
18   A.   Correct.
19   Q.   There was no court order that anyone had obtained
20        authorizing the recording of his phone line; is that
21        correct?
22   A.   That's correct.
23   Q.   There was no lawful enforcement purpose that was being
24        undertaken in the recording of his phone line; is that
25        correct?
```