UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| CITY OF SOUTH BEND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 3:12-cv-475 |
| | ) | |
| SOUTH BEND COMMON COUNCIL, *ET AL.*, | ) ) | |
| | ) | |
| Defendants. | ) | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| BRIAN YOUNG, SANDY YOUNG TIMOTHY CORBETT, DAVID WELLS, And STEVE RICHMOND | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Cause No. 3:12-cv-532 JVB-CAN |
| | ) | |
| THE CITY OF SOUTH BEND, Acting Through its Police Department, DARRYL BOYKINS, Individually and in his Official Capacity as Chief of Police, KAREN DEPAEPE, and SCOTT DUERRING, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## THE CITY OF SOUTH BEND'S REPLY IN SUPPORT OF THE JOINT MOTION FOR ENTRY OF PROTECTIVE ORDER

The City of South Bend (the "City"), by counsel, respectfully submits its Reply in Support of the Joint Motion for Entry of Protective Order (the "Joint Motion"), filed as Doc. # 63 by the City of South Bend and Brian Young, Sandy Young, Timothy Corbett, and David Wells, seeking a protective order governing Confidential Information that may be produced in discovery in this case.

**ARGUMENT**

Although discovery in this case is currently focused on the manner in which the recordings at issue were obtained and whether the recordings violate the Federal Wiretap Act (the "Act"), incidental references to the content of the tapes are inevitable, and indeed have occurred.  The protective order tendered by the movants specifically identifies that only information that potentially violates the Act is subject to the protective order.  It further sets forth specific processes that both comply with *Citizens* and protect the interests of the parties and the public.  The respondents' objections ignore the realities of the litigation as wells as the safeguards implemented into the order.  In short, it makes good sense to protect any incidental references to the content of the recordings at least until the Court has made a determination as to their legality under the Act.  Accordingly, the Joint Motion should be granted and the protective order entered.

> **I.    Good cause exists to enter a protective order to protect any information that could potentially violate the Act pending a determination of the legality of the recordings.**

With their response, Duerring and DePaepe incorrectly contend that the City has failed to set forth specific facts supporting entry of a protective order.  As set forth in the Joint Motion, the protective order is justified because use or disclosure of information related to the content of the recordings "could cause irreparable harm to parties by potentially violating their privacy rights or subjecting them to civil or criminal liability."  *See* Jt. Mot., at 1; Proposed Protective Order, at 1.  Until the Court rules on the legality of the recordings under the Act, use or disclosure of the content of the recordings is fraught with potential perils.  Moreover, drawing the line between content and mere circumstances is imprecise and subject to interpretation.  Thus, a protective order governing use or disclosure of content-related materials is warranted.  Neither Duerring and DePaepe nor Boykins appear to dispute this notion.  Indeed, Boykins notes in his response

2

that a protective order "might be appropriate" regarding the content of the recordings and in a subsequent filing represents he has "no issue" with a protective order governing content. Boykins's Resp., at 6; Doc. Entry # 71, at 1.

Instead, both respondents contend that a protective order is "unnecessary" at this juncture because the current phase of discovery is content-neutral and the parties are not permitted to delve into the contents of the tapes. Boykins Resp., at 5-6; Duerring/DePaepe Resp., at 3. But the bifurcated nature of discovery in this case does not defeat good cause for entry of a protective order at this juncture or render it unnecessary. The City is not seeking a protective order to fully explore the contents of the recordings. Rather, it merely acknowledges that discovering information related to the circumstances under which the recordings were captured may inevitably lead to incidental references to the content of the recordings. Indeed, it already has, as Boykins' own response demonstrates. Boykins notes the parties have already informally discussed the "sealing" of an unredacted copy of an Officer's Report created by DePaepe, a redacted version of that same report has been utilized in discovery, and certain deposition testimony has been marked "For Attorneys' Eyes Only" to "avoid inadvertent disclosure of the content of the tapes." Boykins' Resp., at 3. A protective order is warranted to govern such situations and subsequent filings with the Court even though the parties are not engaged in discovery on the actual content of the recordings. Accordingly, good cause exists and the order should be entered.

## II.     The protective order is proper in scope and complies with *Citizens*.

In asserting the protective order is overly broad, the respondents fail to adequately consider the plain language of the proposed order and misapply relevant authority. Duerring and DePaepe contend that the protective order is "intentionally overbroad" and "fails to demarcate a

3

set of documents clearly entitled to confidential status." Duerring/DePaepe Resp., at 4. Similarly, Boykins asserts that the protective order is "overly broad in that it seeks protection against disclosure not of a specific piece of evidence or class of evidentiary material, but rather, of all matters produced or discovered in discovery." Boykins Resp., at 7. But these contentions are without merit as the protective order clearly delineates the type of information that is subject to protection.

The proposed order seeks to maintain as confidential only "information related to or contained in [the] recordings that may be prohibited from disclosure by the Federal Wiretap Act." Order, at ¶ 1 (internal citation omitted). The plain text of the Act prohibits the use or disclosure of *the contents of* any communication that was obtained in violation of the Act. *See* 18 U.S.C. § 2511(1). Thus, the protective order is designed to protect references to the content of the recordings while providing a flexible enough definition of confidential information to line drawing issues of what constitutes content and what does not. The respondents seem to acknowledge the type of information that is meant to be protected with the order. Indeed, both base their opposition to the protective order in part on the notion that discovery into the content of the recordings is premature. Their objection to a protective order over the contents of the recordings cannot be reconciled with their simultaneous protests that they are unable to determine what materials may be subject to protection under the order.

Moreover, the protective order is proper in scope. It doesn't permit the parties to "seal whatever they want" as Duerring and DePaepe maintain nor is it "malleable" and "unworkable" as Boykins maintains. Rather, the protective order sets forth a specific procedure to designate incidental references to the content of the recordings as confidential. The proposed order tendered by the movants sets forth a specific procedure for the designation of any material as

4

confidential, with additional procedures required for designating deposition testimony as confidential.  *See* Proposed Protective Order, at ¶¶ 4-5.  The proposed order "does not, by itself, authorize the filing of any document under seal" or constitute a judicial determination that any discovery materials are entitled to protection as confidential.  Proposed Protective Order, at ¶ 9, 15.  Instead, it sets forth specific procedures for the parties to challenge the designation of information as confidential, up to and including a judicial determination of the propriety of the confidential designation.  *See* Proposed Order, at ¶ 10.  Because this procedure satisfies the safeguards set forth in Citizens and the order also specifically delineates the type of information that is subject to protection under the order, the protective order should be entered.  *Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999) (permitting the entry of a protective order keeping "some properly demarcated category of legitimately confidential information . . .out of the public record" so long as the judge is satisfied the parties are capable of deciding which parts of the record are confidential and "makes explicit that either party and any interested member of the public can challenge the secreting of particular documents.").

### III. The protective order adequately protects the public interest.

Boykins' assertion that the protective order is against public policy because it "sends a message that it is okay to conduct normal civil proceedings in secret" is similarly unavailing.  As an initial matter, the objective of the City's declaratory judgment action is to obtain a ruling on the legality of the recordings under the Act to determine whether it may disclose the recordings pursuant to certain subpoenas and other requests.  Permitting the parties access to even incidental references to the content of the recordings, let alone the general public, would circumvent the judicial process by providing content-related information to the public at large prior to such a

ruling. This would create an unacceptable risk that the Act or individual privacy rights could be violated. Because the public's right to learn the contents of the recordings hinges on a determination of their legality, it cannot be disserved by a protective order at this juncture.

In any event, the protective order contains adequate procedural safeguards to protect the public interest. Pursuant to Citizens, a protective order is acceptable so long as it provides that an interested member of the public can challenge the secreting of certain documents. *Citizens*, 178 F.3d at 946. The protective order specifically permits members of the public to challenge any sealing orders entered by the Court. Order, at ¶ 10. Moreover, the order is flexible enough to protect the public interest throughout the course of this litigation. For instance, the order does not "affect the use of any document, material, or information at any trial or hearing" and is subject to modification based on changes in the circumstances of the litigation. Proposed Order, at ¶ 11-14. If the recordings are determined to be intercepted in accordance with the Act, the protective order can be modified. Because these precautions adequately safeguard the public interest, the Joint Motion should be granted.

## CONCLUSION

The movants have shown that good cause exists for entry of a protective order in this cause and that the proposed order complies with *Citizens*. Accordingly, the Joint Motion for Entry of a Protective Order should be granted and the protective order entered.

Respectfully Submitted,

/s/ Ryan G. Milligan
Edward A. Sullivan, III (17577-71)
J.P. Hanlon (21230-71)
Ryan G. Milligan (28691-71)
FAEGRE BAKER DANIELS LLP
202 S. Michigan St., Suite 1400
South Bend, Indiana 46601
Phone:  574.234.4149
Facsimile:  574.239.1900

Aladean DeRose (4495-71)
City Attorney
227 West Jefferson Blvd., Suite 1400
South Bend, Indiana 46601
Phone:  574.235.9241
Facsimile:  574.235.7670

*Counsel for the City of South Bend*

## **CERTIFICATE OF SERVICE**

      I certify that on the 29th day of July, 2013, a copy of the foregoing was served upon the following parties and counsel of record through either the Court's electronic filing system or by U.S. Mail, postage prepaid:

Jeffrey S. McQuary
BROWN TOMPKINS LORY & MASTRIAN
608 East Market Street
Indianapolis, IN  46202
jmcquary@brown-tompkins-lory.com
*Counsel for Respondents Brian Young, Tim Corbett, Dave Wells, Sandy Young, Steve Richmond*

Robert J. Palmer
E. Spencer Walton
Christopher M. Lerner
MAY · OBERFELL · LORBER
4100 Edison Lakes Parkway, Suite 100
Mishawaka, IN  46545
rpalmer@maylorber.com
ewalton@maylorber.com
Clerner@maylorber.com
*Counsel for South Bend Common Council*

Thomas M. Dixon
Dixon, Wright & Associates, P.C.
55255 Birchwood Court
Osceola, IN  46561
574-315-6455
Fax:  574-675-7783
Email:  tdixon3902@comcast.net
*Counsel for Darryl Boykins*

Daniel H. Pfeifer
Jeffrey J. Stesiak
PFEIFER MORGAN & STESIAK
53600 N. Ironwood Drive
South Bend, IN  46635
dpfeifer@pilawyers.com
jstesiak@pilawyers.com
*Attorney for Respondents*

Marielena Duerring
Duerring Law Offices
61191 US 31 South
South Bend, IN  46614
(574) 968-0250
attymduerring@aol.com
*Counsel for Karen DePaepe and Scott Duerring*

                                                      s/ Ryan G. Milligan