UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CITY OF SOUTH BEND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 3:12-cv-475 |
| ) | |
| SOUTH BEND COMMON COUNCIL, ) | |
| *ET AL.*, ) | |
| ) | |
| Defendants. ) | |

*************************************************************************

| | |
|---|---|
| BRIAN YOUNG, SANDY YOUNG ) | |
| TIMOTHY CORBETT, DAVID WELLS, ) | |
| And STEVE RICHMOND ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Cause No. 3:12-cv-532 JVB-CAN |
| ) | |
| THE CITY OF SOUTH BEND, Acting ) | |
| Through its Police Department, DARRYL ) | |
| BOYKINS, Individually and in his Official ) | |
| Capacity as Chief of Police, KAREN ) | |
| DEPAEPE, and SCOTT DUERRING, ) | |
| ) | |
| Defendants. ) | |

**REPLY IN SUPPORT OF THE CITY OF SOUTH BEND'S MOTION FOR PROTECTIVE ORDER**

      The City of South Bend (the "City"), by counsel, submits this reply in support of its Motion for Protective Order (Doc. Entry # 66) to hold in abeyance a discovery request for the tape recordings at issue in this case served by Darryl Boykins ("Boykins").

**INTRODUCTION**

      In February, this Court ordered that discovery concerning all issues other than the applicability of the Federal Wiretap Act (the "Act") to the tape recordings made by Karen

DePaepe "is stayed pending the Court's ruling on anticipated dispositive motions . . ." Doc. Entry # 60 (Scheduling Order). Ignoring the Court's order, an order which was precipitated in part by Boykins' own agreement, Boykins served a discovery request for the tape recordings at issue in this case. But the Court's order is clear: Boykins must show he is prejudiced by the stay in order to lift it and pursue discovery outside of the scope of the first phase of discovery. Engaging only in baseless speculation regarding the content of the tape recordings, Boykins has failed to show such prejudice. Moreover, Boykins' entire response seems to miss the point that the City is not seeking to deny production of the tape recordings for the entirety of the proceeding, but only during the first phase of discovery. There exists no reason to delve into the contents of the tape recordings when doing so cannot materially advance Boykins' defense at this juncture of the case. Consistent with the Court's Scheduling Order and its inherent power to control discovery, inquiries into the contents of the tapes should be reserved until, as anticipated by the parties, the Court resolves the applicability of the Act through summary judgment motions. Thus, a protective order holding requests for the tape recordings in abeyance should be entered.

## ARGUMENT

Pursuant to Fed. R. Civ. P. 26(c) and (d), the Court has "broad discretion in guiding the discovery process." *Marrese v. Am. Academy of Orthopedic Surgeons*, 706 F.2d 1488, 1493 (7th Cir. 1983). In ruling on a motion to limit discovery, "an order merely postponing a particular discovery request should be granted more freely than an order denying the request altogether." *Id.* Here, Boykins has failed to show that he would be prejudiced if discovery of the tape recordings at issue in this case is held in

abeyance until the completion of a content-neutral discovery phase.  *See* Scheduling Order, at 1 (stay may be lifted only upon showing it is prejudicial to a party).

Boykins's reliance on the defense exception to maintain that the parties have a right to the tape recordings is misplaced.  The parties' ultimate entitlement to the tape recordings for defense purposes is irrelevant to the City's very specific and limited request for a protective order to hold Boykins' request in abeyance temporarily.  And, in any event, the defense exception does not justify production at this stage of the proceedings because the contents of the tape recordings do not "materially advance" Boykins' defense.  *See Nix v. O'Malley*, 160 F.3d 343, 351 (6th Cir. 1998) (noting the defense exception "does not justify use or disclosure for purposes that do not materially advance a party's defense to wiretap charges.").

Boykins' asserts a baseless fantasy that the tape recordings could contain an admission by Brian Young that he consented to the recording of his line.  *See* Resp. Br., at 3-4.  That fantasy is belied by the actual testimony of Boykins and others.[1]  But if Boykins believes he can show that questions of material fact preclude summary judgment on the application of the Wiretap Act despite this testimony, he is free to make that argument at the end of Phase 1 of discovery as called for in the Scheduling Order.  However, Boykins knows, as do all of the parties to this action, that the Scheduling Order was agreed upon and proposed to the Court not to test whether the content of the tape recordings reveal Captain Young's consent to be recorded, but to determine whether the

---

[1] *See* Exhibit A:  Boykins Dep. Trans. 53:5-10 (testifying he never informed Captain Young his line was being recorded), 79:15-18 (same), 124:19-125:2 (testifying he did nothing after listening to the recordings), and 162:10-14 (testifying that once he learned Captain Young's line was recorded nothing was done to correct the mistake and stop the recording); Trent Dep. Trans. 17 (noting he first informed Captain Young his line was being recorded in October of 2011 and that Captain Young did not know his line was recorded at that time); Scott Dep. Trans. 94:15-23 (testifying Captain Trent informed her in October of 2011 that Captain Young had no knowledge his line was being recorded).

dms.us.52548742.01

law enforcement or ordinary course exceptions apply, issues that do not turn on Boykins' fantasies about the content of the tape recordings. At this juncture, Boykins' baseless speculation about content and irrelevant citation to cases concerning the defense exception fail to demonstrate (as required by this Court's Order) that the stay results in any prejudice to him. Thus, his request should be held in abeyance during this content-neutral phase of discovery.

Under the unique circumstances of this case, the reasoning in *Dorfman* is instructive in evaluating Boykins' request even if that case arose in a slightly different procedural context. *See U.S. v. Dorfman*, 690 F.2d 1230 (7th Cir. 1982). In *Dorfman*, the court held that "the strict prohibition in Title III against disclosure of unlawfully obtained wiretap evidence would be undermined by public disclosure of wiretap evidence at a suppression hearing before the judge ruled on the lawfulness of the wiretaps." *Id.* at 1233. Similarly here, production of the tape recordings prior to a determination on their legality and despite the bifurcation of discovery would undermine the purpose of the City's action as well as any subsequent ruling on the legality of the tape recordings.[2]

Moreover, Boykins relies on a misstatement of the City's position. The City has not "sought to discover the content of the tapes" or "indicated [its] desire to do so." Resp. Br., at 2. Boykins' response seeks to elevate the informal conversations of counsel regarding certain documents that reference the content of the recordings to a legal position of the City about the recordings themselves. However, the City's actual position

---

[2] Requiring the City to turn the recordings over to the Common Council and others absent a ruling on their legal status would circumvent the entire purpose of the City's action—the Council as well as the other parties to this litigation would be provided direct access to the recordings regardless of their legal status. The parties should not be able to obtain through discovery what they otherwise could not obtain prior to a determination of the legality of the recordings.

is easily seen in its recent motion for a general protective order to address incidental references to the content of the tape recordings that may occur—and indeed have—during discovery regarding the circumstances under which the tape recordings were obtained.  *See* Doc. Entry # 63 (Jt. Mot. for Entry of Protective Order).

Nor does the City claim standing to assert the officers' privacy rights.  The protection of privacy is one of the fundamental purposes of the Act.  *Nix*, 160 F.3d at 351.  Thus, "strict controls on the repetition of the contents" of potentially illegal tape recordings are warranted.  *Cf. id.*  A premature journey into the content of the recordings is fraught with potential perils for the parties to this litigation.  For no party are these perils more acute than the City, which faces multiple requests for the tape recordings but should not be required to prematurely produce or disclose them in violation of this Court's Scheduling Order.

## CONCLUSION

Lacking any showing of prejudice resulting from a postponement of his request for the tape recordings during a content-neutral phase of discovery, Boykins request for the tape recordings must be held in abeyance.  Consistent with the Scheduling Order, there is no need for the parties to delve fully into the contents of the tape recordings at this juncture.  Until a determination is made on the legality of the recordings—a process the parties agreed is content-neutral—good cause exists to hold any requests for the tapes in abeyance.  Accordingly, the Court should enter a general protective order to govern this case, but hold in abeyance Boykins' premature Rule 34 request for the tape recordings.

dms.us.52548742.01

Respectfully Submitted,

/s/ Ryan G. Milligan
Edward A. Sullivan, III (17577-71)
J.P. Hanlon (21230-71)
Ryan G. Milligan (28691-71)
FAEGRE BAKER DANIELS LLP
202 S. Michigan St., Suite 1400
South Bend, Indiana 46601
Phone:  574.234.4149
Facsimile:  574.239.1900

Aladean DeRose (4495-71)
City Attorney
227 West Jefferson Blvd., Suite 1400
South Bend, Indiana 46601
Phone:  574.235.9241
Facsimile:  574.235.7670

*Counsel for the City of South Bend*

## CERTIFICATE OF SERVICE

       I certify that on the 5th day of August, 2013, a copy of the foregoing was served upon the following parties and counsel of record through either the Court's electronic filing system or by U.S. Mail, postage prepaid:

Jeffrey S. McQuary
BROWN TOMPKINS LORY & MASTRIAN
608 East Market Street
Indianapolis, IN  46202
jmcquary@brown-tompkins-lory.com
*Counsel for Respondents Brian Young, Tim Corbett, Dave Wells, Sandy Young, Steve Richmond*

Daniel H. Pfeifer
Jeffrey J. Stesiak
PFEIFER MORGAN & STESIAK
53600 N. Ironwood Drive
South Bend, IN  46635
dpfeifer@pilawyers.com
jstesiak@pilawyers.com
*Attorney for Respondents*

Robert J. Palmer
E. Spencer Walton
Christopher M. Lerner
MAY · OBERFELL · LORBER
4100 Edison Lakes Parkway, Suite 100
Mishawaka, IN  46545
rpalmer@maylorber.com
ewalton@maylorber.com
Clerner@maylorber.com
*Counsel for South Bend Common Council*

Marielena Duerring
Duerring Law Offices
61191 US 31 South
South Bend, IN  46614
(574) 968-0250
attymduerring@aol.com
*Counsel for Karen DePaepe and Scott Duerring*

Thomas M. Dixon
Dixon, Wright & Associates, P.C.
55255 Birchwood Court
Osceola, IN  46561
574-315-6455
Fax:  574-675-7783
Email:  tdixon3902@comcast.net
*Counsel for Darryl Boykins*

                                          s/ Ryan G. Milligan