IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| BRIAN YOUNG, SANDY YOUNG, TIMOTHY CORBETT, DAVID WELLS, and STEVE RICHMOND, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) Cause No. 3:12-cv-475 JVB-CAN |
| THE CITY OF SOUTH BEND Acting through its Police Department, DARRYL BOYKINS, Individually and in his Official Capacity as Chief of Police, KAREN DEPAEPE, and SCOTT DUERRING, | ) ) ) ) ) ) |
| Defendants. | ) ) |

**BRIEF IN OPPOSITION TO SCOTT DUERRING'S MOTION TO DISMISS**

Plaintiffs, by counsel, respectfully submit this memorandum of law in opposition to Scott Duerring's Motion to Dismiss.

**FACTS**

Scott Duerring is the attorney for Karen DePaepe. Amended Complaint (the "Complaint"), ¶43. While she was employed by the South Bend Police Department Karen DePaepe recorded and listened to Plaintiffs' telephone conversations. Complaint, ¶¶22-25. The recording of Plaintiffs' telephone conversations was not ordered by a court or conducted as part of a criminal investigation. (Complaint, ¶¶29-30.) When City officials learned of DePaepe's role in recording and listening to Plaintiff's telephone conversations, which they considered illegal, she was fired. (Complaint, ¶42.) After

DePaepe's termination she and Duerring gave several interviews on local television stations in which both DePaepe and Duerring stated that they listed to Plaintiffs' telephone conversations and that in those conversations Plaintiffs make racial slurs against former South Bend Chief of Police Darryl Boykins. (Complaint, ¶43.) The false accusation of racism damaged Plaintiffs' careers and professional reputation. (Complaint, ¶48.)

## ISSUES

Duerring's Motion raises two issues for the Court's review:

1. Whether Plaintiffs' Amended Complaint states sufficient facts to make out a claim that Duerring violated 18 U.S.C. § 2510 *et. seq.*

2. Whether Plaintiffs' Amended Complaint states sufficient facts to make out claims that Duerring committed negligence, invasion of privacy, or intentional infliction of emotional distress under Indiana law.

## STANDARD OF REVIEW

In cases such as this where the Defendant has already filed his Answer the appropriate dispositive motion under Rule 12 is a Motion for Judgment on the Pleadings, not, as Duerring did, a Motion to Dismiss. However, the standard of review for a 12(c) motion is essentially the same as that of a 12(b)(6) motion, *i.e.,* the Court should grant a Rule 12(c) motion when it appears beyond a doubt that the plaintiff "cannot prove any set of facts to support a claim of relief" and the defendant "demonstrates that there are no material issues of fact to be resolved." *Cincinnati Ins. Co. v. Maintenance Dynamics,*

*Inc.,* 3023 WL 350080 (N.D. Ind. 2013). In reviewing the sufficiency of a complaint, the Court must accept all well-pled facts as true and draw all permissible inferences in favor of the plaintiff. *Active Disposal Inc. v. City of Darien,* 635 F.3d 883, 886 (7th Cir.2011). The Federal Rules of Civil Procedure require only that a complaint provide the defendant with "fair notice of what the ... claim is and the grounds upon which it rests.' " *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic v. Twombly,* 550 U.S. 544 (2007).

## ARGUMENT

I. PLAINTIFFS ALLEGED FACTS THAT SHOW DUERRING VIOLATED THE FEDERAL WIRETAP ACT.

Duerring violated the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. § 2510 *et seq.,* commonly called the federal wiretap act, by going on television and revealing the contents of Plaintiffs' illegally recorded telephone conversations. Under 18 U.S.C. § 2511(1)(c) a person who "intentionally discloses, or endeavors to disclose, to any other person the contents of any wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication…" is subject to civil and criminal penalties. The statute authorizes a private cause of action against the discloser. 18 U.S.C. § 2520.

Duerring complains that Plaintiffs don't reference him often enough in their Complaint, but the succinct statement that Duerring broadcast the contents of their intercepted telephone conversations by discussing them on several television shows suffices to state a facial violation of 18 U.S.C. § 2511(1)(c). Adding further details such

as the dates, locations, or television station call signals would not meet any element of the statute.  Adding further details about the substance of Duerring's revelations would arguably itself constitute a disclosure that violates the statute.

Although the Court is not required to accept as true Plaintiffs' legal conclusion that DePaepe, and through her Duerring, obtained the recorded conversations illegally, Plaintiffs have stated more than sufficient facts to state a plausible claim that the interception was illegal.  Plaintiffs stated that their telephone conversations were not intercepted pursuant to a court order or as part of an authorized criminal investigation. (Complaint, ¶¶29-30.)  DePaepe was fired for what the City administration and the U.S. Attorney deemed unlawful acts.  Although the federal wiretap act contains other exceptions under which Duerring might conceivably shelter, Plaintiffs have stated sufficient facts to show a plausible claim that their conversations were intercepted illegally, and that Duerring knew they were obtained illegally when he disclosed them to the public.  This is all that is needed to make out a civil claim for a violation of the federal wiretap act.  Duerring's Motion to Dismiss for failure to state a federal claim should therefore be denied.

    II.    PLAINTIFFS STATE SUFFICENT FACTS TO MAKE OUT CLAIMS AGAINST DUERRING UNDER INDIANA LAW.

Plaintiffs also bring claims against Duerring under Indiana law for negligence, invasion of privacy, and intentional infliction of emotional distress.  One of the strands of the tort of Invasion of Privacy is public disclosure of private facts, which requires proof of the following elements: (1) private information was publicly divulged; (2) to persons who had no legitimate interest in the information; (3) in a manner that was coercive and

oppressive; and, (4) such information would be highly offensive and objectionable to a reasonable person of ordinary sensibilities.  *Pohle v. Cheatham,* 724 N.E.2d 655, 659, (Ind.Ct.App. 2000).  In the case at bar, Plaintiff allege that Duerring appeared on multiple television shows to discuss their private conversations, which his client DePaepe obtained by illegally wiretaping their telephones, to say that they made racial slurs about their boss the Chief of Police.  Plaintiffs have alleged facts to meet all of the above elements.

Duerring's conduct can likewise be construed as intentional infliction of emotional distress.  The elements of this tort are that the defendant: (1) engages in extreme and outrageous conduct (2) which intentionally or recklessly (3) causes (4) severe emotional distress to another.  *Brown v. Indianapolis Housing Agency,* 971 N.E.2d 181, 188 (Ind.Ct.App. 2012).  Duerring not only disclosed Plaintiffs' private conversations that he knew were illegally obtained, he chose to emphasize the part of those conversations—*i.e.,* the supposed racial slurs against Boykins—that were calculated to cast Plaintiffs in the most unflattering light possible and cause the most conflict with co-workers.  Duerring's actions also meet the elements of negligence, which are (1) a duty owed by the tortfeasor to the tort victim, (2) a breach of that duty, and (3) an injury to the tort victim proximately caused by the breach.  *Spangler v. Bechtel,* 958 N.E.2d 458, 468 (Ind. 2011).  Duerring owed Plaintiff's a duty defined by 18 U.S.C § 2511(1)(c) to refrain from disclosing illegally intercepted telephone conversations.  He breached that duty by giving telephone interviews in which he disclosed the contents of the calls, which disclosure adversely affected Plaintiffs' reputation and careers.

The Federal Rules of Civil Procedure require only that a complaint provide the defendant with "fair notice of what the ... claim is and the grounds upon which it rests. "

*Erickson, supra*.  The Complaint more than suffices to put Duerring on notice that Plaintiffs' state-law claims against him rest on the harm he caused by revealing the contents of their illegally-recorded telephone conversations to the media.  Because Plaintiffs state multiple claims for relief under Indiana law Duerring's Motion should be denied.

## CONCLUSION

For the foregoing reasons, Scott Duerring's Motion to Dismiss should be denied.


Respectfully submitted,


/s/ Jeffrey S. McQuary, 16791-49
BROWN TOMPKINS LORY
608 E. Market Street
Indianapolis, IN 46202
317/631-6866
jmcquary@btlmlaw.com

One of Plaintiffs' Attorneys

CERTIFICATE OF SERVICE

I certify that the foregoing was filed on August 27, 2013 using the Court's CM/ECF system and is available to all counsel of record using the same.

/s/ Jeffrey S. McQuary, 16791-49

BROWN TOMPKINS LORY
608 East Market Street
Indianapolis, IN 46202
Telephone: (317) 631-6866
Facsimile: (317) 685-2329
jmcquary@btlmlaw.com