UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| BRIAN YOUNG, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF SOUTH BEND, *et al.*, <br><br> Defendants. | Case No. 3:12-CV-532 JVB-CAN <br><br> *consolidated with* <br><br> Case No. 3:12-CV-475-JVB-CAN |

**OPINION AND ORDER**

Former South Bend Police Department Chief Darryl Boykins was concerned that his subordinate officers were not loyal to him and that they might seek to replace him as Chief of Police. Therefore, he ordered Karen DePaepe—the South Bend Police Department telephone system manager—to wiretap the office phone lines of several South Bend policemen, which she did. DePaepe was fired once news broke about the wiretapping, which prompted her to hire attorney Scott Duerring. At some point, she and Duerring gave several interviews in the local media discussing the wiretaps and their supposedly tantalizing contents. These discussions, however, prompted Plaintiffs to sue Duerring, alleging that by discussing the contents of the recorded conversations, Duerring violated the Federal Wiretap Act, and committed several state torts. Now before the Court is Defendant Scott Duerring's Motion to Dismiss. (DE 75.) For the reasons stated below, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's motion.

**A. Procedural Background**

On October 25, 2012, Plaintiffs filed an Amended Complaint[1] against several defendants, including Scott Duerring. Plaintiffs claim that Duerring violated the Federal Wiretap Act, 18 U.S.C. § 2510, by publicly disclosing the contents of Plaintiffs' telephone conversations (DE 23, ¶ 50), and that he is also liable for the state-law torts of negligence, defamation, invasion of privacy, and intentional infliction of emotional distress. (DE 23, ¶ 54.)

**B. Factual Background**

The city of South Bend maintained a telephone system for use by its police department. (DE 23 ¶ 17.) Karen DePaepe was employed by the South Bend Police Department as the telephone system manager. (*Id.* ¶ 18.) Due to her position, DePaepe had the ability to intercept and record telephone conversations on the South Bend Police Department's telephone lines. (DE 23, ¶ 19.) Police Chief Boykins ordered DePaepe to intercept and record the telephone line of Plaintiff Richmond, who was a South Bend police officer. (*Id.* ¶ 22.) DePaepe attempted to tap Richmond's line, but accidently tapped the telephone line of Plaintiff Brian Young, also a South Bend police officer. (*Id.* ¶¶ 23–24.) After his telephone line was tapped, Brian Young placed calls to, and received calls from, Plaintiffs Wells, Corbett, and Richmond, and his wife, Plaintiff Sandy Young. (*Id.* ¶¶ 25–26.) DePaepe later intercepted and recorded Richmond's correct telephone line at the police department. (*Id.* ¶ 27.) After his line was tapped, Richmond placed calls to, and received calls from Plaintiffs Wells, Young, and Corbett. (*Id.* ¶ 28.) The interception and recording of these telephone lines was not authorized by a court order, and was not part of

---

[1]   On January 17, 2013, the Court issued an order consolidating the cases listed in the caption. The parties were ordered to make all subsequent filings in the 3:12-CV-475 case only. The Amended Complaint referenced in this Order, however, was filed before the consolidation order, and is listed as Docket Entry 23 in the 3:12-CV-532 case. Therefore, when the Court references "DE 23," it is citing to the docket entry for the 3:12-CV-532 case. The instant Motion to Dismiss, however, was filed as Docket Entry 75 in the 3:12-CV-475 case.

any law enforcement investigation, nor conducted in the ordinary course of the South Bend Police Department's business. (*Id.* ¶¶ 29–30.)

Plaintiffs Brian Young and Steve Richmond complained to the U.S. Attorney's Office for the Northern District of Indiana concerning the illegal wiretaps. (*Id.* ¶ 38.) The U.S. Attorney's Office investigated the claims. (*Id.* ¶ 39.) DePaepe was eventually fired from her job at the South Bend Police Department. (*Id.* ¶42.) After she was fired, DePaepe retained an attorney, Defendant Scott Duerring, and they gave several interviews in the media in which they stated that the recordings of Plaintiffs' telephone conversations capture Plaintiffs making racial slurs about former Police Chief Boykins, who is African-American. (*Id.* ¶¶ 40, 43.) Later, however, Boykins admitted to Richmond that he had never heard Richmond make any racial slurs in the recorded phone conversations. (*Id.* ¶ 44.) Plaintiffs allege that as a result of the false accusations of racism, they lost their privacy and sustained damage to their professional reputation. (*Id.* ¶ 48.)

**C. Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint when it fails to set forth a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In determining the sufficiency of a claim, the Court construes the complaint in the light most favorable to the nonmoving party, accepts all well-pleaded facts as true, and draws all inferences in the nonmoving party's favor. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010) (internal citations omitted). Pleadings consisting of no more than mere conclusions are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). This includes legal conclusions couched as factual allegations, as well as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (internal citations

omitted). Second, if well-pleaded factual allegations are present in the complaint, courts should "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679.

**D. Analysis**

**(1) Federal Wiretap Act**

Plaintiffs' first claim that when Duerring disclosed the contents of the recordings, he "violate[d] 18 U.S.C. § 2510 *et seq*." (DE 23, ¶ 50.) The Amended Complaint does not specify which part of the broad Wiretap Act Duerring allegedly violated. Presumably, Plaintiffs intended to allege that Duerring violated 18 U.S.C. § 2511(1)(c), which creates liability for intentionally disclosing illegally obtained information. Under this section, a defendant may be liable if he (1) intentionally discloses, (2) to any other person, (3) the contents of any wire, oral, or electronic communication, (4) knowing or having reason to know that the information was obtained through the interceptions of a wire, oral, or electronic communication, which would itself be an unlawful wiretapping. 18 U.S.C. § 2511(1)(c). Regarding liability, the Seventh Circuit stated:

> [A] defendant must know or have reason to know sufficient facts concerning the circumstances of the interception such that the defendant[] could, with presumed knowledge of the law, determine that the interception was prohibited in light of [the Wiretap Act]. It is not enough to know that the conversation was intercepted; the defendant must also be able to tell that none of the statutory exceptions apply. If the defendant does know the interception was illegal, then he is liable if he uses or discloses to others the contents of the recorded conversations.

*McCann v. Iroquois Mem'l. Hosp.*, 622 F.3d 745, 753 (7th Cir. 2010) (internal citations and quotations omitted).

The Court finds that the factual allegations contained in the Amended Complaint are sufficient to plausibly state an actionable claim against Duerring for violating 18 U.S.C. §

2511(1)(c). In his Motion to Dismiss, Duerring emphasizes that the Amended Complaint does not provide specific instances of when or where he allegedly talked about the contents of the recorded conversations. In addition, he highlights use of the vague pronoun "they," which the Amended Complaint uses when describing who spoke about the conversations. Using the plain, ordinary meaning of the word "they," however, reveals that both DePaepe and Duerring discussed the contents of the recorded conversations in media interviews.[2] Likewise, it is reasonable to infer that Duerring knew the conversations were illegally recorded, especially since DePaepe hired Duerring after she was fired for her role in the wiretapping. Although Duerring's concerns raised in his Motion to Dismiss are well-founded, the Court concludes that Duerring is trying to set the standard too high, and that the Amended Complaint states a plausible claim for relief.

**(2) State Tort Claims**

    Plaintiffs next assert state tort claims for negligence, invasion of privacy by public disclosure of private facts, defamation, and intentional infliction of emotional distress. A claim for negligence in Indiana must show that the defendant owed a duty to the plaintiff, he breached the duty, and that the breach proximately caused an injury to the plaintiff. *Spangler v. Bechtel*, 958 N.E.2d 458, 468 (Ind. 2011). "Negligence will not be inferred; rather, all of the elements of a negligence action must be supported by specific facts . . . or reasonable inferences that might be drawn from those facts. An inference is not reasonable when it rests on no more than speculation or conjecture." *Kincade v. MAC Corp.*, 773 N.E.2d 909, 912 (Ind. Ct. App. 2002) (internal citations omitted). Here, the Amended Complaint fails to provide sufficient facts to

---

[2] The dictionary defines "they" as "those ones—used as a nominative third person pronoun serving as the plural of *he*, the plural of *she*, or the plural of *it*, or referring to a group of two or more individuals that are not all if the same sex." Webster's Third New International Dictionary 2374 (2002).

survive a motion to dismiss. Most importantly, the Amended Complaint does not allege that Duerring had a duty to not disclose the contents of the wiretap. While Plaintiffs attempt to avoid this issue and develop the elements of negligence in their brief opposing Defendant's Motion, this is insufficient. Since the Amended Complaint does not allege facts supporting the elements of a negligence claim, this claim must be struck.

Likewise, Plaintiffs' factual allegations fail to set forth a plausible claim for public disclosure of private facts. A plaintiff claiming damages for the public disclosure of private facts must show that (1) private information was publicly divulged, (2) to persons who had no legitimate interest in the information, (3) in a manner that was coercive or oppressive, and (4) such information would be highly offensive and objectionable to a reasonable person of ordinary sensibilities. *Brown v. Wabash Nat'l Corp.*, 293 F. Supp. 2d 903, 905 (N.D. Ind. 2003) (internal citations omitted). This claim may be thwarted, however, if the facts disclosed are matters of legitimate public interest. "Once a matter is found to be within the sphere of public interest, otherwise private facts about a person may also be considered of legitimate public interest if those particular facts are sufficiently related to the natter that is legitimate public concern." *Nobles v. Cartwright*, 659 N.E.2d 1064, 1075 (Ind. Ct. App. 1995) (internal citations omitted). This applies "even when the information relates to a person who has neither sought nor consented to the publicity, but nevertheless has become a person about whom there is public interest because of his or her involvement in an occurrence or event that is of legitimate public concern." *Id.* at 1076 (internal citations omitted). Generally, the disclosed information must be closely related to a matter that was "newsworthy" at the time of the disclosure. *Id.* If the appropriate nexus exists between the information and an already newsworthy story, "the fact is also of legitimate public interest, no matter how sensitive or how private." *Id.* at 1077.

In this case, the claim of public disclosure of private facts cannot survive. Arguably, Duerring was invited to speak with the media solely because the underlying story about illegal wiretaps was newsworthy. The disclosure of information concerning the wiretaps was substantially and directly related to the newsworthy story about Plaintiffs, Chief Boykins, and the operations and personnel at the South Bend Police Department. Moreover, allegations of racial hostility and bias at the police department are undoubtedly matters of public concern. Therefore, the information Duerring disclosed is both substantially relevant and closely related to the general topic of illegal wiretaps ordered by Chief Boykins. Thus, a claim for public disclosure of private facts cannot stand.

Similarly, the facts supporting the claim for intentional infliction of emotional distress are insufficient. Intentional infliction of emotional distress requires that the defendant (1) engage in extreme and outrageous conduct that (2) intentionally or recklessly (3) causes (4) severe emotional distress to another. *Creel v. I.C.E. & Assocs., Inc.*, 771 N.E.2d 1276, 1282 (Ind. Ct. App. 2002). "The intent to harm emotionally constitutes the basis for this tort." *Id.* (internal citations omitted). Additionally, "the conduct at issue must exceed all bounds usually tolerated by a decent society and cause mental distress of a very serious kind." *Id.* Here, Plaintiffs have not alleged facts supporting any of the elements of this cause of action, instead inserting a conclusory statement that Duerring is liable for the tort. Mere conclusory allegations are insufficient to state a claim for relief.

Finally, Plaintiffs allege Duerring is liable for defamation; however, they did not defend their claim for defamation in their reply brief to Duerring's Motion to Dismiss. "If a defendant seeks a motion to dismiss the claims, the plaintiff must support in its response to the motion any and all claims it seeks to advance at trial." *Reinke v. Cargill, Inc.*, No. 10-C-795, 2011 WL

7

2471739, at *3 (E.D. Wis. June 21, 2011). Any claim not defended in the plaintiff's response motion is waived. *Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041–43 (7th Cir. 1999). Accordingly, Plaintiffs have waived their claim for defamation because they did not defend it following Duerring's Motion to Dismiss.

**E. Conclusion**

The Amended Complaint (DE 23) provides sufficient facts that plausibly demonstrate that Plaintiffs are entitled to relief on their Federal Wiretap Act claim. Their state tort claims, however, fall short, and are dismissed. Therefore, Duerring's Motion to Dismiss (DE 75) is **GRANTED IN PART** and **DENIED IN PART**.

SO ORDERED on October 31, 2013.

      s/ Joseph S. Van Bokkelen  
JOSEPH S. VAN BOKKELEN  
UNITED STATES DISTRICT JUDGE