UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| CITY OF SOUTH BEND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 3:12-cv-475 |
| | ) | |
| SOUTH BEND COMMON COUNCIL, | ) | |
| *ET AL.,* | ) | |
| | ) | |
| Defendants. | ) | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| BRIAN YOUNG, SANDY YOUNG | ) | |
| TIMOTHY CORBETT, DAVID WELLS, | ) | |
| And STEVE RICHMOND | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Cause No. 3:12-cv-532 JVB-CAN |
| | ) | |
| THE CITY OF SOUTH BEND, Acting | ) | |
| Through its Police Department, DARRYL | ) | |
| BOYKINS, Individually and in his Official | ) | |
| Capacity as Chief of Police, KAREN | ) | |
| DEPAEPE, and SCOTT DUERRING, | ) | |
| | ) | |
| Defendants. | ) | |

**THE CITY OF SOUTH BEND'S RESPONSE IN OPPOSITION TO KAREN DEPAEPE'S OBJECTION TO DISMISSAL OF THE CITY OF SOUTH BEND AND FOR LEAVE TO AMEND ANSWER TO FILE COUNTERCLAIM**

The City of South Bend (the "City"), by counsel, for its Response in Opposition to Karen DePaepe's Objection to Dismissal of the City of South Bend and for Leave to Amend Answer to File Counterclaim, states as follows:

**INTRODUCTION**

DePaepe's objection to the settlement and stipulated dismissal resolving multiple claims in this matter, and her accompanying request to belatedly assert a cross-claim against the City,

both are without merit and should be denied.  DePaepe's lack of standing to object to a settlement that did not result in legal prejudice to her is fatal to all of the relief she requests. Indeed, pursuant to Indiana statute, the City's settlement benefited DePaepe by mooting any claims alleged against her in her official capacity.   Moreover, because she lacks the requisite standing as a non-settling party to object to the dismissal, she also lacks any vehicle to bring a cross-claim against the City, which is no longer a co-defendant with DePaepe in defending claims against the "532 Plaintiffs."  But even if she had such a vehicle, her inexcusable delay of well over a year in asserting a claim that was known to her at the time the action was filed cannot be justified several months after the deadline to amend pleadings passed.  Accordingly, DePaepe cannot object to the dismissal of the City, has no basis to assert a cross-claim against it, and her motion should be denied.

## FACTUAL AND PROCEDURAL BACKGROUND

On September 9, 2012, plaintiffs Bryan Young, Sandy Young, Timothy Corbett, David Wells, and Steve Richmond (the "532 Plaintiffs") initiated an action alleging violation of their privacy rights by the City, Karen DePaepe ("DePaepe"), former Chief of Police Darryl Boykins ("Boykins"), and Scott Duerring ("Duerring") as cause number 3:12-CV-532 (the "532 Action").  Doc. Entry No. 1 (532 Action).  On October 25, 2012, the 532 Plaintiffs filed an Amended Complaint against the same defendants.  Doc. Entry No. 23 (532 Action).  On November 1, 2012, DePaepe filed her Answer, Affirmative Defenses, and Counterclaims (the "Answer").  Doc. Entry No. 25 (532 Action).  The Answer asserts Counterclaims for defamation and intentional infliction of emotional distress against the 532 Plaintiffs, but contains no cross-claim against the City or any mention of indemnification.  *Id.*  By its Order dated January 17,

dms.us.53366970.02

2013, the Court consolidated the 532 Action into the City's declaratory judgment action, 3:12-CV-475.  Doc Entry No. 32 (532 Action).

With its Order, the Court noted that "[a]ll deadlines from the 475 case are controlling." Order, at 4.  It further noted, however, that no case management deadlines had been set and scheduled a Rule 16 Preliminary Pretrial Conference for February 12, 2013.  Order, at 4. Following the conference, the Court issued a Scheduling Order and Memorandum of Status Conference.  Doc. Entry No. 60.  Pursuant to the Scheduling Order, the deadline for the amendment of pleadings was February 28, 2013.  *Id.*  DePaepe made no attempt to amend her Answer or assert additional claims prior to the expiration of the deadline.

On December 17, 2013, the 532 Plaintiffs and defendants Boykins and the City filed a Stipulation of Dismissal with Prejudice.  *See* Doc. Entry No. 97.  The parties stipulated, pursuant to a settlement reached between them, to the dismissal with prejudice of the 532 Plaintiffs' claims against Boykins and the City, leaving DePaepe and Duerring as the only non-settling defendants regarding claims arising from the 532 Action.  *See* Doc. Entry No. 97.  The following day, on December 18, 2013, DePaepe filed a motion objecting to the dismissal of the claims against the City and seeking leave to amend her answer to assert a cross-claim for indemnification against the City.  *See* Doc. Entry No. 98 (the "Motion").  The basis for her motion is to "avoid the initiation of a separate independent action against the City" and to "save time and resources."  Motion, at ¶ 4.  The City now files its response to the Motion.

## ARGUMENT

Lacking standing to object to the settlement, and seeking to amend her Answer without good cause several months after the deadline for doing so has passed, DePaepe's motion should be denied.  As a non-settling party, DePaepe has no standing to object to the settlement

3

because it does not result in legal prejudice to her.  Indeed, the settlement moots any claim against DePaepe in her official capacity under Indiana law.  Therefore, she cannot assert a cross-claim against the City, which is no longer a co-party defending claims brought by the 532 Plaintiffs.  But even if she could, no good cause exists to allow her to add a cross-claim well over a year after litigation commenced and in contravention of the Scheduling Order to assert indemnification rights that the settlement renders unnecessary. And, because the proposed amendment is improper in any event under Fed. R. Civ. P. 15(b).  DePaepe's objection to the settlement and request to amend her Answer should be denied.

> ### A.  As a non-settling party, DePaepe has no standing to object to the dismissal of claims against the City because the settlement does not legally prejudice her.

DePaepe cannot object to a settlement between the 532 Plaintiffs and the City that benefits her because she lacks standing to do so.  As a general rule, "a non-settling party does not have standing to object to a settlement between other parties."  *Agretti v. ANR Freight Sys., Inc.*, 982 F.2d 242, 246 (7th Cir. 1992).  Thus, "the Court should not intercede in the plaintiff's decision to settle with certain parties, unless a remaining party can demonstrate plain legal prejudice."  *Quad/Graphics, Inc. v. Fass*, 724 F.2d 1230, 1233 (7th Cir. 1983).  DePaepe cannot do so here, as she inexplicably objects to a settlement that not only does not prejudice her, but *benefits* her.  Indeed, pursuant to Indiana statute, the City's settlement with the 532 Plaintiffs moots any claims alleged by the 532 Plaintiffs against DePaepe in her official capacity as Director of Communications for the City.  *See* Ind. Code § 34-13-3-5(b) ("A … settlement made by a governmental entity bars an action by the claimant against an employee … whose conduct gave rise to the claim resulting in that judgment or settlement.").  DePaepe could not possibly be prejudiced by a settlement that eliminates the possibility that she could face liability for claims

that were rendered moot by the very settlement she opposes.  Accordingly, DePaepe lacks the necessary standing to object.

Likewise, whatever self-inflicted harm DePaepe has brought upon herself by failing to timely assert her purported indemnification rights in a timely manner is insufficient to establish standing to object to the settlement.  After sitting on her indemnification claim for fifteen months, DePaepe only now objects to the settlement to "avoid the initiation of a separate independent action against the City" and to "save time and resources."  Mot., at ¶ 4.  But this basis for her objection is insufficient to establish the legal prejudice required to confer standing on DePaepe.  Indeed, "a showing of injury in fact, such as the prospect of a second lawsuit or the creation of a tactical advantage, is insufficient to justify denying the plaintiff's motion to dismiss."  *Quad/Graphics*, 724 F.2d at 1233.  Thus, "courts have repeatedly held that a settlement which does not prevent the later assertion of a non-settling party's claims, although it may force a second lawsuit against the dismissed parties, *does not cause plain legal prejudice* to the non-settling party."  *Agretti*, 982 F.2d at 247 (emphasis added); *see also Quad/Graphics*, 724 F.2d at 1234 (holding that "additional expense and effort" of separate action "is insufficient to demonstrate plain legal prejudice.").  And because the settlement does not result in legal prejudice to DePaepe—and in fact benefits her—she does not have standing to object to the settlement between the City and 532 Plaintiffs.  Accordingly, her objection to the settlement cannot be maintained and the dismissal of the claims against the City should be entered.

**B.  The dismissal of claims against the City means that it is no longer a co-party and DePaepe cannot assert a cross-claim against the City.**

Because DePaepe lacks standing to prevent the stipulated dismissal of claims against the City, she cannot assert a cross-claim against the City.  The stipulation for dismissal seeks "dismissal of the claims in Cause No. 3:12-cv-532-JVB-CAN against the City of South

Bend." Doc. Entry No. 97. Thus, the vehicle for DePaepe's claim against the City—a cross-claim under Fed. R. Civ. P. 13(g) on the basis that the City is a co-defendant—is no longer viable. *See* Fed. R. Civ. P. 13(g) ("A pleading may state as a crossclaim any claim by one party against a *coparty . . .*") (emphasis added); Motion, at ¶ 1. The dismissal of the 532 Plaintiffs' claims against the City will leave no claims pending against the City as a defendant in the 532 action. As a result, the City is no longer a co-party with DePaepe in that action. Thus, she cannot assert a cross-claim against the City in this action. *Cf. Seiffer v. Topsy's Int'l*, Inc., 487 F. Supp. 653, 709 (D. Kan. 1980) (dismissing cross-claim against co-party that was not brought until after orders dismissing the co-party had been entered). For this reason alone, her request to amend her Answer to add a cross-claim should be denied.

> **C. DePaepe has failed to demonstrate good cause to amend her Answer several months after the deadline to amend pleadings has passed and the amendment is improper pursuant to Fed. R. Civ. P. 15(b).**

But even if a proper vehicle existed for DePaepe to assert a cross-claim against the City, the amendment should not be permitted. Because the scheduling order deadline to amend pleadings expired nearly a year ago, to determine if an amendment is proper, "the requirements of Rule 15 must be read in conjunction with the requirements of Rule 16, because once the district court has filed a pretrial scheduling order pursuant to Rule 16 establishing a time table for amending pleadings, that rule's standards control." *Mid-Am. Found. Supply, Inc. v. Konga Marine Logistics, LLC*, 1:12-CV-328, 2013 WL 5671058, at *2 (N.D. Ind. Oct. 16, 2013). "Thus, a party seeking to amend a pleading after the final date specified in a scheduling order must *first* show 'good cause' for the amendment under Rule 16(b); *then*, if good cause is shown, the party must demonstrate that the amendment is proper under Rule 15." *Id.* (emphasis added).

6

Because DePaepe has failed to demonstrate either good cause or that the proposed amendment is proper under Fed. R. Civ. P. 15(b), her motion should be denied.

       1.   <u>No good cause exists to permit DePaepe to amend her Answer to assert a cross-claim against the City.</u>

DePaepe provides no justification for her inexcusable lack of diligence in asserting her cross-claim for fifteen months after this action was initiated and therefore no good cause exists to permit it. "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.,* 424 F.3d 542, 553 (7th Cir. 2005) (quoting *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir.1992)). "In other words, to demonstrate good cause, a party must show that despite its diligence, the time table could not reasonably have been met." *Mid-Am. Found. Supply, Inc. v. Konga Marine Logistics, LLC*, 1:12-CV-328, 2013 WL 5671058 (N.D. Ind. Oct. 16, 2013). No such showing has been made by DePaepe here.

This action was initiated approximately fifteen months ago in October 2012. Any indemnification rights belonging to DePaepe were in existence at that time. *Lear Resources, Inc. v. Uland*, 485 N.E.2d 134, 137 (Ind. Ct. App. 1985); *see also Safway Steel Products v. Casteel Const. Co.*, 3:95-CV-692-RP, 1998 WL 792189, at *4-5 (N.D. Ind. Nov. 3, 1998) (citing *Lear Resources* for the proposition that "the right to be indemnified came into being when a claim was filed rather than with the entry of judgment."). And the underlying factual basis for her claim— that she was working within the scope of her employment with the City—could not have been unknown to her at that time. Despite this, she asserted no indemnification claim against the City with her Answer. What is more, she long ago allowed the February 2013 deadline to amend pleadings to pass without making any attempt to assert such a claim. And now, approximately ten months after the expiration of the deadline, she fails to provide any justification for her lack

of diligence in asserting the claim.  Indeed she cannot, as whatever indemnification rights she asserts at this late stage existed and were known to her at least fifteen months ago. In short, her untimely request to amend, made only after a settlement was reached resolving all claims against the City by the 532 Plaintiffs, lacks any justification.  Accordingly, DePaepe has not shown good cause to amend her Answer and her request to do so should be denied.

>    2.   _The Amendment is improper pursuant to Rule 15(b) of the Federal Rules of Civil Procedure._

In addition to lacking good cause for an untimely amendment, DePaepe's proposed amendment is not proper under Fed. R. Civ. P. 15(b).  Leave to amend is not a right, and "can be denied for undue delay, bad faith, dilatory motive, prejudice, or futility."  *Ind. Funeral Dirs. Ins. Trust v. Trustmark Ins. Corp.*, 347 F.3d 652, 655 (7th Cir.2003).  As noted above, DePaepe has failed to provide any justification for her delay in asserting a cross-claim against the City.  After fifteen months of litigation, the close of the first phase of discovery, the filing of several dispositive motions, and the settlement and mooting of many of the claims in this action, the amendment would prejudice the parties to the action that have proceeded for so long absent any indemnification claim from DePaepe.  There is simply no justification for DePaepe's undue delay, and she should not be granted leave to amend.  *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005) (denying amendment nine months after deadline to amend pleadings passed where plaintiff was or should have been aware of the facts underlying the claim long before); *Sanders v. Venture Stores, Inc.*, 56 F.3d 771, 774 (7th Cir. 1995) (noting the 7th Circuit "uniformly" advises that leave to amend "after discovery has been closed and after a defendant's motion for summary judgment has been filed, is considered unduly delayed and prejudicial.").  And the timing of the requested amendment—

8

made one day after the settling parties sought a dismissal leaving only DePaepe and Duerring as defendants, supports an inference of bad faith.

Moreover, DePaepe's proposed amendment is futile as there are no longer any pending claims against DePaepe for which she could be entitled to indemnification. As previously noted, claims against DePaepe based on actions taken prior to the termination of her employment—i.e., claims against DePaepe in an official capacity—have been made moot by virtue of the City's settlement with the 532 Plaintiffs. *See* Ind. Code § 34-13-3-5(b) ("A … settlement made by a governmental entity bars an action by the claimant against an employee … whose conduct gave rise to the claim resulting in that judgment or settlement."); *Walker v. Sheahan*, 526 F.3d 973, 977 (7th Cir. 2008) ("[a]ctions against individual defendants in their official capacities are treated as suits brought against the government entity itself").

In addition, personal capacity claims against DePaepe based on actions taken prior to the termination of her employment also now appear to be moot. *See City of Gary v. Conat*, 810 N.E.2d 1112, 1118 (Ind. Ct. App. 2004) ("[A] plaintiff cannot sue a governmental employee personally if the complaint, on its face, alleges that the employee's acts leading to the claim occurred within the scope of his employment.") (citing *Bushong v. Williamson*, 790 N.E.2d 467, 471 (Ind. 2003)); Amended Complaint, ¶ 47 (alleging that DePaepe's actions taken prior to the termination of her employment were "within the scope [of her] employment"); Ind. Code § 34-13-3-5(b) ("A lawsuit alleging that an employee acted within the scope of the employee's employment bars an action by the claimant against the employee personally. However, if the government entity answers that the employee acted outside the scope of the employee's employment, the plaintiff may amend the complaint and sue the employee personally."). By sitting on her purported indemnification rights until after the claims were settled, DePaepe

9

waived her ability to bring them.  *See* 13 Ind. Prac. § 4.9 ("It is possible to waive or forfeit an indemnification right if the defendant takes steps in the defense of the matter before making a demand for indemnification which prejudices the ability of the party from whom indemnity is sought to defend adequately.").  As a minimum, a cross-claim would be futile at this juncture because any claims based on actions taken by DePaepe prior to the termination of her employment have been either released or waived.

Any cross-claim for indemnification relating to claims arising out of actions taken by DePaepe after her employment ended is likewise futile.  Under no set of facts is the City obligated to indemnify DePaepe for conduct she engaged in after her employment with the City ended.  A public employee's right to indemnification arises only when the employee's "act or omission causing the loss [occurs] within the scope of the employee's employment."  Ind. Code § 34-13-3-5(d); *see also* Ind. Code § 34-13-3-5(e) (stating that a governmental entity is responsible for the costs and fees relating to the defense of a claim when the act or omission causing the loss occurs "within the scope of the employee's employment").  By definition, acts occurring after an employee's employment ends cannot have occurred within the scope of the employee's employment.  *See, e.g., Shelby v. Truck & Bus Group Div. of General Motors Corp.*, 533 N.E.2d 1296 (Ind. Ct. App. 1989) ("An employer will not be held liable for the independent torts of an employee 'where the act is done on the employee's own initiative and is not done in the service of the employer.'") (quoting *Boyle v. Anderson Fire Fighters Ass'n*, 497 N.E.2d 1073, 1078 (Ind. Ct. App. 1986)); *Gomez v. Adams*, 462 N.E.2d 212, 223 (Ind. Ct. App. 1984) (finding that security guard's off-duty forgery of stolen blank corporate check was outside the scope of his employment because it was divorced in "time, place, and purpose" from his employment).  Because DePaepe is not entitled to indemnification for her post-employment

conduct, and any claims for which she may have been entitled to indemnification have been resolved, DePaepe's indemnification claim is futile. *See Sound of Music Co. v. Minnesota Min. & Mfg. Co.*, 477 F.3d 910, 923 (7th Cir. 2007) (where "the amended claim would not survive a motion for summary judgment, the amendment is futile.") And because DePaepe lacks the proper vehicle to bring a cross-claim against the City, cannot show good cause for her delay in asserting it, and the amendment is not proper under Rule 15(b), her motion to amend should be denied.

## CONCLUSION

For the foregoing reasons, the City respectfully requests that the Court deny DePaepe's objection to the stipulation for dismissal, enter the dismissal, and deny DePaepe's motion for leave to amend her Answer to add a cross-claim against the City.  The City further requests all other just and proper relief to which it may be entitled.

Respectfully Submitted,

FAEGRE BAKER DANIELS LLP


/s/ Ryan G. Milligan
Edward A. Sullivan, III (17577-71)
J.P. Hanlon (21230-71)
Ryan G. Milligan (28691-71)
FAEGRE BAKER DANIELS LLP
202 S. Michigan St., Suite 1400
South Bend, Indiana 46601
Phone:  574.234.4149
Facsimile:  574.239.1900

Aladean DeRose (4495-71)
City Attorney
227 West Jefferson Blvd., Suite 1400
South Bend, Indiana 46601
Phone:  574.235.9241
Facsimile:  574.235.7670

*Counsel for the City of South Bend*

11

## <u>CERTIFICATE OF SERVICE</u>

I certify that on the 7th day of January, 2014, a copy of the foregoing was served upon the following parties and counsel of record through either the Court's electronic filing system or by U.S. Mail, postage prepaid:

Jeffrey S. McQuary
BROWN TOMPKINS LORY & MASTRIAN
608 East Market Street
Indianapolis, IN  46202
jmcquary@brown-tompkins-lory.com
*Counsel for Respondents Brian Young, Tim*
*Corbett, Dave Wells, Sandy Young, Steve*
*Richmond*

Robert J. Palmer
E. Spencer Walton
Christopher M. Lerner
MAY · OBERFELL · LORBER
4100 Edison Lakes Parkway, Suite 100
Mishawaka, IN  46545
rpalmer@maylorber.com
ewalton@maylorber.com
Clerner@maylorber.com
*Counsel for South Bend Common Council*

Thomas M. Dixon
Dixon, Wright & Associates, P.C.
55255 Birchwood Court
Osceola, IN  46561
574-315-6455
Fax:  574-675-7783
Email:  tdixon3902@comcast.net
*Counsel for Darryl Boykins*

Daniel H. Pfeifer
Jeffrey J. Stesiak
PFEIFER MORGAN & STESIAK
53600 N. Ironwood Drive
South Bend, IN  46635
dpfeifer@pilawyers.com
jstesiak@pilawyers.com
*Attorney for Respondents*

Marielena Duerring
Duerring Law Offices
61191 US 31 South
South Bend, IN  46614
(574) 968-0250
attymduerring@aol.com
*Counsel for Karen DePaepe and Scott*
*Duerring*

s/ Ryan G. Milligan

12

dms.us.53366970.02