UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| CITY OF SOUTH BEND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 3:12-cv-475 |
| | ) | |
| SOUTH BEND COMMON COUNCIL, *ET AL.*, | ) | |
| | ) | |
| Defendants. | ) | |

*****************************************************************

| | | |
|---|---|---|
| BRIAN YOUNG, SANDY YOUNG TIMOTHY CORBETT, DAVID WELLS, And STEVE RICHMOND | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Cause No. 3:12-cv-532 JVB-CAN |
| | ) | |
| THE CITY OF SOUTH BEND, Acting Through its Police Department, DARRYL BOYKINS, Individually and in his Official Capacity as Chief of Police, KAREN DEPAEPE, and SCOTT DUERRING, | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## THE CITY OF SOUTH BEND'S RESPONSE IN OPPOSITION TO KAREN DEPAEPE'S MOTION TO STRIKE AFFIDAVIT OF ALADEAN DEROSE

The City of South Bend (the "City"), by counsel, for its Response in Opposition to Karen DePaepe's Motion to Strike Affidavit of Aladean DeRose, states as follows:

## INTRODUCTION

The City designated as an undisputed fact a letter from the United States Attorney for the Northern District of Indiana, David Capp, to City Attorney Aladean DeRose that, among other things, states as follows:

> SBPD had a practice over many years of recording certain police phone lines and radio communications, but not all phone lines. The investigation did not uncover a written document that specified exactly what phone lines were to be recorded; instead the investigation revealed a historical practice of oral instructions from Police Chief to the Director of Communications . . .
>
> Approximately two years ago during a change in leadership . . , the Chief of the Detective Bureau's line was mistakenly not recorded and the line assigned to one of the detectives in the bureau was mistakenly recorded instead.  Once this was learned, the recording on that line continued.  Ultimately, certain conversations from that line were placed on five cassette tapes.

Affidavit testimony from DeRose establishes her personal knowledge regarding the origin, receipt, and retention of the letter.  It also establishes that she received the letter on June 1, 2012 while she was head of the City's Legal Department and her job duties included handling legal matters pertaining to the recordings.  The letter she received from Capp is itself admissible within the public records exception to the hearsay rule because it sets forth the factual findings from a legally authorized investigation.  Moreover, the letter was created by the Department of Justice—and received and stored by the City's Legal Department—in the ordinary course of business for both departments, also qualifying it for admission under the business records exception to the hearsay rule.  Accordingly, DePaepe's motion should be denied and the evidence should be admitted.

## FACTUAL AND PROCEDURAL BACKGROUND

On December 13, 2013, the City filed its Motion for Summary Judgment (the "Motion").  Doc. Entry No. 96.  Among the materials designated in support of the Motion, the City submitted an affidavit of City Attorney Aleadean DeRose (the "DeRose Affidavit").  Doc Entry No. 96-12.  DeRose testified, among other things, that she was the head of the City's Legal Department on June 1, 2012, when the City received a letter from United States Attorney David

2

Capp.  *See* DeRose Aff., at ¶¶ 1-2.  The letter, which was addressed to DeRose, is attached to the DeRose Affidavit as Exhibit 1 (the "Capp Letter").  Doc. Entry No. 96-11.  The Capp Letter provides a brief summary of the Department of Justice's investigation into the recording practices of the South Bend Police Department (the "Police Department").  *See* Capp Letter.  The Capp Letter notes that the Police Department had a practice of recording some—but not all—incoming telephone calls and a "historical practice of oral instructions from [the] Police Chief to the Director of Communications" regarding which lines would be recorded.  *See* Capp Letter.  It further notes that "the recording on [Brian Young's] line continued" even after it was discovered that it had been "mistakenly recorded."  *See* Capp Letter.  The letter is on official Department of Justice letterhead and is signed by Mr. Capp.  *See* Capp Letter.

On December 23, 2013, Karen DePaepe ("DePaepe") filed a Motion to Strike Affidavit of Aladean DeRose (the "Motion to Strike"), contending the letter is hearsay and DeRose failed to establish the required personal knowledge for her testimony.  Doc. Entry No. 102.  The City now files its response in opposition to the Motion to Strike.

## ARGUMENT

DePaepe's Motion to Strike fails to provide any legal basis for striking the City's evidence and should be denied.  At the summary judgment stage, the district court is authorized to consider any materials beyond the pleadings that would be admissible at trial.  *Oriental Health Spa v. City of Fort Wayne*, 864 F.2d 486, 490 (7th Cir. 1988).  Affidavit testimony is admissible if it is "made on personal knowledge, set[s] out facts that would be admissible in evidence, and show[s] that the affiant or declarant is competent to testify on the matters stated."  Fed. R. Civ. P. 56(c)(4).  Because the DeRose Affidavit complies with each of these requirements, and the Capp

3

Letter is subject to the public records and business records hearsay exceptions, it is properly admissible for the purposes of summary judgment.

## I. DeRose's Affidavit contains sufficient testimony to establish her personal knowledge regarding the receipt and origin of the Capp Letter.

DePaepe first asserts that DeRose's Affidavit is inadmissible because it is not based on her personal knowledge. This contention, in a vacuum of any supporting argument, or evidence or supporting law, is without merit. To establish personal knowledge, an affiant must only provide testimony "sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602. DeRose testified that she was the Interim City Attorney at the time the letter was received, that she was the head of the Legal Department, and that matters relating to the recordings were part of her job duties. DeRose Aff., ¶ 1-2. The Capp Letter accordingly was addressed to DeRose, and she testified that she received it in the course of her duties on June 1, 2012. DeRose Aff., ¶ 1-2. Moreover, DeRose testified that the Capp Letter was received and kept by the City in the ordinary course of its business. DeRose Aff., ¶ 3. This testimony is sufficient to establish DeRose's personal knowledge regarding the receipt and origin of the Capp Letter as well as the manner in which it was kept by the City's Legal Department. Accordingly, there exists no basis to strike the affidavit based on lack of personal knowledge. *See* Fed. R. Civ. P. 56(c)(4).[1]

---

[1] As DePaepe concedes, the purpose of the DeRose Affidavit was to set a foundation for and authenticate the Capp Letter. The affidavit contains information sufficient to establish a foundation for the admissibility of the Capp Letter under the public records and business records exception. *See* Fed. R. Evid. 901(a) ("the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is."); Fed. R. Evid. 901(b)(7) (A public record can be authenticated by, among other methods, any evidence that the "public record or statement is from the office where items of this kind are kept.").

**II.     The Capp Letter attached to the DeRose Affidavit is admissible under the public records and business records exceptions to the hearsay rule.**

DePaepe further contends that the Capp Letter attached to the DeRose affidavit contains hearsay and therefore is inadmissible for the purposes of summary judgment. This contention, which is also conclusory and unsupported, is simply incorrect. Evidence that "is properly qualified as an exception to the hearsay rule" is admissible in support of a motion for summary judgment. *Oriental Health Spa*, 864 F.2d at 490.   Here, the Capp Letter is admissible under both the public records and business records exceptions to the hearsay rule.

A.     *The Capp Letter is a public record that sets out the activities of the Justice Department and the factual findings from a legally authorized investigation.*

Pursuant to the public records exception, "[a] record or statement of a public office" is admissible if "it sets out the office's activities . . . [or] factual findings from a legally authorized investigation and neither the source of information nor other circumstances indicate a lack of trustworthiness." Fed. R. Evid. 803(8). The Capp Letter qualifies as a public record under either prong of the exception. The FBI's investigation of the City's recording practices is an ordinary activity of the Department of Justice and is admissible on that ground alone. *Cf. United States v. Jefferson*, 1:07-CR-209, 2009 WL 2447845 (E.D. Va. Aug. 8, 2009) (stating that "Rule 803(8)(A) clearly does apply to those public agency records which set forth the agency's own customary activities."). What is more, the Capp Letter notes that the FBI investigation was requested by the United States Attorney for the Northern District of Indiana's office, which is also a division of the Department of Justice, and sets out the factual findings from that investigation. Thus, the Capp Letter is admissible even if Capp himself did not have firsthand knowledge of the reported matters. *Jordan v. Binns*, 712 F.3d 1123, 1133 (7th Cir. 2013) (noting that public records are admissible even where their "author does not have firsthand knowledge of

5

the reported matters."). And as a public record, the Capp Letter is admissible as a hearsay exception for the purposes of summary judgment. *See Abrams v. Van Kampen Funds, Inc.*, 01 C 7538, 2005 WL 88973 (N.D. Ill. Jan. 13, 2005) (holding Securities and Exchange Commission letters regarding collection of evidence and investigation admissible); *Fujisawa Pharm. Co., Ltd. v. Kapoor*, 92 C 5508, 1999 WL 543166 (N.D. Ill. July 21, 1999) (holding that three letters detailing Food and Drug Administration factual findings from an investigation were admissible under Fed.R.Evid. 803(8)(C)); *Sabel v. Mead Johnson & Co.*, 737 F. Supp. 135, 142 (D. Mass. 1990) (holding letter from the Food and Drug Administration containing opinions based on a factual investigation admissible under public records exception).

Thus, the Capp Letter could only be excluded as inadmissible if the source of the information or other circumstances indicated a lack of trustworthiness. As the opponent of the evidence, DePaepe bears the burden of establishing that the Capp Letter lacks trustworthiness. *Abrams*, 2005 WL 88973, at *18 ("If the threshold requirements of being factual findings resulting from an investigation made pursuant to authority granted by law are satisfied, trustworthiness is presumed and the burden is on the party opposing admission to show a lack of trustworthiness."). DePaepe fails to carry this burden, and in fact provides no reason at all to conclude that the Capp Letter lacks trustworthiness.

Indeed, the evidence supports the opposite conclusion. To evaluate trustworthiness, courts generally look to four nonexclusive factors set forth in the Advisory Committee Notes to the public records exception. *Abrams*, 2005 WL 88973, at *19 (citing *Coleman v. Home Depot, Inc.*, 306 F.3d 1333, 1342 (3d Cir. 2002)). Those factors are the timeliness of the investigation, the special skill or expertise of the official, whether a hearing was held, and possible motivational problems with the investigator. *Id.* The Capp Letter itself

verifies the timeliness of the FBI's investigation of the City's recording practices.  The U.S. Attorney was presented with complaints regarding the recording of phone conversations in January 2012, the complaints were investigated at the request of the U.S. Attorney "shortly thereafter," and the factual findings from the investigation were presented to the City via the Capp Letter on May 31, 2012.  *See* Capp Letter.  In other words, in less than six months, the FBI investigation was completed and the resulting factual findings were provided to the City.  Similarly, the contents of the Capp Letter verify that the investigation was not biased.  Indeed, the letter confirms that the Department of Justice exercised its prosecutorial discretion to decline prosecuting those involved, including DePaepe.  *See* Capp Letter (acknowledging that "the practice in question here has terminated and that the SBPD is now preparing formal policies in the area of recording police lines *so as to be in full compliance with the Wiretap Act*," and stating that "no federal prosecution [was] warranted.") (emphasis added).  As the Capp Letter is admissible under the public records exception and she provides no reason to doubt its trustworthiness, DePaepe's motion to strike should be denied.

      B.    <u>The Capp Letter is admissible under the business records exception because it was made by the Department of Justice, and received and kept by the City's Legal Department, in the ordinary course of business.</u>

In addition to being admissible under the public records exception, the Capp Letter is also admissible as a business record.  A document is admissible under the business records exception if, among other things, "the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit."  Fed. R. Evid. 803(6).  Pursuant to the Federal Business Records Act, documents created by federal agencies qualify as business records.  28 U.S.C. § 1732; *Hodge v. Seiler*, 558 F.2d 284, 288 (5th Cir. 1977) (affirming trial court's admission of investigative report completed by

7

Department of Housing and Urban Development over objection). Accordingly, such records are admissible under the business records exception even when they do not satisfy the requirements of the public records exception. *See United States v. King*, 613 F.2d 670, 673 (7th Cir. 1980).[2]

The Capp Letter, on its face, was created in the ordinary course of business for the Department of Justice. It is on Department of Justice letterhead and was signed by Capp. Also, in her affidavit, DeRose testified that the City received the Capp Letter in the ordinary course of its business on June 1, 2012, a fact which is confirmed by a stamp on the letter stating "RECEIVED JUN 01 2012 CITY OF SOUTH BEND DEPARTMENT OF LAW." *See* Capp Letter. The letter is addressed to DeRose as Acting City Attorney and was received by her pursuant to a legal matter that constituted part of her legal duties. DeRose Aff., ¶ 3. Again, DePaepe provides no evidence or argument that the Capp Letter or is unreliable or not what DeRose purports it to be. Accordingly, the Capp Letter is also admissible as a record received and kept by the City in the ordinary course of its Law Department's duties. Under either exception, and properly authenticated by the DeRose Affidavit, the Capp Letter is admissible.

## CONCLUSION

Because the Capp Letter was properly authenticated as a public record and business record by competent affidavit testimony made on personal knowledge, it is admissible for the purposes of summary judgment. Accordingly, the Court should deny DePaepe's motion to strike the affidavit and further provide the City all other just and proper relief to which it may be entitled.

---

[2] The court in *King* admitted Social Security Administration forms in a criminal fraud prosecution pursuant to the business records exception in lieu of the public records exception because the authors of the forms were present to testify at trial. *King*, 613 F.3d at 673. Because that case was a criminal case, the issue presented to the Court was whether the inadmissibility of public records in criminal cases precluded them from being admitted under the business records exception. *Id.* at 673-674, n.4. Accordingly, the Court held the records admissible because their author testified at trial. *Id.* at 674. This same requirement does not appear to be explicitly imposed in civil cases and, in any event, Fed. R. Evid. 803(8) does not serve to bar admission of the Capp Letter in the first instance.

Respectfully Submitted,

FAEGRE BAKER DANIELS LLP


/s/ Ryan G. Milligan
Edward A. Sullivan, III (17577-71)
J.P. Hanlon (21230-71)
Ryan G. Milligan (28691-71)
FAEGRE BAKER DANIELS LLP
202 S. Michigan St., Suite 1400
South Bend, Indiana 46601
Phone:  574.234.4149
Facsimile:  574.239.1900

Aladean DeRose (4495-71)
City Attorney
227 West Jefferson Blvd., Suite 1400
South Bend, Indiana 46601
Phone:  574.235.9241
Facsimile:  574.235.7670

*Counsel for the City of South Bend*

## CERTIFICATE OF SERVICE

I certify that on the 13th day of January, 2014, a copy of the foregoing was served upon the following parties and counsel of record through either the Court's electronic filing system or by U.S. Mail, postage prepaid:

Jeffrey S. McQuary
BROWN TOMPKINS LORY & MASTRIAN
608 East Market Street
Indianapolis, IN  46202
jmcquary@brown-tompkins-lory.com
*Counsel for Respondents Brian Young, Tim Corbett, Dave Wells, Sandy Young, Steve Richmond*

Robert J. Palmer
E. Spencer Walton
Christopher M. Lerner
MAY · OBERFELL · LORBER
4100 Edison Lakes Parkway, Suite 100
Mishawaka, IN  46545
rpalmer@maylorber.com
ewalton@maylorber.com
Clerner@maylorber.com
*Counsel for South Bend Common Council*

Thomas M. Dixon
Dixon, Wright & Associates, P.C.
55255 Birchwood Court
Osceola, IN  46561
574-315-6455
Fax:  574-675-7783
Email:  tdixon3902@comcast.net
*Counsel for Darryl Boykins*

Daniel H. Pfeifer
Jeffrey J. Stesiak
PFEIFER MORGAN & STESIAK
53600 N. Ironwood Drive
South Bend, IN  46635
dpfeifer@pilawyers.com
jstesiak@pilawyers.com
*Attorney for Respondents*

Marielena Duerring
Duerring Law Offices
61191 US 31 South
South Bend, IN  46614
(574) 968-0250
attymduerring@aol.com
*Counsel for Karen DePaepe and Scott Duerring*

s/ Ryan G. Milligan