UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CITY OF SOUTH BEND,                       )
                                          )
                    Plaintiff,            )
                                          )
          v.                              )      Cause No. 3:12-cv-475
                                          )
HOLDER, et al.                            )
                                          )
                    Defendants.           )

## DEPAEPE'S REPLY TO THE CITY'S RESPONSE IN OPPOSITION TO OBJECTION TO DISMISSAL AND LEAVE TO FILE CROSSCLAIM

The City's response opposing DePaepe's motion objecting to the dismissal of the City and seeking leave to file a cross-claim essentially proffers two grounds upon which it argues that the court should deny her motion.  The City first argues that DePaepe lacks standing to object to the settlement of the claims between the City and the plaintiffs. (City B. p. 3). In support of this argument the City cites to, *Agretti v. ANR Freight Sys. Inc.,* 982 F.2d 242 (7th Cir. 1992), quoting, "the Court should not intercede in the plaintiff's decision to settle with certain parties, unless a remaining party can demonstrate plain legal prejudice." *Id.* at 246. Although not specifically referred to by the City, the court in, *Agretti,* also recognized the general rule that a non-settling party does not have standing to object to a settlement between other parties. The court stated, "Particularly, 'non-settling defendants in a multiple defendant litigation context have no standing to object to the fairness or adequacy of the settlement by other defendants.'" (citing 2 Herbert B. Newberg, Newberg on Class Actions §11.54 (2d ed. 1985). The court went on to hold that was what ANR was attempting to do and upheld the District Court's denial of ANR's

1

objection to the settlement which in fact was a class action settlement subject to Court approval.[1]

The City has completely misconstrued DePaepe's motion. DePaepe is not objecting to the settlement terms between the City and the plaintiffs. Unlike the position taken by ANR in, *Agretti*, supra, her objection has nothing to do with the "fairness or adequacy" of the settlement between the City and the plaintiffs. DePaepe simply objects to the dismissal of the City as a co-defendant in order to permit her to file a cross claim against the City under Fed. R. Civ. P. 13(g).

DePaepe's claim for indemnification against the City is not only founded on common law, but also has a statutory basis as set forth under *I.C.* §34-13-3-5. Her claim in the context of this action is a *permissive* cross claim. In other words her claim could be asserted within the instant case or brought totally independent of this action. In, *Blair v. Cleveland Twist Drill Co.* 197 F.2d 842, 845 (7th Cir. 1952), the court stated, that Rule 13, and Rule 14 are "both intended to avoid circuity of action and to dispose of the entire subject matter arising from one set of facts in one action, thus administering complete and even handed justice expeditiously and economically. They are remedial and should be liberally construed. While both permit some discretion on the part of the court, there must be sound reason for the exercise of such discretion to deny the relief made possible thereunder." *Id.* The Sixth Circuit views Rule 13 in a similar fashion. In, *Progressive Cas. Ins. Co. v. Belmont Bancorp,* 199 F.R.D. 219,223-224 (S.D.Ohio 2001), the court held that the claim for indemnification asserted by one of the defendants in his cross-claim against another defendant arose out of the "same transaction and occurrence" as set out in Rule 13 and therefore was proper. The court held, "the logical relationship test is the

---

[1] Completely different than the case at bar.

2

generally accepted standard for determining whether there is a properly assertable cross-claim. That test seeks to determine whether the cross-claim involves many of the same factual and legal issues present in the main action." *Id.* The court held that Rule 13 was to be construed liberally.

In the case at bar, DePaepe as a former governmental employee has a statutory right of indemnification against the City. Not only for a judgment, but also for attorney fees and costs under, *I.C.* §34-13-3-5(e). DePaepe clearly has a cross-claim against the City arising from the same transaction and occurrence as the original claim filed herein.

DePaepe recognizes that the decision of the court is discretionary. In this case, the City omitted one salient fact concerning the procedural history of this case. In this court's scheduling order entered on February 12, 2013 there was a bifurcated discovery plan set up as well as a bifurcated "issue resolution" method established. The scheduling order specifically states, "Because all parties agree that staged discovery would be helpful and appropriate in this case, the Court now ORDERS that all discovery concerning the legality of the recorded phone conversations as that issue relates to the Federal Wiretap Act, shall be completed by June 1, 2013. Thereafter, discovery is STAYED pending the Court's ruling on anticipated dispositive motions concerning the Federal Wiretap Act. (Doc.60, 00475-JVB-CAN). As such, the only discovery and only issue to be currently resolved was the issue of the legality of the recordings. Perhaps in retrospect the schedule regarding amending the pleadings should have reflected the bifurcated nature of the procedure but it did not. Nothing in this first phase really has any issue regarding DePaepe's cross-claim. Therefore, the City is truly not prejudiced in any way if DePaepe's amendment was permitted. No discovery could have proceeded on her

3

indemnification claim even it had been filed prior to the amendment cut off date. The City's claim of prejudice simply has no merit, as the discovery and dispositive motions filed in this case were specifically limited to the Wire Tap issue and that issue alone.

As stated in the beginning the City's reasoning was primarily based upon two grounds, one a lack of standing as discussed above, and the second is based upon an argument that DePaepe has shown no "good cause" to permit an amendment at this time. It only is sound logical reasoning that the issue of "good cause" should be balanced against the prejudicial impact of any proposed amendment. DePaepe did not file her cross claim earlier simply because the entire focus of the case was on the legality of the recorded conversations as reflected in the court's scheduling order. Originally, the City simply took the position that it needed the court to tell it if the recordings were legal or not and filed a Declaratory Judgment Action reflecting that position. It was not anticipated that the City would settle with ANYONE without the court's guidance as to the legality of the recording. Such was not the case.[2]

The prejudicial impact on the City to permit the proposed amendment is minimal if non-existent.  First of all, even with the dismissal of the plaintiffs' claims the City remains a party to the consolidated lawsuit. As such, if permitted the cross-claim of DePaepe would not "suck" the City back into the action. Secondly, since the discovery was bifurcated there is no prejudice to the City. The parties would not have been permitted to engage in any discovery of any such cross-claim even had it been filed with her original answer. Thirdly, by permitting the proposed cross-claim there will be the

---

[2] Indeed, apparently the City settled with individuals who lacked total standing under the Wiretap Act to sue as their phone lines either were never recorded or their conversations were never listened to, see the undisputed facts as established by the discovery. Steve Richmond's line was never recorded, and there was a total absence of any evidence Barbra Young was ever a party to any recorded conversations.

avoidance of another independent suit between DePaepe and the City. To permit this cross-claim would be to "avoid circuity of action and to dispose of the entire subject matter arising from one set of facts in one action, thus administering complete and even handed justice expeditiously and economically." *Blair,* supra at 845.

Finally the City seems to proffer an argument that DePaepe's cross-claim would be subject to dismissal since the City's settlement with the plaintiffs operates as a bar to any claim against her while employed by the City. DePaepe would agree that the City's settlement with the plaintiffs act as a bar to their claims against her that arose during her employment with the City and fully intends to plead that bar at the earliest possible moment. But DePaepe would argue that her claim for indemnification is not only applicable for any judgment but also for costs and attorney fees incurred by her prior to the settlement. *I.C.* §34-13-3-5(e) provides that the employee may also recover attorney fees and costs incurred by the employ in defense of a claim or suit. Regardless of how this court may rule on DePaepe's subsequent claim of bar against the plaintiffs' claims and how that affects her legal defenses[3], DePaepe's claim for costs and fees remain viable against the City either in this action or in a separate action.

## CONCLUSION

For the above and forgoing reasons DePaepe requests that her motion objecting to the dismissal of the City be granted and that the court permit her to file her Amended Answer with the proposed cross-claim.

---

[3] The settlement of the plaintiffs' claims against the City bars any action against DePaepe while she was employed by the City, as such the issue of whether she engaged in "Wire Tapping" is no longer a part of the suit. The only thing remaining is the allegation of her disclosure of the contents of the conversations to the news media. These disclosures are permitted under DePaepe's freedom of speech guaranteed to her under the First Amendment to the Constitution of the United States. See. *Bartnicki Et Al. v Vopper, Aka Williams, Et Al.* 532 U.S 514 (2000), *Jean v. Massachusetts State Police,* 492 F.3rd 24 (1st Cir. 2007) and *Boehner v. McDermott,* 484 F.3rd 573 (D.C. Cir. 2007).

Respectfully submitted,

*/s/Marielena Duerring*
Marielena Duerring #19835-71
Attorneys for Scott H. Duerring and Karen DePaepe
DUERRING LAW OFFICES
61191 US 31 South
South Bend, IN 46614
Phone: (574) 968-0250
Fax: (574) 968-1256
Email: attymduerring@aol.com

## CERTIFICATE OF SERVICE

I certify a copy of the foregoing was served upon all attorneys of record via the Court's ECF system on January 14, 2014.

/s/Marielena Duerring
Marielena Duerring #19835-71