IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| BRIAN YOUNG, SANDY YOUNG, TIMOTHY CORBETT, DAVID WELLS, and STEVE RICHMOND, | ) ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) ) Cause No. 3:12-cv-475 JVB-CAN |
| THE CITY OF SOUTH BEND Acting through its Police Department, DARRYL BOYKINS, Individually and in his Official Capacity as Chief of Police, KAREN DEPAEPE, and SCOTT DUERRING, | ) ) ) ) ) ) |
| Defendants. | ) ) |

**SECOND AMENDED COMPLAINT FOR DAMAGES, DECLARATORY JUDGMENT, AND PERMANENT INJUNCTION**

Plaintiffs, by counsel, respectfully make their Second Amended Complaint for Damages, Declaratory Judgment, and Permanent Injunction.

**Nature of Case**

1. This lawsuit seeks to redress the violations of Plaintiffs' rights under the Fourth Amendment and federal statutes against City officials who surreptitiously intercepted their telephone calls. Plaintiffs also seek declaratory and injunctive relief as well as redress under Indiana law.

## Jurisdiction

2. Plaintiffs bring this action pursuant to 42 U.S.C. § 1983 to redress Defendants' violations of their rights under the Fourth Amendment and 18 U.S.C. § 2510 *et seq*. This Court has original subject matter jurisdiction of the federal questions presented pursuant to 28 U.S.C. § 1333 and § 1343.

3. Venue is proper in the South Bend Division because most parties reside in this division and the events complained of occurred in this division.

4. The Court has supplemental jurisdiction over the pendant state-law claims pursuant to 28 U.S.C. § 1367 because these claims arise out of the same events as the federal claims.

5. A Tort Claim Notice was timely served on the City of South Bend on June 11, 2012.

## Parties

6. Brian Young is an adult U.S. Citizen who resides in St. Joseph County, Indiana. He is married to Sandy Young.

7. Sandy Young is an adult U.S. Citizen who resides in St. Joseph County, Indiana. She is married to Brian Young.

8. Timothy Corbett is an adult U.S. Citizen who resides in St. Joseph County, Indiana.

9. David Wells is an adult U.S. Citizen who resides in St. Joseph County, Indiana.

10. Steve Richmond is an adult U.S. Citizen who resides in the state of Michigan.

11. The City of South Bend is a government unit located in St. Joseph County, Indiana. It operates the South Bend Police Department.

12. The South Bend Common Counsel is the legislative body of South Bend. Ind. Code § 36-4-6-1 *et seq.*

13. Darryl Boykins is an adult U.S. Citizen who resides in St. Joseph County, Indiana. He is sued both individually and in his official capacity as Chief of the South Bend Police Department, which post he held at the time of the events complained of.

14. Karen DePaepe is an adult U.S. Citizen who resides in St. Joseph County, Indiana.

15. Scott Duerring is an adult U.S. Citizen who resides in St. Joseph County, Indiana.

**Factual Allegations**

16. Plaintiffs are current or former high-ranking officers of the South Bend Police Department ("SBPD"), except for Sandy Young, who is married to an officer of the SBPD.

17. The City of South Bend maintains a telephone system for the use of its police department.

18. The SBPD's telephone system was managed by Karen DePaepe, SBPD's Director of Communications.

19. As Director of Communications, DePaepe had the ability to intercept and record telephone conversations on SBPD's telephone lines.

20. It was well-known within SBPD that certain telephone lines are recorded, such as the front desk and calls and radio channels on the 911 system.

21. But Plaintiffs believed that all officers' individual office lines, including their own, were private.

22. On February 12, 2010, Steve Richmond assumed the office of Division Chief. On that date or shortly thereafter, Darryl Boykins ordered DePaepe to intercept and record the private telephone line of Division Chief Steve Richmond.

23. In accordance with Boykins' order, DePaepe attempted to "tap" the telephone line of Steve Richmond.

24. But DePaepe inadvertently tapped the telephone line of Capt. Brian Young, who used an office formerly occupied by Richmond.

25. After his telephone was tapped, Young placed calls to, and received calls from, Plaintiffs Wells, Corbett, and Richmond. In the course of these conversations Plaintiffs discussed police operations, personnel changes at SBPD, and also purely personal matters.

26. Young also placed calls to, and received calls from, his wife Sandy Young and other friends and family members, during which conversations they discussed purely personal matters.

27. Upon information and belief, sometime after February 2011 DePaepe discovered that she had tapped the wrong telephone line and successfully intercepted and recorded Richmond's correct telephone line at SBPD.

28. After his private line was tapped Richmond placed calls to, and received calls from, Plaintiffs Wells, Young, and Corbett, in which conversations they discussed police operations, personnel changes at SBPD, and also purely personal matters.

29. The interception and recording of Plaintiffs' telephone lines was not authorized by a court order.

30. The interception and recording of Plaintiffs' calls was not part of any law enforcement investigation and was not conducted in the ordinary course of SBPD's business.

31. Rather, Boykins used the recordings to determine whether his division chiefs were personally loyal to him and to punish anyone who might seek the job of Chief of Police.

32. On January 1, 2012 a new mayor, Peter Buttigieg, took office.  During the transition he announced that he would interview candidates to appoint a Chief of Police.

33. Mayor Buttigieg interviewed several candidates for the position of Chief, including Plaintiffs Richmond and Corbett.

34. Ultimately, Buttigieg re-appointed Boykins.

35. On January 6, 2012 Boykins summoned Richmond to his office and berated him for having been disloyal to him by seeking his job and for being a "back stabber" by criticizing him in his interview with Mayor Buttigieg.

36. At that same January 6, 2012 meeting Boykins told Richmond of the telephone intercepts and stated that he would have recordings of several senior officers

5

delivered to him and that he would fire anyone he determined to be disloyal to him based on the contents of those recordings.

37. Richmond asked DePaepe on January 17, 2012 if it is true that his telephone line was recorded and DePaepe stated that Boykins ordered that his line be recorded "the day he promoted you to Division Chief."

38. Plaintiffs Brian Young and Steve Richmond complained to the U.S. Attorney's Office for the Northern District of Indiana on January 19, 2012 that they were victims of illegal wiretaps.

39. The U.S. Attorney's Office subsequently conducted an investigation and told Mayor Buttigieg that unless Darryl Boykins resigned as Chief of Police he would be criminally prosecuted.

40. While he was being investigated, Boykins, who is African-American, told several officers of the SBPD that the recorded conversations of Plaintiffs captured them making racial slurs about him. These conversations subsequently were reported in the media.

41. On March 31, 2012 Boykins resigned as Chief of Police.

42. DePaepe was fired from the SBPD for her role in the illegal wiretapping of Plaintiffs' telephone calls.

43. After her termination, DePaepe and her attorney, Scott Duerring, gave several interviews in the media in which they described the contents of the recordings and stated that the recordings of Plaintiffs' telephone conversations capture Plaintiffs making racial slurs about Boykins.

44. After his resignation Boykins admitted to Richmond that Boykins had never heard Richmond make any racial slurs in the recorded telephone conversations but merely said so because his feelings were hurt.

45. The South Bend Common Council (the "Council") issued a Subpoena on August 14, 2012 requesting production of "[c]opies of any and all tapes and/or digital recordings related to the Mayor's news release…regarding demotion of former Police Chief Darryl Boykins; as well as the tapes and/or digital recordings cited by the Mayor in the termination of Communications Director Karen DePaepe."

46. The recordings sought by the Council's Subpoena include Plaintiffs' telephone communications intercepted by DePaepe on Boykins' order.

47. At all times Boykins acted within the scope of his employment by the City of South Bend and under color of Indiana law.

48. DePaepe subsequently testified that she discovered the recordings of Plaintiffs' conversations inadvertently and that she investigated what she considered illegal or unethical conduct and delivered recordings of it to Boykins. Such investigation, though under color of Indiana law, exceeded her duties and was outside the scope of her employment by the City of South Bend.

49. Plaintiffs have been damaged by the loss of their privacy and damage to their professional reputation through false accusations of racism and professional disloyalty.

## Count I - Damages

50. Boykins' and DePaepe's, actions in intercepting, recording, and disclosing Plaintiff's private telephone conversations constitute illegal search in violation of the Fourth Amendment and violate 18 U.S.C. § 2510 *et seq*.

51. Duerring's actions in disclosing the contents of Plaintiffs' recorded conversations violate 18 U.S.C. § 2510 *et seq*.

52. The City of South Bend maintains an unconstitutional and illegal policy of intercepting, recording, and disclosing the telephone conversations of police executives.

53. The actions of Boykins and DePaepe in intercepting and disclosing Plaintiff's telephone conversations constitute violations of Ind. Code § 35-33.5-2 *et seq*.

54. The City of South Bend was negligent in training and supervising Boykins and DePaepe such that they were permitted to intercept and disclose private telephone conversations.

55. The acts and omissions of Boykins, DePaepe, and Duerring constitute negligence, defamation, invasion of privacy, and intentional infliction of emotional distress under Indiana law.

56. The City of South Bend is liable under the principle of *respondeat superior* for Boykins' acts and omissions.

57. Plaintiff seeks all damages allowable by law, including compensatory and punitive damages, costs, and attorneys fees.

## Count II – Declaratory Judgment

58. Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. § 2510 *et seq.,* forbids the unauthorized disclosure or use of unlawfully intercepted communications and imposes civil and criminal penalties for the violation thereof.

59. This Court should declare pursuant to 28 U.S.C. § 2201 that Defendants' interception, disclosure, and use of Plaintiffs' telephone communications was illegal, criminal, and unconstitutional.

60. This Court should further declare that to the extent the Subpoena issued by the Counsel seeks production of Plaintiff's telephone conversations recorded in violation of 18 U.S.C. § 2510 *et seq.,* the Subpoena is void and of no effect.

61. This Court should declare pursuant to Ind. Code § 34-14-1-1 that Defendants' interception of Plaintiffs' telephone communications was unauthorized and violated Ind. Code § 35-33.5-2 *et seq*.

## Count III – Permanent Injunction

62. This Court should permanently enjoin Defendants from disclosing or using any of Plaintiffs' recorded communications, whether pursuant to a Subpoena issued by the Council or otherwise.

**WHEREFORE,** Plaintiff prays that the Court will enter judgment against Defendants and in favor of Plaintiffs, and grant Plaintiffs all just and proper relief.

Respectfully submitted,

/s/ Jeffrey S. McQuary, 16791-49
BROWN TOMPKINS LORY
608 E. Market Street
Indianapolis, IN 46202
317/631-6866
jmcquary@btlmlaw.com

One of Plaintiffs' Attorneys

CERTIFICATE OF SERVICE

      I certify that the foregoing was filed on October 23, 2012 using the Court's CM/ECF system and is available to all counsel of record using the same.

      /s/ Jeffrey S. McQuary, 16791-49

BROWN TOMPKINS LORY
608 East Market Street
Indianapolis, IN 46202
Telephone: (317) 631-6866
Facsimile: (317) 685-2329
jmcquary@btlmlaw.com