UNITED STATES DISTRICT COURT
NORTHERN DISCRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CITY OF SOUTH BEND, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SOUTH BEND COMMON COUNCIL, )<br>TIM CORBETT, DAVE WELLS, )<br>STEVE RICHMOND, BRIAN YOUNG, )<br>and SANDY YOUNG, )<br>)<br>Defendants. ) | Cause No. 3:12-CV-475 |

........................................................................

| | |
|---|---|
| BRIAN YOUNG, SANDY YOUNG, )<br>TIMOTHY CORBETT, DAVID WELLS, )<br>and STEVE RICHMOND, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>THE CITY OF SOUTH BEND Acting )<br>through its Police Department, DARRYL )<br>BOYKINS, Individually and in his Official )<br>Capacity as Chief of Police, KAREN )<br>DEPAEPE, and SCOTT DUERRING, )<br>)<br>Defendants. ) | Cause No. 3:12-CV-532 JVB-CAN |

## DEFENDANT CITY OF SOUTH BEND'S RESPONSE TO PLAINTIFFS' FIRST INTERROGATORIES

The City of South Bend responds as follows to the First Set of Interrogatories of Plaintiffs Brian Young, Sandy Young, Timothy Corbett, David Wells, and Steve Richmond:

INTERROGATORY NO. 1: Please identify the person answering these Interrogatories with the following information:

  A) Name;

  B) Job title; and

  C) Business address.

ANSWER:

  A. Gary Horvath

  B. Services Division Chief, South Bend Police Department

  C. 701 West Sample Street, South Bend, Indiana  46601

INTERROGATORY NO. 2: Please identify by name and job title all persons employed or contracted by the City of South Bend from January 1, 2002 through December 31, 2012 who possessed the authority to designate what telephone lines at the South Bend Police Department would have all incoming or outgoing calls recorded?

ANSWER:

 Prior to the City's change to its new recording system in late 2011, i.e., the VoIP, Call Rex server, the Chief of Police had sole authority to designate the lines to be recorded at the South Bend Police Department.

 In late 2011, shortly before the VoIP Call Rex server phone system became operational, two employees of the South Bend Information Technology (IT) Department met with Police Chief Darryl Boykins and Communications Karen DePaepe.  These staff person were Systems Specialists Keith Crane (now IT Director) and Shawn Delahanty.  The purpose of the meeting was to ascertain from Boykins and DePaepe which Police Department lines were designated to

be recorded when VoIP Call Rex became operational. Crane and Delahanty implemented the request of the Chief of Police and Ms. DePaepe.

Around April 2012 in response to the federal Wiretap investigation of the SBPD, recording of SBPD phone lines was restricted to front desk and 911 calls.

INTERROGATORY NO. 3: Please identify by name and job title all persons employed or contracted by the City of South Bend from January 1, 2012 through December 31, 2012 whose job duties gave them physical access telephone lines and equipment at the South Bend Police Department to such that he or she had the capability to intercept or record incoming or outgoing calls.

ANSWER:

Prior to late 2011 the only persons whose job duties gave them physical access to telephone lines and equipment at the SBPD with ability to intercept or record incoming or outgoing calls were the Director of Communications, Karen DePaepe, Assistant Director of Communications Diana Scott, and any Communications supervisor who had been trained and authorized to access calls on 911, the front desk, and the communications centrex lines. Karen DePaepe was authorized to access restricted lines such as Internal Affairs, and or other restricted lines as authorized by the various Chiefs of Police from 2002 to 2012.

From late 2011 to December 31, 2012 the following is a list of persons who upon VoIP Call Rex implementation would have access to Police Department lines and equipment. The ability to access lines does not mean that any of the named persons actually did access any Police Department line. The persons were: Keith Crain (COSB Systems Specialist), Shawn Delahanty (COSB Systems Specialist); Bob Allen (COSB IT Director), Sue Gerlach (COSB Systems

Specialist), Brent Cummins (COSB Systems Specialist), Brent Cummins (COSB Systems Specialist); Karen DePaepe (SBPD Communications Director and 911 Manager), Nick McPherson (Logicalis Engineer).

INTERROGATORY NO. 4: Please list all telephone lines of the SBPD that were being intercepted or recorded as of January 1, 2005. Identify each line by telephone number and the person or office associated with that number. Also, please indicate the person on whose authority the line was intercepted.

ANSWER:

The City has not identified a record or records which would furnish this information as of January 1, 2005. Former Communications Director Karen DePaepe may have personal knowledge of this, as might the person who was Chief of Police on that date.

INTERROGATORY NO. 5: Please list all telephone lines of the SBPD that were being intercepted or recorded as of January 1, 2012. Identify each line by telephone number and the person or office associated with that number. Also, please indicate the person on whose authority the line was intercepted.

ANSWER:

Former Director of Communications Karen DePaepe and former Police Chief Darryl Boykins would have firsthand knowledge of the above information for 911 and Centrex lines prior to VoIP phone system full activation in late January 2012. The City's own discovery of this information is presently incomplete, so the City cannot respond fully to this Interrogatory at this time.

In late January 2012, the VoIP phone system was fully activated at the SBPD. As of January 1, 2012, the VoIP phone lines were in place and were able to be used for internal test calling. As of that date, recording was set up as follows:

Barb Holleman, SBPD Chief's Office, extension #'s: 3167, 3211, 3212 (fully recorded)

SBPD Front Desk #1, extension nos. 3164, 3601, 3602 (fully recorded)

SBPD Front Desk #2, extension nos. 3165, 3601, 3602 (fully recorded)

SBPD Front Desk #3 extension nos. 3066, 3601, 3602 (fully recorded)

SBPD Records Front Desk ext. # 9472 (fully recorded)

Lee Ross, SBPD Internal Affairs ext #9461 (fully recorded)

Donna Stevens, SBPD Detective Bureau ext. 9263, 9264 (fully recorded)

Darryl Boykins ext. 7532 (recording must be initiated by Boykins)

Steve Richmond ext. 7473 (recording must be initiated by Richmond)

Jeff Walters ext. 9313 (recording must be initiated by Walters)

Note: After April 2012 administrative lines designated for recording in the above list were ordered by the City Administration not to be recorded.

INTERROGATORY NO. 6: Please describe the manner in which records are kept of the interception and recording of telephone lines at SBPD. Please identify the persons responsible for maintaining the records of which lines are intercepted.

ANSWER:

Presently, a person desiring to obtain a copy of a recording must complete and submit a South Bend Police Department Dispatch and CCTV Request Form or alternatively a Request for Access to Public Information. Requests received from the Prosecuting Attorney's office, from police investigators, and from the Fire Department are processed solely through the Communications Director with legal input as needed. Requests from the public under Indiana's Public Access law must be approved by the City of South Bend Attorney or Assistant/Deputy Attorney.

INTERROGATORY NO. 7: If any telephone lines of the SBPD were recorded pursuant to a court order during the period January 1, 2002 through December 31, 2012, please indicate the telephone number, the person or office associated with that number, and the court and cause number of the order.

ANSWER:

Not applicable. No court order existed during that timeframe.

INTERROGATORY NO. 8: If any telephone lines of the SBPD were recorded as part of a criminal investigation conducted by SBPD during the period of January 1, 2002 through December 31, 2012, please indicate the telephone number, the person or the office associated with that number, and briefly describe the nature of the investigation.

ANSWER:

As of when Diana Scott became a Communications Supervisor, around 2004 through December 31, 2012, no phone line was activated to be recorded for the purpose of a specific criminal investigation conducted by SBPD.

INTERROGATORY NO. 9: Please list all telephone lines of SBPD, and the person or office associated with that line, that were ordered intercepted or recorded by Darryl Boykins during his tenure as Chief of Police. Indicate the dates on which he ordered the line intercepted or recorded.

ANSWER:

Darryl Boykins would have firsthand knowledge of the above information, and the City's own discovery of this information is ongoing and incomplete. Therefore, the City has insufficient information at this time to respond to this Interrogatory.

INTERROGATORY NO. 10: To the extent that this Interrogatory can be answered without listening to recorded telephone conversations, please indicate which, if any, of the named Plaintiffs in this action for which the City possesses recorded telephone conversations. This Interrogatory should be answered only if some external means exists to identify the recordings (e.g. handwritten labels on audio disks).

ANSWER:

The only document known by the City to exist which may identify the officers whose conversations were recorded by former Chief Boykins is the FBI "Receipt for Property Received" which was tendered by the FBI to City Attorney Aladean DeRose upon return of the tapes which are the subject of this controversy. That document was disclosed by the City to all parties in this case under Rule 26 A. The document speaks for itself, but the names which appear

on it are Young, Wells, Chapman, and Smith. The City has no other information beyond this document.

INTERROGATORY NO. 11: Please identify any written policies, guidelines or general orders of the SBPD governing the interception and recording of telephone lines at SBPD.

ANSWER:

No policy has been formally adopted under SBPD protocols, although a policy was prepared, and it received initial approval from Chief Hurley in 2012.

INTERROGATORY NO. 12: Please identify any notices, written policies, guidelines, or general orders of the SBPD that would put employees of SBPD on notice that their telephone conversations might be monitored or recorded.

ANSWER:

No notice, written policy, guideline or general order has been identified which specifically covers monitoring or recording of officer phone conversations.

INTERROGATORY NO. 13: Please describe any training that officers or civilian employees of SBPD received during the period 2005-2012 regarding SBPD's policies governing the interception and recording of telephone lines and the legality of intercepting, recording, or disclosing conversations on telephone lines.

ANSWER:

Every sworn officer of the SBPD is required to undergo training at the Indiana Law Enforcement Academy (ILEA) and the subject of federal wiretap rules and procedures is covered

during the criminal law course of the ILEA curriculum. Officers are informed of the legal requirements of the wiretap laws and the criminal and civil liability consequences of violation.

Training of front desk civilian persons began around two years ago when civilians took over this task from police officers. The training occurs as part of the hire process and during such training, the front desk public service officers and dispatchers are informed that the lines they handle are recorded and that these recordings may be used in criminal investigations. They are told to handle calls in a professional manner, and that their calls may be monitored for quality control.

INTERROGATORY NO. 14: Please describe any communications that the City of South Bend, including its Mayor or the Mayor's staff, received from the Office of the U.S. Attorney for the Northern District of Indiana, regarding possible illegal interception or recording of telephone lines at SBPD. Please identify the person at the U.S. Attorney's making any communications, the person at the City who received the communication, and describe the substance of the communication.

ANSWER:

No communication was made between the Office of the U.S. Attorney for the Northern District of Indiana and Mayor Pete Buttigieg himself regarding the described subject matter. A meeting was held March 23, 2012 in the South Bend office of the U.S. Attorney for the Northern District of Indiana at which the following persons were present on behalf of the City: Mayor Buttigieg's chief of Staff, Mike Schmuhl; outside counsel Rich Hill; and Interim City Attorney Aladean De Rose. The U.S. Attorney for the Northern District of Indiana, David Capp stated that federal officers were conducting an investigation as to recording of phone conversations of

police officers at the South Bend Police Department, and that there were serious problems under Federal Wiretap Law. The U.S. Attorney stated that he would hold the case open for an additional two months during which time he strongly suggested and indeed warned that the City should make corrections.

The only other communication of US Attorney Capp was by letter dated May 31, 2012 addressed to Aladean DeRose which the City has provided to all counsel of record in this case pursuant to Fed.R.Civ.P. 26(A).

INTERROGATORY NO. 15: Did the City conduct an investigation of the possible illegal interception, recording, and disclosure of telephone conversations at SBPD? If so, please state who conducted the investigation, the suspects in the investigation, and identify any reports, written conclusions, or similar documents that memorialize or describe the investigation.

ANSWER:

No independent investigation was undertaken by the City once the federal authorities completed their investigation and closed their file on May 31, 2012. During the federal investigation from January 2012 through May 31, 2012, there was no need for the City to conduct any investigation. To have done so may have compromised the federal investigation.

INTERROGATORY NO. 16: If you contend that Brian Young, Sandy Young, Timothy Corbett, David Wells, or Steve Richmond has made an admission against his or her interest, please identify 1) the person making the admission, 2) the person or persons to whom the admission was made, 3) whether the admission is recorded, and 4) the substance of the admission.

ANSWER:

None known at this time

INTERROGATORY NO. 17: For every document or thing requested in the Requests for Production of Documents served in conjunction with these Interrogatories that you do not produce, please identify the document and state the reason for its non-production.

ANSWER:

Documents previously produced by the City in its initial disclosures have not been produced again. Documents not known to exist have not been produced. Personnel records of former Chief Boykins and former Communications Director Karen DePaepe have not been produced due to privilege and privacy and also because the contents are not relevant to these proceedings.

I swear under penalty of perjury that the foregoing answers are true.

_____
Gary Horvath

Authorized Representative, City of South Bend

Respectfully submitted,

_____
Aladean M. DeRose, #4495-71
City Attorney, A.I.
227 W. Jefferson Blvd., Ste. 1200
South Bend, IN 46601
574-235-5866

ATTORNEY FOR DEFENDANT
CITY OF SOUTH BEND

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing Defendant City of South Bend's Response to Plaintiffs' First Interrogatories was served upon:

Edward Sullivan, III
James P. Hanlon
Faegre Baker Daniels, LLP
202 S. Michigan St., Suite 1400
South Bend, IN 46601

Christopher M. Lerner
E. Spencer Walton, Jr.
Robert J. Palmer
May Oberfell Lorber
4100 Edison Lakes Parkway, Suite 100
Mishawaka, IN 46545

Daniel H. Pfeifer
Jeffrey J. Stesiak
Pfeifer Morgan & Stesiak
53600 N. Ironwood Drive
South Bend, IN 46635

Jeffrey S. McQuary
Brown Tompkins Lory & Mastrian
608 E. Market Street
Indianapolis, IN 46202

Thomas M. Dixon
Dixon Wright & Associates PC
55255 Birchwood Court
Osceola, IN 46561

Marielena Duerring
Duerring Law Offices
61191 US 31 South
South Bend, IN 46614

by depositing same in United States mail, postage prepaid this 3rd day of April, 2013.

Aladean M. DeRose