UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CITY OF SOUTH BEND, | ) |
| Plaintiff, | ) |
| v. | ) Cause No. 3:12-cv-475 |
| HOLDER, et al. | ) |
| Defendants. | ) |

**DEPAEPE'S CONSOLIDATED RESPONSE TO THE CITY AND THE PLAINTIFF OFFICERS' MOTION FOR SUMMARY JUDGMENT**

Both the City of South Bend and the plaintiff officers filed motions for summary judgment. The plaintiff officers adopted the City's statement of factual issues. As such, DePaepe would consolidate her response to both motions. Pursuant to L.R. 56.1 (2) a response to a motion for summary judgment is required to contain a section labeled "Statement of Genuine Disputes". As such:

**STATEMENT OF GENUINE DISPUTES**

1. On page 15 of the City's brief in support of its motion for summary judgment they allege that the undisputed facts establish a conclusion that, "In the case at bar, the Police Department did indeed 'announce' that calls to and from the police department were *not* being recorded. That announcement came by virtue of an administrative approach that allowed officers with assigned lines to choose whether to be recorded at their own specific time and for their own specific purpose. Such an approach functioned as an 'announcement' to Capt. Young that calls 'to and from' his office in the police department 'were not

1

being recorded'." (City's Brief p. 15). The City's characterization that the administrative approach of recording lines was to allow the individual officers to make that decision is disputed. Attached hereto is DePaepe's Responsive Exhibit A. This exhibit is an affidavit of James Hassig. This affidavit establishes at the very least that the City's allegation that the facts established an administrative policy that allowed individual officers to choose to record their assigned lines is disputed. Former officer Hassig states that he did not ask to have his assigned line recorded, but it was recorded anyways.

2. The plaintiff officers' stated in their brief in support of their motion for summary judgment that the City of South Bend admitted in its answer to their complaint that the interception and recording of telephone lines was not conducted in the ordinary course of business. (Officers' Brief p. 6). This allegation of fact is disputed and in fact refuted by the evidence learned through discovery. The City's answer was specifically contingent upon the accuracy and truthfulness of the plaintiff's factual allegations as contained in the plaintiffs' complaint. The City's answer stated; "If interception and recording of the telephone lines *occurred as alleged by the plaintiffs* (emphasis supplied) throughout this Complaint, the City admits it would not have been part of law enforcement investigation nor in the ordinary course of SBPD's business as alleged in paragraph 29 of the Complaint". Through the depositions and affidavits previously filed, it has been undisputedly established that the factual allegations contained in the plaintiffs' complaint as

to the roles of Boykins and DePaepe in the recording of the complained of telephone line were wholly unsupported by the evidence.

## ARGUMENT

DePaepe having previously filed her own motion for summary judgment would incorporate the argument in such motion in her consolidated response to the City's and the plaintiff officers' motions for summary judgment. DePaepe would supplement her previous argument by responding that both the City and the plaintiffs' have missed the critical issue of the inquiry before the court. The City and the plaintiffs' spend a great deal of effort discussing DePaepe's actions as if they somehow transform this case into a violation of Title III. The facts of this case irrefutably establish that whatever the telephone conversation that is at issue, DePaepe had absolutely nothing to do with such *interception* of the conversation. Nor did DePaepe have anything to do with the decision to place the recording system on the subject phone line. The facts establish that DePaepe was not listening in to the conversations as they were occurring live. Whatever conversations DePaepe listened to and subsequently re-recorded for Chief Boykins were *already intercepted* by the recording system, and these conversations were being intercepted because former Chief Fautz ordered it so. Thus, truly, the only question before the court is whether the Dynamics Instrument Reliant Recording System installed and operated by the South Bend Police Department qualifies as a "electronic, mechanical or other device, defined in *18 U.S.C. § 2510(5).*

DePaepe's actions of listening to the *already intercepted* conversations are completely immaterial to whether the Reliant Recording System is a "wiretapping"

device. This point cannot be more emphasized than in, *High Fructose Corn Syrup Antitrust Litigation,* 216 F.3rd 621 (7th Cir. 2000). In, *United States v. Hammond,* 286 F.3rd 189 (4th Cir. 2002), the Fourth Circuit Court of Appeals, extended the rationale contained in, *High Fructose Corn Syrup,* to intercepted conversations excepted under either *§2510(5)(a)(1)* or *§2511(2)(c).* The undisputed facts in the case at bar establish that the *device*, (the Dynamics Instrument Reliant Recording System), was connected to the complained of telephone line some six years prior to 2011, and had been dutifully, and routinely recording every single conversation had on that line no matter who was talking, the time of day, or the content of the conversation. Other than following Chief Fautz orders to place that particular line on the recording system, DePaepe had absolutely nothing to do with the routine and blanket interception of all conversations conducted on that phone line.

Another illustrative case, dealing with focusing on the equipment is, *Wright v. Stark County Bd. of Comm.,* 2000 U.S. App. LEXIS 25469 (6th Cir. 2000)[1]. The facts in *Wright,* were that the plaintiffs were dispatchers for the 911 emergency center. They brought suit under Title III when it was discovered that the microphones and headsets were recording all conversations and activities in the center. Interestingly, one of the defendants was being sued because that defendant (Shannon) had used one of the recorded conversations to discipline one of the plaintiff dispatchers. The District Court granted summary judgment in favor of the defendants. On appeal the court noted that the district court found, "that because the rear console recorded all sounds and words spoken, rather than selectively recording only certain private conversations, the recordings made by the rear console fell within the law enforcement exception." *Id.* The court further

---

[1] Copy of said opinion is attached as it is not recommended for full text publication.

stated, "The pertinent question under the Act is whether the equipment itself is being used in the ordinary course of the law enforcement agency's duties; not whether the conversation recorded by the equipment relates to the law enforcement agency's duties." *Id.* The court recognized that, "… the Act specifically focuses upon the intended use of the recording "equipment." If the recording equipment is used for a legitimate business purpose, it does not qualify as an electronic, mechanical, or other device under the Act." *Id.* In the case at bar the plaintiffs' and the City are not focusing on the intended use of the recording equipment, but on the activities of DePaepe in arguing that the law enforcement exception does not apply. This is patently incorrect. The uncontroverted facts in this case show that the intended use of the Dynamic Reliant Recording System falls within the law enforcement exception and therefore such system does not qualify as a "device" under Title III.

## CONCLUSION

Despite the existence of the above specified genuine issues of fact DePaepe is still entitled to a judgment as a matter of law that the undisputed facts establish that the Dynamic Reliant Recording System does not qualify as a "device" under Title III and therefore her actions in listening to and re-recording the complained of conversations were not a violation of Title III.

Respectfully submitted,

*/s/Marielena Duerring*
Marielena Duerring #19835-71
Attorneys for Scott H. Duerring and Karen DePaepe
DUERRING LAW OFFICES
61191 US 31 South
South Bend, IN 46614
Phone: (574) 968-0250; Fax: (574) 968-1256
Email: attymduerring@aol.com

## CERTIFICATE OF SERVICE

I certify a copy of the foregoing was served upon all attorneys of record via the Court's ECF system on January 29, 2014.

/s/Marielena Duerring
Marielena Duerring #19835-71