IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| BRIAN YOUNG, SANDY YOUNG, TIMOTHY CORBETT, DAVID WELLS, and STEVE RICHMOND, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) Cause No. 3:12-cv-475 JVB-CAN |
| THE CITY OF SOUTH BEND Acting through its Police Department, DARRYL BOYKINS, Individually and in his Official Capacity as Chief of Police, KAREN DEPAEPE, and SCOTT DUERRING, | ) ) ) ) ) ) |
| Defendants. | ) |

**PLAINTIFF OFFICERS' REPLY BRIEF IN SUPPORT
OF THEIR MOTION FOR SUMMARY JUDGMENT**

Plaintiffs Brian Young, Sandy Young, Tim Corbett, David Wells, and Steve Richmond respectfully make their Reply Brief in support of their Motion for Summary Judgment.

**THE COUNCIL, DEPAEPE, AND DUERRING'S ARGUMENT**

The parties to this consolidated action who consider the tape recording of the Officers' conversations to be lawful—*i.e.,* the South Bend Common Council, Karen DePaepe, and Scott Duerring—argue that the initial recording of conversations on Brian Young's telephone line does not fall within the definition of an 'interception' under 18 U.S.C. §2510 (the "Act") because it is excluded by the exception for actions conducted by a law enforcement officer in the ordinary course of his duties. Because the initial

recording of Young's line was routine and conducted for a law enforcement purpose, they argue, the initial capture was lawful and any subsequent use or disclosure of lawfully recorded conversations is not prohibited by the Act even if done for a questionable purpose. (See, *e.g.,* Response Brief of DePaepe and During [Docket # 112], pp. 3-4 citing *High Fructose Corn Syrup Antitrust Litigation,* 216 F.3d 621 (7th Cir. 200.)).

Their arguments fail for the reasons stated below.

I. BOYKINS ORDERED STEVE RICHMOND'S LINE TAPPED FOR INTIMIDATION AND SUPRESSION OF CRITICISM.

According to DePaepe's testimony Brian Young's telephone line was tapped by accident when he was assigned a telephone number previously used by the chief of the Detective Bureau. DePaepe claims she happened upon these recordings inadvertently when checking a malfunction on what she erroneously believed to be recordings of the line of Steve Richmond, the new Detective Bureau chief. The Detective Bureau chief's line was supposed to be recorded because previous chiefs had recorded it. (Affidavit of Karen DePaepe, ¶7 [Docket # 93-1].) DePaepe and Chief Boykins both contend that Boykins never specifically ordered Richomond's or anyone else's line recorded. (DePaepe Aff., ¶13.)

The Plaintiff Officers, however, tell another story. Karen DePaepe told Steve Richmond that Boykins ordered her to tap Richmond's telephone the day he was promoted to division chief. (Deposition of Steve Richmond "Richmond Dep.," p. 35 [Docket # 110-3].) Boykins told Richmond that he would use the recordings of Richmond's conversations to decide whether to demote or even fire him for criticisms of his administration that Boykins supposed Richmond made while interviewing for the job

of Chief of Police. (Richmond Dep., pp. 66-68.) These admissions contradict DePaepe's and Boykins' testimony that the recording of Brian Young's line was pursuant to the routine practice of previous chiefs. Their admissions indicate that the recording targeted Steve Richmond specifically (albeit unsuccessfully, in that Young's line was tapped instead), and for the purpose of monitoring and intimidating rivals for the job of police.

The 'ordinary course' exception of 18 U.S.C. 2510(5)(a)(ii) permits the routine recording of all a police department's telephone lines. *Amati v. City of Woodstock,* 176 F.3d 952, 955 (7th Cir. 1999.) DePaepe's and Boykins' admissions show that the interception targeted a specific individual, which would clearly require a warrant. Moreover, the interception was for the purpose of intimidation and suppression of criticism, which is never covered by the exception. *Id.* at 956. The Plaintiff Officers' Motion for Summary Judgment should therefore be granted.

II. THE ACCIDENTAL RECORDING OF BRIAN YOUNG'S CONVERSATIONS WAS NOT DONE IN THE ORDINARY COURSE OF LAW ENFORCEMENT.

Even accepting Boykins' and DePaepe's testimony as true, as the Court is required to do by Fed.R.Civ.P. 56 in evaluating the Council's and DePaepe's motions, the recording of Brian Young's telephone conversations was not done in the ordinary course of law enforcement and was not lawful. The Seventh Circuit interprets 18 U.S.C. 2510(5)(a)(ii) to permit the routine recording of all a police department's telephone lines. *Amati,* 176 F.3d at 955. Other circuits have recognized that *Amati* stands for the proposition that the 'ordinary course' exception permits a police agency to record all or nearly all of its own telephone lines. *See, e.g., Walden v. City of Providence,* 596 F.3d

3

38, 55 (1st Cir. 2010); *Adams v. City of Battle Creek,* 250 F.3d 980, 984 (6th Cir. 2001) (the 'ordinary course' exception permits a police department to "routinely and indiscriminately record all phone activity in and out of the police department.")

But it was never a policy or practice of the South Bend Police Department ("SBPD") to record all or nearly all of its own telephone lines.  DePaepe never testified that all or even most of SBPD's lines were recorded.  Only certain lines were selected for recording; DePaepe even provided a complete list of the offices and specific individuals who were recorded at the time she was terminated.  (DePape Aff., Exhibit A.)  Former Chief of Police Thomas Fautz testified that he selected certain lines for recording on the basis that the person was both in a position of authority and was likely to either receive complaints about other police officers or himself be the subject of complaints.  Using these criteria he designated the lines of several, but not all, division chiefs, and his own lines.  (Depostion of Thomas Fautz, "Fautz Dep.," pp. 12-13 [Docket # 110-4].)  Boykins testified that when he became Chief of Police he continued the practices of his predecessor.  (Deposition of Darryl Boykins, "Boykins Dep.," p. 36 [Docket # 110-3].)  Boykins denied even contemplating, much less implementing, a practice of recording all of SBPD's telephone lines.  (Boykins Dep., p. 39.)

Even taking the Council's and DePaepe's facts as true, the recording of Brian Young's line does not fit within the *Amati-Walden-Battle Creek* line of cases interpreting the 'ordinary course' exception to permit the indiscriminate recording of all a police department's telephone lines.  All lines weren't recorded.  The selection of lines was not indiscriminate.  On the contrary, Chief Fautz was carefully discriminating in his selection

4

of which senior commanders were recorded, and Chief Boykins claims to have continued Fautz' practice.

Finally, one fact that all parties agree upon is that Brian Young's line was recorded by mistake. The line that was intended to be recorded belonged to Steve Richmond. At least one circuit has held that the 'ordinary course' exclusion does not apply to lines that are recorded by mistake. *Abraham v. City of Greenville,* 237 F.3d 386, 389 (4th Cir. 2001). This Court should adopt the Fourth Circuit's reasoning because it fits *Amati's* interpretation of the 'ordinary course' exclusion as permitting recordings for routine, non-investigative purposes. Recording telephone conversations by mistake is not, or at least should not be, routine.

## CONCLUSION

For the foregoing reasons, the Plaintiff Officers' Motion for Summary Judgment should be granted. The Court should find that the interception of Brian Young's telephone conversations violated 18 U.S.C. § 2510 and move forward with Plaintiffs' remaining damages claims and also fashion injunctive relief.

Respectfully submitted,

/s/ Jeffrey S. McQuary, 16791-49
BROWN TOMPKINS LORY
608 E. Market Street
Indianapolis, IN 46202
317/631-6866
jmcquary@btlmlaw.com

                                                One of Plaintiffs' Attorneys

CERTIFICATE OF SERVICE

I certify that the foregoing was filed on February 14, 2014 using the Court's CM/ECF system and is available to all counsel of record using the same.

/s/ Jeffrey S. McQuary, 16791-49

BROWN TOMPKINS LORY
608 East Market Street
Indianapolis, IN 46202
Telephone: (317) 631-6866
Facsimile: (317) 685-2329
jmcquary@btlmlaw.com