UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CITY OF SOUTH BEND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 3:12-cv-475 |
| ) | |
| HOLDER, *ET AL.*, ) | |
| ) | |
| Defendants. ) | |

**PROPOSED PRETRIAL ORDER SUBMISSION BY
DEPAEPE, DUERRING, AND SOUTH BEND COMMON COUNCIL**

Pursuant to the Order of this Court, the Defendants, DePaepe and Duerring submit their proposed Pretrial Order as follows:

A. The South Bend Common Council filed a Motion to Dismiss so to preserve such objection does not concede jurisdiction.

B. The case at issue is the City's Complaint for Declaratory Judgment and the Defendant South Bend Common Council's Answer to said Complaint as well as a consolidated action involving the Complaint filed by the Plaintiffs under Cause Number 3:12-CV-532 JVB-CAM.

C. There are pending motions for summary judgment, as well as a pending Motion to Strike a portion of the City's Summary Judgment submission. There are no other pending motions at this time.

D. The City seeks a declaratory judgment regarding the legal status of recordings of certain phone conversations that were made by the South Bend Police Department. These recordings are the subject of a Subpoena issued by the Council to the City Administration which requests copies of said recordings. The City contends that the recordings were not captured in

dms.us.52845863.01

the ordinary course of the Police Department's law enforcement duties because (a) the Recordings were captured mistakenly and (b) the Recordings were not captured pursuant to any routine practice, or policy of the Department. The City contends that said Recordings may be in violation of the Federal Wiretap Act and seeks declaratory judgment from the court concerning the legal status of these Recordings.

E. DePaepe and Duerring contend that the Federal Wiretap Act does not apply to the interception of telephone calls at the South Bend Police Department during the time frame that is relevant to this action. DePaepe and Duerring contend that all telephone calls that were intercepted at the South Bend Police Department were done so under the law enforcement exception/exclusion to the Wiretap Act in that any telephone line that was being recorded was being recorded indiscriminately 24 hours a day, seven days a week, 365 days a year and that any such interceptions were only done for the purposes of preserving evidence of citizen complaints against officers or evidence from anonymous tips that would assist in law enforcement investigation.

F. The following facts were established by admissions in the pleadings or by stipulation of counsel.

    1. The practice of recording incoming telephone lines to the South Bend Police Department dates back to at least 1995.

    2. The predecessor to the device that intercepted the complaints of telephone conversations was installed by the South Bend Police Department in and around 1998/1999. The system was a Dynamic Instrument Reliant Recording Systems which replaced the previous Reel-to-Reel Recording System.

3. This system was subsequently upgraded to a Dynamic Instrument Reliant 48 Channel Recording System in 2004 which was sold to the Department by Stephen Campbell and Associates.

4. This upgraded system had the capacity to record 48 separate channels with each channel having the capacity to handle one individual phone line or one individual base station. This system did not have the capacity to record all of the incoming telephone lines to the South Bend Police Department.

5. The above referenced system was the system that was operating at the time of the complained of interceptions.

6. The procedure to place a particular telephone line on the recording system required that the line be hardwired in the recording system. If a telephone line was not hardwired in the recording system the recording system would not record the conversations on that phone line.

7. Once a particular phone line was wired into the recording system, the recording system would record everything it heard at that time on that line regardless of who was speaking on the line, the content of the conversation, or the time of day of the conversation. Anything so recorded it would be stored on the recording systems hard drive and would be downloaded automatically to a disk for backup and storage purposes.

8. It was DePaepe's responsibility as Director of Communications to maintain the recording system and to insure that it was operating properly and as designed.

9. All of the conversations that are the subject of this lawsuit were automatically intercepted by the Dynamic Instrument Reliant System and recorded in that system prior to any subsequent listening or recording of said conversations.

G.  Contested issues of facts involve whether or not the interception of the conversations that are the subject matter of this lawsuit violated the Federal Wiretap Act.

H.  There are no contested issues of law that are not implicit in the foregoing issues of fact.

I.  Defendants DePaepe and Duerring are not aware of any exhibits or documents that have yet been received into evidence. To the extent that items 1 through 27 of the City's Proposed Pretrial Order were in some way referred to in the discovery and depositions previously had in this matter, the Defendants DePaepe and Duerring would agree to such. All parties have submitted extensive briefs in this case. The exhibits and materials designated by all parties may be included under this paragraph.

J.  Witnesses - Defendants DePaepe and Duerring witnesses may include many or all of the following:

   a. Karen DePaepe

   b. Darryl Boykins

   c. Thomas Fautz

   d. Brent Hemmerlein

   e. Barbara Holleman

   f. Diana Scott

   g. Phil Trent

   h. Gary Horvath

   i. Stephen Campbell

   j. James Hassig

   k. Eugene Kyle

dms.us.52845863.01

l. Any witnesses identified on any disclosures and preliminary or final witness lists served and/or filed by any party.

m. Any and all witnesses who are in any way necessary for rebuttal or impeachment but unknown at this time.

n. Records custodian for any documents that the parties intend to introduce at the trial of this cause of action.

Respectfully submitted,

/s/ E. Spence Walton
E. Spence Walton
Robert J. Palmer
May · Oberfell · Lorber
4100 Edison Lakes Parkway, Suite 100
Mishawaka, IN  46545
(574) 243-4100
*Attorneys for South Bend Common Council*

/s/Marielena Duerring
Marielena Duerring
Duerring Law Offices
61191 U.S. 31 South
South Bend, IN 46614
Phone: (574) 968-0250
Email: attymduerring@aol.com
Attorney for Scott H. Duerring and Karen DePaepe

## CERTIFICATE OF SERVICE

I certify a copy of the foregoing was served upon all attorneys of record via the Court's ECF system on July 8, 2014.

/s/Marielena Duerring

dms.us.52845863.01