UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| CITY OF SOUTH BEND | ) |
| Petitioner, | ) |
| vs. | ) |
| SOUTH BEND COMMON COUNCIL, TIM CORBETT, DAVE WELLS, STEVE RICHMOND, BRIAN YOUNG, AND SANDY YOUNG. | ) CASE NO. 3:12-CV-475-JVB-CAN |
| Respondents. | ) |

## JOINT MEMORANDUM REGARDING SUPPLEMENTAL JURISDICTION

The parties, the City of South Bend (the "City"), the South Bend Common Council (the "Council"), and Tim Corbett, Dave Wells, Steve Richmond, Brian Young, and Sandy Young (the "532 Plaintiffs"), by counsel, pursuant to the Court's request that the parties submit briefs on the question of whether the City's declaratory judgment action should be dismissed without prejudice due to lack of jurisdiction, submit the following joint memorandum contending that the Court should maintain supplemental jurisdiction over the City's declaratory judgment action.

## BACKGROUND

On August 30, 2012, the City filed its Complaint for Declaratory Judgment (the "Complaint") in this action, seeking a declaration from the Court regarding the respective obligations and rights of the parties under the Federal Wiretap Act, 18 U.S.C. §§ 2510 *et seq.*, with respect to the interception and recording of certain phone conversations by the South Bend Police Department (the "Recordings"). *See* Compl., at ¶ 7.  On September 19, 2012, the 532 Plaintiffs filed a complaint (that was later amended) against the City, among others, in this Court as Cause No. 3:12-CV-532-JVB-CAN.  The 532 Plaintiffs invoked 42 U.S.C. § 1983 for alleged

deprivation of the 532 Plaintiffs' civil rights under the Fourth Amendment and Wiretap Act.  *See* 532 Plaintiffs' Compl., ¶¶ 2, 46-48.  On January 17, 2014, after concluding that the Court had jurisdiction over this case due to the federal claims asserted by the 532 Plaintiffs, the Court consolidated the 532 case into this case, holding that "[t]he 475 case and the 532 case share common issues of law or fact."  Doc. No. 52:  Order, at 4.

Recently, the 532 Plaintiffs resolved the last of their damages claims against the City and others.  After being informed of the impending dismissal of the 532 case, the Court contacted the parties and requested that they brief the matter of whether the Court retains federal subject matter jurisdiction over this case.  For the reasons stated below, the parties agree that if the City's declaratory judgment action is considered to be a pendent state law claim, the Court should maintain supplemental jurisdiction over the action.

## **ARGUMENT**

To the extent the City's declaratory judgment action could be considered a pendent state law claim, the Court should exercise supplemental jurisdiction over the claim.  Based on previous Court orders, the City's request for declaratory relief forms part of the same Article III case or controversy as the 532 Plaintiffs' claims.  *Cf.* Doc. No. 52:  Order, at 4 (stating that "[t]he 475 case and the 532 case share common issues of law or fact.").  When the Court has dismissed all claims over which it has original jurisdiction, it *may*, but is *not required to*, decline to exercise supplemental jurisdiction over related pendent state law claims.  28 U.S.C. § 1367(c)(3).  Indeed, the Seventh Circuit has "retreated somewhat" from the notion that retaining jurisdiction over state law claims is only proper under narrow and particular circumstances.  *Timm v. Mead Corp.*, 32 F.3d 273, 277 (7th Cir. 1994).  Rather, "it is *entirely acceptable* under the discretionary principle for a federal court to decide those claims even after dismissing the main claims."  *Id.*

(emphasis added).  A primary consideration that tips the balance in favor of retaining jurisdiction over pendent state law claims is judicial economy.  *See, e.g., Miller Aviation v. Milwaukee Cnty. Bd. of Supervisors*, 273 F.3d 722, 731 (7th Cir. 2001); *Williams Electronics Games, Inc. v. Garrity*, 479 F.3d 904, 906-07 (7th Cir. 2007).  "[A] relinquishment of [jurisdiction] that clearly disserved economy would be a candidate for reversal."  *Williams*, 479 F.3d at 906.

The circumstances of this case dictate that the Court retain supplemental jurisdiction over the City's action as a pendent state law claim.  This lawsuit has been pending before this Court for nearly two years.  *See* Doc. No. 1 (Complaint, filed August 30, 2012).  During these proceedings, the Court has considered and decided various issues that have brought this action to the brink of trial—it has ruled on a motion to dismiss and discovery disputes, entered protective orders, and reviewed lengthy summary judgment submissions, among other things.  Discovery, which included thirteen depositions from key witnesses in this case, has been completed in this matter for several months.  Trial is mere days away.  As a result, the Court has held its pretrial conference and issued its pretrial order, the parties have invested heavily into preparing for trial, and witnesses have already been subpoenaed.  Moreover, this case is a matter of great public interest in part because public funds are being used by *both* the City *and* the Common Council to bring this matter to a resolution.

In short, the Court and the parties have spent substantial time and resources on this case.  Dismissing the case at this juncture and requiring the parties to litigate the interpretation of a federal statute anew in state court would "undermin[e] the very purpose of supplemental jurisdiction—judicial efficiency."  *Miller Aviation*, 273 F.3d at 732; Timm, 32 F.3d at 277 (affirming retention of jurisdiction where the litigation was over a year old, the parties had completed discovery, and the state law claims were ripe for decision); *see also Motorola Credit*

*Corp. v. Uzan*, 388 F.3d 39, 55-56 (2d. Cir. 2004) (reversing dismissal as abuse of discretion where the parties had spent substantial resources litigating state law claims). Accordingly, in the interests of judicial economy, the parties concur that the Court should exercise supplemental jurisdiction over the City's declaratory judgment action

## **CONCLUSION**

With trial days away, and the parties and the Court having expended substantial resources on nearly two years of litigation, dismissing the City's declaratory judgment action at this juncture would be contrary to the principles of judicial efficiency underlying supplemental jurisdiction. The parties accordingly agree that the Court should exercise supplemental jurisdiction over this case pursuant to 28 U.S.C. § 1367(c)(3).

Respectfully Submitted,

| | |
|---|---|
| s/Ryan G. Milligan | s/Daniel H. Pfeifer |
| Edward A. Sullivan, III (17577-71) | Daniel H. Pfeifer (5720-71) |
| Ryan G. Milligan (28691-71) | Jeffrey J. Stesiak (16876-46) |
| J.P. Hanlon (21230-71) | PFEIFER MORGAN & STESIAK |
| FAEGRE BAKER DANIELS LLP | 53600 N. Ironwood Drive |
| 202 S. Michigan St., Suite 1400 | South Bend, IN  46635 |
| South Bend, Indiana 46601 | dpfeifer@pilawyers.com |
| edward.sullivan@faegrebd.com | jstesiak@pilawyers.com |
| ryan.milligan@faegrebd.com | *Counsel for 532 Plaintiffs* |
| jphanlon@faegrebd.com | |
| *Counsel for City of South Bend* | |

s/Robert J. Palmer
Robert J. Palmer (6316-71)
E. Spencer Walton (1000-71)
Christopher M. Lerner (25336-64)
MAY · OBERFELL · LORBER
4100 Edison Lakes Parkway, Suite 100
Mishawaka, IN  46545
rpalmer@maylorber.com
ewalton@maylorber.com
Clerner@maylorber.com
*Counsel for South Bend Common Council*