UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| CITY OF SOUTH BEND ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | |
| SOUTH BEND COMMON COUNCIL, TIM ) | CASE NO. 3:12-CV-475-JVB-CAN |
| CORBETT, DAVE WELLS, STEVE RICHMOND,) | |
| BRIAN YOUNG, AND SANDY YOUNG. ) | |
| ) | |
| Respondents. ) | |

## THE CITY OF SOUTH BEND'S MEMORANDUM REGARDING JURISDICTION

The petitioner, the City of South Bend (the "City"), by counsel, pursuant to the Court's request that the parties submit briefs on the question of whether the declaratory judgment action should be dismissed without prejudice due to lack of jurisdiction, submits the following in addition to the Joint Memorandum Regarding Supplemental Jurisdiction filed by the parties.

## INTRODUCTION AND BACKGROUND[1]

On August 30, 2012, the City filed its Complaint for Declaratory Judgment (the "Complaint"), seeking a declaration from the Court regarding the respective obligations and rights of the parties under the Federal Wiretap Act, 18 U.S.C. § 2511 with respect to the interception of certain phone conversations by the South Bend Police Department (the "Recordings"). *See* Compl., at ¶ 7. The Complaint alleges that the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it arises under the Federal Wiretap Act. *See* Compl., at ¶ 7. The City seeks a declaratory judgment not only to determine

---

[1] For further background and argument, the City incorporates by reference the entirety of its Response in Opposition to the Council's Motion to Dismiss. *See* Doc. No. 33.

"whether production of the Recordings by the City pursuant to a valid subpoena would violate the Federal Wiretap Act," but also for the broader purpose of "determin[ing] its obligations with respect to the Recordings" due to "recurring controversies over the City's obligations with respect to the Recordings under the Federal Wiretap Act."  Compl., at ¶¶ 9, 19.  These controversies included media and other requests for the Recordings and threatened federal suits in addition to the Council's subpoena.

On October 15, 2012, the South Bend Common Council (the "Council") filed a motion to dismiss, contending that the court lacked subject matter jurisdiction over the City's declaratory judgment action.  On January 14, 2014, the Court issued an Order denying the Council's motion because the 532 Plaintiffs' lawsuit "undoubtedly satisfy the requirement" that "a declaratory judgment plaintiff need only show that the defendants could file a federal claim to establish federal-question jurisdiction."  Doc. No. 51:  Order, at 5.

Since that time, the 532 Plaintiffs have resolved their claims against the City and others, having just recently resolved their final outstanding claim against Karen DePaepe.  After being informed of the impending dismissal of the 532 case, the Court contacted the parties and requested that they brief the matter of whether the Court retains federal subject matter jurisdiction over this case.  Having previously determined that it has federal question jurisdiction over the City's declaratory judgment action, the Court need not revisit the issue of subject matter jurisdiction in this case because it has already properly determined the jurisdictional question in this case by reference to the time of the filing of the action.

## ARGUMENT

The dismissal of the 532 Plaintiffs' claims in this consolidated lawsuit does not divest the Court of federal question jurisdiction in this matter.  In denying the Council's motion to dismiss,

the Court properly determined that it had *federal question* jurisdiction over this action.  It does not need to revisit the issue as subject matter jurisdiction depends only on the state of things when the action was brought.  And, in any event, the City's declaratory judgment action is more than *solely* a defense to the Council's subpoena—it is a properly framed federal question aimed at addressing recurring controversies over the City's obligations with respect to the Recordings under the Federal Wiretap Act.   Accordingly, the Court must retain jurisdiction over this matter.

> **I.     This Court has already determined that it has federal question jurisdiction over the City's declaratory judgment action as of the time of the filing of the action, which settled the jurisdictional issues in this case.**

It is well-settled that "jurisdictional questions are answered by reference to the *time of the filing* of an action[.]" *Nuclear Eng'g Co. v. Scott*, 660 F.2d 241, 248 (7th Cir. 1981) (emphasis added); *see also Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 473 (2007) (stating that "subject-matter jurisdiction depends on the state of things at the time of the action brought.") (internal quotations and citations omitted).  The Court, with its Order denying the Council's Motion to Dismiss for lack of subject matter jurisdiction, determined that it had federal question jurisdiction over the City's declaratory judgment action because the Complaint did not merely anticipate a state law claim.  Under the analytical framework employed by the Court, "To meet the subject matter jurisdiction requirement articulated in 28 U.S.C. § 1331, a declaratory judgment plaintiff must show that the anticipated suit, which has raised the need for a declaratory judgment, would satisfy federal jurisdictional standards."  Order, at 4 (citing *DeBartolo v. HealthSouth Corp.*, 569 F.3d 736, 741 (7th Cir. Ill. 2009)).  Concluding that the City "need only show that the defendants could file a federal claim to establish federal-question jurisdiction," the Court accordingly held that the anticipated (and subsequently filed) federal tort claims against the City "undoubtedly satisfy the requirement." Order, at 5.  Because federal question

3

jurisdiction was present at the time of the filing of the Complaint, the subsequent resolution of the 532 Plaintiffs' claims is of no moment.  The Court need not revisit the issue and for this reason alone the trial should proceed.  *See Nuclear Eng'g Co.*, 660 F.2d at 248.

> **II.   The City's Complaint is a properly framed federal cause of action that is not solely a defense to a state law action.**

As an independent basis for jurisdiction, the City's Complaint presents a federal question that is not solely a defense to the Council's subpoena.  Thus, the *Wycoff* principle—reversing subject matter jurisdiction analysis to focus on the character of the threatened action by declaratory judgment defendants—need not be applied in this case.[2]  Under *Wycoff*, "federal jurisdiction is absent where the federal issue would arise *only* as a defense to a state cause of action."  *Penobscot Nation v. Georgia-Pac. Corp.*, 254 F.3d 317, 321 (1st Cir. 2001), *cert. denied* 524 U.S. 1127.  For the reasons more fully examined in the City's Response in Opposition to Motion to Dismiss (which the City incorporates fully by reference), the City's declaratory judgment action cannot be considered solely a mechanism to quash the Council's subpoena.

Indeed, the City's action was filed in anticipation of recurring controversies over the legality of the Recordings, the resolution of which turns on a substantial question of federal law—namely, whether the interception of certain conversations violated the Federal Wiretap Act, a federal statute that provides for a federal cause of action.  *See* 18 U.S.C. §§ 2520-2522.  The mere fact that the same statute *could also* serve as a basis to quash the Council's subpoena does not require the City to litigate it as a defense in state court.  *Cf. Illinois v. Gen. Elec. Co.*, 683 F.2d 206, 211 (7th Cir. 1982) (But, "if understood to require federal claimants always to litigate their claims as defenses in state court if they can, [*Wycoff*] must be wrong . . .").  Rather,

a "properly framed federal cause of action *does not* fall outside § 1331 simply because it *could* also arise as an affirmative federal defense in state court." *Kemp v. Chicago Housing Auth.*, 2010 WL 2927417, at *4 (N.D. Ill. July 21, 2010) (emphasis added) (quoting *Aroostook Band of Micmacs v. Ryan*, 404 F.3d 48, 61 (1st Cir. 2005), overruled on other grounds by *Narragansett Indian Tribe v. Rhode Island*, 449 F.3d 16 (1st Cir. 2006)).  And because that is the case here, jurisdiction is proper.

## CONCLUSION

As set forth above, the Court determined in its Order that it had *federal question* jurisdiction over the City's declaratory judgment action as of the time the action was filed, and that remains true now.  The Court did not determine that it had *supplemental* jurisdiction over the action as a claim that formed part of the same case or controversy as the 532 Plaintiffs' federal tort claims.  To the extent that the City's claim could be considered a pendent state law claim, however, the City joins with the 532 Plaintiffs and the Council in contending the Court should exercise supplemental jurisdiction over the claim for the reasons set forth in the parties' Joint Memorandum on Supplemental Jurisdiction.

---

[2] *Public Serv. Comm'n v. Wycoff Co.*, 344 U.S. 237 (1952).

Respectfully Submitted,

FAEGRE BAKER DANIELS LLP

s/Ryan G. Milligan
Edward A. Sullivan, III (17577-71)
Ryan G. Milligan (28691-71)
J.P. Hanlon (21230-71)
FAEGRE BAKER DANIELS LLP
202 S. Michigan St., Suite 1400
South Bend, Indiana 46601
edward.sullivan@faegrebd.com
ryan.milligan@faegrebd.com
jphanlon@faegrebd.com
*Counsel for City of South Bend*

Aladean DeRose (4495-71)
City Attorney
227 West Jefferson Blvd., Suite 1400
South Bend, Indiana 46601
Phone:  574.235.9241
Facsimile:  574.235.7670
*Counsel for the petitioner, City of South Bend*

US.54652119.03

# CERTIFICATE OF SERVICE

  I certify that on the 7th day of August, 2014, a copy of the foregoing was served upon the following parties and counsel of record through either the Court's electronic filing system or by U.S. Mail, postage prepaid:

Jeffrey S. McQuary
BROWN TOMPKINS LORY & MASTRIAN
608 East Market Street
Indianapolis, IN  46202
jmcquary@brown-tompkins-lory.com
*Counsel for Respondents Brian Young, Tim Corbett, Dave Wells, Sandy Young, Steve Richmond*

Robert J. Palmer
E. Spencer Walton
Christopher M. Lerner
MAY · OBERFELL · LORBER
4100 Edison Lakes Parkway, Suite 100
Mishawaka, IN  46545
rpalmer@maylorber.com
ewalton@maylorber.com
Clerner@maylorber.com
*Counsel for South Bend Common Council*

Thomas M. Dixon
Dixon, Wright & Associates, P.C.
55255 Birchwood Court
Osceola, IN  46561
574-315-6455
Fax:  574-675-7783
Email:  tdixon3902@comcast.net
*Counsel for Darryl Boykins*

Daniel H. Pfeifer
Jeffrey J. Stesiak
Jerome W. McKeever
PFEIFER MORGAN & STESIAK
53600 N. Ironwood Drive
South Bend, IN  46635
dpfeifer@pilawyers.com
jstesiak@pilawyers.com
*Attorney for Respondents*

Marielena Duerring
Duerring Law Offices
61191 US 31 South
South Bend, IN  46614
(574) 968-0250
attymduerring@aol.com
*Counsel for Karen DePaepe and Scott Duerring*

            s/ Ryan G. Milligan

US.54652119.03