UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| CITY OF SOUTH BEND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 3:12-cv-475 |
| | ) | |
| SOUTH BEND COMMON COUNCIL, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

**************************************************************************

| | | |
|---|---|---|
| BRIAN YOUNG, SANDY YOUNG TIMOTHY CORBETT, DAVID WELLS, And STEVE RICHMOND | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Consolidated |
| v. | ) | Cause No. 3:12-cv-532 |
| | ) | |
| THE CITY OF SOUTH BEND, Acting Through its Police Department, DARRYL BOYKINS, Individually and in his Official Capacity as Chief of Police, KAREN DEPAEPE, and SCOTT DUERRING, | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION TO EXCLUDE HEARSAY TESTIMONY AND EXHIBITS

Defendant South Bend Common Council (the "Council"), by counsel, and pursuant to Rule 802 of the Federal Rules of Evidence and Rule 32 of the Federal Rules of Civil Procedure, submits its Motion to Exclude Hearsay Testimony and Exhibits as follows:

1.     The City of South Bend (the "City") and/or Brian Young, Sandy Young, Timothy Corbett, David Wells, and Steve Richmond (the "532 Plaintiffs") intend to offer a letter from David Capp, United States Attorney, to Aladean DeRose, Acting City Attorney (the "Capp Letter"), along with certain other sworn statements and deposition transcripts, into evidence as

an exhibit at the bench trial set to occur with respect to this matter on August 12, 2014. (*See* Pretrial Order, DE# 140, Item J).

2. As explained more fully below, the Capp Letter, the sworn statements, and the depositions (identified specifically below) are inadmissible hearsay.

3. "Hearsay" is defined as "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." FRE 801(c).

4. "Hearsay is not admissible unless any of the following provides otherwise: a federal statute; [the Federal Rules of Evidence]; or other rules prescribed by the Supreme Court." FRE 802.

5. Similar to the Capp Letter, in *Friends of Milwaukee's Rivers v. Milwaukee Metro. Sewerage Dist.*, the court found a letter from an Environmental Protection Agency ("EPA") official to a member of the Wisconsin Department of Natural Resources ("WDNR") was inadmissible hearsay. 556 F.3d 603 (7th Cir. 2009). In *Friends of Milwaukee's Rivers*, Friends of Milwaukee's Rivers and Lake Michigan Federation, n/k/a Alliance for the Great Lakes (collectively, "Friends"), filed suit against the Milwaukee Metropolitan Sewerage District ("MMSD") under the Federal Clean Water Act. Friends alleged that MMSD was responsible for certain sewer overflows in violation of the Clean Water Act. The State of Wisconsin filed an action against MMSD on the same day Friends filed their action. Subsequently, the State of Wisconsin and MMSD reached a settlement (the "2002 Stipulation"), in which MMSD agreed to take certain actions to improve its operations and to bring them into compliance with the Clean Water Act. At trial, Friends sought to admit into evidence a letter from Jo Lynn Traub of the United States EPA to Amy Smith of the WDNR (the "Traub Letter"). *Id.* at 615. The Traub

2

Letter contained a purported opinion by the EPA that the 2002 Stipulation wound not ensure compliance with the Clean Water Act. *Id*. The district court refused to admit the Traub Letter into evidence finding that the Letter constituted inadmissible hearsay. *Id*. The district court further found that the letter did not qualify as a public record under the hearsay exception in FRE 803(8) (i.e. the "Public Records" exception). *Id*. at 615-16. On appeal, the Seventh Circuit affirmed the evidentiary ruling of the district court as to the Traub Letter. *Id*.

6. Just like the Traub Letter in *Friends of Milwaukee's Rivers*, in the present case, the Capp Letter constitutes inadmissible hearsay. The Capp Letter makes no legal conclusions or factual findings related to the ultimate issue in this case; rather, the Capp Letter simply states that no federal prosecution against the South Bend Police Department for violations of the Wiretap Act is warranted. Moreover, neither United States Attorney Capp nor City Attorney Aladean DeRose were listed as a witness in the Pretrial Order filed jointly by the parties on July 11, 2014. As such, the Capp Letter should be excluded under FRE 802 as inadmissible hearsay.

7. In addition to the Capp Letter, the City and the 532 Plaintiffs have indicated that they intend to offer the following sworn statements and deposition transcripts into evidence:

| Exhibit No. | Document |
|---|---|
| 2 | Sworn Statement of Thomas H. Fautz (October 23, 2012) |
| 8 | Sworn Statement of Brent Hemmerlein (November 20, 2012) |
| 10 | Sworn Statement of Phillip Trent (November 1, 2012) |
| 11 | Sworn Statement of Robert Lanchsweerdt (November 1, 2012) |
| 14 | Sworn Statement of Richard Bishop (January 15, 2013) |
| 22 | Deposition of Karen DePaepe (4/15/13) |
| 23 | Deposition of Darryl Boykins (4/15/13) |
| 24 | Deposition of Richard Bishop (6/19/13) |
| 25 | Deposition of Thomas Fautz (4/16/13) |
| 26 | Deposition of Brent Hemmerlein (5/29/13) |
| 28 | Deposition of Gary Horvath (5/28/13) |
| 29 | Deposition of Robert Lanchsweerdt (6/18 & 19/2013) |
| 30 | Deposition of Steve Richmond (4/16/13) |
| 31 | Deposition of Diana Scott (6/20/13) |
| 32 | Deposition of Phil Trent (6/18/13) |

| 33 | Deposition of Jeffrey Walters (5/29/13) |
| --- | --- |
| 34 | Deposition of Sandra Young (4/16/13) |

8. The sworn statements referenced above (Trial Exhibit Nos. 2, 8, 10, 11, and 14) are inadmissible hearsay and they should not be admitted as substantive evidence. *Perrey v. Donahue*, 703 F. Supp. 2d 839, 858 (N.D. Ind. 2010) (holding that an affidavit offered in evidence to prove the truth of the matter asserted is inadmissible hearsay).

9. Similarly, the deposition transcripts referenced above (Trial Exhibit Nos. 22-26 and 28-24)—unless offered for a proper purpose as set forth in FRCP 32—are also inadmissible hearsay and they should not be admitted as substantive evidence. *See* FRCP 32 (governing the use of depositions in court proceedings).

WHEREFORE, Defendant South Bend Common Council respectfully moves the Court for an Order: (1) instructing the City and the 532 Plaintiffs not to offer or attempt to offer into evidence the Letter (dated May 31, 2012) from David Capp, United States Attorney, to Aladean DeRose, Acting City Attorney; (2) instructing the City and the 532 Plaintiffs not to offer or attempt to offer into evidence the sworn statements designated as Trial Exhibit Nos. 2, 8, 10, 11, and 14; and (3) instructing the City and the 532 Plaintiffs not to offer or attempt to offer into evidence the deposition transcripts designated as Trial Exhibit Nos. 22-26 and 28-34 unless they are offered for a proper purpose under FRCP 32.

/s/Robert J. Palmer
E. Spencer Walton, Jr. (1000-71)
Robert J. Palmer (6316-71)
Attorneys for South Bend Common Council
**MAY • OBERFELL • LORBER**
4100 Edison Lakes Parkway, Suite 100
Mishawaka, IN  46545
Phone: (574) 243-4100
Fax: (574) 232-9789
rpalmer@maylorber.com

## CERTIFICATE OF SERVICE

I certify that a copy of the forgoing was served upon all attorneys of record via the Court's ECF system on August 7, 2014.

/s/Robert J. Palmer
Robert J. Palmer

F:\Clients\S1060\12001\Pleadings - Fed Ct\Motions to Exclude Certain Testimony\2014-8-7 Motion to Exclude Hearsay.docx

5