UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| CITY OF SOUTH BEND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 3:12-cv-475 |
| | ) | |
| SOUTH BEND COMMON COUNCIL, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

**********************************************************************

| | | |
|---|---|---|
| BRIAN YOUNG, SANDY YOUNG TIMOTHY CORBETT, DAVID WELLS, And STEVE RICHMOND | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Consolidated |
| v. | ) | Cause No. 3:12-cv-532 |
| | ) | |
| THE CITY OF SOUTH BEND, Acting Through its Police Department, DARRYL BOYKINS, Individually and in his Official Capacity as Chief of Police, KAREN DEPAEPE, and SCOTT DUERRING, | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION TO EXCLUDE IRRELEVANT TESTIMONY AND EXHIBITS

Defendant South Bend Common Council (the "Council"), by counsel, and pursuant to Rule 402 of the Federal Rules of Evidence, submits its Motion to Exclude Irrelevant Testimony and Exhibits as follows:

1.  In the present declaratory judgment action, the City of South Bend (the "City") has requested that this Court determine whether the recording of certain phone conversations at the South Bend Police Department (the "Recordings") violated Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. § 2510 *et seq*. (the "Wiretap Act"). (*See* DE# 1,

¶¶ 3 and 9). Specifically, the City has requested this Court "to determine its obligations with respect to the Recordings and [to determine] whether the Recordings violated the Federal Wiretap Act…and whether disclosure of the Recordings by the City pursuant to a valid subpoena would violate the Federal Wiretap Act." (DE# 1, ¶ 9).

2. The Council contends that the Wiretap Act does not apply to the Recordings pursuant to the Ordinary Course Exclusion (18 U.S.C. § 2510(5)(a)(ii)), and therefore, the Recordings were not captured in violation of the Wiretap Act. *See Amati v. City of Woodstock*, 176 F.3d 952, 954 (7th Cir. 1999) (describing the Ordinary Course Exclusion as a "statutory exclusion of eavesdropping 'by an investigative or law enforcement officer in the ordinary course of his duties'").

3. Throughout the pretrial litigation of this matter, the City, along with along with Brian Young, Sandy Young, Timothy Corbett, David Wells, and Steve Richmond (the "532 Plaintiffs"), have erroneously argued that the applicability of the Ordinary Course Exclusion is somehow dependent on what is done with the Recordings after the Recordings were created.

4. As such, the Council has reason to believe that the City and/or the 532 Plaintiffs will attempt to offer testimony and/or exhibits at the August 12, 2014 bench trial of this matter regarding events and circumstances that took place after the Recordings were created.

5. Such testimony and/or exhibits are inadmissible because they are irrelevant. *See* Fed. Rules Evid. R. 402 ("Irrelevant evidence is not admissible.").

6. In *In re High Fructose Corn Syrup Antitrust Litig., Delwood Farms, Inc.*, the issue before the Seventh Circuit was whether recordings exempted by the Wiretap Act because one party consented to the recordings were nevertheless subject to 18 U.S.C. § 2517 (a provision of the Wiretap Act that governs "authorization for disclosure and use of intercepted wire, oral, or

electronic communications") 216 F.3d 621 (7th Cir. 2000). Judge Posner, writing for the Seventh Circuit, opined that "If by virtue of [an exception to the Wiretap Act] an interception is not prohibited by Title III, there are no Title III restrictions on its use." *Id*. at 624. In other words, if the interception at issue was not obtained in violation of the Wiretap Act, "its subsequent use and disclosure was not a violation of the Act." *Id*. at 625.

      7.      Although the Seventh Circuit's analysis was based on the exemption of recordings under 18 U.S.C. § 2511, that same rationale was employed by the Fourth Circuit involving recordings excluded from the Federal Wiretap Act by the Ordinary Course Exclusion in 18 U.S.C. § 2510(5)(a)(ii). In *United States v. Hammond*, 286 F.3d 189 (4th Cir. 2002), citing *In re High Fructose Corn Syrup Antitrust Litigation*, the Court ruled that recordings excluded under the Ordinary Course Exclusion are excluded for all purposes under the Wiretap Act. Specifically, the Court stated:

> However, we are persuaded by the reasoning of the Seventh Circuit in *In re High Fructose Corn Syrup Antitrust Litigation*, 216 F.3d 621 (7th Cir. 2000). There, the court was asked to consider whether the limits on the use and disclosure of intercepted communications imposed by Title III, 18 U.S.C. § 2517, applied to conversations that had been recorded by one of the participants. In analyzing this issue, the court read Sections 2516 to 2519 as a self-contained unit within Title III to finding and implementing the regime for interceptions pursuant to a judicial interception order. *See Id.* at 624-625. Under this reading, Section 2517 only limits the uses of communications permitted by means of such an order. *Id.* Since Title III imposes no other limitations on intercepted communications outside the warrant regime, the Seventh Circuit concluded that 'Section 2511 exempts the conversation covered by it from the *entirety* of Title III.' *Id.* at 625 (emphasis in original). Agreeing with this mode of analysis, we conclude that the FBI was free to use the intercepted conversations once they were excepted under either Section 2510(5)(a)(1) or Section 2511(2)(c).

3

Therefore, if the recordings are excluded from the Wiretap Act by the Ordinary Course Exclusion, there are no limits under the Federal Wiretap Act on the recordings' subsequent use and disclosure.

8. The Wiretap Act simply has no application whatsoever if the recordings were lawful (i.e. if they were excluded from the Wiretap Act under the Ordinary Course Exclusion).

9. Accordingly, any testimony offered by the City and/or the 532 Plaintiffs regarding alleged actions that took place after July 2011—i.e. the latest possible date the recordings were captured— is irrelevant and should be excluded from evidence pursuant to Rule 402 of the Federal Rules of Evidence.

10. Additionally the Court should find that the following exhibits are inadmissible because they concern actions and events that took place after the Recordings were captured:

| Exhibit No. | Document |
|---|---|
| 1 | January 4, 2012 Officer's Report from Karen DePaepe, Director of Communications, to Darryl Boykins, Chief of Police |
| 3 | Federal Bureau of Investigation Receipt for Property Received/Returned/Released/Seized (June 4, 2012) |
| 4 | FBI Letter (March 17, 2014) |
| 6 | Recorded Telephone Lines List |
| 9 | Email from Karen DePaepe to Gary Horvath including attachment of recorded audio lines (August 29, 2011) |
| 13 | Subpoena to Testify Before a Grand Jury to the South Bend Police Department (February 8, 2012) |

WHEREFORE, Defendant South Bend Common Council respectfully moves the Court for an Order: (1) instructing the City and the 532 Plaintiffs not to offer or attempt to offer into evidence any testimony regarding events that took place after July 2011 - the latest possible date the recordings were captured; and (2) instructing the City and the 532 Plaintiffs not to offer or attempt to offer into evidence the documents designated as Trial Exhibit Nos. 1, 3, 4, 6, 9, and 13.

/s/Robert J. Palmer
E. Spencer Walton, Jr. (1000-71)
Robert J. Palmer (6316-71)
Attorneys for South Bend Common Council
**MAY • OBERFELL • LORBER**
4100 Edison Lakes Parkway, Suite 100
Mishawaka, IN  46545
Phone: (574) 243-4100
Fax: (574) 232-9789
rpalmer@maylorber.com

## **CERTIFICATE OF SERVICE**

I certify that a copy of the forgoing was served upon all attorneys of record via the Court's ECF system on August 7, 2014.

                                                /s/Robert J. Palmer
                                                Robert J. Palmer

F:\Clients\S1060\12001\Pleadings - Fed Ct\Motions to Exclude Certain Testimony\2014-8-7 Motion to Exclude Irrelevant Testimony and Exhibits.docx