UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| CITY OF SOUTH BEND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 3:12-cv-475 |
| | ) | |
| SOUTH BEND COMMON COUNCIL, | ) | |
| ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| BRIAN YOUNG, SANDY YOUNG | ) | |
| TIMOTHY CORBETT, DAVID WELLS, | ) | |
| And STEVE RICHMOND | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Consolidated |
| v. | ) | Cause No. 3:12-cv-532 |
| | ) | |
| THE CITY OF SOUTH BEND, Acting | ) | |
| Through its Police Department, DARRYL | ) | |
| BOYKINS, Individually and in his Official | ) | |
| Capacity as Chief of Police, KAREN | ) | |
| DEPAEPE, and SCOTT DUERRING, | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION TO EXCLUDE TESTIMONY OF PROFESSOR G. ROBERT BLAKEY

Defendant South Bend Common Council (the "Council"), by counsel, submits its Motion to Exclude Testimony of Professor G. Robert Blakey as follows:

1.      Brian Young, Sandy Young, Timothy Corbett, David Wells, and Steve Richmond (the "532 Plaintiffs") intend to offer the testimony of Professor G. Robert Blakey (Professor Blakey) at the bench trial set to occur with respect to this matter on August 12, 2014. (*See* DE# 140, Item K(2)(d)).

2.      The Council has reason to believe that the 532 Plaintiffs intend to have Professor

Blakey testify about the meaning, intent, purpose, and/or applicability of Title III of the Omnibus

Crime Control and Safe Streets Act of 1968, 18 U.S.C. § 2510 *et seq.* (the "Wiretap Act") as it

relates to the facts and circumstances underlying this case.

3.      Such testimony by Professor Blakey is inadmissible because it improperly usurps

the role of the Court.

4.      "The meaning of federal [law] is not a question of fact…[i]t is a question of law,

to be resolved by the court" *Bammerlin v. Navistar Int'l Transp. Corp.*, 30 F.3d 898, 900 (7th

Cir. Ind. 1994). *See also CDX Liquidating Trust v. Venrock Assocs.*, 411 B.R. 571, 585 (N.D. Ill.

2009) ("[U]nder Rule 702, courts have consistently excluded experts who proffer testimony on

the law governing the case.").

5.      Specifically, the Seventh Circuit has held that "expert testimony as to legal

conclusions that will determine the outcome of the case is inadmissible." *See Good Shepherd*

*Manor Found., Inc. v. City of Momence*, 323 F.3d 557, 564 (7th Cir. 2003) (finding the proffered

testimony of a law professor on purely legal matters and made up solely of legal conclusions

inadmissible). *See also United States v. Sinclair*, 74 F.3d 753, 757, n. 1 (7th Cir. 1996) ("Our

own cases have determined that Federal Rules of Evidence 702 and 704 prohibit experts from

offering opinions about legal issues that will determine the outcome of a case."); *Sommerfield v.*

*City of Chicago*, 254 F.R.D. 317, 330 (N.D. Ill. 2008) (internal citations omitted) ("[E]xpert

testimony that contains a legal conclusion that determines the outcome of a case is

inadmissible…Rule 704 of the Federal Rules of Evidence, which precludes objections opinion

evidence solely because it may embrace an ultimate issue, cannot sustain the admissibility of

legal conclusions by experts. 'When the rules speak of an expert's testimony embracing the

ultimate issue, the reference must be to stating opinions that suggest the answer to the ultimate issue or that give the jury all the information from which it can draw inferences as to the ultimate issue.' Outcome-determinative legal conclusions do not assist the trier of fact, and thus, are not 'otherwise admissible' within the meaning of Rule 704.").

6.      In the present declaratory judgment action, the City of South Bend (the "City") has requested that this Court determine whether the recording of certain phone conversations at the South Bend Police Department (the "Recordings") violated the Wiretap Act. (*See* DE# 1, ¶¶ 3 and 9). Specifically, the City has requested this Court "to determine its obligations with respect to the Recordings and [to determine] whether the Recordings violated the Federal Wiretap Act…and whether disclosure of the Recordings by the City pursuant to a valid subpoena would violate the Federal Wiretap Act." (DE# 1, ¶ 9).

7.      Any testimony by Professor Blakey conveying his opinion as to the meaning, intent, purpose, and/or applicability of the Wiretap Act could determine the outcome of this case in that it would go directly to the central issue of whether the Recordings violated the Wiretap Act.

8.      As it relates to this case, the meaning, intent, purpose, and/or applicability of the Wiretap Act is a question that must be determined by the Court, and therefore, any testimony by Professor Blakey on this subject matter should be excluded from evidence.


WHEREFORE, Defendant South Bend Common Council respectfully moves the Court for an Order instructing the 532 Plaintiffs not to offer or attempt to offer into evidence the testimony of Professor Robert G. Blakey regarding the meaning, intent, purpose, and/or applicability of the Wiretap Act.

/s/Robert J. Palmer
E. Spencer Walton, Jr. (1000-71)
Robert J. Palmer (6316-71)
Attorneys for South Bend Common Council
**MAY • OBERFELL • LORBER**
4100 Edison Lakes Parkway, Suite 100
Mishawaka, IN  46545
Phone: (574) 243-4100
Fax: (574) 232-9789
rpalmer@maylorber.com

## CERTIFICATE OF SERVICE

I certify that a copy of the forgoing was served upon all attorneys of record via the

Court's ECF system on August 7, 2014.

/s/Robert J. Palmer
Robert J. Palmer

F:\Clients\S1060\12001\Pleadings - Fed Ct\Motions to Exclude Certain Testimony\2014-8-7 Motion to Exclude Testimony of Professor G. Robert Blakey.docx