UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| CITY OF SOUTH BEND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 3:12-cv-475 |
| | ) | |
| SOUTH BEND COMMON COUNCIL, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

*************************************************************************

| | | |
|---|---|---|
| BRIAN YOUNG, SANDY YOUNG TIMOTHY CORBETT, DAVID WELLS, And STEVE RICHMOND | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Consolidated |
| v. | ) | Cause No. 3:12-cv-532 |
| | ) | |
| THE CITY OF SOUTH BEND, Acting Through its Police Department, DARRYL BOYKINS, Individually and in his Official Capacity as Chief of Police, KAREN DEPAEPE, and SCOTT DUERRING, | ) | |
| | ) | |
| Defendants. | ) | |

### MOTION TO EXCLUDE TESTIMONY FROM WITNESSES WITH NO PERSONAL KNOWLEDGE OF THE TELPEHONE RECORDING PROCEDURES EMPLOYED BY THE SOUTH BEND POLICE DEPARTMENT

Defendant South Bend Common Council (the "Council"), by counsel, and pursuant to Rule 602 of the Federal Rules of Evidence, submits its Motion to Exclude Testimony from Witnesses with No Personal Knowledge of the Telephone Recording Procedures Employed by the South Bend Police Department as follows:

1.   In the present declaratory judgment action, the City of South Bend (the "City") has requested that this Court determine whether the recording of certain phone conversations at

the South Bend Police Department (the "Recordings") violated Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. § 2510 *et seq*. (the "Wiretap Act"). (*See* DE# 1, ¶¶ 3 and 9). Specifically, the City has requested this Court "to determine its obligations with respect to the Recordings and [to determine] whether the Recordings violated the Federal Wiretap Act…and whether disclosure of the Recordings by the City pursuant to a valid subpoena would violate the Federal Wiretap Act." (DE# 1, ¶ 9).

2. The purpose of the Wiretap Act is "to prohibit…all interceptions of oral and wire communications, except those specifically provided for in the Act." *United States v. Giordano*, 416 U.S. 505, 514 (1974).

3. To fulfil this purpose, the Wiretap Act contemplates criminal and civil penalties for certain recordings when a person "intentionally uses, endeavors to use, or procures any other person to use or endeavor to use any *electronic, mechanical, or other device* to intercept any oral communication." 18 U.S.C. § 2511(1)(b) (emphasis added).

4. The phrase "*electronic, mechanical, or other device*" as used in 18 U.S.C. § 2511(1)(b) is defined in 18 U.S.C. § 2510(5)(a)(ii) (referred to herein as the "Ordinary Course Exclusion"), which states: "*electronic, mechanical, or other device*" means any device or apparatus which can be used to intercept a wire, oral, or electronic communication other than (a) any telephone or telegraph instrument, equipment or facility, or any component thereof…(ii) being used…*by an investigative or law enforcement officer in the ordinary course of his duties*." (Emphasis added).

5. The Ordinary Course Exclusion is "statutory exclusion of eavesdropping 'by an investigative or law enforcement officer in the ordinary course of his duties.'" *Amati v. City of Woodstock*, 176 F.3d 952, 954 (7th Cir. 1999).

6. The City and Brian Young, Sandy Young, Timothy Corbett, David Wells, and Steve Richmond (the "532 Plaintiffs") contend that the Federal Wiretap Act applies to the Recordings because the underlying conversations placed on the Recordings were intercepted "through the use of any electronic, mechanical, or other device." (*See* DE# 140, Item D).

7. Alternatively, the Council contends that the Federal Wiretap Act does not apply to the Recordings pursuant to the Ordinary Course Exclusion, and therefore, the Recordings were not captured in violation of the Federal Wiretap Act.

8. Accordingly, the disposition of the present declaratory judgment action is contingent upon the question of whether, given the facts and circumstances of the present case, the Recordings are excluded from the Wiretap Act under the Ordinary Course Exclusion.

9. The Council has reason to believe that the City and/or the 532 Plaintiffs intend to offer into evidence the testimony of individuals with no personal knowledge of how recording system at the South Bend Police Department operated and/or the purpose of the recording system.

10. Any such testimony is inadmissible under FRE 602, which provides that "A witness may testify *only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter*."

WHEREFORE, Defendant South Bend Common Council respectfully moves the Court for an Order instructing the City and the 532 Plaintiffs not to offer or attempt to offer into evidence the testimony of any witness other than those witnesses with personal knowledge of: (1) the purpose of the recording system; (2) the manner in which the Recordings were captured;

and/or (3) the reasons why the Recordings were initially listened to any why the copies of said Recordings were made.

/s/Robert J. Palmer
E. Spencer Walton, Jr. (1000-71)
Robert J. Palmer (6316-71)
Attorneys for South Bend Common Council
**MAY • OBERFELL • LORBER**
4100 Edison Lakes Parkway, Suite 100
Mishawaka, IN  46545
Phone: (574) 243-4100
Fax: (574) 232-9789
rpalmer@maylorber.com

## CERTIFICATE OF SERVICE

I certify that a copy of the forgoing was served upon all attorneys of record via the Court's ECF system on August 7, 2014.

/s/Robert J. Palmer
Robert J. Palmer

F:\Clients\S1060\12001\Pleadings - Fed Ct\Motions to Exclude Certain Testimony\2014-8-7 Motion to Exclude Testimony Regarding the Recordings from Witnesses with no Personal Knowledge.docx