UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| CITY OF SOUTH BEND, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| SOUTH BEND COMMON COUNCIL, TIM | ) | CASE NO. 3:12-CV-475-JVB-CAN |
| CORBETT, DAVE WELLS, STEVE RICHMOND, | ) | |
| BRIAN YOUNG, AND SANDY YOUNG. | ) | |
| | ) | |
| Respondents. | ) | |

## MOTION TO EXCLUDE EVIDENCE CONTAINING INFORMATION RELATED TO THE CONTENTS OF THE RECORDINGS

The City of South Bend (the "City"), by counsel, respectfully moves the Court to exclude testimony and exhibits containing information related to the content of the conversations contained on the recordings at issue in this case. In support of its motion, the City states as follows:

1. At issue in the bench trial in this matter is whether certain recordings were made in violation of the Federal Wiretap Act, 18 U.S.C. § 2511(a) (the "Act"), or are excluded from the Act by the law enforcement ordinary course exclusion, 18 U.S.C. § 2510(5)(a)(ii). If the ordinary course exclusion does not apply, using or disclosing the contents of the recordings may constitute a civil or criminal offense in violation of the Act. 18 U.S.C. 5211(1)(c).

2. Moreover, the content of the recordings is irrelevant to the Court's content-neutral determination of whether the recordings were made in violation of the Act or are excluded from the Act by the law enforcement ordinary course exclusion. Indeed, disclosure of the contents of the recordings at trial prior to a determination of whether they were lawfully obtained would defeat the very purpose of this trial. *See U.S. v. Dorfman*, 690 F.2d 1230, 1233

(7th Cir. 1982) ("[T]he strict prohibition in Title III against disclosure of unlawfully obtained wiretap evidence would be undermined by public disclosure of wiretap evidence . . . before the judge ruled on the lawfulness of the wiretaps.").

3.    Accordingly, the Court entered a protective order in this matter on September 6, 2013 finding that use or disclosure of information regarding the conversations contained on the recordings could cause irreparable harm to parties by potentially violating their privacy rights or subjecting them to civil or criminal liability.  *See* Doc. No. 81 (Protective Order).

4.    The City does not have reason to believe that any of the parties to this case will delve into the content of the recordings during trial.  However, out of an abundance of caution, it requests an order from the Court prohibiting testimony or exhibits containing information regarding the content of the conversations contained on the recordings.  The City further requests that any otherwise admissible exhibits that contain information regarding the content of the conversations contained on the recordings be admitted only with such information redacted.

WHEREFORE, the City of South Bend respectfully requests that the Court (a) exclude any testimony and exhibits containing information related to the content of the conversations contained on the recordings, (b) permit any otherwise admissible exhibits that contain information related to the content of the conversations contained on the recordings to be admitted only with such information redacted, and (c) further requests such other relief as is just and proper.

US.54665033.01

Respectfully Submitted,

FAEGRE BAKER DANIELS LLP

s/ Ryan G. Milligan
Edward A. Sullivan, III (17577-71)
Ryan G. Milligan (28691-71)
J.P. Hanlon (21230-71)
FAEGRE BAKER DANIELS LLP
202 S. Michigan St., Suite 1400
South Bend, Indiana 46601
edward.sullivan@faegrebd.com
ryan.milligan@faegrebd.com
jphanlon@faegrebd.com
*Counsel for City of South Bend*

## CERTIFICATE OF SERVICE

I certify that on the 7th day of August, 2014, a copy of the foregoing was served upon all counsel of record via the Court's electronic filing system.

s/ Ryan G. Milligan

US.54665033.01