UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| CITY OF SOUTH BEND, | ) |
|         Petitioner, | ) ) ) |
| vs. | ) ) |
| SOUTH BEND COMMON COUNCIL, TIM CORBETT, DAVE WELLS, STEVE RICHMOND, BRIAN YOUNG, AND SANDY YOUNG. | ) ) ) ) |
|         Respondents. | ) |

CASE NO. 3:12-CV-475-JVB-CAN

### CITY OF SOUTH BEND'S RESPONSE TO THE COMMON COUNCIL'S VARIOUS EVIDENTIARY MOTIONS

The petitioner, the City of South Bend (the "City"), by counsel, for its response to the various evidentiary motions filed on August 7, 2014 by the respondent, South Bend Common Council (the "Council"), states as follows:

### Motion to Exclude Irrelevant Testimony and Exhibits [Doc. No. 148]

1. The Council's Motion to Exclude Irrelevant Testimony and Exhibits seeks a blanket order excluding all testimony and exhibits "regarding events and circumstances that took place after the recordings were created." Mot., ¶ 4. The Council's rationale is that if the recordings do not violate the Federal Wiretap Act (the "Act"), they are excluded from the Act for all purposes and no limitations can be placed on their subsequent use. Mot., ¶ 7. Thus, the Council requests that the Court use a bright-line rule to exclude any evidence "regarding alleged actions that took place after July 2011" as irrelevant. Mot., at ¶ 9.

2. The City, however, does not intend to offer any of the exhibits that the Council asserts are inadmissible for the purpose of proving the use or disclosure of the

US.54667907.01

recordings as a violation of 18 U.S.C. § 2511(1)(c) and (d). Rather, some exhibits that may have been created or altered after July 2011[1] show the circumstances surrounding the capture of the telephone calls themselves and the processes used at the Police Department relating to phone lines and the recording system. Thus, they are probative of the actions and motivations of witnesses at the relevant times that the telephone line of Brian Young was recorded. More specifically, the exhibits are relevant for the following reasons:[2]

    a. <u>Ex. 1: January 4, 2012 Officer's Report</u>: The Officer's Report was completed by Director of Communications Karen DePaepe, a testifying witness, and delivered to Darryl Boykins (also a testifying witness). It details her actions in late 2010 through July 2011 with respect to her discovery of the wrongfully recorded line, what she did about it, why she recorded the calls she did, and her reasoning behind recording calls. The document is probative of whether there was an ordinary course in the Police Department to record Brian Young as well as whether and what general practices existed with regard to the phone lines.

    b. <u>Ex. 3: FBI Receipt for Property Received</u>: The FBI receipt contains information related to the timeframe during which the recordings that were reduced to audio cassettes were captured by the recording system. The parties have conferred regarding this exhibit and will offer a stipulation regarding the dates that are documented in the exhibit.

---

[1] The July cut-off date proposed by the Council really makes no sense in light of the fact that Brian Young's line continued to be recorded into January of 2012.

[2] The City does not intend to introduce Exhibits 4 (the FBI letter) or 13 (the FBI subpoena) at trial.

      c. <u>Exs. 6 and 9: Recorded Telephone Lines List</u>: The list of recorded lines is undated and testimony will verify that it accurately reflects the lines that were recorded at relevant times. DePaepe's related email transmission to Gary Horvath occurred before Captain Brian Young discovered that his line was recorded. There is no conceivable explanation for how a list of recorded telephone lines could be irrelevant in this case.

3. Accordingly, the Council's proposed bright-line relevancy cut off date is simply unworkable and would have the effect of excluding relevant and admissible evidence and depriving the Court of making proper relevancy determinations based on the contents of the evidence. Therefore, the motion should be denied and any relevancy objections should be made contemporaneously with the introduction of evidence to which the Council objects.

**Motion to Exclude Testimony re: Recording Procedures [Doc. No. 150]**

4. With this motion, the Council seeks to exclude from trial "the testimony of individuals with no personal knowledge of how [the] recording system at the South Bend Police Department operated and/or the purpose of the recording system." Mot., ¶ 9.

5. This exceedingly broad request, amounting to little more than a motion asking the Court to abide by the federal rules of evidence at trial, is too abstract to for the City to address in pre-trial briefing. Indeed, it fails to identify *any* specific objectionable testimony, evidence, or witnesses or to specify how the recording procedures are not rationally based on the personal knowledge or perception of the unidentified witnesses.

6. Thus, such objections should be made at trial and the City will respond accordingly.

3

**Motion to Exclude Hearsay Testimony and Exhibits [Doc No. 147]**

7. The City does not intend to offer any of the deposition transcripts or sworn statements identified in the Council's Motion to Exclude Hearsay Testimony and Exhibits at trial except as permitted under Fed. R. Civ. P. 32.

8. The City does not intend to offer Exhibit 19, the Capp Letter, at trial. The City does not concede or waive, however, the assertion that Exhibit 19 is a properly qualified hearsay exception as set forth in its Response in Opposition to Karen DePaepe's Motion to Strike Affidavit of Aladean DeRose. *See* Doc. No. 105.

WHEREFORE, the City of South Bend respectfully requests that the Court reserve its evidentiary rulings for trial and deny the relief sought in the Council's various evidentiary motions at this juncture.

Respectfully Submitted,

FAEGRE BAKER DANIELS LLP

s/ Ryan G. Milligan
Edward A. Sullivan, III (17577-71)
Ryan G. Milligan (28691-71)
J.P. Hanlon (21230-71)
FAEGRE BAKER DANIELS LLP
202 S. Michigan St., Suite 1400
South Bend, Indiana 46601
edward.sullivan@faegrebd.com
ryan.milligan@faegrebd.com
jphanlon@faegrebd.com
*Counsel for City of South Bend*

US.54667907.01

## CERTIFICATE OF SERVICE

  I certify that on the 11th day of August, 2014, a copy of the foregoing was served upon all counsel of record via the Court's electronic filing system.

                s/ Ryan G. Milligan

US.54667907.01