IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CITY OF SOUTH BEND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 3:12-cv-475 JVB-CAN |
| ) | |
| SOUTH BEND COMMON COUNCIL, ) | |
| TIM CORBETT, DAVE WELLS, ) | |
| STEVE RICHMOND, BRIAN YOUNG, ) | |
| and SANDY YOUNG, ) | |
| ) | |
| Defendants ) | |
| ) | |

*************************************************************************

| | |
|---|---|
| BRIAN YOUNG, SANDY YOUNG, ) | |
| TIMOTHY CORBETT, DAVID WELLS, ) | |
| and STEVE RICHMOND, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| THE CITY OF SOUTH BEND Acting ) | |
| through its Police Department, DARRYL ) | |
| BOYKINS, Individually and in his Official ) | |
| Capacity as Chief of Police, KAREN ) | |
| DEPAEPE, and SCOTT DUERRING, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S PETITION FOR ATTORNEY'S FEES
DIRECTED TO THE SOUTH BEND COMMON COUNCIL**

Comes now Plaintiff, by counsel, and respectfully moves the Court to award attorneys fees in the above-captioned matter as the prevailing party, pursuant to 42 U.S.C. § 1988 and 18 U.S.C. § 2520(b).

## I. INTRODUCTION

This dispute arose when the South Bend Common Council (the "Council") issued subpoenas to the City of South Bend (the "City") seeking recordings of telephone conversations of four South Bend police officers.  The City, having been informed by the U.S. Attorney for the Northern District of Indiana that the recordings were made illegally, was concerned about civil and criminal liability resulting from compliance with the subpoenas and filed an action for declaratory judgment in this Court in which it named the Council and the police officers as Defendants and ask the Court to pass upon the legality of compliance with the subpoenas.  Soon thereafter, the officers filed a separate Complaint in this Court against the City seeking monetary damages against the City for violating their rights under the Fourth Amendment and under the Federal Wiretap Act.  The Plaintiff officers later filed an Amended Complaint seeking declaratory judgment and injunctive relief to quash the Subpoenas issued by the Council.  The Court consolidated the two cases.  The Plaintiff officers reached a settlement with the City in the fall of 2013 resolving the Plaintiffs' claims for monetary damages.  The City also agreed to protect the privacy of Plaintiffs' recorded conversations to the maximum extent permitted by this Court's ruling on the legality of the intercepts.

After the settlement, however, the Council persisted in seeking the release of Plaintiffs' recorded conversations.  In August 2014 the Court conducted a two day bench trial to determine the intercepts' legality at which the Council took positions adverse to both the City and the Plaintiff officers where it contended that all the intercepts were legal and the conversations therein subject to the Council's subpoenas.  On January 14, 2015 the Court issued its decision declaring that all the recordings of Plaintiff's conversations made after February 4, 2011 were illegal.

## II.  ARGUMENT

The Plaintiff officers are the prevailing party for purposes of awarding attorney fees and as such they are entitled to reasonable attorney fees pursuant to 42 U.S.C. § 1988 and 18 U.S.C. § 2520(b).  The Court, in its sound discretion, may award attorney fees taking into account the spirit and letter of the law of 42 U.S.C. § 1988.  Attorneys fees are likewise authorized by Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. § 2510 *et seq.,* commonly called the Federal Wiretap Act, which reads in pertinent part as follows:

> Relief.—In an action under this section, appropriate relief includes—
>
> (1)  such preliminary and other equitable or declaratory relief as may be appropriate;
> (2)  damages under subsection (c) and punitive damages in appropriate cases;
> (3)  a reasonable attorney's fee and other litigation costs reasonably incurred;
>
> 18 U.S.C. § 2520(b)

When the parties have not voluntarily resolved the issue of attorney fees, the court must address:

1. Whether the time expended was reasonably related to the issues raised in litigation;

2. Whether the expenses incurred were reasonable and necessary in furtherance of the litigation;

3. Whether the hourly rates sought by Plaintiff's co-counsel are the market rate sought for individuals with their expertise and experience.

The attorney fees act is applicable to all claims that may be litigated under § 1983. *Maine v. Thiboutot,* 448 U.S. 1 (1980). The Federal Wiretap Act likewise permits a victim to seek costs and attorneys fees. 18 U.S.C. § 2520(b). The Supreme Court has stated that in the limited circumstances where Congress enacts a fee-shifting statute, attorneys fees should be awarded to a successful plaintiff absent exceptional circumstances.  *Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 262 (1975).

1. **<u>Plaintiffs Seek Fees Only for Post-Settlement Conflict with Common Council</u>**

Although Plaintiff's lawsuit commenced against the City in September 2012 and their attorneys representation of this conflict began before that, in this Petition the Plaintiffs seek reimbursement only for tasks related to its dispute with the Common Council and only for work performed after settlement of their claims for monetary damages against the City.   In determining the reasonableness of hours expended by counsel in litigation, counsel is expected to exercise billing judgment and not seek compensation for hours that would not be billed to a private client. *Spegon v. Catholic Bishop of Chicago,* 175 F. 3d 544, 553 (7th Cir. 1999).  In the present case, Plaintiffs' attorneys expended vast time on discovery and also on procedural disputes about whether the two cases should be consolidated and whether a federal claim was at issue.  Plaintiffs would not have attained the opportunity to vindicate themselves at trial but for briefing those procedural disputes and would not have performed at trial effectively but for the discovery.  Nonetheless, Plaintiffs have exercised billing judgment and do not seek compensation for tasks performed prior to December 2013, when their claims against the City were settled.   This Petition seeks fees only for time expended in vindicating Plaintiffs' right to the privacy of their recorded conversations that were sought by the Common Council.

2. **<u>Plaintiff is a Prevailing Party under § 1988 and obtained relief under § 2510.</u>**

In order to be entitled to a judgment of attorney fees under 42 U.S.C. § 1988, the party seeking such fees must be the "prevailing party" in the litigation.  This means that the party must have prevailed on any significant issue and obtained some of the relief that was sought. *Maher v. Gagne*, 448 U.S. 122, 129 (1980). Here, the Plaintiff officers contended in their Amended

Complaint that the recording of their telephone conversations constituted an illegal search in violation of the Fourth Amendment and that it also violated the Federal Wiretap Act. In his decision, the Court agreed with the Plaintiffs that most, though not all, of the recorded conversations violated the Federal Wiretap Act. Section 2520(a) of the Federal Wiretap Act authorizes the District Court to award fees and costs to the victim of a violation of that statute.

A party "prevails when actual relief on the merits of his claim materially alters the legal relationship between the parties modifying the defendant's behavior in a way that directly benefits the plaintiff." *Simpson v. Sheahan*, 104 F.3d 998, 1001 (7th Cir. 1997). Such is the case here. Plaintiff is a prevailing party by virtue of the Court's judgment entered on January 14, 2015.

The courts have made it clear that individual procedural rulings or motions on which the plaintiff is unsuccessful do not serve to detract from the determination as to whether or not a plaintiff is ultimately prevailing. The Ninth Circuit in the case of *Cabrales v. County of Los Angeles*, 935 F.2d 1050 (9th Cir. 1991) tracked the Plaintiff's case all the way up to the Supreme Court and back down and found that time spent on losing claims can contribute to the success of other claims and time spent on a losing stage of litigation contributes to success because it constitutes a step towards victory. The Court explained further:

> The rationale is clear: if a plaintiff ultimately wins on a particular claim, she is entitled to all attorney's fees reasonably expended in pursuing that claim—even though she may have suffered some adverse rulings. Here, although the Supreme Court vacated our judgment, the Court's order was simply a temporary set back on the way to a complete victory for the plaintiff.

*Id*. 1052-53.

5

In this case the Court denied Plaintiffs' motion for summary judgment. But the Court ultimately ruled almost entirely in Plaintiffs' favor following the bench trial, and the time spent by Plaintiff's attorneys to attain that result is fully recoverable, in the discretion of the Court.

### 3. Standard for Determining Reasonable Attorney's Fees.

The starting point for determining reasonable attorney's fees is the "lodestar" amount. The "lodestar" amount is the product of the number of hours reasonably expended on the litigation multiplied by an hourly market rate for the lawyer. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). As part of her fee petition, Plaintiffs have submitted evidentiary materials showing the hourly rate charged for services by their attorneys, as well as documentation as to how much time was spent on litigation matters.

> In determining an attorney's hourly "market rate," the Supreme Court has noted:
>
> To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation. A rate determined in this way is normally deemed to be reasonable, and is referred to—for convenience—as the prevailing market rate.
>
> *Blum v. Stenson*, 465 U.S. 886, 896 at n.11 (1984).

There is presumptive reasonableness of the lodestar calculation after the decisions of *Blum v. Stenson*, 465 U.S. 886, 897 (1984) and *Pennsylvania v. Delaware Valley Citizen's Council For Clean Air*, 478 U.S. 546, 564 (1986). That presumptiveness was reinforced in the Supreme Court decision of *City of Burlington v. Dague*, 505 U.S. 557, 562-563 (1992), which adopted the plurality decision of *Delaware Valley, supra*. Accordingly the Court has implicitly held that many of the *Johnson* factors had been subsumed into the lodestar calculation. *See Hensley v. Eckehart,* 461 U.S. 424 (1983) at 434, n.9; *see also Blum v. Stenson,* 465 U.S. 886, 899 (1984).

A.  Hourly Rate for Jeffrey S. McQuary

As the materials submitted to the Court indicate, the attorneys involved in this case have carefully documented what their market hourly rates are.  Jeffrey S. McQuary has been practicing law since 1992.  He brought to the case extensive experience in the area of civil rights law and federal practice having tried approximately 20 cases in federal court under Section 1983, Title VII, and the Americans with Disabilities Act.  He has argued cases before the Indiana Court of Appeals and the U.S. Court of Appeals for the Seventh Circuit.  He has successfully litigated over 100 individual complaints involving wrongful arrest, police brutality, and other incidents of official misconduct and also represented police officers in disciplinary and employment disputes with their departments.

The hourly rates for complex litigation in Indiana ranges from $200 to $600.  *See* Affidavit of Richard Waples.  The rate Mr. McQuary is seeking is in the middle of that range. As the Seventh Circuit has warned, "Markets know market values better than judges do." *In re Continental Illinois Securities Litigation*, 962 F.2d 566, 570 (7th Cir. 1992).  Accordingly, courts should not try to identify "a 'just' or 'fair' price for legal services…" *Pressley v. Haeger*, 977 F.2d 295, 299 (7th Cir. 1992).  Rather, the focus should be on "the market price for legal services." *Id*.  The evidentiary materials submitted by Mr. McQuary show his market rate to be $350 per hour.

B.  Hourly Rate for Daniel Pfeifer

Daniel Pfeifer has been practicing law since 1974.  He has served as a Deputy Prosecutor for St. Joseph County and is presently a partner in Pfeifer Morgan & Stesiak, a personal injury firm.  He is one of South Bend's leading trial attorneys.  As the Affidavit by another trial

7

attorney Mark Bovari attests, a rate of $275/hour is comparable—and probably lower—than what most experienced litigators in South Bend are currently charging. His years of working with police officers in the various law enforcement agencies around South Bend gave him unique insight into the circumstances of this lawsuit and his trial experience enabled him to bring the case to a successful resolution for his clients. As such an hourly rate of $275 is reasonable and, indeed, modest.

Moroeover, Mr. Pfeifer exercised exceptional restraint in billing, declining to charge for countless hours spent in conference with his clients on the phone and in person informing them of the status of the case and conferring with them about litigation strategy.

### C.    Hourly Rate for Jerome W. McKeever

Jerome W. McKeever is an associate at Pfeifer Morgan & Stesiak. He assisted Mr. Pfeifer with research and drafting briefs and procedural filings. He has been practicing law since 2011. As the Bovari Affidavit attests, an hourly rate of $150 for a an associate with four years of litigation experience is representative of the South Bend legal market and appropriate for McKeever's level of experience.

### D.  Documentation of Fee Request

A party submitting a fee petition is responsible for submitting evidence showing the attorney time spent on the litigation. *See Hensley v. Eckerhart,* 461 U.S. 424, 433, 437 & n.12 (1983). Additionally, supporting affidavits can serve as evidence for a petition for attorney's fees. *See* Michael Avery, *et al.*, *Police Misconduct Law and Litigation* § 14:17 (3d ed. 2003). Attached to the fee petition is a supporting affidavit by principal counsel in this case, Jeffrey S.

McQuary and Daniel Pfeifer. Also included, in support of this evidence are affidavits of Richard A. Waples and Michael K. Sutherlin, are supporting evidentiary materials, including affidavits from other attorneys in good standing with the Indiana Bar who testify as to the reasonableness of the attorneys' hourly rates and their quality of work. Finally, documentation is provided of time spent on the litigation involved in this case.

The following schematic lists the total fees and costs in tabular format:

|                      | Hours | Hourly Rate | Total        |
|----------------------|-------|-------------|--------------|
| Jeffrey S. McQuary   | 146.6 | $350.00     | $ 51,310.00  |
| Daniel Pfeifer       | 101.6 | $275.00     | $ 27,940.00  |
| Jerome W. McKeever   | 78.6  | $150.00     | $ 13,755.00  |
|                      |       | Total       | $ 93,005.00  |

### III.  CONCLUSION

For the foregoing reasons, and with the attached evidence in mind, Plaintiff, by counsel, respectfully requests this Court award reasonable attorney's fees in this matter.

Respectfully submitted,

/s/ Jeffrey S. McQuary, 16791-49
BROWN TOMPKINS LORY
608 E. Market Street
Indianapolis, IN 46202
317/631-6866
jmcquary@btlmlaw.com

One of Plaintiffs' Attorneys

9

CERTIFICATE OF SERVICE

I certify that the foregoing was filed on January 28, 2015 using the Court's CM/ECF system and is available to all counsel of record using the same.

/s/ Jeffrey S. McQuary, 16791-49

BROWN TOMPKINS LORY
608 East Market Street
Indianapolis, IN 46202
Telephone: (317) 631-6866
Facsimile: (317) 685-2329
jmcquary@btlmlaw.com