**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | | |
|---|---|---|
| CITY OF SOUTH BEND, BY ITS | ) | |
| CORPORATION COUNSEL ALADEAN M. | ) | |
| DEROSE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 3:12-cv- 475 |
| | ) | |
| UNITED STATES OF AMERICA, ERIC H. | ) | |
| HOLDER, JR., IN HIS OFFICIAL CAPACITY AS | ) | |
| ATTORNEY GENERAL OF THE UNITED | ) | |
| STAES, SOUTH BEND COMMON COUNCIL, | ) | |
| TIM CORBETT, DAVE WELLS, STEVE | ) | |
| RICHMOND, BRIAN YOUNG, AND SANDY | ) | |
| YOUNG, | ) | |
| | ) | |
| Respondents. | ) | |

**THE SOUTH BEND COMMON COUNCIL'S MEMORANDUM IN**
**OPPOSITION TO PLAINTIFFS' PETITION FOR ATTORNEYS'**
**FEES DIRECTED TO THE SOUTH BEND COMMON COUNCIL**

Comes now the South Bend Common Council, by counsel, and files its Memorandum in

Opposition to Plaintiffs' Petition for Attorneys' Fees Directed to the South Bend Common

Council. Plaintiffs' petition should be denied because they were not the prevailing parties in any

action they filed against the South Bend Common Council or that the South Bend Common

Council filed against Plaintiffs.

**PROCEDURAL HISTORY**

**Case No. 3:12-cv-475 (Declaratory Judgment Action)**

The City, on August 30, 2012, filed a Complaint for Declaratory Judgment. (Dkt. 1) The

named Respondents in the Complaint for Declaratory Judgment included the United States of

America, Eric H. Holder, Jr., in his official capacity as Attorney General of the United States,

South Bend Common Council, Tim Corbett, Dave Wells, Steve Richmond, Brian Young and

Sandy Young. ("Police Officers") The Complaint for Declaratory Judgment, in essence,

requested a declaratory judgment with respect to whether recordings made by the South Bend

Police Department were legally made pursuant to the Federal Wiretap Act, 18 U.S.C. § 2511.

(Complaint at ¶ 9.) With respect to the South Bend Common Council, the Complaint for

Declaratory Judgment alleged that the Council exercised the statutory authority to issue a

subpoena to the City to produce certain recordings made by the Police Department. With respect

to the individual Respondents, the City alleged that the individual Respondents had notified the

City of their intent to file a tort claim action against the City based on the Indiana Tort Claims

Act for, among other things, a violation of the Federal Wiretap Act.

The Police Officers filed an answer to the Complaint for Declaratory Judgment. (Dkt. 22)

The answer asserted no counterclaims or cross-claims. After the South Bend Common Council's

motion to dismiss was denied, the Common Council filed an answer to the Complaint for

Declaratory Judgment on January 28, 2013. (Dkt. 55) The Common Council asserted no

counterclaims or cross-claims.

The City filed a motion to consolidate the declaratory judgment action and an action

against the City filed by the Police Officers. (Dkt. 37) Over the South Bend Common Council's

objection, this Court consolidated the two cases on January 17, 2013. (Dkt.52)

### Case No. 3:12-cv-532 (Tort Action)

On September 19, 2012, several individuals filed a complaint and jury demand. (Dkt. 1 in

Case 532) The Plaintiffs were Brian Young, Sandy Young, Timothy Corbett, David Wells and

Steve Richmond. All of the Plaintiffs were named as Respondents in the City's declaratory

judgment action. The only Defendant in the tort action, who was also a party to the declaratory

judgment action, is the City of South Bend. Other Defendants, who were not  parties in the

declaratory judgment action, but included in the tort claim, are Darryl Boykins, individually and

in his official capacity as Chief of Police; Karen DePaepe and Scott Duerring. The South Bend

common Council was not a named party in the tort action.

The Police Officers in the tort action subsequently filed an amended complaint naming

the same parties. (Dkt.  23 in Case 532) The amended complaint alleged that the City, through

the actions of Darryl Boykins and Karen DePaepe, illegally recorded telephone conversations on

the lines of the South Bend Police Department and that Darryl Boykins used the recordings to

determine whether his Division Chiefs were personally loyal to him and to punish anyone who

might seek the job of Chief of Police. The Police Officers alleged that they were damaged by the

loss of their privacy and incurred damage to their professional reputation through false

accusations of racism and professional disloyalty. The Police Officers also alleged that

Defendants' actions constituted an illegal search in violation of the Fourth Amendment and also

violated the Federal Wiretap Act. The amended complaint further asserted that Scott Duerring,

Karen DePaepe's attorney, violated the Federal Wiretap Act by disclosing the contents of the

recorded conversations. The Police Officers also alleged that the actions of Boykins and

DePaepe constituted violations of Ind.Code § 35-33.5-2 *et seq.* Specific theories of liability are

alleged in the amended complaint against Boykins, DePaepe and Duerring include: negligence,

defamation, invasion of privacy, and intentional infliction of emotional distress under Indiana

law. The Police Officers claim that the City of South Bend was liable under the principle of

respondeat superior for the acts and omission of Boykins and DePaepe. The Police Officers

sought compensatory and punitive damages, costs and attorney's fees. The Police Officers also

sought a declaratory judgment declaring that the recordings and disclosure of the content thereof, violated the Federal Wiretap Act and Ind.Code § 35-33.5-2 *et seq.*

Karen DePaepe filed a counterclaim against the Plaintiffs. (Dkt.  22 in Case 532) The counterclaim raised claims for defamation and intentional infliction of emotional distress.

Darryl Boykins also filed a counterclaim. (Dkt.  26 in Case 532) Boykins' counterclaim alleges fraud, defamation, intentional interference with a business relationship/employment contract, and intentional infliction of emotional distress.

### Consolidated Action

The relevant procedural background with respect to the consolidated action establishes that on December 10, 2012, the City of South Bend dismissed the United States of America and Eric H. Holder, Jr. in his official capacity as Attorney General of the United States. (Dkt.  46) On December 17, 2013, the Police Officers, the City of South Bend, and Darryl Boykins in his official capacity stipulated to the dismissal of the claims in Case No. 3:12-cv-532. (Dkt.  88) The stipulation of dismissal with prejudice stated: "Accordingly, the only remaining claims in Cause No. 3:12-cv-532 – JVB-CAN are Plaintiffs' claims against Defendants Karen DePaepe and Scott Duerring.

The Police Officers dismissed those remaining complaints in Case No. 3:12-cv-532 on August 15, 2014. (Dkt.  161) That stipulation of dismissal with prejudice, executed by the Police Officers' attorney, states:

> The parties, by their respective counsel, agree and stipulate to the dismissal of this cause of action, with prejudice, for the reason that the matters in controversy have been fully settled.

Because all claims in Case No. 532 were settled, the case proceeded to trial only on the City of South Bend's Complaint for Declaratory Judgment which named the South Bend

Common Council and the Police Officers as Defendants. As noted previously, there were no cross-claims or counterclaims filed in the declaratory judgment action.

### Effect Of Consolidation

The Police Officers apparently believe that the consolidation of the two actions somehow created a situation in which the claims they made against the City of South Bend, Darryl Boykins, Karen DePaepe and Scott Duerring, although dismissed with prejudice, morphed into the same claims against the South Bend Common Council. That is not the case. Consolidation under Rule 42(a) does not merge the suits into a single cause or change the rights of the parties, or make those who are parties in one suit parties in the other. *Johnson v. Manhattan R. Co.*, 289 U.S. 479, 496-497 (1933).

In the present case, all claims in Case No. 3:12-cv-532 were dismissed with prejudice. The only remaining claims for trial were the City of South Bend's claims for declaratory judgment. There were no claims asserted by the Police Officers against the South Bend Common Council. Therefore, if the Police Officers were prevailing parties as to any party, they were prevailing parties against the City of South Bend. As a matter of law, the Police Officers are not prevailing parties against the South Bend Common Council because they asserted no claims against the South Bend Common Council and the South Bend Common Council asserted no claims against the Police Officers.

### This Court's Ruling Overall Is More Favorable To The Common Council Than To The Police Officers.

Assuming that the Court determines that either the South Bend Common Council or the Police Officers could be prevailing parties against the other despite no claims being asserted against the other, this Court's opinion, overall, is more favorable to the Common Council than to the Police Officers. The recordings at issue on Brian Young's 6031 telephone line began in

February-March 2010 when Richmond was promoted from Captain in the Investigative Division to Chief of the Investigative Division. Richmond wanted to maintain his assigned phone line after the promotion and the 6031 line was switched to the office that would ultimately be occupied by Brian Young in March 2010. The mistake was not discovered until February 4, 2011. The recordings ended on October 11, 2011. Therefore, approximately 11-12 months of recordings were determined by this Court not to violate the Wiretap Act while only approximately 8 months of recordings were determined to be in violation of the Wiretap Act. The South Bend Common Council is the prevailing party with respect to the 11-12 months of recordings determined not to be in violation of the Wiretap Act. The Police Officers are not therefore prevailing parties entitled to attorneys' fees. On the contrary, if any party is entitled to attorneys' fees as the prevailing party, it is the South Bend Common Council.

## <u>CONCLUSION</u>

For the foregoing reasons, the South Bend Common Council respectfully requests the Court to deny the Police Officers' petition for an award of attorneys' fees.

/s/Robert J. Palmer
E. Spencer Walton, Jr. (1000-71)
Robert J. Palmer (6316-71)
Attorneys for South Bend Common Council

**MAY • OBERFELL • LORBER**
4100 Edison Lakes Parkway, Suite 100
Mishawaka, IN  46545
Phone: (574) 243-4100
Fax: (574) 232-9789
rpalmer@maylorber.com

## **CERTIFICATE OF SERVICE**

I certify that a copy of the forgoing was served upon all attorneys of record via the

Court's ECF system on February 10, 2015.


/s/Robert J. Palmer
Robert J. Palmer


F:\Clients\S1060\12001\Pleadings - Fed Ct\2015-02-09 Memo in opposition to petition for attorneys' fees.docx2/10/2015