UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CITY OF SOUTH BEND, BY ITS CORPORATION COUNSEL ALADEAN M. DEROSE, | ) ) ) ) |
| Petitioner, | ) ) |
| v. | ) 3:12-cv- 475 |
| UNITED STATES OF AMERICA, ERIC H. HOLDER, JR., IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL OF THE UNITED STAES, SOUTH BEND COMMON COUNCIL, TIM CORBETT, DAVE WELLS, STEVE RICHMOND, BRIAN YOUNG, AND SANDY YOUNG, | ) ) ) ) ) ) ) ) ) |
| Respondents. | ) |

**OBJECTION TO CLERK'S NOTICE OF ASSESSMENT OF COSTS**

Comes now Respondent, South Bend Common Council, by counsel, and objects to the clerk's notice of assessment of costs to be taxed on February 16, 2015. In support of its objection to the clerk's notice of assessment of costs, the South Bend Common Council states:

1. On January 14, 2015, this Court entered a Memorandum of Decision Order on the City of South Bend's Complaint for Declaratory Judgment. This Court determined that recordings made on Brian Young's telephone line on or before February 4, 2011 did not violate the Federal Wire Tap Act and that recordings made after February 4, 2011, did violate the Federal Wire Tap Act and are prohibited from disclosure. (Dkt. 183).

2. The Clerk entered Judgment on January 14, 2015. (Dkt. 184).

3. On January 28, 2015, Tim Corbett, Steve Richmond, Dave Wells, Brian Young and Sandy Young ("Police Officers") filed a Bill of Costs directed to the South Bend Common Council. (Dkt. 186).

4. On February 2, 2015, the Clerk entered notice that the Police Officer's bill of cost will be assessed on February 16, 2015. (Dkt. 189).

5. Thereafter, on February 5, 2015, the Police Officers filed a Motion to Amend/Correct Order pursuant to Federal Rule of Civil Procedure 59. (Dkt. 191).

6. Assessment of costs is premature because there is no final appealable Judgment while a Motion to Amend the Judgment pursuant to Federal Rule of Civil Procedure 59(e) is pending.

7. Furthermore, an assessment of costs against the South Bend Common Council and in favor of the Police Officers is improper because the South Bend Police Officers made no claims against the South Bend Common Council and the South Bend Common Council made no claims against the Police Officers. There is, therefore, no Judgment in favor of the Police Officers against the South Bend Common Council on any claims.

8. Assessment of costs is also improper because even if claims had been made by the Police Officers against the South Bend Common Council or by the South Bend Common Council against the Police Officers, the South Bend Common Council was a prevailing party because the Court ruled that 11-12 months of recordings did not violate the Federal Wire Tap Act while only eight (8) months of recordings violated the Federal Wire Tap Act.

**WHEREFORE,** Respondent, South Bend Common Council, objects to the Clerk's notice of assessment of costs in favor of the Police Officers and against the South Bend Common Council as set forth in the Clerk's Notice filed on February 2, 2015.

/s/Robert J. Palmer
E. Spencer Walton, Jr. (1000-71)
Robert J. Palmer (6316-71)
Attorneys for South Bend Common Council

**MAY • OBERFELL • LORBER**
4100 Edison Lakes Parkway, Suite 100
Mishawaka, IN  46545
Phone: (574) 243-4100
Fax: (574) 232-9789
rpalmer@maylorber.com

## CERTIFICATE OF SERVICE

I certify that a copy of the forgoing was served upon all attorneys of record via the Court's ECF system on February 11, 2015.

/s/Robert J. Palmer
Robert J. Palmer

F:\Clients\S1060\12001\Pleadings - Fed Ct\2015-02-09 Memo in opposition to petition for attorneys' fees.docx2/11/2015