United States District Court
Northern District of Indiana

| | |
|---|---|
| City of South Bend,<br><br>      Plaintiff,<br><br>      v.<br><br>South Bend Common Council, Tim Corbett, Dave Wells, Steve Richmond, Brian Young, Sandy Young, Karen DePaepe, and Scott Duerring,<br><br>      Defendants. | Civil Action No. 3:12-CV-475 JVB |

**OPINION AND ORDER**

The Court entered final judgment in this declaratory action case finding that the South Bend Police Department's recording of Officer Brian Young's phone line after February 4, 2011, violated § 2511(1)(a) of the Wiretap Act. As a result, these recordings cannot be disclosed to others. On the other hand, the Court found that recording the same line before February 5, 2011, did not violate the Act.

The Police Officers and the South Bend Common Council each believe that they are entitled to attorney's fees from each other.[1] The Court will start with the officers and the somewhat complicated procedural history of this case.

At the end of 2012, the City of South Bend filed a complaint for declaratory judgment and named as defendants the Common Council; as well as Tim Corbett, Dave Wells, Steve Richmond, Brian Young, and Sandy Young ("Officers").[2] With respect to the Common Council, the City wanted its rights and obligations defined concerning the recordings because the

---

[1] While the Officers say as much in their motion, the Common Council is silent as to whom it expects to the pay the fees. The Court only assumes that the motion is directed against the Officers since they are the ones fighting it.
[2] The United States was also named as a defendant but it was shortly dismissed by the City.

Common Council had subpoenaed the recordings. In relation to the Officers, the City had just received their notice of intent to file a tort claim for violations under, among other things, the Wiretap Act. In answering the Complaint, neither the Common Council nor the Officers filed any counterclaims or crossclaims.

Meanwhile, the Officers sued the City, the Chief of Police, Karen DePaepe, and Scott Duerring in a separate case (No. 3:12-CV-532), alleging that their telephone conversations were illegally recorded and disclosed. The '532 case was consolidated with the present case. At the end of 2013, the Officers settled with the City and the Chief of Police, stipulating that only the claims against Karen DePaepe and Scott Duerring remained. In mid-2014, the Officers settled with them too, thus ending the '532 case. In retrospect, at that point the Officers could have been dismissed from the declaratory judgment case because there was no longer a case or controversy between them and the City, and, in fact, they had taken the same position as the City in relation to the Common Council, even though they were named as defendants along with the Common Council. If anything, they became *de facto* interveners, fighting against the disclosure of their recorded conversations.

In light of this procedural history, and given that the Officers had settled with the City, in exercising its discretion, the Court will not award attorney's fees to them. After all, since the City was the party responsible for bringing them into this action, under normal circumstances their remedy would have been against the City, not a fellow defendant.[3][4] Presumably attorney's

---

[3] Title 18 U.S.C. § 2520 states:
(a) In general.---Except as provided in section 2511(2)(a)(ii), any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person or entity . . . which engaged in that violation such relief as may be appropriate. (b) Relief.---In an action under this section, appropriate relief includes . . . a reasonable attorney's fee and other litigation costs reasonably incurred.
[4] While in their motion the Officers call themselves plaintiffs, in the instant case they were defendants, brought into this litigation by the City.

fees were addressed in their settlement with the City, and the fact that the Officers ended up as *de facto* interveners does not persuade the Court to award them the attorney's fees from the Common Council.

Moreover, this is a somewhat unusual case where neither the Officers nor the Common Council are the prevailing party in the strict sense.[5] The Court did side with the Officers in declaring that Officer Young's telephone conversations recorded after February 4, 2011, were done illegally and thus could not be disclosed; however, the same could be said of the Common Council which prevailed in its position that the recordings on or before February 4, 2011, were legal. That is, both parties succeeded on the core issue in this litigation. Thus, awarding attorney's fees to the Officers is unjustified.

The same is true for the Common Council. What is more, attorney's fees would be awarded in the Common Council's favor only in exceptional circumstances to start with. For example, if the claims against the Common Council were frivolous, unreasonable, or groundless, only then would the Common Council be a real candidate for an award. *Cf. Cooney v. Casady*, 735 F.3d 514, 521 (7th Cir. 2013) ("There is a significant difference between making a weak argument with little chance of success ... and making a frivolous argument with no chance of success," and "it is only the latter that permits defendants to recover attorney's fees" under § 1988." (citing *Khan v. Gallitano*, 180 F3d 829, 837 (7th Cir. 1999)). And in any case, the Common Council's claim for attorney's fees would have to first be brought against the City, the real plaintiff in this case.

---

[5] A party "prevails when actual relief on the merits of his claim materially alters the legal relationship between the parties modifying the defendant's behavior in a way that directly benefits the plaintiff." *Simpson v. Sheahan*, 104 F.3d 998, 1001 (7th Cir. 1997).

For these reasons the Court denies the Officers' and the Common Council's motions for attorney's fees (DEs 185 & 187).

SO ORDERED on September 28, 2015.

                                             s/ Joseph S. Van Bokkelen
                                             JOSEPH S. VAN BOKKELEN
                                             UNITED STATES DISTRICT JUDGE