APPEAL,CASREF,CONSDS,CONSPT,CONSTR,PROTO,TERMED

# U.S. District Court Northern District of Indiana [LIVE]
## USDC Northern Indiana (South Bend)
## CIVIL DOCKET FOR CASE #: <u>3:12–cv–00475–JVB–CAN</u>
### *Internal Use Only*

| | |
|---|---|
| South Bend City of v. Holder et al | Date Filed: 08/30/2012 |
| Assigned to: Judge Joseph S Van Bokkelen | Date Terminated: 01/14/2015 |
| Referred to: Magistrate Judge Christopher A Nuechterlein | Jury Demand: Defendant |
|  Case:  3:13–cv–00383–PPS–CAN | Nature of Suit: 890 Other Statutory Actions |
| Cause: 18:2510 Federal Wire Tap Act | Jurisdiction: Federal Question |

**<u>Plaintiff</u>**

| | | |
|---|---|---|
| **South Bend City of** | represented by | **Aladean M DeRose** |
| *by its corporation counsel Aladean M DeRose* | | 227 W Jefferson Blvd Ste 1200 |
| | | South Bend, IN 46601 |
| | | 574–235–9241 |
| | | Fax: 574–289–4618 |
| | | Email: <u>aderose03@yahoo.com</u> |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Edward A Sullivan , III** |
| | | Faegre Baker Daniels LLP – SB/IN |
| | | 202 S Michigan St Suite 1400 |
| | | South Bend, IN 46601 |
| | | 574–234–4149 |
| | | Fax: 574–239–1900 |
| | | Email: <u>ed.sullivan@FaegreBD.com</u> |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **James P Hanlon** |
| | | Faegre Baker Daniels LLP – Ind/IN/Mer |
| | | 300 N Meridian St Suite 2700 |
| | | Indianapolis, IN 46204–1782 |
| | | 317–237–8252 |
| | | Fax: 317–237–8582 |
| | | Email: <u>jphanlon@faegrebd.com</u> |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Ryan G Milligan** |
| | | Faegre Baker Daniels LLP – SB/IN |
| | | 202 S Michigan St Suite 1400 |
| | | South Bend, IN 46601 |
| | | 574–234–4149 |
| | | Fax: 574–239–1900 |
| | | Email: <u>ryan.milligan@faegrebd.com</u> |
| | | *ATTORNEY TO BE NOTICED* |

V.

**Defendant**

| | | |
|---|---|---|
| **Eric H Holder, Jr**<br>*in his official capacity as Attorney*<br>*General Of The United States*<br>*TERMINATED: 12/27/2012* | represented by | **Wayne T Ault – AUSA**<br>US Attorney's Office – Ham/IN<br>5400 Federal Plz Ste 1500<br>Hammond, IN 46320<br>219–937–5500<br>Fax: 219–852–2770<br>Email: wayne.ault@usdoj.gov<br>*TERMINATED: 12/27/2012*<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **South Bend Common Council** | represented by | **Christopher M Lerner**<br>May Oberfell Lorber – Mis/IN<br>4100 Edison Lakes Parkway Suite 100<br>Mishawaka, IN 46545<br>574–243–4100<br>Fax: 574–232–9789<br>Email: clerner@maylorber.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**E Spencer Walton , Jr**<br>May Oberfell Lorber – Mis/IN<br>4100 Edison Lakes Parkway Suite 100<br>Mishawaka, IN 46545<br>574–232–2031<br>Fax: 574–232–9789<br>Email: ewalton@maylorber.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Robert J Palmer**<br>May Oberfell Lorber – Mis/IN<br>4100 Edison Lakes Parkway Suite 100<br>Mishawaka, IN 46545<br>574–243–4100<br>Fax: 574–232–9789<br>Email: rpalmer@maylorber.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **Tim Corbett** | represented by | **Daniel H Pfeifer**<br>Pfeifer Morgan & Stesiak<br>53600 N Ironwood Drive<br>South Bend, IN 46635 |

2

574–272–2870
Fax: 574–271–4329
Email: dpfeifer@pilawyers.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeffrey S McQuary**
Brown Tompkins Lory & Mastrian
608 E Market Street
Indianapolis, IN 46202
317–631–6866
Fax: 317–685–2329
Email: jmcquary@btlmlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeffrey J Stesiak**
Pfeifer Morgan & Stesiak
53600 N Ironwood Drive
South Bend, IN 46635
574–272–2870
Fax: 574–271–4329
Email: jstesiak@pilawyers.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jerome W McKeever**
Pfeifer Morgan & Stesiak
53600 N Ironwood Drive
South Bend, IN 46635
574–272–2870
Fax: 574–271–4329
Email: jmckeever@pilawyers.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Dave Wells**                                                  represented by   **Daniel H Pfeifer**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeffrey S McQuary**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeffrey J Stesiak**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jerome W McKeever**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Steve Richmond**                    represented by   **Daniel H Pfeifer**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeffrey S McQuary**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeffrey J Stesiak**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jerome W McKeever**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Brian Young**                    represented by   **Daniel H Pfeifer**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeffrey S McQuary**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeffrey J Stesiak**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jerome W McKeever**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Sandy Young**                    represented by   **Daniel H Pfeifer**
(See above for address)
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Jeffrey S McQuary**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeffrey J Stesiak**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jerome W McKeever**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **United States of America**<br>*TERMINATED: 12/27/2012* | represented by | **Wayne T Ault – AUSA**<br>(See above for address)<br>*TERMINATED: 12/27/2012*<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **Darryl Boykins**<br>*Individually and in his Official Capacity*<br>*As Chief of Police in 3:12cv532*<br>*TERMINATED: 02/10/2014* | represented by | **Thomas M Dixon**<br>Dixon Wright & Associates PC<br>55255 Birchwood Ct<br>Osceola, IN 46561<br>574–315–6455<br>Fax: 574–675–7783<br>Email: tdixon3902@comcast.net<br>*TERMINATED: 02/10/2014* |

**Defendant**

| | | |
|---|---|---|
| **Karen DePaepe**<br>*from 3:12cv532* | represented by | **Marielena Duerring**<br>Duerring Law Offices<br>61191 US 31 South<br>South Bend, IN 46614<br>574–968–0250<br>Fax: 574–968–1256<br>Email: attymduerring@aol.com<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **Scott Duerring**<br>*from 3:12cv532* | represented by | **Marielena Duerring**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 08/30/2012 | 1 | | COMPLAINT For Declaratory Judgment against Tim Corbett, Eric H Holder, Jr, Steve Richmond, South Bend Common Council, United States of America, Dave Wells, Brian Young (Filing fee $ 350.00 receipt no. 3004653), filed by City of South Bend. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Civil Cover Sheet)(kds) Modified on 9/12/2012 to add receipt no.(kds). (Entered: 08/31/2012) |
| 08/30/2012 | 2 | | NOTICE of Appearance by Aladean M DeRose on behalf of South Bend City of (kds) (Entered: 08/31/2012) |
| 08/30/2012 | 3 | | NOTICE of Appearance by Edward A Sullivan, III on behalf of South Bend City of (kds) (Entered: 08/31/2012) |
| 08/30/2012 | 4 | | NOTICE of Appearance by James P Hanlon on behalf of South Bend City of (kds) (Entered: 08/31/2012) |
| 08/30/2012 | 5 | | Summons Issued as to Tim Corbett, Steve Richmond, South Bend Common Council, Dave Wells, Brian Young, Sandy Young. NOTE: The attached document should not be used to effect service of process. Only copies that bear the seal of the court should be used for service of process. (kds) (Entered: 08/31/2012) |
| 08/30/2012 | 6 | | Summons Issued as to Eric H Holder, Jr, United States of America, U.S. Attorney and U.S. Attorney General. NOTE: The attached document should not be used to effect service of process. Only copies that bear the seal of the court should be used for service of process. (kds) (Entered: 08/31/2012) |
| 08/30/2012 | 7 | | Corporate Disclosure Statement by South Bend City of. (kds) (Entered: 08/31/2012) |
| 09/06/2012 | 8 | | SUMMONS Returned Executed by South Bend City of. United States of America served on 8/30/2012, answer due 10/29/2012. (Sullivan, Edward) (Entered: 09/06/2012) |
| 09/06/2012 | 9 | | SUMMONS Returned Executed by South Bend City of. South Bend Common Council served on 8/30/2012, answer due 9/20/2012. (Sullivan, Edward) (Entered: 09/06/2012) |
| 09/06/2012 | 10 | | SUMMONS Returned Executed by South Bend City of. (Sullivan, Edward) (Entered: 09/06/2012) |
| 09/13/2012 | 11 | | SUMMONS Returned Executed by South Bend City of. Eric H Holder, Jr served on 9/5/2012, answer due 11/5/2012. (Sullivan, Edward) (Entered: 09/13/2012) |
| 09/14/2012 | 12 | | NOTICE of Appearance by Daniel H Pfeifer on behalf of Tim Corbett, Steve Richmond, Dave Wells, Brian Young, Sandy Young (Pfeifer, Daniel) (Entered: 09/14/2012) |
| 09/14/2012 | 13 | | NOTICE of Appearance by Jeffrey J Stesiak on behalf of Tim Corbett, Steve Richmond, Dave Wells, Brian Young, Sandy Young (Stesiak, Jeffrey) (Entered: 09/14/2012) |
| 09/19/2012 | 14 | | NOTICE of Appearance by Jeffrey S McQuary on behalf of Brian Young (McQuary, Jeffrey) (Entered: 09/19/2012) |

| | | | |
|---|---|---|---|
| 09/19/2012 | 15 | | NOTICE of Appearance by Jeffrey S McQuary on behalf of Tim Corbett (McQuary, Jeffrey) (Entered: 09/19/2012) |
| 09/19/2012 | 16 | | NOTICE of Appearance by Jeffrey S McQuary on behalf of Dave Wells (McQuary, Jeffrey) (Entered: 09/19/2012) |
| 09/19/2012 | 17 | | NOTICE of Appearance by Jeffrey S McQuary on behalf of Sandy Young (McQuary, Jeffrey) (Entered: 09/19/2012) |
| 09/19/2012 | 18 | | NOTICE of Appearance by Jeffrey S McQuary on behalf of Steve Richmond (McQuary, Jeffrey) (Entered: 09/19/2012) |
| 09/20/2012 | 19 | | NOTICE of Appearance by Robert J Palmer on behalf of South Bend Common Council (Palmer, Robert) (Entered: 09/20/2012) |
| 09/20/2012 | 20 | | AGREED NOTICE to extend time to file answer filed by South Bend Common Council ; answer due by 10/18/2012. (Palmer, Robert) (Entered: 09/20/2012) |
| 09/20/2012 | 21 | | NOTICE of Appearance by E Spencer Walton, Jr on behalf of South Bend Common Council (Walton, E) (Entered: 09/20/2012) |
| 09/20/2012 | 22 | | *Defendants'* ANSWER to 1 Complaint, by Tim Corbett, Steve Richmond, Dave Wells, Brian Young, Sandy Young.(Pfeifer, Daniel) (Entered: 09/20/2012) |
| 10/11/2012 | 23 | | ORDER Joint Proposed Discovery due by 10/25/2012. Rule 16 Preliminary Pretrial Conference set for 11/28/2012 04:00 PM in US District Court – South Bend before Magistrate Judge Christopher A Nuechterlein. Signed by Magistrate Judge Christopher A Nuechterlein on 10/10/12. (slm) Modified on 10/22/2012 to correct date filed (ksp). (Entered: 10/11/2012) |
| 10/11/2012 | 24 | | MAGISTRATE JUDGE CONSENT FORMS sent to all parties (Standard Track). (slm) (Entered: 10/11/2012) |
| 10/12/2012 | 25 | | NOTICE of Appearance by Christopher M Lerner on behalf of South Bend Common Council (Lerner, Christopher) (Entered: 10/12/2012) |
| 10/15/2012 | 26 | | MOTION to Dismiss for Lack of Jurisdiction by Defendant South Bend Common Council. (Palmer, Robert) (Entered: 10/15/2012) |
| 10/15/2012 | 27 | | MEMORANDUM in Support of 26 MOTION to Dismiss for Lack of Jurisdiction filed by South Bend Common Council. (Attachments: # 1 Exhibit A)(Palmer, Robert) (Entered: 10/15/2012) |
| 10/24/2012 | 28 | | REPORT of Rule 26(f) Planning Meeting. (Pfeifer, Daniel) (Entered: 10/24/2012) |
| 10/29/2012 | 29 | | NOTICE of Appearance by Wayne T Ault – AUSA on behalf of Eric H Holder, Jr, United States of America (Ault – AUSA, Wayne) (Entered: 10/29/2012) |
| 10/29/2012 | 30 | | AGREED NOTICE to extend time to file answer filed by Eric H Holder, Jr, United States of America ; answer due by November 27, 2012. (Ault – AUSA, Wayne) (Entered: 10/29/2012) |
| 10/30/2012 | 31 | | |

| | | |
|---|---|---|
| | | AMENDED DOCUMENT by South Bend City of. Amendment to <u>28</u> Report of Rule 26(f) Planning Meeting. (Sullivan, Edward) (Entered: 10/30/2012) |
| 11/01/2012 | <u>32</u> | RESPONSE to Motion re <u>26</u> MOTION to Dismiss for Lack of Jurisdiction filed by Tim Corbett, Steve Richmond, Dave Wells, Brian Young, Sandy Young. (Pfeifer, Daniel) (Entered: 11/01/2012) |
| 11/01/2012 | <u>33</u> | RESPONSE to Motion re <u>26</u> MOTION to Dismiss for Lack of Jurisdiction filed by South Bend City of. (Attachments: # <u>1</u> Exhibit A, # <u>2</u> Exhibit B)(Sullivan, Edward) (Entered: 11/01/2012) |
| 11/13/2012 | <u>34</u> | REPLY to Response to Motion re <u>26</u> MOTION to Dismiss for Lack of Jurisdiction *(Police Officers' Response)* filed by South Bend Common Council. (Attachments: # <u>1</u> Exhibit A)(Palmer, Robert) (Entered: 11/13/2012) |
| 11/13/2012 | <u>35</u> | REPLY to Response to Motion re <u>26</u> MOTION to Dismiss for Lack of Jurisdiction *(City of South Bend's Response)* filed by South Bend Common Council. (Attachments: # <u>1</u> Exhibit A, # <u>2</u> Exhibit B)(Palmer, Robert) (Entered: 11/13/2012) |
| 11/19/2012 | <u>36</u> | Consent MOTION for Extension of Time to File Response/Reply *–UNOPPOSED MOTION OF UNITED STATES OF AMERICA AND ERIC H. HOLDER, JR., IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL OF THE UNITED STATES FOR AN EXTENSION OF TIME TO RESPOND TO THE CITY OF SOUTH BENDS MOTION FOR CONSOLIDATION OF PENDING ACTIONS (filed in case 3:12CV00532 Docket #29)* by Defendants Eric H Holder, Jr, United States of America. (Ault – AUSA, Wayne) (Entered: 11/19/2012) |
| 11/19/2012 | <u>39</u> | ORDER VACATING the 11/28/2012 scheduling conference. Signed by Magistrate Judge Christopher A Nuechterlein on 11/19/2012. (kds) (Entered: 11/20/2012) |
| 11/20/2012 | <u>37</u> | MOTION for Consolidation of Pending Actions by Plaintiff South Bend City of. (DeRose, Aladean) (Entered: 11/20/2012) |
| 11/20/2012 | <u>38</u> | MEMORANDUM in Support of <u>37</u> MOTION for Consolidation of Pending Actions filed by South Bend City of. (Attachments: # <u>1</u> Exhibit "A" Memorandum)(DeRose, Aladean) (Entered: 11/20/2012) |
| 11/21/2012 | <u>40</u> | MOTION for Extension of Time to File Response/Reply as to <u>38</u> Memorandum in Support, <u>37</u> MOTION for Consolidation of Pending Actions *(Unopposed)* by Defendant South Bend Common Council. (Palmer, Robert) (Entered: 11/21/2012) |
| 11/27/2012 | <u>41</u> | RESPONSE to Motion re <u>37</u> MOTION for Consolidation of Pending Actions filed by Tim Corbett, Steve Richmond, Dave Wells, Brian Young, Sandy Young. (McQuary, Jeffrey) (Entered: 11/27/2012) |
| 11/27/2012 | <u>42</u> | MOTION for Extension of Time to File *Unopposed Motion of Defendants United States of America and Eric H. Holder, Jr., in His Official Capacity as Attorney General of the United States for an Extension of Time to Respond to Plaintiff's Complaint* by Defendants Eric H Holder, Jr, United States of America. (Ault – AUSA, Wayne) (Entered: 11/27/2012) |
| 11/27/2012 | <u>43</u> | |

| | | | |
|---|---|---|---|
| | | | ORDER granting 40 Motion for Extension of Time to File Response. Response to be filed by 12/10/2012. Signed by Magistrate Judge Christopher A Nuechterlein on 11/27/2012. (kds) (Entered: 11/27/2012) |
| 11/27/2012 | 44 | | ORDER granting 36 Motion for Extension of Time to File Response. Federal defendants shall have up to/including 12/10/2012 to file response to City of South Bend's Motion for consolidation. Signed by Magistrate Judge Christopher A Nuechterlein on 11/27/2012. (kds) (Entered: 11/27/2012) |
| 11/29/2012 | 45 | | ORDER granting 42 Motion for Extension of Time to File. Answer to be filed by 12/11/2012. Signed by Magistrate Judge Christopher A Nuechterlein on 11/29/2012. (kds) (Entered: 11/29/2012) |
| 12/10/2012 | 46 | | NOTICE of Voluntary Dismissal by South Bend City of (Sullivan, Edward) (Entered: 12/10/2012) |
| 12/10/2012 | 47 | | MEMORANDUM in Opposition to 37 MOTION for Consolidation of Pending Actions filed by South Bend Common Council. (Palmer, Robert) (Entered: 12/10/2012) |
| 12/14/2012 | 48 | | REPLY to Response to Motion re 37 MOTION for Consolidation of Pending Actions filed by South Bend City of. (DeRose, Aladean) (Entered: 12/14/2012) |
| 12/17/2012 | 49 | | REPLY to Response to Motion re 37 MOTION for Consolidation of Pending Actions filed by Tim Corbett, Steve Richmond, Dave Wells, Brian Young, Sandy Young. (Pfeifer, Daniel) (Entered: 12/17/2012) |
| 12/27/2012 | 50 | | ORDER re 46 Notice of Voluntary Dismissal filed by South Bend City of, Party Eric H Holder Jr terminated in his official capacity as Attorney General of the United States, and United States of America terminated. Attorney Wayne T Ault – AUSA terminated. Signed by Judge Joseph S Van Bokkelen on 12/27/2012. (kds) (Entered: 12/28/2012) |
| 01/14/2013 | 51 | | OPINION AND ORDER denying 26 MOTION to Dismiss for Lack of Jurisdiction filed by South Bend Common Council. Signed by Judge Joseph S Van Bokkelen on 1/14/2013. (kds) (Entered: 01/14/2013) |
| 01/17/2013 | 52 | | ORDER denying as moot ( 29 in 3:12–cv–00532–JVB–CAN) and granting MOTION to Consolidate Cases filed by South Bend City of, ( 37 in 3:12–cv–00475–JVB–CAN) MOTION for Consolidation of Pending Actions filed by South Bend City of. Rule 16 Preliminary Pretrial Conference is rescheduled for 2/12/2013 10:00 AM in US District Court – South Bend before Magistrate Judge Christopoher A Nuechterlein. The parties are ordered to file a proposed Discovery Plan under Rule 26(f) by 1/29/2013. It is ordered that 3:12cv532 is CONSOLIDATED into the older case 3:12cv475. The parties are ordered to make all filings in 3:12cv475 only. Signed by Magistrate Judge Christopher A Nuechterlein on 1/17/2013. (kds) Modified judge assigned to PPTC on 1/18/2013 (kds). (Entered: 01/17/2013) |
| 01/17/2013 | | | Set Rule 26 proposed discovery deadlines: Joint Proposed Discovery due by 1/29/2013. (kds) (Entered: 01/18/2013) |
| 01/18/2013 | | | PPTC set for 2/12/2013 to be before Magistrate Judge Christopher A Nuechterlein (not Judge Van Bokkelen)in South Bend. (kds) (Entered: 01/18/2013) |

| 01/24/2013 | 53 | | ORDER – The Rule 16 Preliminary Pretrial Conference scheduled for 2/12/2013 at 10:00 a.m. will be held in open court in Room 201. Trial Counsel are required to attend this conference. Signed by Magistrate Judge Christopher A Nuechterlein on 1/24/2013. (kds) (Entered: 01/24/2013) |
| 01/25/2013 | 54 | | MOTION for Extension of Time to File *Joint Proposed Discovery Plan* by Defendants Tim Corbett, Steve Richmond, Dave Wells, Brian Young, Sandy Young. (Pfeifer, Daniel) (Entered: 01/25/2013) |
| 01/28/2013 | 55 | | ANSWER to 1 Complaint, *and Jury Demand* by South Bend Common Council.(Palmer, Robert) (Entered: 01/28/2013) |
| 01/28/2013 | 56 | | ORDER denying without prejudice 54 Motion for Extension of Time to File. Signed by Magistrate Judge Christopher A Nuechterlein on 1/28/2013. (kds) (Entered: 01/28/2013) |
| 01/29/2013 | 57 | | Second MOTION for Extension of Time to File *Joint Proposed Discovery Plan* by Defendants Tim Corbett, Steve Richmond, Dave Wells, Brian Young, Sandy Young. (Pfeifer, Daniel) (Entered: 01/29/2013) |
| 01/29/2013 | 58 | | ORDER granting 57 Motion for Extension of Time to File. Joint Proposed Discovery Plan due by 2/6/2013. Signed by Magistrate Judge Christopher A Nuechterlein on 1/29/2013. (kds) (Entered: 01/29/2013) |
| 02/06/2013 | 59 | | REPORT of Rule 26(f) Planning Meeting. (Pfeifer, Daniel) (Entered: 02/06/2013) |
| 02/12/2013 | 60 | | RULE 16 PRELIMINARY PRETRIAL CONFERENCE held on 2/12/2013. before Magistrate Judge Christopher A Nuechterlein. Pla appeared by atty DeRose, Sullivan. Dft appeared by atty Walton, McQuary, Stesiak, Dixon, Duerring, Palmer. Any amendments to the pleadings to be filed by 2/28/2013. Discovery deadline as it relates to the Federal Wire Tap Act is 6/1/2013. Thereafter, discovery as to all other issues is STAYED pending the Court's ruling on anticipated dispositive motions concerning the FWTA. Initial Disclosures to be exchanged by 2/28/2013. Dispositive motions concerning issues relating to the FWTA to be filed by 7/1/2013, Magistrate Consent forms due by 3/5/2013. (Court Reporter Debra Bonk.) (slm) (Entered: 02/12/2013) |
| 04/16/2013 | 61 | | Joint MOTION for Extension of Time to Complete Discovery by Defendant Darryl Boykins. (Dixon, Thomas) (Entered: 04/16/2013) |
| 04/18/2013 | 62 | | ORDER granting 61 Motion for Extension of Time to Complete Discovery. Discovery deadline for discovery concerning the legality of the recorded phone conversations as that issue related to the FWTA is 7/1/2013. Dispositive motions concerning issues related to the FWTA to be filed by 8/1/2013. Signed by Magistrate Judge Christopher A Nuechterlein on 4/18/13. (cck) (Entered: 04/18/2013) |
| 07/08/2013 | 63 | | Joint MOTION for Protective Order by Plaintiff South Bend City of. (Attachments: # 1 Exhibit A)(Sullivan, Edward) (Entered: 07/08/2013) |
| 07/09/2013 | 65 | | ORDER VACATING 64 Protective Order. The Court learned that there are objections to the motion by a phone call to the undersigned's chambers from counsel for an objecting party on 7/9/2013. Response briefs in opposition to 63 Motion for Protective Order due by 7/22/2013 and must be filed in case 3:12−cv−475. Parties are ADVISED to comply with this Courts consolidation |

| | | |
|---|---|---|
| | | order and make future filings only in the 475 case. Signed by Magistrate Judge Christopher A Nuechterlein on 7/9/2013. (lyb) (Entered: 07/09/2013) |
| 07/15/2013 | 66 | MOTION for Protective Order by Plaintiff South Bend City of. (Sullivan, Edward) (Entered: 07/15/2013) |
| 07/19/2013 | 67 | RESPONSE to Motion re 63 Joint MOTION for Protective Order filed by Karen DePaepe, Scott Duerring. (Duerring, Scott) (Entered: 07/19/2013) |
| 07/22/2013 | 68 | RESPONSE to Motion re 63 Joint MOTION for Protective Order filed by Darryl Boykins. (Attachments: # 1 Exhibit Exhibit 1, # 2 Exhibit Exhibit 2)(Dixon, Thomas) (Entered: 07/22/2013) |
| 07/22/2013 | 69 | NOTICE of Appearance by Ryan G Milligan on behalf of South Bend City of (Milligan, Ryan) (Entered: 07/22/2013) |
| 07/22/2013 | 70 | Joint MOTION for Extension of Time to File Document *of Dispositive Motion Deadline* by Plaintiff South Bend City of. (Milligan, Ryan) Modified on 7/23/2013 to correct event used (jld). (Entered: 07/22/2013) |
| 07/23/2013 | 71 | RESPONSE to Motion re 66 MOTION for Protective Order filed by Darryl Boykins. (Dixon, Thomas) (Entered: 07/23/2013) |
| 07/25/2013 | 72 | ORDER granting 70 Motion for Extension of Time to File Dispositive motions to be filed by 9/30/2013. Signed by Magistrate Judge Christopher A Nuechterlein on 7/25/13. Related to 60 and 62 . (slm) (Entered: 07/25/2013) |
| 07/29/2013 | 73 | REPLY to Motion re 63 Joint MOTION for Protective Order filed by South Bend City of. (Milligan, Ryan) Modified on 8/1/2013 to correct document title from Response to Reply. (jld). (Entered: 07/29/2013) |
| 08/05/2013 | 74 | REPLY to Response to Motion re 66 MOTION for Protective Order filed by South Bend City of. (Attachments: # 1 Exhibit A)(Milligan, Ryan) (Entered: 08/05/2013) |
| 08/08/2013 | 75 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendant Scott Duerring. (Attachments: # 1 Brief in Support)(Duerring, Marielena) (Entered: 08/08/2013) |
| 08/26/2013 | 76 | ORDER DENYING WITHOUT PREJUDICE 36 Motion for Extension of Time to File Response/Reply which was filed in Case 3:12–cv–532; DIRECTING Clerk to file this order in both the 3:12–cv–475 case and the 3:12–cv–532 case. Signed by Magistrate Judge Christopher A Nuechterlein on 8/26/2013. (Docketed in 3:12–cv–532 per Order) (lyb) (Entered: 08/26/2013) |
| 08/27/2013 | 77 | MOTION for Extension of Time to File Response/Reply *Brief* by Defendants Tim Corbett, Steve Richmond, Dave Wells, Brian Young, Sandy Young. (Attachments: # 1 Text of Proposed Order)(McQuary, Jeffrey) (Entered: 08/27/2013) |
| 08/28/2013 | 78 | ORDER granting 77 Motion for Extension of Time to File Response. Response to be filed by 9/3/2013. Signed by Magistrate Judge Christopher A Nuechterlein on 8/28/13. (slm) (Entered: 08/28/2013) |
| 08/30/2013 | 79 | BRIEF re 75 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM . (McQuary, Jeffrey) (Entered: 08/30/2013) |

| 09/06/2013 | 80 | | ORDER GRANTING 63 Joint Motion for Protective Order – ORDERING the parties to comply with the terms of the movants proposed protective order as attached to their motion, which is now DEEMED FILED as 81 ; GRANTING 66 Motion for Protective Order – PROHIBITING the production of the Police Department recordings at issue in this consolidated case until the stay of discovery on all issues besides the legality of the recordings under the FWTA is lifted. Signed by Magistrate Judge Christopher A Nuechterlein on 9/6/2013. (lyb) Modified on 9/9/2013 to add ruling on 63 Motion (lyb). (Entered: 09/06/2013) |
|---|---|---|---|
| 09/06/2013 | 81 | | PROTECTIVE ORDER. Signed by Magistrate Judge Christopher A Nuechterlein on 9/6/2013. (lyb) (Entered: 09/09/2013) |
| 09/26/2013 | 82 | | MOTION for Extension of Time to File *Dispositive Motions* by Defendants Darryl Boykins, Tim Corbett, Karen DePaepe, Scott Duerring, Eric H Holder, Jr, Steve Richmond, South Bend Common Council, United States of America, Dave Wells, Brian Young, Sandy Young, Plaintiff South Bend City of. (Duerring, Marielena) (Entered: 09/26/2013) |
| 10/01/2013 | 83 | | ORDER GRANTING 82 MOTION for Extension of Time to File *Dispositive Motions*: Dispositive motions to be filed by 12/13/2013. Signed by Magistrate Judge Christopher A Nuechterlein on 10/1/2013. (lyb) (Entered: 10/01/2013) |
| 10/31/2013 | 84 | | OPINION AND ORDER GRANTING IN PART AND DENYING IN PART 75 Motion to Dismiss for Failure to State a Claim filed by Defendant Scott Duerring; DISMISSING state tort claims. Signed by Judge Joseph S Van Bokkelen on 10/31/2013. (lyb) (Entered: 10/31/2013) |
| 12/11/2013 | 85 | | Joint MOTION for Extension of Time to File *Dispositive Motion* by Plaintiff South Bend City of. (Attachments: # 1 Exhibit A)(Milligan, Ryan) (Entered: 12/11/2013) |
| 12/11/2013 | 86 | | OBJECTION by South Bend Common Council to 85 Joint MOTION for Extension of Time to File *Dispositive Motion* . (Palmer, Robert) (Entered: 12/11/2013) |
| 12/12/2013 | 87 | | OBJECTION by Karen DePaepe, Scott Duerring . (Duerring, Marielena) (Entered: 12/12/2013) |
| 12/13/2013 | 88 | | STIPULATION to Dismiss *Claim* by Plaintiff and Defendant Darryl Boykins, individually. (Pfeifer, Daniel) Modified on 12/17/2013 to reflect correct party (rmn). (Entered: 12/13/2013) |
| 12/13/2013 | 89 | | MOTION for Summary Judgment by Defendants Karen DePaepe, Scott Duerring. (Duerring, Marielena) (Entered: 12/13/2013) |
| 12/13/2013 | 90 | | MOTION for Summary Judgment by Defendant South Bend Common Council. (Palmer, Robert) (Entered: 12/13/2013) |
| 12/13/2013 | 91 | | BRIEF in Support of 90 MOTION for Summary Judgment filed by South Bend Common Council. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Palmer, Robert) (Entered: 12/13/2013) |
| 12/13/2013 | 92 | | STATEMENT *of Materials Facts* re 91 Brief in Support filed by Karen DePaepe, Scott Duerring. (Duerring, Marielena) (Entered: 12/13/2013) |

| 12/13/2013 | 93 | | BRIEF in Support of 89 MOTION for Summary Judgment filed by Karen DePaepe, Scott Duerring. (Attachments: # 1 Designation of Materials, # 2 Appendix)(Duerring, Marielena) (Entered: 12/13/2013) |
|---|---|---|---|
| 12/13/2013 | 94 | | MOTION for Summary Judgment by Defendants Tim Corbett, Steve Richmond, Dave Wells, Brian Young, Sandy Young. (Attachments: # 1 Brief in Support)(Pfeifer, Daniel) (Entered: 12/13/2013) |
| 12/13/2013 | 95 | | MOTION for Summary Judgment by Plaintiff South Bend City of. (Sullivan, Edward) (Entered: 12/13/2013) |
| 12/13/2013 | 96 | | BRIEF in Support of 95 MOTION for Summary Judgment filed by South Bend City of. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L)(Sullivan, Edward) (Entered: 12/13/2013) |
| 12/17/2013 | 97 | | STIPULATION to Dismiss *Certain Claims in Cause 3:12−cv−532* by Plaintiff South Bend City of. (Sullivan, Edward) (Entered: 12/17/2013) |
| 12/18/2013 | 98 | | ***REFILED at 100 *** OBJECTION by Karen DePaepe, Scott Duerring *to Dismissal of the City of South Bend and for Leave to Amend Answer to File Cross Claim.* (Attachments: # 1 Exhibit Amended Answer and Cross Claim against the City of South Bend)(Duerring, Marielena) Modified on 12/23/2013 to denote motion (lhc). (Entered: 12/18/2013) |
| 12/18/2013 | 99 | | ORDER DENYING AS MOOT 85 Joint Motion for Extension of Time to File Dispositive Motion by Plaintiff South Bend City of. Signed by Magistrate Judge Christopher A Nuechterlein on 12/18/2013. (lyb) (Entered: 12/19/2013) |
| 12/23/2013 | 100 | | OBJECTION to 97 Dismissal of the City of South Bend and MOTION for Leave to Amend Answer to File Cross Claim. (Attachments: # 1 Exhibit Amended Answer and Cross Claim against the City of South Bend) (Duerring, Marielena) Modified on 12/23/2013 to correct text (lhc). Modified on 12/30/2013 to add link(kds). (Entered: 12/23/2013) |
| 12/23/2013 | 101 | | RULE 56 MOTION to Strike *Affidavit of Aladean DeRose* by Defendants Karen DePaepe, Scott Duerring. (Duerring, Marielena) (Entered: 12/23/2013) |
| 01/03/2014 | 102 | | MOTION for Extension of Time to File Response/Reply as to 95 MOTION for Summary Judgment by Defendants Tim Corbett, Steve Richmond, Dave Wells, Brian Young, Sandy Young. (Attachments: # 1 Proposed Order)(McQuary, Jeffrey) (Entered: 01/03/2014) |
| 01/07/2014 | 103 | | RESPONSE to Motion re 100 MOTION to Amend/Correct 98 Objection, filed by South Bend City of. (Milligan, Ryan) (Entered: 01/07/2014) |
| 01/09/2014 | 104 | | STIPULATION *and Agreed Motion to Set Briefing Schedule for Pending Motions for Summary Judgment* by Plaintiff South Bend City of. (Milligan, Ryan) (Entered: 01/09/2014) |
| 01/13/2014 | 105 | | RESPONSE to Motion re 101 RULE 56 MOTION to Strike *Affidavit of Aladean DeRose* filed by South Bend City of. (Milligan, Ryan) (Entered: 01/13/2014) |
| 01/14/2014 | 106 | | |

| | | | |
|---|---|---|---|
| | | | REPLY to Response to Motion re 97 STIPULATION to Dismiss *Certain Claims in Cause 3:12−cv−532*, 100 MOTION to Amend/Correct 98 Objection, *DePaepe's Reply to the City's response in opposition to objection to dismissal and leave to file cross claim* filed by Karen DePaepe, Scott Duerring. (Duerring, Marielena) (Entered: 01/14/2014) |
| 01/21/2014 | 107 | | MOTION to Amend/Correct *Complaint* by Defendants Tim Corbett, Steve Richmond, Dave Wells, Brian Young, Sandy Young. (Attachments: # 1 Exhibit A – Second Amended Complaint, # 2 Proposed order)(McQuary, Jeffrey) (Entered: 01/21/2014) |
| 01/27/2014 | 108 | | MEMORANDUM in Opposition to 94 MOTION for Summary Judgment , 95 MOTION for Summary Judgment filed by South Bend Common Council. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Palmer, Robert) (Entered: 01/27/2014) |
| 01/27/2014 | 109 | | RESPONSE to Motion re 89 MOTION for Summary Judgment , 90 MOTION for Summary Judgment filed by Tim Corbett, Steve Richmond, Dave Wells, Brian Young, Sandy Young. (McQuary, Jeffrey) (Entered: 01/27/2014) |
| 01/27/2014 | 110 | | SUPPLEMENT to 90 MOTION for Summary Judgment , 89 MOTION for Summary Judgment *in Opposition* filed by Tim Corbett, Steve Richmond, Dave Wells, Brian Young, Sandy Young. (Attachments: # 1 1 – Deposition of Karen DePaepe, # 2 2 – Deposition of Darryl Boykins pgs 1 – 88, # 3 Deposition of Darryl Boykins pgs 89 – 176, # 4 3 – Deposition of Steve Richmond, # 5 4 – Deposition of Thomas Fautz, # 6 5 – City of South Bend's Answers to Plaintiffs' Interrogatories, # 7 6 – Declaration of David Wells)(McQuary, Jeffrey) (Entered: 01/27/2014) |
| 01/27/2014 | 111 | | RESPONSE to Motion re 89 MOTION for Summary Judgment , 90 MOTION for Summary Judgment filed by South Bend City of. (Attachments: # 1 Exhibit M – Diana Scott Deposition Excerpts, # 2 Exhibit N – Darryl Boykins Deposition Excerpts)(Milligan, Ryan) (Entered: 01/27/2014) |
| 01/29/2014 | 112 | | RESPONSE to Motion re 94 MOTION for Summary Judgment , 95 MOTION for Summary Judgment *DePaepe's Consolidated Response to the City and the Plaintiff Officers' Motion for Summary Judgment* filed by Karen DePaepe, Scott Duerring. (Attachments: # 1 Exhibit Affidavit of James Hassig, # 2 Exhibit caselaw)(Duerring, Marielena) (Entered: 01/29/2014) |
| 01/29/2014 | 113 | | OBJECTION by Karen DePaepe, Scott Duerring to 107 MOTION to Amend/Correct *Complaint Objection to Plaintiffs Motion for Leave to File Second Amended Complaint*. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Deposition Excerpts)(Duerring, Marielena) (Entered: 01/29/2014) |
| 02/07/2014 | 114 | | ORDER granting 104 Stipulation and Motion. Signed by Judge Joseph S Van Bokkelen on 2/7/2014. (vl) (Entered: 02/07/2014) |
| 02/07/2014 | 115 | | ORDER granting 102 Motion for Extension of Time to File Response/Reply. Signed by Judge Joseph S Van Bokkelen on 2/7/2014. (vl) (Entered: 02/07/2014) |
| 02/10/2014 | 116 | | MOTION for Extension of Time to File Response/Reply as to 113 Objection, by Defendants Tim Corbett, Steve Richmond, Dave Wells, Brian Young, Sandy Young. (Attachments: # 1 Proposed Order)(McQuary, Jeffrey) |

| | | |
|---|---|---|
| | | (Entered: 02/10/2014) |
| 02/10/2014 | 118 | ORDER GRANTING 88 STIPULATION to Dismiss *Claim* by Plaintiff and Defendant Darryl Boykins, individually; DISMISSING WITH PREJUDICE Darryl Boykins in his individual capacity. Signed by Judge Joseph S Van Bokkelen on 02/10/2014. (lyb) (Entered: 02/11/2014) |
| 02/11/2014 | 117 | ORDER granting 116 Motion for Extension of Time to File Reply 107 Reply to be filed by 2/14/2014. Signed by Magistrate Judge Christopher A Nuechterlein on 2/11/14. (slm) (Entered: 02/11/2014) |
| 02/13/2014 | 119 | REPLY to Response to Motion re 102 MOTION for Extension of Time to File Response/Reply as to 95 MOTION for Summary Judgment *DePaepe's Consolidated Reply to the Plaintiffs' and City's Response to Motion for Summary Judgment* filed by Karen DePaepe, Scott Duerring. (Attachments: # 1 Supplement Designation of Materials)(Duerring, Marielena) (Entered: 02/13/2014) |
| 02/13/2014 | 120 | REPLY to Response to Motion re 90 MOTION for Summary Judgment filed by South Bend Common Council. (Palmer, Robert) (Entered: 02/13/2014) |
| 02/13/2014 | 121 | REPLY to Response to Motion re 95 MOTION for Summary Judgment filed by South Bend City of. (Attachments: # 1 Exhibit O)(Sullivan, Edward) (Entered: 02/13/2014) |
| 02/13/2014 | 122 | MOTION Request for Oral Argument re 121 Reply to Response to Motion *for Summary Judgment* by Plaintiff South Bend City of. (Sullivan, Edward) (Entered: 02/13/2014) |
| 02/13/2014 | 124 | ORDER DENYING 107 Motion to Amend/Correct Complaint by Defendants Tim Corbett, Steve Richmond, Dave Wells, Brian Young, Sandy Young. Signed by Magistrate Judge Christopher A Nuechterlein on 02/13/2014. (lyb) (Entered: 02/18/2014) |
| 02/14/2014 | 123 | BRIEF in Support of 94 MOTION for Summary Judgment filed by Sandy Young, Tim Corbett, Steve Richmond, Dave Wells, Brian Young. (McQuary, Jeffrey) (Entered: 02/14/2014) |
| 02/26/2014 | 125 | MOTION to Withdraw *Request for Leave to Amend Complaint* by Defendants Karen DePaepe, Scott Duerring. (Duerring, Marielena) (Entered: 02/26/2014) |
| 02/27/2014 | 126 | ORDER granting 125 Motion to Withdraw 100 MOTION to Amend/Correct 98 . Signed by Magistrate Judge Christopher A Nuechterlein on 2/27/14. (slm) (Entered: 02/27/2014) |
| 04/10/2014 | 127 | ORDER granting 97 Stipulation to Dismiss Defendant City of South Bend in 3:12cv532 and denies DePaepe's objection 100 . Signed by Judge Joseph S Van Bokkelen on 4/10/2014. (kds) (Entered: 04/11/2014) |
| 05/21/2014 | 128 | NOTICE of Hearing: Telephonic Scheduling Conference ( 3:12 cv 475 and 3:12 cv 532) set for 5/29/2014 01:30 PM in US District Court – Hammond before Judge Joseph S Van Bokkelen. The Court will initiate the call. (imr) (Entered: 05/21/2014) |
| 05/29/2014 | 129 | TELEPHONE CONFERENCE held on 5/29/2014 before Judge Joseph S Van Bokkelen. Pla appeared by atty Edward A Sullivan, III, Crystal Brisco and |

| | | | |
|---|---|---|---|
| | | | Ryan Milligan. Dfts appeared by atty Jeffrey J Stesiak, Jeffrey S McQuary, Marielena Duerring and Robert Palmer. Discussion hld regarding parties pending summary judgment motions. Court proposes that it can either deny all the motions and proceed to a bench trial, or counsel can provide the Court with a complete joint statement of facts, for the Court's consideration. Joint Statement of Facts is to be submitted to the Court by 6/13/14. The Court will either proceed with a Bench Trial or an Oral Argument Hearing on those facts on 8/12/14 and 8/13/14, 10:00 AM (CT)in US District Court – Hammond before Judge Joseph S Van Bokkelen. The Court will try to secure a courtroom in South Bend, in the event this proceeds to trial. (Court Reporter Digitally Taped.) (imr) (Entered: 05/29/2014) |
| 06/11/2014 | 130 | | MOTION for Extension of Time to File *Unopposed Motion for Enlargement of Time to Submit Joint Statement of Facts* by Plaintiff South Bend City of. (Milligan, Ryan) (Entered: 06/11/2014) |
| 06/13/2014 | 131 | | ORDER granting 130 Motion for Extension of Time. Joint Statement of Facts to be filed by June 27, 2014. Approved by Magistrate Judge Christopher A Nuechterlein on 6/13/14. (cck) (Entered: 06/13/2014) |
| 06/24/2014 | 132 | | NOTICE by South Bend City of *Regarding Submission of Joint Statements of Facts* (Milligan, Ryan) (Entered: 06/24/2014) |
| 06/27/2014 | 133 | | NOTICE of Hearing: Telephonic Final Pretrial Conference set for 7/9/2014 03:00 PM (CT) in US District Court – Hammond before Judge Joseph S Van Bokkelen. The Court will initiate the call. (imr) (Entered: 06/27/2014) |
| 06/27/2014 | 134 | | AMENDED NOTICE of Hearing/Deadlines: Telephonic Final Pretrial Conference set for 7/9/2014 03:00 PM (CT) in US District Court – Hammond before Judge Joseph S Van Bokkelen. The Court will initiate the call. Scheduling order to follow.(imr) (Entered: 06/27/2014) |
| 07/01/2014 | 135 | | SCHEDULING ORDER: Bench Trial set for 8/12/2014 11:00 AM in US District Court – South Bend before Judge Joseph S Van Bokkelen. Telephonic Final Pretrial Conference set for 7/9/2014 03:00 PM in US District Court – Hammond before Judge Joseph S Van Bokkelen. Pretrial order shall be prepared and filed by 7/8/2014. Trial Brief due by 8/7/2014. Signed by Judge Joseph S Van Bokkelen on 7/1/2014. (rmc) (Entered: 07/01/2014) |
| 07/08/2014 | 136 | | Proposed Pretrial Order *submission by DePaepe, Duerring, and South Bend Common Council* by South Bend City of. (Duerring, Marielena) (Entered: 07/08/2014) |
| 07/08/2014 | 137 | | Proposed Pretrial Order by South Bend City of. (Milligan, Ryan) (Entered: 07/08/2014) |
| 07/09/2014 | 138 | | AMENDED DOCUMENT by Karen DePaepe, Scott Duerring. *Proposed Pretrial Order Submission by DePaepe, Duerring, and South Bend Common Council*. (Duerring, Marielena) (Entered: 07/09/2014) |
| 07/09/2014 | 139 | | FINAL PRETRIAL CONFERENCE held on 7/9/2014 before Judge Joseph S Van Bokkelen. Pla City of South Bend appeared by attys Edward Sullivan and Ryan Mulligan. Dft South Bend Common Council represented by Robert J Palmer. Dfts Dave Wells, Steve Richmond, Brian Young, Sandy Young represented by Daniel Pfeifer and Jeffrey Stesiak. Dfts Karen DePaepe and |

| | | |
|---|---|---|
| | | Scott Duerring represented by atty Marielena Duerring. The Bench Trial will consider only the declaratory issue raised by The City of South Bend. Court will commence trial on the first day at 11:00 a.m. ET and 9:00 a.m. ET on following days. Counsel is to follow the current scheduling order. Parties are to submit and file one Pretrial Order with the Court. Trial briefs are a mandatory requirement of this court and are to be filed by 8/7/14. Counsel will rely on trial briefs in place of making opening statements to the Court. Exhibits will be ruled on by the Court when they are admitted at trial. Mots in Limine need not be filed until 5 days before trial. Counsel will need to file proposed findings of fact and conclusions of law. If atty Duerring's motion to sever is filed, plf will have 10 days to respond, parties will have 5 days to reply. (Court Reporter Digitally Taped.) (imr) (Entered: 07/09/2014) |
| 07/09/2014 | | Set Deadlines/Hearings: Trial Briefs due by 8/7/2014. (imr) (Entered: 07/09/2014) |
| 07/11/2014 | 140 | Proposed Pretrial Order *filed on behalf of the parties* by South Bend Common Council. (Walton, E) (Entered: 07/11/2014) |
| 07/14/2014 | 141 | Minute Order by Judge Joseph S Van Bokkelen, for reasons stated on the record at the July 9, 2014, Final Pretrial Conference, the Court denies the following motions; denying 89 Motion for Summary Judgment; denying 90 Motion for Summary Judgment; denying 94 Motion for Summary Judgment; denying 95 Motion for Summary Judgment; denying 101 Rule 56 Motion to Strike ; denying 122 Motion ; Motions terminated: 101 RULE 56 MOTION to Strike *Affidavit of Aladean DeRose* filed by Karen DePaepe, Scott Duerring, 122 MOTION Request for Oral Argument re 121 Reply to Response to Motion *for Summary Judgment* filed by South Bend City of, 89 MOTION for Summary Judgment filed by Karen DePaepe, Scott Duerring, 90 MOTION for Summary Judgment filed by South Bend Common Council, 94 MOTION for Summary Judgment filed by Steve Richmond, Dave Wells, Tim Corbett, Sandy Young, Brian Young, 95 MOTION for Summary Judgment filed by South Bend City of. Text entry only. (imr) (Entered: 07/14/2014) |
| 07/31/2014 | 142 | PRETRIAL ORDER. Signed by Judge Joseph S Van Bokkelen on 7/31/2014. (kds) (Entered: 07/31/2014) |
| 08/07/2014 | 143 | NOTICE of Appearance by Jerome W McKeever on behalf of Tim Corbett, Steve Richmond, Dave Wells, Brian Young, Sandy Young (McKeever, Jerome) (Entered: 08/07/2014) |
| 08/07/2014 | 144 | MEMORANDUM OF LAW *Regarding Supplemental Jurisdiction (Joint)* by South Bend City of. (Milligan, Ryan) (Entered: 08/07/2014) |
| 08/07/2014 | 145 | MEMORANDUM OF LAW *on Jurisdiction* by South Bend City of. (Milligan, Ryan) (Entered: 08/07/2014) |
| 08/07/2014 | 146 | TRIAL BRIEF by Tim Corbett, Steve Richmond, Dave Wells, Brian Young, Sandy Young. (Pfeifer, Daniel) (Entered: 08/07/2014) |
| 08/07/2014 | 147 | MOTION to Exclude Hearsay *filed* by Defendant South Bend Common Council. (Palmer, Robert) (Entered: 08/07/2014) |
| 08/07/2014 | 148 | MOTION to Exclude Irrelevant Testimony and Exhibits *filed* by Defendant South Bend Common Council. (Palmer, Robert) (Entered: 08/07/2014) |

| | | | |
|---|---|---|---|
| 08/07/2014 | 149 | | MOTION to Exclude Testimony of Professor G. Robert Blakey *filed by* Defendant South Bend Common Council. (Palmer, Robert) (Entered: 08/07/2014) |
| 08/07/2014 | 150 | | MOTION to Exclude Testimony Regarding the Recordings from Witnesses with no Personal Knowledge *filed by* Defendant South Bend Common Council. (Palmer, Robert) (Entered: 08/07/2014) |
| 08/07/2014 | 151 | | TRIAL BRIEF *filed by* South Bend Common Council. (Palmer, Robert) (Entered: 08/07/2014) |
| 08/07/2014 | 152 | | TRIAL BRIEF by South Bend City of. (Sullivan, Edward) (Entered: 08/07/2014) |
| 08/07/2014 | 153 | | MOTION to Exclude Evidence Containing Information Related to the Contents of the Recordings by Plaintiff South Bend City of. (Milligan, Ryan) (Entered: 08/07/2014) |
| 08/11/2014 | 154 | | RESPONSE to Motion re 148 MOTION to Exclude Irrelevant Testimony and Exhibits *filed*, 150 MOTION to Exclude Testimony Regarding the Recordings from Witnesses with no Personal Knowledge *filed*, 147 MOTION to Exclude Hearsay *filed* filed by South Bend City of. (Milligan, Ryan) (Entered: 08/11/2014) |
| 08/11/2014 | 155 | | STIPULATION *of Undisputed Facts for Trial* by Plaintiff South Bend City of. (Milligan, Ryan) (Entered: 08/11/2014) |
| 08/11/2014 | 156 | | ORDER reaffirming the trial date. Signed by Judge Joseph S Van Bokkelen on 8/11/2014. (rmc) (Entered: 08/11/2014) |
| 08/12/2014 | 157 | | BENCH TRIAL (Day 1) held on 8/12/2014 before Judge Joseph S Van Bokkelen. Pla appeared by attys Sullivan, Milligan, Brisco. Dft appeared by attys Walton, Palmer, Pfeifer, McQuary, McKeever. Separation of witnesses. Protective order will be continued. B. Holleman deposition excerpts received. Plaintiff begins evidence with 5 witnesses. 11:15–12:29, 12:48–2:08, 2:59–4:32, 4:50–5:37, 5:44–6:22 (Court Reporter Hoffman) (saj) Modified on 8/13/2014 to change name of judge (saj). (Entered: 08/13/2014) |
| 08/13/2014 | 158 | | BENCH TRIAL (Day 2 – Last Day) on 8/13/2014 before Judge Joseph S Van Bokkelen. Pla appeared by attys Sullivan, Milligan, Brisco. Dft appeared by attys Walton, Palmer, Pfeifer, McQuary, McKeever. Plaintiff continues evidence with 3 witnesses. Plaintiff rests. Counsel to file a stipulation shortly. No further evidence by defendants. Counsel to file proposed findings of fact and conclusions of law by 10/3/2014. Counsel to file briefs by 9/12/2014 with responses due by 9/26/2014 and replies due by 10/3/2014. 9:04–10:28, 10:48–11:49, 1:13–2:22, 2:43–4:20 (Court Reporter Hoffman) (saj) (Entered: 08/13/2014) |
| 08/13/2014 | 159 | | COURT'S Witness/Exhibit List from 8/12/2014 Bench Trial (saj) (Entered: 08/13/2014) |
| 08/14/2014 | 160 | | *Trial* STIPULATION by Defendants Tim Corbett, Steve Richmond, Dave Wells, Brian Young, Sandy Young. (Pfeifer, Daniel) (Entered: 08/14/2014) |
| 08/15/2014 | 161 | | STIPULATION to Dismiss *with Prejudice* by Defendants Karen DePaepe, Scott Duerring. (Duerring, Marielena) (Entered: 08/15/2014) |

| 08/27/2014 | 162 | | TRANSCRIPT of Bench Trial, Volume I, held on August 12, 2014, before Judge Joseph S. Van Bokkelen. Court Reporter Joanne M. Hoffman, Telephone number 574–246–8038. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.

**IMPORTANT: Notice is hereby given that an official transcript of a proceeding has been filed by the court reporter in the above matter. The parties have 7 calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. Within 21 days of the filing of the transcript, a Redaction Request – Transcript shall be e–filed with the Court. Access to this request will be restricted to the Court and attorneys of record in the case. If no such Notice and Redaction Request are filed, the transcript may be made remotely, electronically available to the public without redaction. Any party needing a copy of the transcript to review for redaction purposes may purchase a copy from the Court Reporter. Counsel are strongly urged to share this notice with all clients so that an informed decision about the inclusion of certain materials may be made. The responsibility for redacting these personal identifiers rests solely with counsel and the parties. The Clerk and Court Reporter will not review each transcript for compliance with this rule.**

Notice of Intent to Redact due 9/8/2014. Redaction Request due 9/17/2014. Redacted Transcript Deadline set for 9/29/2014. Release of Transcript Restriction set for 11/25/2014. (jh) (Entered: 08/27/2014) |
| 08/27/2014 | 163 | | TRANSCRIPT of Bench Trial, Volume II, held on August 13, 2014, before Judge Joseph S. Van Bokkelen. Court Reporter Joanne Hoffman, Telephone number 574–246–8038. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.

**IMPORTANT: Notice is hereby given that an official transcript of a proceeding has been filed by the court reporter in the above matter. The parties have 7 calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. Within 21 days of the filing of the transcript, a Redaction Request – Transcript shall be e–filed with the Court. Access to this request will be restricted to the Court and attorneys of record in the case. If no such Notice and Redaction Request are filed, the transcript may be made remotely, electronically available to the public without redaction. Any party needing a copy of the transcript to review for redaction purposes may purchase a copy from the Court Reporter. Counsel are strongly urged to share this notice with all clients so that an informed decision about the inclusion of certain materials may be made. The responsibility for redacting these personal identifiers rests solely with counsel and the parties. The Clerk and Court Reporter will not review each transcript for compliance with this rule.**

Notice of Intent to Redact due 9/8/2014. Redaction Request due 9/17/2014. Redacted Transcript Deadline set for 9/29/2014. Release of Transcript |

| | | | |
|---|---|---|---|
| | | | Restriction set for 11/25/2014. (jh) (Entered: 08/27/2014) |
| 09/10/2014 | 164 | | MOTION for Extension of Time to File *Post–Trial Briefs (Unopposed)* by Plaintiff South Bend City of. (Milligan, Ryan) (Entered: 09/10/2014) |
| 09/15/2014 | 165 | | TRIAL BRIEF *Closing Argument* by Tim Corbett, Steve Richmond, Dave Wells, Brian Young, Sandy Young. (Pfeifer, Daniel) (Entered: 09/15/2014) |
| 09/15/2014 | 166 | | Proposed Findings of Fact by South Bend Common Council. (Palmer, Robert) (Entered: 09/15/2014) |
| 09/15/2014 | 167 | | TRIAL BRIEF *(Post–Trial)* by South Bend Common Council. (Palmer, Robert) (Entered: 09/15/2014) |
| 09/15/2014 | 168 | | ORDER granting 164 Motion for Extension of Time to File. Signed by Judge Joseph S Van Bokkelen on September 15, 2014. (vl) (Entered: 09/15/2014) |
| 09/15/2014 | 169 | | TRIAL BRIEF *(Post–Trial)* by South Bend City of. (Milligan, Ryan) (Entered: 09/15/2014) |
| 09/29/2014 | 170 | | RESPONSE by South Bend Common Council to 165 Trial Brief, 169 Trial Brief . (Palmer, Robert) (Entered: 09/29/2014) |
| 09/29/2014 | 171 | | RESPONSE by Tim Corbett, Steve Richmond, Dave Wells, Brian Young, Sandy Young *to Council Post–Trial Brief*. (Pfeifer, Daniel) (Entered: 09/29/2014) |
| 09/29/2014 | 172 | | RESPONSE by South Bend City of to 167 Trial Brief . (Milligan, Ryan) (Entered: 09/29/2014) |
| 10/06/2014 | 173 | | MOTION for Extension of Time to File Response/Reply as to 170 Response/Reply, 172 Response/Reply, 171 Response/Reply *(Unopposed)* by Plaintiff South Bend City of. (Milligan, Ryan) (Entered: 10/06/2014) |
| 10/07/2014 | 174 | | TRIAL BRIEF *Post Trial Reply Brief* by South Bend Common Council. (Palmer, Robert) (Entered: 10/07/2014) |
| 10/07/2014 | 175 | | REPLY by Tim Corbett, Steve Richmond, Dave Wells, Brian Young, Sandy Young *to Council Response Brief*. (Pfeifer, Daniel) (Entered: 10/07/2014) |
| 10/07/2014 | 176 | | Proposed Findings of Fact by Tim Corbett, Steve Richmond, Dave Wells, Brian Young, Sandy Young. (Pfeifer, Daniel) (Entered: 10/07/2014) |
| 10/07/2014 | 177 | | REPLY by South Bend City of to 170 Response/Reply . (Attachments: # 1 Exhibit Responses to Questions Posed by Court)(Milligan, Ryan) (Entered: 10/07/2014) |
| 10/07/2014 | 178 | | Proposed Findings of Fact by South Bend City of. (Milligan, Ryan) (Entered: 10/07/2014) |
| 10/14/2014 | 179 | | MOTION for Hearing *(Request for Oral Argument)* by Plaintiff South Bend City of. (Sullivan, Edward) (Entered: 10/14/2014) |
| 10/15/2014 | 180 | | MOTION for Hearing re 179 MOTION for Hearing *(Request for Oral Argument) to Join in Plaintiff's Request for Oral Argument* by Defendants Tim Corbett, Steve Richmond, Dave Wells, Brian Young, Sandy Young. (Pfeifer, Daniel) (Entered: 10/15/2014) |

| 10/15/2014 | 181 |    | RESPONSE to Motion re 179 MOTION for Hearing *(Request for Oral Argument)*, 180 MOTION for Hearing re 179 MOTION for Hearing *(Request for Oral Argument) to Join in Plaintiff's Request for Oral Argument* filed by South Bend Common Council. (Palmer, Robert) (Entered: 10/15/2014) |
| 10/16/2014 | 182 |    | ORDER granting 173 Motion for Extension of Time to File Response/Reply. Signed by Judge Joseph S Van Bokkelen on 10/16/2014. (vl) (Entered: 10/16/2014) |
| 01/14/2015 | 183 | 29 | MEMORANDUM OF DECISION AND ORDER: The Court finds that the recordings made on Youngs line on or before February 4, 2011, did not violate § 2511(1)(a) of the Wiretap Act. Furthermore, because the Wiretap Act does not control unintentional recordings, their disclosure would not violate the Act. However, the recordings after February 4, 2011, violated the Wiretap Act and are prohibited from disclosure. The Clerk is ordered to enter final judgment consistent with the Courts findings. ***Civil Case Terminated. Signed by Judge Joseph S Van Bokkelen on 1/14/15. (jld) (Entered: 01/14/2015) |
| 01/14/2015 | 184 | 37 | CLERK'S ENTRY OF JUDGMENT. (jld) (Entered: 01/14/2015) |
| 01/28/2015 | 185 |    | MOTION for Taxation of Costs *Directed to the South Bend Common Council* by Defendants Tim Corbett, Steve Richmond, Dave Wells, Brian Young, Sandy Young. (Attachments: # 1 Affidavit Jeffrey S. McQuary, # 2 Affidavit Daniel Pfeiffer, # 3 Exhibit Hours for Pfeiffer and McKeever, # 4 Jerome W. McKeever, # 5 Bovari Affidavit, # 6 Michael K. Sutherlin Declaration, # 7 Richard A. Waples Affidavit)(McQuary, Jeffrey) (Entered: 01/28/2015) |
| 01/28/2015 | 186 |    | BILL OF COSTS *Directed to the South Bend Common Council* by Tim Corbett, Steve Richmond, Dave Wells, Brian Young, Sandy Young. (McQuary, Jeffrey) (Entered: 01/28/2015) |
| 01/28/2015 | 187 |    | MOTION for Attorney Fees by Defendant South Bend Common Council. (Attachments: # 1 Exhibit A, # 2 Exhibit 1)(Palmer, Robert) (Entered: 01/28/2015) |
| 01/28/2015 | 188 |    | (REFILED SEE DE 190 )BILL OF COSTS by South Bend Common Council. (Palmer, Robert) Modified on 2/2/2015 (rmn). (Entered: 01/28/2015) |
| 02/02/2015 | 189 |    | Pursuant to * 186 Bill of Costs filed by Steve Richmond, Dave Wells, Tim Corbett, Sandy Young, Brian Young *, costs in the amount of $ *855.65* will be taxed by the Clerk on *2/16/2015*. (tc) (Entered: 02/02/2015) |
| 02/02/2015 | 190 |    | BILL OF COSTS by South Bend Common Council. (Palmer, Robert) (Entered: 02/02/2015) |
| 02/05/2015 | 191 | 39 | MOTION to Amend/Correct 183 Order,,, Terminate Civil Case,, by Defendants Tim Corbett, Steve Richmond, Dave Wells, Brian Young, Sandy Young. (McQuary, Jeffrey) (Entered: 02/05/2015) |
| 02/05/2015 | 192 |    | BRIEF in Support of 191 MOTION to Amend/Correct 183 Order,,, Terminate Civil Case,, filed by Sandy Young, Tim Corbett, Steve Richmond, Dave Wells, Brian Young. (McQuary, Jeffrey) (Entered: 02/05/2015) |
| 02/10/2015 | 193 |    | MEMORANDUM in Opposition to 185 MOTION for Taxation of Costs *Directed to the South Bend Common Council* filed by South Bend Common |

| | | | |
|---|---|---|---|
| | | | Council. (Palmer, Robert) (Entered: 02/10/2015) |
| 02/11/2015 | 194 | | OBJECTION by South Bend Common Council to 189 Notice that Costs will be Taxed by Clerk, 186 Bill of Costs . (Palmer, Robert) (Entered: 02/11/2015) |
| 02/16/2015 | 195 | | RESPONSE to Motion re 187 MOTION for Attorney Fees filed by Tim Corbett, Steve Richmond, Dave Wells, Brian Young, Sandy Young. (McQuary, Jeffrey) (Entered: 02/16/2015) |
| 02/17/2015 | 196 | | REPLY to Response to Motion re 185 MOTION for Taxation of Costs *Directed to the South Bend Common Council* filed by Tim Corbett, Steve Richmond, Dave Wells, Brian Young, Sandy Young. (McQuary, Jeffrey) (Entered: 02/17/2015) |
| 02/18/2015 | 197 | | MEMORANDUM in Opposition to 191 MOTION to Amend/Correct 183 Order,,, Terminate Civil Case,, filed by South Bend Common Council. (Palmer, Robert) (Entered: 02/18/2015) |
| 09/15/2015 | 198 | 42 | ORDER denying 191 Motion to Amend judgment. Signed by Judge Joseph S Van Bokkelen on 9/15/15. (mc) (Entered: 09/15/2015) |
| 09/28/2015 | 199 | 25 | OPINION AND ORDER: DENYING 185 MOTION for Taxation of Costs Directed to the South Bend Common Council by Defendants Tim Corbett, Steve Richmond, Dave Wells, Brian Young, Sandy Young; and DENYING 187 MOTION for Attorney Fees by Defendant South Bend Common Council. Signed by Judge Joseph S Van Bokkelen on 9/28/2015. (lhc) (Entered: 09/28/2015) |
| 10/13/2015 | 200 | 23 | NOTICE OF APPEAL as to 198 Order on Motion to Amend/Correct, 199 Opinion and Order,, Terminate Motions, 183 Order,,, Terminate Civil Case,,, filed by Defendants Tim Corbett, Steve Richmond, Dave Wells, Brian Young, Sandy Young. Filing fee $ 505, receipt number 0755–2770994. (Pfeifer, Daniel) (Entered: 10/13/2015) |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CITY OF SOUTH BEND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| SOUTH BEND COMMON COUNCIL, | )    CAUSE NO.  3:12-CV-475 |
| TIM CORBETT, DAVE WELLS, | ) |
| STEVE RICHMOND, BRIAN YOUNG, | ) |
| and SANDY YOUNG | ) |
| | ) |
| Defendants. | ) |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| BRIAN YOUNG, SANDY YOUNG, | ) |
| TIMOTHY CORBETT, DAVID WELLS, | ) |
| and STEVE RICHMOND, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| THE CITY OF SOUTH BEND Acting | ) |
| through its Police Department, DARRYL | ) |
| BOYKINS, Individually and in his Official | ) |
| Capacity as Chief of Police, KAREN | ) |
| DEPAEPE, and SCOTT DUERRING, | ) |
| | ) |
| Defendants. | ) |

**NOTICE OF APPEAL**

Notice is hereby given that Tim Corbett, Dave Wells, Steve Richmond, Brian Young and

Sandy Young, Plaintiffs in the above named case, hereby appeal to the United States Court of

Appeals for the Seventh Circuit the Memorandum of Decision and Order entered in this action

on January 14, 2015, the Order entered in this action on September 15, 2015 pertaining to

Plaintiff's Request for Modification of the January 14, 2015 Final Judgment and the Opinion and

Order entered in this action on September 28, 2015 pertaining to the Plaintiff's Motion for

Attorney Fees.


Dated: October 13, 2015                    /s/ Daniel H. Pfeifer
                                           Daniel H. Pfeifer (5720-71)
                                           PFEIFER MORGAN & STESIAK
                                           53600 North Ironwood Drive
                                           South Bend, IN  46635
                                           Telephone: (574) 272-2870
                                           Attorney for Plaintiffs


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 13th day of October, 2015, a true and complete copy of the above and foregoing pleading or paper was made upon each party or attorney of record herein by using the Court's CM/ECF system.


                                           /s/ Daniel H. Pfeifer
                                           Daniel H. Pfeifer

## United States District Court
## Northern District of Indiana

City of South Bend,

        Plaintiff,

    v.

South Bend Common Council, Tim
Corbett, Dave Wells, Steve Richmond,
Brian Young, Sandy Young, Karen
DePaepe, and Scott Duerring,

        Defendants.

Civil Action No. 3:12-CV-475 JVB

### OPINION AND ORDER

The Court entered final judgment in this declaratory action case finding that the South Bend Police Department's recording of Officer Brian Young's phone line after February 4, 2011, violated § 2511(1)(a) of the Wiretap Act. As a result, these recordings cannot be disclosed to others. On the other hand, the Court found that recording the same line before February 5, 2011, did not violate the Act.

The Police Officers and the South Bend Common Council each believe that they are entitled to attorney's fees from each other.[1] The Court will start with the officers and the somewhat complicated procedural history of this case.

At the end of 2012, the City of South Bend filed a complaint for declaratory judgment and named as defendants the Common Council; as well as Tim Corbett, Dave Wells, Steve Richmond, Brian Young, and Sandy Young ("Officers").[2] With respect to the Common Council, the City wanted its rights and obligations defined concerning the recordings because the

---

[1] While the Officers say as much in their motion, the Common Council is silent as to whom it expects to the pay the fees. The Court only assumes that the motion is directed against the Officers since they are the ones fighting it.
[2] The United States was also named as a defendant but it was shortly dismissed by the City.

1

Common Council had subpoenaed the recordings. In relation to the Officers, the City had just received their notice of intent to file a tort claim for violations under, among other things, the Wiretap Act. In answering the Complaint, neither the Common Council nor the Officers filed any counterclaims or crossclaims.

Meanwhile, the Officers sued the City, the Chief of Police, Karen DePaepe, and Scott Duerring in a separate case (No. 3:12-CV-532), alleging that their telephone conversations were illegally recorded and disclosed. The '532 case was consolidated with the present case. At the end of 2013, the Officers settled with the City and the Chief of Police, stipulating that only the claims against Karen DePaepe and Scott Duerring remained. In mid-2014, the Officers settled with them too, thus ending the '532 case. In retrospect, at that point the Officers could have been dismissed from the declaratory judgment case because there was no longer a case or controversy between them and the City, and, in fact, they had taken the same position as the City in relation to the Common Council, even though they were named as defendants along with the Common Council. If anything, they became *de facto* interveners, fighting against the disclosure of their recorded conversations.

In light of this procedural history, and given that the Officers had settled with the City, in exercising its discretion, the Court will not award attorney's fees to them. After all, since the City was the party responsible for bringing them into this action, under normal circumstances their remedy would have been against the City, not a fellow defendant.[3][4] Presumably attorney's

---

[3] Title 18 U.S.C. § 2520 states:
(a) In general.---Except as provided in section 2511(2)(a)(ii), any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person or entity . . . which engaged in that violation such relief as may be appropriate. (b) Relief.---In an action under this section, appropriate relief includes . . . a reasonable attorney's fee and other litigation costs reasonably incurred.
[4] While in their motion the Officers call themselves plaintiffs, in the instant case they were defendants, brought into this litigation by the City.

2

fees were addressed in their settlement with the City, and the fact that the Officers ended up as *de facto* interveners does not persuade the Court to award them the attorney's fees from the Common Council.

Moreover, this is a somewhat unusual case where neither the Officers nor the Common Council are the prevailing party in the strict sense.[5] The Court did side with the Officers in declaring that Officer Young's telephone conversations recorded after February 4, 2011, were done illegally and thus could not be disclosed; however, the same could be said of the Common Council which prevailed in its position that the recordings on or before February 4, 2011, were legal. That is, both parties succeeded on the core issue in this litigation. Thus, awarding attorney's fees to the Officers is unjustified.

The same is true for the Common Council. What is more, attorney's fees would be awarded in the Common Council's favor only in exceptional circumstances to start with. For example, if the claims against the Common Council were frivolous, unreasonable, or groundless, only then would the Common Council be a real candidate for an award. *Cf. Cooney v. Casady*, 735 F.3d 514, 521 (7th Cir. 2013) ("There is a significant difference between making a weak argument with little chance of success ... and making a frivolous argument with no chance of success," and "it is only the latter that permits defendants to recover attorney's fees" under § 1988." (citing *Khan v. Gallitano*, 180 F3d 829, 837 (7th Cir. 1999)). And in any case, the Common Council's claim for attorney's fees would have to first be brought against the City, the real plaintiff in this case.

---

[5] A party "prevails when actual relief on the merits of his claim materially alters the legal relationship between the parties modifying the defendant's behavior in a way that directly benefits the plaintiff." *Simpson v. Sheahan*, 104 F.3d 998, 1001 (7th Cir. 1997).

For these reasons the Court denies the Officers' and the Common Council's motions for attorney's fees (DEs 185 & 187).


SO ORDERED on September 28, 2015.


　s/ Joseph S. Van Bokkelen　　　　
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE

# United States District Court
# Northern District of Indiana
# Hammond Division

City of South Bend,

       Plaintiff,

      v.

South Bend Common Council, Tim
Corbett, Dave Wells, Steve Richmond,
Brian Young, Sandy Young, Karen
Depaepe, and Scott Duerring,

       Defendants.

Civil Action No. 3:12-CV-475 JVB

## MEMORANDUM OF DECISION AND ORDER

On August 30, 2012, City of South Bend filed a declaratory judgment action before this

Court to seek a determination of (1) whether certain recordings on a police officer's telephone

line violated the Federal Wiretap Act, 18 U.S.C. § 2511, and (2) whether disclosure of those

recordings would violate the Federal Wiretap Act. (DE 1). This case was tried before the Court

without jury, and the Court, having heard the evidence, having reviewed the exhibits admitted

into evidence, and having considered the arguments of the parties, now makes its findings of fact

and conclusions of law.[1]

## A. Findings of Facts

South Bend Police Department had a recording system which was capable of recording forty-

eight phone lines simultaneously. Once a line was wired to the recording system, everything on

that line was recorded regardless of content, time, and persons in the conversation. This

---

[1] City of South Bend and Defendant Officers have requested another oral argument after the bench trial has
concluded. (DEs 179, 180). Because this case has been extensively briefed and tried, the Court finds an additional
oral argument unnecessary, and therefore denies the motions.

recording system was maintained by Police Department Communications Director Karen
Depaepe who assumed her post on July 1, 1998.

Due to the limited capacity of the recording system, not all lines in the Police Department
were recorded. Nevertheless, it was common knowledge that lines in the communication center
and the front desk were recorded. In fact, the communication center's training manual notified
dispatchers that all calls on the dispatch floor were recorded. The front desk personnel, despite
not having the same training manual, were verbally informed that the front desk lines were
recorded.

Besides the 911 and front desk lines, the Police Department also wired several officers' lines
into the recording system. An officer's line was customarily recorded upon the officer's request
and approval by the Chief of Police. Except for DePaepe and the officers who requested their
lines to be recorded, other people in the Police Department did not specifically know which
officers line were recorded.

The line at issue (245-6031) was previously assigned to Rick Bishop who requested then-
Chief of Police Thomas Fauz to record his line. Upon Chief Fauz's approval, the '6031 line was
wired to the recording system. Around early 2007, Bishop was promoted to Division Chief of the
Investigative Division and the '6031 line followed him to the Division Chief's office. Three
years later, then-Captain Steve Richmond replaced Bishop to become the new Division Chief
and moved into the Division Chief's office. In the meantime, Brian Young was promoted to
Captain of the Investigative Division, moving to Richmond's old office.

Richmond, however, wanted his line (235-7473) to follow him to the Division Chief's office.
He asked Barbara Holleman, who was an administrative assistant to the Division Chief's office,
to accomplish the transfer. Holleman completed Richmond's request by moving the '6031 line to

2

the Captain's office while moving the '7473 line to the Division Chief's office. As a result of the switch, Young ended up with the '6031 line which was being recorded. Neither Young nor Holleman knew that Young's line was recorded.  At that time, no one intended to record Young's line.

In late 2010, the recording system was experiencing crashes. As part of the troubleshooting process, DePaepe listened to recordings to determine whether any data loss has occurred. On February 4, 2011, while listening to the recordings, DePaepe heard Captain Young's voice on the '6031 line which she believed had previously belonged to Richmond. DePaepe thought this could be a malfunction of the system. Therefore, she continued listening to conversations on that line, including conversations dated before the crashes, and learned that Young had indeed been using the '6031 line. She then checked the list of recorded lines on her computer and confirmed that Young's line was recorded.

During this process, DePaepe heard some comments in Young's recorded conversations, which she found to be inappropriate. About a month later, in March 2011, Depaepe told then-Chief of Police Darryl Boykins that Young's line was recorded and there were some disturbing conversations recorded on that line. Upon learning this, Boykins decided to continue the recording practice to gather more information before making a decision on what to do. Seven months later, in October 2011, Young learned from Captain Phil Trent that his line was being recorded. Young requested the recording to be stopped, but nothing was done regarding his request. About 2 months later, Boykins asked DePaepe to give him relevant recordings of Young's line to keep them as evidence. DePaepe then created an officer report and made five

3

audio cassette tapes for eight recordings that occurred between February 4, 2011, and July 15, 2011[2].

After receiving these cassette tapes from DePaepe, Boykins told Young and Richmond that he had access to those recordings. Boykins also told Richmond that he no longer considered Richmond as a loyal employee and threatened to demote, discipline, or fire him. Shortly after that, a federal investigation on the recordings was initiated. Boykins was demoted and DePaepe was discharged.


**B. Conclusions of Law**

*(1) Legality of the Recordings under the Wiretap Act*

Title III of the Omnibus Crime Control and Safe Streets Act of 1968 (the "Wiretap Act") forbids disclosure of communications obtained in violation of the Act. 18 U.S.C. § 2511(1)(c). An intentional interception of wire communications is a prima facie violation of the Wiretap Act. 18 U.S.C. § 2511(1)(a); *Amati v. City of Woodstock*, 176 F.3d 952, 954 (7th Cir. 1999). But § 2511(1) does not cover inadvertent interceptions. 18 U.S.C. § 2511(1)(a) ("[A]ny person who intentionally intercepts . . . any wire, oral, or electronic communication shall be punished . . . ."); s*ee Narducci v. Vill. of Bellwood*, 444 F. Supp. 2d 924, 935 (N.D. Ill. 2006) *aff'd sub nom*. *Narducci v. Moore*, 572 F.3d 313 (7th Cir. 2009) (interception must have been the result of defendant's conscious objective rather than the product of a mistake or an accident); *see also Abraham v. County of Greenville, S.C.*, 237 F.3d 386, 391 – 392 (4th Cir. 2001) (requiring interceptions to be intentional before liability attaches).

---

[2] Specifically, the eight conversations occurred on February 4, 2011, April 5, 2011, June 3, 2011, June 6, 2011, June 16, 2011, June 27, 2011, July 14, 2011, July 15, 2011. The contents of the recordings are not known to this Court, as they were not introduced into the evidence. In fact, the contents are not relevant for the purpose of this case.

On or before February 4, 2011, nobody intended to record Young's line. His line was recorded accidentally; in fact, not even the person who switched the lines knew of the mix-up. Since the recordings on or before February 4 do not satisfy the intentionality requirement of the Wiretap Act, they are not covered by the Wiretap Act.

However, after discovering Young's line was mistakenly recorded, Boykins and DePaepe nevertheless continued to record and listen to Young's line. Continuing these recordings without Young's consent was intentional and, unless excepted by the statute, illegal.

One of the exceptions to the prohibitions of the Wiretap Act is a statutory exclusion for law enforcement activities. The Act defines the word "intercept" as "acquisition of the contents of any wire, electronic, or oral communication through the use of any electronic, mechanical, or other device." 18 U.S.C. § 2510(4). However, the definition of "electronic, mechanical, or other device" excludes equipment "being used . . . by an investigative or law enforcement officer in the ordinary course of his duty." 18 U.S.C. § 2510(5)(a)(ii).

The law enforcement exclusion protects routine noninvestigative eavesdropping. It does not apply to recordings used as a tool of investigation (which requires a warrant) or as a device for intimidation, suppression of criticism, blackmail, embarrassment, or other improper purposes. *Amati*, 176 F.3d at 956. The court in *Amati* found that, if the ordinary practice of the police department was to record all lines, then the recordings of all personal and official calls were within the law enforcement exclusion. In *Amati* the police department recorded all lines except one which was used for personal calls. From time to time, the department referred to that line as untapped in its memoranda and correspondence. At some point, the department decided to record that one line without telling the employees. The court held that the ordinary practice of the police department was to record all lines; therefore, adding this previously untapped line to the

5

recording system was in the ordinary course of law enforcement, even if the line was included without notice. *Id*.

The law enforcement exclusion, however, does not apply in this case. Unlike *Amati*, the South Bend Police Department does not customarily record all lines. In fact, very few lines assigned to officers are recorded. Furthermore, an officer's line is recorded only upon the officer's request and with the Chief's approval. After discovering Young's line was inadvertently recorded, Boykins chose to continue recording the line to gather more information related to the conversations reported by DePaepe. The recording was therefore a tool to gather evidence on certain people and their conversations. This is different from the routine noninvestigative use in *Amati*. Moreover, there were no other known instances where officers' lines were recorded without their consent. Therefore, the law enforcement exclusion does not apply to the recordings after DePaepe discovered the mistake of recording Young's line.

### (2) Disclosure of the Recordings under the Wiretap Act

The Wiretap Act forbids disclosures of recordings obtained in violation of the Act. § 2511(1)(c). Because the recordings after February 4, 2011, are illegal under the Act, they are prohibited from disclosures.

The recordings on or before February 4, 2011, however, were inadvertent. Although inadvertent wiretappings do not violate the Wiretap Act, the City nevertheless argues that the Act places strict disclosure controls on all interceptions. The City primarily relies on § 2517, *United States v. Dorfman*, 690 F.2d 1230 (7th Cir. 1982), and *Gelbard v. U.S.*, 408 U.S. 41 (1972) to argue that the Wiretap Act prohibits disclosures of all wiretapped conversations whether or not

the conversations were recorded inadvertently, unless the disclosures are specifically authorized by the Act. The Court disagrees with this argument for the following reasons.

Section 2517 of the Wiretap Act provides a list of situations where disclosures are allowed. Generally speaking, if a recording is obtained "by any means authorized by [the Act]," the recording may not be disclosed except in some limited circumstances. 18 U.S.C. § 2517; *United States v. Dorfman*, 690 F.2d 1230, 1232. However, inadvertent recordings, although not violating the Act, are not the types of recordings specifically authorized by the Act. Rather, since the Act covers only the intentional recordings, *see* § 2511(1) ("[A]ny person who . . . intentionally intercepts . . . intentionally uses . . . intentionally discloses . . . shall be punished . . . ."), inadvertent recordings are not covered by the Act as the City suggests.

Additionally, *Dorfman* and *Gelbard* are distinguishable because both cases relate to authorized intentional eavesdropping. In *Dorfman*, the government conducted electronic surveillance of a certain business pursuant to a warrant and intercepted hundreds of telephone conversations. These wiretapped conversations were sealed by the district court. After the district court ruled that most of the wiretap evidence was obtained lawfully by the government, the press sought to unseal the recordings before criminal trial. The Court of Appeals for the Seventh Circuit ruled that these wiretapped conversations that were obtained under provisions authorized by the Act should not be disclosed unless the circumstances of disclosure fell within 18 U.S.C. § 2517. *United States v. Dorfman*, 690 F.2d 1230 (7th Cir. 1982). However, *Dorfman* does not suggest that any wiretapped conversation, even if inadvertent, falls within the purview of the Act. Similarly, in *Gelbard*, the wiretap evidence was obtained by the government for criminal investigations, pursuant to an approved wiretap order. *Gelbard v. United States*, 408 U.S. 41, 44 (1972).

For these reasons the Court finds that the Wiretap Act does not control the disclosure of the recordings on or before February 4, 2011. While some other federal, state, or local laws may prohibit such disclosure, that is not within the scope of the City's declaratory action.

### C. Conclusion

The Court finds that the recordings made on Young's line on or before February 4, 2011, did not violate § 2511(1)(a) of the Wiretap Act. Furthermore, because the Wiretap Act does not control unintentional recordings, their disclosure would not violate the Act. However, the recordings after February 4, 2011, violated the Wiretap Act and are prohibited from disclosure.

The Clerk is ordered to enter final judgment consistent with the Court's findings.

SO ORDERED on January 14, 2015.

_s/ Joseph S. Van Bokkelen_____
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE

AO 450 (Rev. 01/09)  Judgment in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Indiana

CITY OF SOUTH BEND, by its
corporation counsel Aladean M DeRose;
        Plaintiff(s)

        v.                  **Civil Action No.**  3:12cv475 JVB

ERIC H. HOLDER, JR. in his official
capacity as Attorney General of the United
States (term 12/27/2012);
SOUTH BEND COMMON COUNCIL;
TIM CORBETT;
DAVE WELLS;
STEVE RICHMOND;
BRIAN YOUNG;
SANDY YOUNG;
UNITED STATES OF AMERICA (term 12/27/2012);
DARRYL BOYKINS, Individually and in
his Official Capacity as Chief of Police in 3:12cv532
(term 2/10/2014);
KAREN DEPAEPE from 3:12cv532;
SCOTT DUERRING, from 3:12cv532;
        Defendant(s)

## JUDGMENT IN A CIVIL ACTION

The court has ordered that (*check one*):

☐ the plaintiff _____
recover from the defendant _____ the amount of _____
_____ dollars $_____, which includes prejudgment interest at the rate of _____% plus post-
judgment interest at the rate of _____ % along with costs.

☐ the plaintiff recover nothing, the action is dismissed on the merits, and the defendant _____
recover costs from the plaintiff _____.

**X** Other:  __The Court finds that the recordings made on Young's line on or before February 4, 2011__
__did not violate § 2511(1)(a) of the Wiretap Act.  Furthermore, because the Wiretap Act does not control__
__unintentional recordings, their disclosure would not violate the Act.  However, the recordings after__
__February 4, 2011, violated the Wiretap Act and are prohibited from disclosure.__

This action was (*check one*):

☐ tried to a jury with Judge _____ presiding, and the jury has rendered a verdict.

**X** tried by Judge __Joseph S. VanBokkelen_____ without a jury and the above decision was reached.

☐ decided  by Judge _____ on a motion for _____

DATE:_____January 14, 2015_____          ROBERT TRGOVICH, CLERK OF COURT


by_____S/ J. Darrah_____
          *Signature of Clerk or Deputy Clerk*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CITY OF SOUTH BEND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 3:12-cv-475 JVB-CAN |
| | ) |
| SOUTH BEND COMMON COUNCIL, | ) |
| TIM CORBETT, DAVE WELLS, | ) |
| STEVE RICHMOND, BRIAN YOUNG, | ) |
| and SANDY YOUNG, | ) |
| | ) |
| Defendants | ) |
| | ) |

**************************************************************************
******

| | |
|---|---|
| BRIAN YOUNG, SANDY YOUNG, | ) |
| TIMOTHY CORBETT, DAVID WELLS, | ) |
| and STEVE RICHMOND, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| THE CITY OF SOUTH BEND Acting | ) |
| through its Police Department, DARRYL | ) |
| BOYKINS, Individually and in his Official | ) |
| Capacity as Chief of Police, KAREN | ) |
| DEPAEPE, and SCOTT DUERRING, | ) |
| | ) |
| Defendants. | ) |

## MOTION TO AMEND THE JUDGMENT

The Plaintiff police officers, Tim Corbett, David Wells, Steve Richmond, Brian

Young and Sandy Young, by counsel, respectfully move the court to pursuant to

Fed.R.Civ.P. 59(e) to amend the judgment to grant a permanent injunction on the release

of the recordings the Court deemed unlawful.

1. The Court entered judgment in this cause on January 14, 2015 in which it deemed all the recordings of Plaintiffs' telephone conversations made after February 4, 2012 were made in violation of the Federal Wiretap Act.

2. Although the Court declared the recordings to be illegal, the Court did not rule on Plaintiff's request for a permanent injunction forbidding the disclosure of the recordings or quashing the subpoenaes issued by the South Bend Common Council seeking their production.

3. In light of the continuing efforts by the Common Council and others to obtain the recordings, Plaintiffs request that the Court issue a permanent injunction forbidding disclosure of the unlawfully recorded conversations and authorizing the destruction of the recordings.

4. Plaintiffs further request that Plaintiff's claims under Indiana law be remanded to state court.

   **WHEREFORE,** Plaintiffs pray that the court will amend its judgment to impose a permanent injunction on the unlawful recordings of Plaintiff's telephone conversations and authorizing their destruction.  Plaintiff's further request that their claims that the recordings were made in violation of Indiana law be remanded to state court.

   Respectfully submitted,


   /s/ Jeffrey S. McQuary, 16791-49
   BROWN TOMPKINS LORY
   608 E. Market Street
   Indianapolis, IN 46202
   317/631-6866
   jmcquary@btlmlaw.com

2

One of Plaintiffs' Attorneys


CERTIFICATE OF SERVICE

I certify that the foregoing was electronically filed on February 5, 2015 using the

Court's CM/ECF system and is available to all counsel of record using the same.


/s/ Jeffrey S. McQuary, 16791-49


BROWN TOMPKINS LORY
608 East Market Street
Indianapolis, IN 46202
Telephone: (317) 631-6866
Facsimile: (317) 685-2329
jmcquary@btlmlaw.com

3

# United States District Court
## Northern District of Indiana

| | |
|---|---|
| City of South Bend,<br><br>       Plaintiff,<br><br>    v.<br><br>South Bend Common Council, Tim Corbett, Dave Wells, Steve Richmond, Brian Young, Sandy Young, Karen DePaepe, and Scott Duerring,<br><br>       Defendants. | Civil Action No. 3:12-CV-475 JVB |

## ORDER

### I.

The Court entered final judgment in this declaratory action case finding that the South Bend Police Department's recording of Officer Brian Young's phone line after February 4, 2011, violated § 2511(1)(a) of the Wiretap Act. As a result, these recordings cannot be disclosed to others. On the other hand, the Court found that recording the same line before February 5, 2011, did not violate the Act.

Defendant Police Officers[1] now asks that the Court's final judgment be modified in three respects. They want the Court to:

- explicitly state that it's granting a permanent injunction from releasing the recordings the Court deemed illegal;

- order that these recordings be destroyed; and

- remand state law claims to state court.

---

[1] While in their motion they call themselves plaintiffs, in the instant case they were defendants and the Court retains that designation.

1

The first request is moot; the second is beyond the scope of the Complaint; the third is impossible.

II.

In its Complaint, the City of South Bend requested declaratory judgment as to its rights and obligations regarding phone recordings of Officer Young's line. The Court's Decision and Order (DE 183) did just that, and the Court fails to see why additional verbiage is needed.

As for the destruction of the illegal recordings, that request was not in the Complaint nor was it brought before the Court at any point during the proceedings. The Court will not amend its judgment.

Now to state claims. But what state claims? After the tort claims in case 3:12-CV-532 settled (involving Brian Young, Sandy Young, Timothy Corbett, David Wells, and Steve Richmond as plaintiffs and the City of South Bend, Daryl Boykins, Karen DePaepe, and Scott Duerring as defendants), all that has been left before this Court was South Bend's complaint for declaratory relief. That complaint did not involve any state law claims and there is nothing to remand to state court.

III.

For these reasons, Defendant Police Officers' motion to amend judgment is denied.

SO ORDERED on September 15, 2015.

  s/ Joseph S. Van Bokkelen          <br>
JOSEPH S. VAN BOKKELEN<br>
UNITED STATES DISTRICT JUDGE

2